CULLEN AND DYKMAN LLP
Proposed Attorneys for Debtors and Debtors-in-Possession
100 Quentin Roosevelt Boulevard
Garden City, New York 11530
(516) 296-9106
Matthew G. Roseman, Esq. (MR 1387)
C. Nathan Dee, Esq.  (CD 9703)

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------x

| | |
|---|---|
| In re: | Chapter 11 |
| GLOBAL CONTAINER LINES LTD., | Case No. 09-78585 (AST) |
| Debtor. | |

------------------------------------------------------x

| | |
|---|---|
| In re: | Chapter 11 |
| SHIPTRADE, INC., | Case No. 09-78584 (AST |
| Debtor. | |

------------------------------------------------------x

| | |
|---|---|
| In re: | Chapter 11 |
| GCL SHIPPING CORP., | Case No. 09-78589 (AST) |
| Debtor. | |

------------------------------------------------------x

| | |
|---|---|
| In re: | Chapter 11 |
| GLOBAL PROGRESS LLC, | Case No. 09-78586 (AST) |
| Debtor. | |

------------------------------------------------------x

| | |
|---|---|
| In re: | Chapter 11 |
| GLOBAL PROSPERITY LLC, | Case No. 09-78587 (AST |
| Debtor. | |

------------------------------------------------------x

```
--------------------------------------------------------x   Chapter 11
In re:
                                                            Case No. 09-78588 (AST)
GLOBAL PROGRESS LLC,

                            Debtor.
--------------------------------------------------------x
In re:                                                      Chapter 11

GLOBAL PROSPERITY LLC,                                      Case No. 09-78590 (AST)

                            Debtor.
--------------------------------------------------------x
```

**AFFIDAVIT OF BIJAN PAKSIMA**
**PURSUANT TO LOCAL BANKRUPTCY RULE 1007-4**

STATE OF NEW YORK        )
                                        ss:
COUNTY OF NASSAU        )

Bijan Paksima, being duly sworn, deposes and says:

    1.    I am an officer of Global Container Lines, Ltd. ("Global"), Shiptrade, Inc. ("Shiptrade"), GCL Shipping Corp. ("GCL"), Redstone Shipping Corp. ("Redstone"), Gilmore Shipping Corp. ("Gilmore"), Global Progress LLC ("Progress") and Global Prosperity LLC ("Prosperity", collectively the "Debtors"), debtors and debtors-in-possession herein. In this capacity, I am familiar with the day-to-day business operations and financial affairs of the Debtors.

    2.    I submit this affidavit pursuant to Rule 1007-4 of the Local Bankruptcy Rules for the Eastern District of New York (the "Local Rules") in support of the Debtors' petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") filed on the date hereof (the "Petition Date"). Except as otherwise indicated, all facts set forth in this affidavit are based upon personal knowledge, my review of relevant documents, or my opinion based upon

2

experience, knowledge, and information concerning the Debtors' operations. If called upon to testify, I would testify competently to the facts set forth in this Affidavit. I am authorized to submit this Affidavit on behalf of each of the Debtors.

3.    Local Bankruptcy Rule 1007-4 requires certain information related to the Debtors, which is set forth below. Unless otherwise indicated, the financial information contained herein is unaudited and provided on a combined basis for all of the Debtors.

4.    <u>Local Bankruptcy Rule 1007-4(a)(i)</u>:    Except for Shiptrade and GCLS, the Debtors are not "small businesses debtors" within the meaning of section 101(51)(D) of the Bankruptcy Code.

5.    <u>Local Bankruptcy Rule 1007-4(a)(ii)</u>: The nature of the Debtors' businesses and the circumstances leading to the Debtors' filings under Chapter 11 is as follows:

The Debtors' Business: Background and Overview

6.    GCL was established in 1985 to service the trade between East Africa, the Indian Ocean and the Persian Gulf.  GCL offers a worldwide service for movement of containers, rolling stock, general cargo, project cargo and bulk cargo.  At the present time, the company operates four vessels.

7.    On April 25, 2003, GCL formed three US (Delaware) subsidiaries, Dover Shipping Corporation, Stewart Shipping Corporation and Gallant Shipping Corporation all of which are currently dormant.  GCL later formed two additional US (Delaware) subsidiaries, Atlas Shipping Corp on August 22, 2003 and Redstone Shipping Corp ("Redstone") on September 29, 2004.   GCL owns 51% of the stock of Redstone.

8.    GCLS (M.I.), an affiliate with common ownership, was formed on March 17, 2005. GCLS later formed three subsidiaries Gilmore Shipping Corporation ("Gilmore") on June

24, 2005 and Global Progress LLC ("GLPG") and Global Prosperity LLC ("GLPP") on

September 29, 2004. Gilmore, GLPG and GLPP are single asset entities that hold title to the

M.V. Global Precision, the M.V. Global Progress ("Progress") and the M.V. Global Prosperity

("Prosperity") respectively.

9.      Shiptrade, a New York corporation, GCL, Redstone, Gilmore, Progress and

Prosperity are all affiliated entities of GCL and share common ownership.  Shiptrade owns 88%

of the stock of Global and acts as general shipping agent for Global.  Three of GCLS's affiliates

own ships used in GCL's business-- Gilmore, Progress and Prosperity.  GCLS owns 100% of the

stock of Gilmore, Progress and Prosperity.

10.     The Debtors operate services in North America, the Mediterranean, the Middle

East, East, South, and West Africa, the Persian Gulf, India, Pakistan, Mozambique and Major

Indian Ocean Islands.  The Debtors' project teams have extensive specialized experience in

multi-modal shipment (combination of land, sea and air transportation) including project and

humanitarian relief cargo.  The Debtors work closely on these projects with governmental and

international organizations including the United Nations Peacekeeping Missions, US Military

Sealift Command, United Nations World Food Program, United States Agency for International

Development and other humanitarian relief agencies.  The Debtors are currently involved with

the UN mission in the Darfur region of the Sudan delivering critical supplies and equipment in

support of the UN's peacekeeping forces in that dangerous and desolate part of the world.

11.     The Debtors were selected for the carriage for the first shipment of humanitarian

relief cargo to the people of Iraq as well as to the people of Afghanistan.  The Debtors transport

cargo of any size and nature including heavy construction equipment, tractors, cement mixers,

heavy duty trailers, reefer trailers, P.O.V.s., sedans, jeeps and automobiles.  They also carry dry

freight cargo, forest products, steel products and agricultural products. Finally, the Debtors handle hazardous cargo and dangerous goods of all types.

A.           Financial Performance

12.     For the six months ending on or about June 2009, the Debtors recorded gross revenues in the amount of $17,708,030 and a net loss of $13.655.191.[1] As of the Petition Date, the Debtors books and records reflected assets totaling $41,336.583 and liabilities totaling $47,372,890. As explained further herein, the Debtors cash flow from their operations is insufficient to meet their current working capital needs.

13.     Pre-Petition Indebtedness

(a)     National Bank of Pakistan

On October 22, 2008, GCLS established its facility with NBP. The facility was secured by first preferred ship mortgages on M/V Global Progress and the M/V Global Prosperity and a lien in GCLS's and GCL's United Nations accounts receivable. The facility was also guaranteed by GCL, Shiptrade, GLPG and GLPP. The renewed facility provided GCLS with a credit limit of $17,000,000 as follows:

(i).     Term Loan Facility—to the extent of $12,000,000. The facility was used to purchase the M/V Global Progress and the M/V Global Prosperity under their respective charters with Drawbridge Chartering LLC. GCL has been paying interest on the loan on a monthly basis and the balance due on this facility is approximately $12,000,000.

(ii)     Revolving Facility—to the extent of $5,000,000. Advances under the facility were paid within 180 days whose purpose was to finance 85% of GCL's United Nations receivables. The balance due on this facility is $1,600,000.

---

[1]  Approximately $7,740,000 of the Debtors net operating loss of $13,665,191 relates to a one time charge taken by the companies for lost prepaid drydocking and insurance for three ships-M/V Global Patriot, M/V Global Provider

(iii)     Stand-by Letter of Credit-in the amount of $500,000 to guarantee payment GCL's and GCLS's performance obligations under certain United Nations contracts and as a surety bond for United States Customs.  There has been no drawdown on the Letter of Credit through the date of this affidavit.

This facility was subsequently amended on February 23, 2009 to change the terms of the Term Loan Facility and has been amended again as part of the Debtors DIP financing.

(b)     Key Bank

14.     On June 7, 2007, Redstone, owner of the Global Patriot, entered into an agreement with Key Equipment Finance, Inc. to finance a mortgage loan in the amount of $10,000,000 to be used to purchase the vessel.  The loan was secured by a preferred ship mortgage on the M/V Global Patriot.  The loan was payable in equal monthly installments with a $5,978,911 payment payable at the end of five years.  Redstone has not repaid its loan obligations to KeyBank Equipment Finance, Inc. in 2009 because of the problems experienced by the Global Patriot (discussed below).  The loan was guaranteed by GCL and Shiptrade and Gilmore.

15.     On October 15, 2007, Gilmore entered into a $5,000,000 facility with KeyBank. The facility was secured by a first preferred security interest on the M/V Global Precision. Availability under the loan was limited to the lesser of $5,000,000 or 85% of the OLV of the vessel. This facility was amended in May of 2009. Gilmore has not repaid its obligations to KeyBank under this facility.  The Loan was guaranteed by GCL, GCLS and Shiptrade.

Maritime Liens

16.     As a result of the Debtors liquidity crisis, they have been unable to pay crewmembers wages and certain vendors, fuel suppliers and fees owed to port authorities.  In

---

and M/V Global Producer when those ships were sold.

that regard, I was contacted by the International Trade Federation (the "ITF") about crews' unpaid wages this morning.   During the usual and ordinary course of their business, the Debtors have incurred payment obligations to vendors, crew members and port authorities in foreign countries that have provided services and supplies certain of the Debtors vessels including, but not limited to, the M/V Prosperity and the M/V Progress.  As a matter of maritime law, these obligations create liens (the "Maritime Liens") against the vessels for which the services are provided.  The ITF serves as the international agent for the crews.  Pursuant to their DIP motion (discussed below), the Debtors seek authority for the immediate use of certain cash collateral of NPB in the amount of approximately $1,800,000 on an emergency basis to pay the Maritime Lien Holders, including crew wages and fuel suppliers who have threatened to arrest the ships in Kenya, pending the interim and final hearings on the DIP Motion.

17.    The Debtors intend to use the cash collateral to pay, among other things, the Maritime Lien Holders to prevent the imminent arrest and seizure of M/V Progress and M/V Prosperity by various creditors in Mombasa, Kenya.  Failure to pay the lien holders will also result in the Kenyan port authorities refusal to grant the vessel permission to sale from the port. The aggregate value of alleged maritime liens against the M/V Progress and M/V Prosperity that may be senior to the liens held by NPB is approximately $2,400,000.  Pursuant to their DIP Financing Motion discussed below, the Debtors seek to use approximately $1,600,000 of the proceeds from the proposed DIP loan to pay the holders of Maritime Liens against those two vessels.  The remaining balance due and owing the holders of Maritime Liens will be paid at a later date after the entry of the Court's final order approving the Debtors' DIP facility. Additionally, based on appraisals received by the Debtors, the fair market value of each vessel is $4,000,000 or $8,000,000 in the aggregate.

18.    Absent the partial payment of the Maritime Liens as set forth herein, I believe that the Debtors' two out of 3 remaining working vessels will be seized by the port authorities in Mombasa, Kenya and sold at a judicial auction.  I understand from the Debtors attorneys that the provisions of the automatic stay should protect the two vessels from seizure and sale; however, the practical realities of conducting business in Africa include the potential seizure of the vessels followed by a protracted fight in the Kenyan courts to have the proceeds of the sale, if any, turned over to the Debtors' estates.

C.    Events Leading to the Chapter 11 Cases

The World Wide Recession

19.    During the years 2008 and in the first half of 2009, the worldwide economic recession lead to a complete collapse of the shipping market in general and the container line shipping business in particular.  Trade and cargo volumes plunged by unprecedented levels and the container trade has experienced a significant downturn.  In that regard, the cargo trade in the Indian Ocean dropped by sixty to seventy percent in just a couple of months beginning in later 2008.  Dwindling cargo volumes and huge over capacity in the liner trade pushed down the rates for freight and charter hire to unprecedented levels worldwide and particularly in the regions of the Indian Ocean, Persian Gulf, East Africa-areas where GCL had operated profitably since the early 1980's.  The decreased shipping rate levels were insufficient to offset rising fuel and related vessel operating costs (cargo related expenses, port charges etc).   However, the Debtors' logistic expertise has allowed them to expand their project business with the U.N. during these difficult economic times.

The Global Patriot

20.    GCL's American flag ship, M/V Global Patriot ("Patriot"), suffered from

unforeseen technical problems and sustained enormous, extraordinary and unanticipated expenditures for repair work. The repairs to the Patriot caused a severe drain on the Debtors resources during a time when the worldwide shipping market which began in fiscal year 2008 and continued into fiscal year 2009. Additionally, GCL lost major revenue producing businesses opportunities including several very lucrative U.S. Military contracts during the period that the Patriot was idle and under repair. The Patriot was eventually seized by its creditors in South Africa and sold in a judicial auction for the sum of $3,200,000. The proceeds of the sale will be distributed by the South African Court to Patriot's creditors, including Key Equipment Finance, Inc., which held a first preferred ship mortgage on the vessel.

21.     GCL's liner losses, combined with the multimillion dollar losses incurred by the Debtors because of the Patriot's repairs, completely drained the Debtors' cash reserves and placed the Debtors in a precarious financial position because cash flow from their operations were not sufficient to meet their working capital needs.

22.     Fortunately, the business outlook for the shipping industry is improving. As stimulus programs are filtering through the world economy, the Debtors expect a resurgence of business activity and cargo movement worldwide. Accordingly, Debtors have made plans to retrench and introduce changes into their business models seeking to streamline their operations to achieve greater profitability. A major component of this reorganization will be placing a greater emphasis on GCL's profitable "projects" business with the UN and reducing GCL's "liner service" until such time as the current shipping market environment improves.

23.     The Debtors First Day Motions

Motion To Consolidate Cases

24.     Pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure, the

Debtors have sought permission for the joint administration of their seven chapter 11 cases for procedural purposes only. I understand that the Debtors' cases should be jointly administered because of the savings of time and expense that can be achieved for the benefit of all interested parties.

DIP Financing Motion

25.     The Debtors currently lack sufficient working capital to operate their businesses in the ordinary course of business without post-petition financing. Before the Petition Date, the Debtors had sought proposals from several potential lenders including Keybank National Association ("Keybank") and the National Bank of Pakistan ("NBP") about entering into a postpetition lending facility. I also approached financial brokers in the shipping industry seeking to obtain additional proposals from other potential DIP lenders to no avail. After approximately six weeks of arms length negotiations, the Debtors reached and agreement with NBP, the Debtors' pre-petition lender, whereby NPB has agreed to provide the Debtors with up to $4,000,000 in debtor-in-possession financing ("DIP Facility") as described more fully below.

26.     In accordance with the terms and conditions of the Fifth Amendatory Agreement NBP has agreed to provide DIP financing in the principal amount of 4 million dollars. That amount will be made available in up to three advances as follows:

- The first DIP advance shall be an amount up to the DIP commitment and shall be permitted to be applied to payment of Critical Prepetition Liabilities pursuant to an Emergency Financing Order, the Interim Financing Order or Final Financing Order.

- Each subsequent DIP advance shall be in amount up to the balance of the DIP Commitment remaining after the disbursement of the first DIP

Advance and shall be applied to payment Critical Prepetition Liabilities or other working capital purposes.

27.    NBP, pursuant to the DIP Facility, shall be allowed super priority administrative expense claims in each of the debtors chapter 11 bankruptcy cases pursuant to Section 364(c)(1) of the Bankruptcy Code having priority over all administrative expenses of the kind specified in Section 503(b) and 507(b) of the Bankruptcy Code.  As collateral for the Debtors obligations under the DIP facility and its adequate protection of its use for the cash collateral, NBP is to be granted (I) perfective priority liens on (a) all of the debtors assets that were pledged un the prepetition credit facility and (b) all accounts receivables generated by the Debtors post-petition from the prepetition collateral.

28.    However, the post petition liens will not prime nor shall they extend to any property subject to the prepetition liens or parties other than NBP.  Furthermore, the post petition liens shall not extend to article 5 causes of action.

29.    Additionally NBP has consented to a carve out of the prepetition liens, the post petitions liens, the super priority claim and the adequate protection superpriority claim (the Carve Out Expense for:(a) Statutory fees payable to the US trustee pursuant to 28 U.S.C. Section 1930(a)(6); (b) fees payable to the clerk of this court and (c) allowed professional fees in a accumulative aggregate sum not to exceed four hundred thousand dollars.

30.    NBP has made a condition of the carve out and the debtor in possession of the debt facility that the carve out exclude any requests for professional fees related to joining in or commencing an action challenging the legality, the validity, priority, perfection or enforceability of the prepetition liens or post petition liens.  However in accordance with local rule 4001-5(a)(iii) the carve out allows professional fees related to the investigation of whether the secured

creditors lien is valid and/or properly infected.

31.    The court should take further notice that NBP has not charged any commitment fees, initial lender fees or exit fees in connection with the DIP Facility.  The term of the DIP Facility is 5 years.  Furthermore, the interest rate for the period from the petition date to December 31, 2010 is 1.75% plus the prime rate.  That rate increases on January 1, 2011 to 2.5% plus the prime rate and fixes on January 1, 2012 at 3.5% plus the prime rate.  In the event of a default that goes uncured, default interest shall accrue 2% per annum above the agreed upon rate of interest.

32.    NBP has put limitations on the use of proceeds of the DIP Facility.  Pursuant to the Fifth Amendatory Agreement section 2(e) proceeds of the DIP Facility shall not be applied to the payment of any liabilities of Gilmore Shipping Corporation or relating to the payment of any expenses the Panamanian flag vessel Global Precision.

33.    The Debtors intend to pay the aggregate value of alleged liens claimed by the Maritime Lien Holders against the two vessels as part of their use of the proceeds from the DIP Financing.  Pursuant to a Motion By Debtors For Entry Of Order (A) Authorizing, But Not Directing, Debtors To Pay Pre-Petition Claims Of Shippers, Warehousemen, Processors, Foreign Vendors and Lien Claimants And (B) Authorizing Financial Institutions To Honor All Related Checks And Electronic Payment Requests.  Filed contemporaneously herein.

34.    The Debtors also require an order authorizing, but not directing them to use cash collateral to pay Mercur International Development Company Ltd ("Mercur") the sum of approximately $1,000,000 related to the pre-petition transportation and security services that will enable Mercur to pay for the post-petition delivery of critical supplies and equipment to UN peace keeping forces as part of the UN's peacekeeping mission in the Darfur region of Sudan.

The UN peacekeeper's supplies and equipment are currently waiting in various locations in the Darfur region of the Sudan; however, the Sudanese railroad authority and local trucking companies have refused to transport the cargo until payment is received from Mercur.

35.    The Debtors payment to Mercur for use to pay the transportation costs to deliver the equipment and supplies will enable the Debtors, through Mercur, to deliver critically needed supplies and equipment to UN peacekeepers at their final destination in Darfur.   In that regard, the Debtors' contracts with the UN contemplate payment only after all UN cargo has been delivered to its final destination or on a completed job basis.  Absent final delivery of the supplies, the Debtors will be breach of their contractual obligations to the UN and unable to collect the balance of their remaining UN accounts receivable since the UN contracts require payment only upon a completed job basis.

36.    The Debtors inability to pay Mercur will result in the non delivery of the supplies and equipment to the UN peace keepers and would constitute a breach of the Debtors' obligations to the UN under the UN contracts.  This event would have devastating consequences for the Debtors reorganization prospects.  If the UN contracts are breached, the UN would cause the Debtors to be delisted as an approved vendor for UN projects.  Accordingly, the Debtors would no longer be able to compete for UN contracts at a time when the global shipping market is experiencing a serious downtown because of the worldwide recession.  Furthermore, the Debtors' contracts with the UN are the key element of the Debtors' reorganization strategy because it is the Debtors intention to streamline and reorganize their businesses around their UN projects line.

37.    The Debtors eventually expect to realize the sum of $5,220,000 from their account receivables due and owing from the UN as well as having the continued ability to bid on

UN contracts. In fact, the Debtors expect to be awarded a 2.4 million dollar contract from the U.N shortly that the Debtors expect to be very profitable. Mercur is the most experienced and reputable provider of security and transportation services in the Darfur region of the Sudan. That area is a very dangerous and unstable area of the world that is subject to armed conflict hence the need for UN peacekeeping missions. Therefore, the Debtors' payment of their obligations to Mercur for transportation costs necessary to complete the delivery of the UN peacekeeper's supplies and equipment will enable the Debtors to maintain a key business relationship in a part of the world where the Debtors anticipate receiving future UN contracts.

38.     Additionally, it is the Debtors intention to reorganize and restructure their obligations around the UN project side of their business while dramatically reducing the liner side of their operations. Therefore, the payments requested by the Debtors in the DIP Motion are key to the preservation of the Debtors' assets for the benefit of their respective creditors and the realization of the Debtors ultimate goal of a successful reorganization which will be based upon the Debtors relationship with the UN.

39.     Local Bankruptcy Rule 1007-4(a)(iii): Not applicable since the Debtors' cases were not originally commenced under Chapter 7, 12 or 13.

40.     Local Bankruptcy Rule 1007-4(a)(iv): Not applicable since no committee was organized prior to the Petition Date.

41.     Local Bankruptcy Rule 1007-4(a)(v), Schedule 1 hereto lists the following information with respect to each of the holders of the Debtors' 20 largest unsecured claims, excluding claims of insiders: the creditor's name, address (including the number, street, apartment or suite number, and zip code, if not included in the post office address), telephone number, the name(s) of persons(s) familiar with the debtors' accounts, the amount of the claim,

and an indication of whether the claim is contingent, unliquidated, disputed or partially secured.

42.    Local Bankruptcy Rule 1007-4(a)(vi): Schedule 2 hereto provides the following information with respect to each of the holders of the five largest secured claims against the Debtors: the creditor's name and address (including the number, street, apartment or suite number, and zip code, if not included in the post office address), the amount of the claim, a brief description of the claim, an estimate of the value of the collateral securing the claim, and whether the claim or lien is disputed.

43.    Local Bankruptcy Rule 1007-4(a)(vii): Schedule 3 hereto provides a summary of the Debtors' assets and liabilities.

44.    Local Bankruptcy Rule 1007-4(a)(viii): Schedule 4 hereto provides the following information: the number and classes of shares of stock, debentures and other securities of the Debtors that are publicly held and the number of record holders thereof, including those held by the Debtors' officers and directors and the amounts so held.

45.    Local Bankruptcy Rule 1007-4(a)(ix): Proceeds received from the judicial sale of the M/V Global Patriot in the amount of $3,200,000 are currently being held by the Kwazulu-Natal High Court, Durban, South Africa.  The telephone number for the court is 27-31-262-5823. The judicial proceeding is entitled Interocean American Shipping Corporation v. MV Global Patriot.

46.    Local Bankruptcy Rule 1007-4(a)(x):  Schedule 5 hereto provides a list of the premises owned, lease or held under other arrangement from which the Debtors operate their businesses.

47.    Local Bankruptcy Rule 1007-4(a)(xi): Schedule 6 hereto provides the location of the Debtors' significant assets, the location of their books and records, and the nature, location,

and value of any assets held by the Debtors outside the territorial limits of the United States.

48. <u>Local Bankruptcy Rule 1007-4(a)(xii):</u> Not applicable since there are no present actions or proceedings, pending or threatened, against the Debtors or their property where a judgment against the Debtors or a seizure of their property is imminent.

49. <u>Local Bankruptcy Rule 1007-4(a)(xiii):</u> Schedule 7 hereto provides a list of the names of the individuals who comprise the Debtors' existing senior management, their tenure with the Debtors, and a brief summary of their relevant responsibilities and experience.

50. <u>Local Bankruptcy Rule 1007-4(a)(xiv) and (xv):</u> Schedule 8 hereto provides the estimated amount of weekly payroll to the Debtors' employees (not including officers, directors and stockholders) and the amount proposed to be paid to officers, directors and financial and business consultants retained by the Debtors, for the thirty (30) day period following the Petition Date.

51. <u>Local Bankruptcy Rule 1007-4(a)(xvi):</u> Schedule 9 hereto provides, for the thirty (30) day period following the Petition Date, a list of estimated cash receipts and disbursements, net cash gain or loss, and obligations and receivables expected to accrue but remain unpaid, other than professional fees.

GLOBAL CONTAINERS LINES LTD.

By: _____/s/ Bijan Paksima_____
        Bijan Paksima, Vice President

SHIPTRADE, INC.

By: _____/s/ Bijan Paksima_____
        Bijan Paksima, Vice President

GCL SHIPPING CORP.


By: _____ /s/  Bijan Paksima _____
         Bijan Paksima, President


REDSTONE SHIPPING CORP.


By: _____ /s/  Bijan Paksima _____
         Bijan Paksima, President


GILMORE SHIPPING CORP.


By: _____ /s/  Bijan Paksima _____
         Bijan Paksima, President


GLOBAL PROGESS LLC


By: _____ /s/  Bijan Paksima _____
         Bijan Paksima, President



GLOBAL PROSPERITY LLC

By: _____ /s/  Bijan Paksima _____
         Bijan Paksima, President

Sworn to before me, this
12 day of November, 2009
/s/ Kerry Ann Galvin_____
Notary Public
State of New York
No. 02GA6179534
Nassau County
Commission Expirers December 24, 2011

## <u>Schedule 1</u>

### 20 Largest Unsecured Claims (Excluding Insiders)

<u>Global Container Lines Ltd.</u>
See Attached

<u>Shiptrade, Inc.</u>
See Attached

<u>GCL Shipping Corp.</u>
See Attached

<u>Redstone Shipping Corp.</u>
See Attached

<u>Gilmore Shipping Corp.</u>
See Attached

<u>Global Progress LLC</u>
Not Applicable

<u>Global Prosperity LLC</u>
Not Applicable

B4 (Official Form 4) (12/07)

# United States Bankruptcy Court
## Eastern District of New York

In re   **Global Progress LLC**

Debtor(s)

Case No.   **8-09-78588**

Chapter   **11**

## LIST OF CREDITORS HOLDING 20 LARGEST UNSECURED CLAIMS - AMENDED

Following is the list of the debtor's creditors holding the 20 largest unsecured claims. The list is prepared in accordance with Fed. R. Bankr. P. 1007(d) for filing in this chapter 11 [or chapter 9] case. The list does not include (1) persons who come within the definition of "insider" set forth in 11 U.S.C. § 101, or (2) secured creditors unless the value of the collateral is such that the unsecured deficiency places the creditor among the holders of the 20 largest unsecured claims. If a minor child is one of the creditors holding the 20 largest unsecured claims, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See 11 U.S.C. § 112; Fed. R. Bankr. P. 1007(m).

| (1) Name of creditor and complete mailing address including zip code | (2) Name, telephone number and complete mailing address, including zip code, of employee, agent, or department of creditor familiar with claim who may be contacted | (3) Nature of claim (trade debt, bank loan, government contract, etc.) | (4) Indicate if claim is contingent, unliquidated, disputed, or subject to setoff | (5) Amount of claim [if secured, also state value of security] |
|---|---|---|---|---|
| AIG Marine Svcs. PTE Ltd. 71, Toh Guan Road East #03-03 TCH Techcentre Singapore 608598 | AIG Marine Svcs. PTE Ltd. 71, Toh Guan Road East #03-03 TCH Techcentre Singapore 608598 +65 6773 0063 | | | 6,557.00 |
| AL Shabia Engineering P.O. Box 22186 Sharjah, UAE | AL Shabia Engineering P.O. Box 22186 Sharjah, UAE 9716 533 6139 | | | 5,880.11 (0.00 secured) |
| Bureau VeritasSA 67/71 Boulevard Du Chateau France | Bureau VeritasSA 67/71 Boulevard Du Chateau France 97143452391 | | | 5,623.64 |
| Dhaka Engineering P.O. Box 23598 Sharjah, UAE | Dhaka Engineering P.O. Box 23598 Sharjah, UAE 97165326773 | | | 4,740.33 (0.00 secured) |
| Elcome International PO Box 1788 Dubai, UAE | Elcome International PO Box 1788 Dubai, UAE 97143349465 | | | 4,366.49 (0.00 secured) |
| Environmental Systems PO Box 5992 Sharjah, UAE | Environmental Systems PO Box 5992 Sharjah, UAE | | | 11,706.74 (0.00 secured) |
| Goltens PO Box 28711 Dubai, UAE | Goltens PO Box 28711 Dubai, UAE 97143241019 | | | 4,070.84 (0.00 secured) |
| Gulf Oil Marine Limited The Hong Kong & Shanghai Banking Corp. Jebel Ali, Dubai, UAE | Gulf Oil Marine Limited The Hong Kong & Shanghai Banking Corp. | | | 35,957.00 |
| Hormozi Supermarket PO Box 6868 Dubai, UAE | Hormozi Supermarket PO Box 6868 Dubai, UAE | | | 2,390.66 (0.00 secured) |

B4 (Official Form 4) (12/07) - Cont.

In re   **Global Progress LLC**
_____
                    Debtor(s)

Case No.   **8-09-78588**
_____

# LIST OF CREDITORS HOLDING 20 LARGEST UNSECURED CLAIMS - AMENDED
## (Continuation Sheet)

| (1)<br><br>*Name of creditor and complete mailing address including zip code* | (2)<br><br>*Name, telephone number and complete mailing address, including zip code, of employee, agent, or department of creditor familiar with claim who may be contacted* | (3)<br><br>*Nature of claim (trade debt, bank loan, government contract, etc.)* | (4)<br><br>*Indicate if claim is contingent, unliquidated, disputed, or subject to setoff* | (5)<br><br>*Amount of claim [if secured, also state value of security]* |
|---|---|---|---|---|
| **Jotun Paints**<br>PO Box 3671<br>Dubai, UAE | **Jotun Paints**<br>PO Box 3671<br>Dubai, UAE<br>97143380666 | | | 4,553.13<br><br>(0.00 secured) |
| **National Bank of Pakistan**<br>100 Wall Street<br>New York, NY 10005 | **National Bank of Pakistan**<br>100 Wall Street<br>New York, NY 10005<br>212-809-4720 | MVP Global Progress | Contingent Disputed | 13,600,000.00<br><br>(4,000,000.00 secured) |
| **Oasis Chemicals**<br>PO Box 157810<br>Sharjah, UAE | **Oasis Chemicals**<br>PO Box 157810<br>Sharjah, UAE<br>97165590261 | | | 4,872.57<br><br>(0.00 secured) |
| **PPG Industries (UAE) LLC**<br>PO Box 126215<br>Dubai, UAE | **PPG Industries (UAE) LLC**<br>PO Box 126215<br>Dubai, UAE<br>+97143470820 | | | 9,422.00<br><br>(0.00 secured) |
| **Pusan Trading Co. LLC**<br>PO Box 40762<br>Dubai, UAE | **Pusan Trading Co. LLC**<br>PO Box 40762<br>Dubai, UAE<br>+97142210969 | | | 1,885.42<br><br>(0.00 secured) |
| **Saeed Marine**<br>PO Box 31268<br>Dubai, UAE | **Saeed Marine**<br>PO Box 31268<br>Dubai, UAE<br>+97142235445 | | | 2,467.57<br><br>(0.00 secured) |
| **Seastar Marine**<br>PO Box 62241<br>Dubai, UAE | **Seastar Marine**<br>PO Box 62241<br>Dubai, UAE<br>+97143240767 | | | 3,672.62<br><br>(0.00 secured) |
| **Sigma Paints**<br>PO Box 52781<br>Dubai, UAE | **Sigma Paints**<br>PO Box 52781<br>Dubai, UAE<br>+97143380539 | | | 5,200.75<br><br>(0.00 secured) |
| **Techno Marine**<br>PO Box 24293<br>Sharjah, UAE | **Techno Marine**<br>PO Box 24293<br>Sharjah, UAE<br>+97165314240 | | | 1,716.62<br><br>(0.00 secured) |
| **Tile Marine**<br>PO Box 33296<br>Dubai, UAE | **Tile Marine**<br>PO Box 33296<br>Dubai, UAE<br>+97143242823 | | | 4,662.24<br><br>(0.00 secured) |
| **Viking Life Saving Equip**<br>PO Box 13448<br>Dubai, UAE | **Viking Life Saving Equip**<br>PO Box 13448<br>Dubai, UAE<br>+97143243444 | | | 4,000.00<br><br>(0.00 secured) |

B4 (Official Form 4) (12/07)

# United States Bankruptcy Court
## Eastern District of New York

In re    **Global Container Lines Limited**        Case No.    **8-09-78585**

                                                  Debtor(s)        Chapter    **11**

## LIST OF CREDITORS HOLDING 20 LARGEST UNSECURED CLAIMS - AMENDED

Following is the list of the debtor's creditors holding the 20 largest unsecured claims. The list is prepared in accordance with Fed. R. Bankr. P. 1007(d) for filing in this chapter 11 [*or chapter 9*] case. The list does not include (1) persons who come within the definition of "insider" set forth in 11 U.S.C. § 101, or (2) secured creditors unless the value of the collateral is such that the unsecured deficiency places the creditor among the holders of the 20 largest unsecured claims. If a minor child is one of the creditors holding the 20 largest unsecured claims, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See 11 U.S.C. § 112; Fed. R. Bankr. P. 1007(m).

| (1)<br><br>*Name of creditor and complete mailing address including zip code* | (2)<br><br>*Name, telephone number and complete mailing address, including zip code, of employee, agent, or department of creditor familiar with claim who may be contacted* | (3)<br><br>*Nature of claim (trade debt, bank loan, government contract, etc.)* | (4)<br><br>*Indicate if claim is contingent, unliquidated, disputed, or subject to setoff* | (5)<br><br>*Amount of claim [if secured, also state value of security]* |
|---|---|---|---|---|
| **Blue Sea Capital**<br>**62 Southfeld Avenue**<br>**Building 2 Suite 214**<br>**Stamford, CT 06902** | **Blue Sea Capital**<br>**62 Southfeld Avenue**<br>**Building 2 Suite 214**<br>**Stamford, CT 06902** | | | **145,500.00** |
| **Briarcliffe Ltd. Caterina**<br>**Akin, Gump, Straus, Hauer**<br>**590 Madison Avenue**<br>**attn. Heidi Liss**<br>**New York, NY 10022** | **Briarcliffe Ltd. Caterina**<br>**Akin, Gump, Straus, Hauer**<br>**590 Madison Avenue**<br>**New York, NY 10022**<br>**212-407-3247** | | | **2,862,382.00** |
| **Briarcliffe ltd. Loan**<br>**c/o Akin Gump Strauss**<br>**Hauer & Feld LLC**<br>**590 Madison Avenue**<br>**New York, NY 10022** | **Briarcliffe ltd. Loan**<br>**c/o Akin Gump Strauss**<br>**Hauer & Feld LLC**<br>**New York, NY 10022**<br>**212-407-3247** | | | **1,885,020.00** |
| **Comet Shipping Nigeria Lt**<br>**c/o Michael J Carcich**<br>**Wall Street Plaza**<br>**88 Pine Street 7th Fl**<br>**New York, NY 10005** | **Comet Shipping Nigeria Lt**<br>**c/o Michael J Carcich**<br>**Wall Street Plaza**<br>**New York, NY 10005**<br>**212-220-3780** | | **Disputed** | **191,713.00** |
| **DeWitt Stern Imperatore**<br>**harborside Financial Cent**<br>**Plaza Five Suite 1510**<br>**Jersey City, NJ 07311** | **DeWitt Stern Imperatore**<br>**harborside Financial Cent**<br>**Plaza Five Suite 1500**<br>**Jersey City, NJ 07311**<br>**201-915-0133** | | **Disputed** | **828,534.50** |
| **Dewitt Stern Imperatore**<br>**PI Insurance**<br>**Harbourside Financial Ctr**<br>**Jersey City, NJ 07311** | **Dewitt Stern Imperatore**<br>**PI Insurance**<br>**Harbourside Financial Ctr**<br>**Jersey City, NJ 07311**<br>**201-915-0133** | | **Disputed** | **574,896.00** |
| **Keybank Equipment Finance**<br>**66 South Pearl Street**<br>**Albany, NY 12207** | **Keybank Equipment Finance**<br>**66 South Pearl Street**<br>**Albany, NY 12207**<br>**richard_B_saulsbery@keybank.com** | | **Disputed** | **9,083,000.00** |

B4 (Official Form 4) (12/07) - Cont.

In re   **Global Container Lines Limited**                                   Case No.    **8-09-78585**
                              Debtor(s)

# LIST OF CREDITORS HOLDING 20 LARGEST UNSECURED CLAIMS - AMENDED
(Continuation Sheet)

| (1)<br><br>*Name of creditor and complete mailing address including zip code* | (2)<br><br>*Name, telephone number and complete mailing address, including zip code, of employee, agent, or department of creditor familiar with claim who may be contacted* | (3)<br><br>*Nature of claim (trade debt, bank loan, government contract, etc.)* | (4)<br><br>*Indicate if claim is contingent, unliquidated, disputed, or subject to setoff* | (5)<br><br>*Amount of claim [if secured, also state value of security]* |
|---|---|---|---|---|
| Keybank National Association<br>66 South Pearl Street<br>Albany, NY 12207 | Keybank National Association<br>66 South Pearl Street<br>Albany, NY 12207<br>richard_B_saulsbery@keybank.com | | Disputed | 5,195,000.00 |
| Mercur International for Development Co Ltd.<br>Faisal Islamic Bank Bldg.<br>5th Floor<br>Port Sudan | Mercur International for Development Co Ltd.<br>Faisal Islamic Bank Bldg.<br>Port Sudan<br>0113268448752 | | | 3,824,566.00 |
| National Bank of Pakistan<br>100 Wall Street<br>New York, NY 10005 | National Bank of Pakistan<br>100 Wall Street<br>New York, NY 10005 | line of credit | | 4,953,000.00 |
| SDV Ghan Limited<br>c/o Weber Gallagher<br>Simpson Stapleon Fires &<br>2000 Market St. 13 Fl.<br>Philadelphia, PA 19103 | SDV Ghan Limited<br>c/o Weber Gallagher<br>Simpson Stapleon Fires &<br>Philadelphia, PA 19103<br>215-564-7699 | | Disputed | 445,175.00 |
| Seacastle Container Leasing<br>1 Maynard Drive<br>Park Ridge, NJ 07656 | Seacastle Container Leasing<br>1 Maynard Drive<br>Park Ridge, NJ 07656<br>201-391-0356 | | Disputed | 360,648.00 |
| Spedag East Africa Ltd.<br>Kriegackerstasse 91<br>Muttenz<br>4002 Basel Switzerland | Spedag East Africa Ltd.<br>Kriegackerstasse 91<br>Muttenz<br>01141586779677 | | Disputed | 797,342.00 |
| TAL International Container Corp.<br>100 Manhattanville Road<br>Purchase, NY 10577 | TAL International Container Corp.<br>100 Manhattanville Road<br>Purchase, NY 10577<br>149300.77 | | Disputed | 149,300.77 |
| TAL International Container Corp.<br>100 Manhattanville Road<br>Purchase, NY 10577-2135 | TAL International Container Corp.<br>100 Manhattanville Road<br>Purchase, NY 10577-2135<br>914-697-2888 | | Disputed | 124,300.77 |
| Tanzania Road Haulage<br>PO Box 21493<br>Nelson Mandela Expressway<br>Dar Es Salaam, Tanzania | Tanzania Road Haulage<br>PO Box 21493<br>Nelson Mandela Expressway<br>0112552113358 | | Disputed | 1,267,500.00 |
| Textainer Equipment<br>650 California Street<br>16th Floor<br>San Francisco, CA 94108 | Textainer Equipment<br>650 California Street<br>16th Floor<br>San Francisco, CA 94108<br>4154370599 | | Disputed | 164,778.70 |

B4 (Official Form 4) (12/07) - Cont.

In re   **Global Container Lines Limited**
 _____
                    Debtor(s)

Case No.   **8-09-78585**

## LIST OF CREDITORS HOLDING 20 LARGEST UNSECURED CLAIMS - AMENDED
(Continuation Sheet)

| (1)<br><br>*Name of creditor and complete mailing address including zip code* | (2)<br><br>*Name, telephone number and complete mailing address, including zip code, of employee, agent, or department of creditor familiar with claim who may be contacted* | (3)<br><br>*Nature of claim (trade debt, bank loan, government contract, etc.)* | (4)<br><br>*Indicate if claim is contingent, unliquidated, disputed, or subject to setoff* | (5)<br><br>*Amount of claim [if secured, also state value of security]* |
|---|---|---|---|---|
| **TSG Technical Services**<br>**2215 M Street Northwest**<br>**Washington, DC** | **TSG Technical Services**<br>**2215 M Street Northwest**<br>**Washington, DC**<br>**202-331-9321** | | **Unliquidated** | **229,954.64** |
| **United States Dept of**<br>**Agriculture**<br>**Kansas City Commodity**<br>**PO Box 419205**<br>**Kansas City, MO 64114** | **United States Dept of**<br>**Agriculture**<br>**Kansas City Commodity**<br>**Kansas City, MO 64114** | | | **145,785.00** |
| **US Bureau of Customs and**<br>**Border Protection**<br>**PO Box 70946**<br>**Charlotte, NC 28272** | **US Bureau of Customs and**<br>**Border Protection**<br>**PO Box 70946**<br>**Charlotte, NC 28272** | | | **131,654.00** |

## DECLARATION UNDER PENALTY OF PERJURY
## ON BEHALF OF A CORPORATION OR PARTNERSHIP

I, the Vice President of the corporation named as the debtor in this case, declare under penalty of perjury that I have read the foregoing list and that it is true and correct to the best of my information and belief.

Date   **November 12, 2009**
 _____

Signature   **/s/ Bijan Paksima**
 _____
              **Bijan Paksima**
              **Vice President**

*Penalty for making a false statement or concealing property*:  Fine of up to $500,000 or imprisonment for up to 5 years or both.
18 U.S.C. §§ 152 and 3571.

B4 (Official Form 4) (12/07)

# United States Bankruptcy Court
### Eastern District of New York

In re    **GCL Shipping Corp. (M.I.)**

Debtor(s)

Case No.    **8-09-78589**

Chapter    **11**

## LIST OF CREDITORS HOLDING 20 LARGEST UNSECURED CLAIMS - AMENDED

Following is the list of the debtor's creditors holding the 20 largest unsecured claims. The list is prepared in accordance with Fed. R. Bankr. P. 1007(d) for filing in this chapter 11 [*or* chapter 9] case. The list does not include (1) persons who come within the definition of "insider" set forth in 11 U.S.C. § 101, or (2) secured creditors unless the value of the collateral is such that the unsecured deficiency places the creditor among the holders of the 20 largest unsecured claims. If a minor child is one of the creditors holding the 20 largest unsecured claims, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See 11 U.S.C. § 112; Fed. R. Bankr. P. 1007(m).

| (1)<br><br>*Name of creditor and complete mailing address including zip code* | (2)<br><br>*Name, telephone number and complete mailing address, including zip code, of employee, agent, or department of creditor familiar with claim who may be contacted* | (3)<br><br>*Nature of claim (trade debt, bank loan, government contract, etc.)* | (4)<br><br>*Indicate if claim is contingent, unliquidated, disputed, or subject to setoff* | (5)<br><br>*Amount of claim [if secured, also state value of security]* |
|---|---|---|---|---|
| **Blue Sea Capital**<br>**62 Southfield Avenue**<br>**Stamford, CT 06902** | **Blue Sea Capital**<br>**62 Southfield Avenue**<br>**Stamford, CT 06902** | **commission** | **Disputed** | **19,875.00** |
| **DeWitt Stern, Imperatore**<br>**Harborside Fin. Center**<br>**Plaza Five Suite 1510**<br>**Jersey City, NJ 07311** | **DeWitt Stern, Imperatore**<br>**Harborside Fin. Center**<br>**Plaza Five Suite 1510**<br>**Jersey City, NJ 07311**<br>**1201-915-0133** | **insurance** | **Disputed** | **126,903.76** |
| **KeyBank National**<br>**Association**<br>**66 South Pearl Street**<br>**Attn:Richard B. Saulsbery**<br>**Albany, NY 12207** | **KeyBank National**<br>**Association**<br>**66 South Pearl Street**<br>**Albany, NY 12207** | | **Contingent** | **5,195,000.00** |
| **Merrill Marine Services**<br>**7909 Big Bend Boulevard**<br>**Saint Louis, MO 63119** | **Merrill Marine Services**<br>**7909 Big Bend Boulevard**<br>**Saint Louis, MO 63119** | | | **2,800.00** |
| **National Bank of Pakistan**<br>**100 Wall Street**<br>**New York, NY 10005** | **National Bank of Pakistan**<br>**100 Wall Street**<br>**New York, NY 10005** | **Bank loan per**<br>**December 23, 2008**<br>**amended and**<br>**restated loan**<br>**agreement** | | **13,600,000.00**<br><br>**(0.00 secured)** |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

B4 (Official Form 4) (12/07)

# United States Bankruptcy Court
## Eastern District of New York

In re   **Shiptrade, Inc.**
_____
Debtor(s)

Case No.   **8-09-78584**

Chapter   **11**

## LIST OF CREDITORS HOLDING 20 LARGEST UNSECURED CLAIMS - AMENDED

Following is the list of the debtor's creditors holding the 20 largest unsecured claims. The list is prepared in accordance with Fed. R. Bankr. P. 1007(d) for filing in this chapter 11 [*or* chapter 9] case. The list does not include (1) persons who come within the definition of "insider" set forth in 11 U.S.C. § 101, or (2) secured creditors unless the value of the collateral is such that the unsecured deficiency places the creditor among the holders of the 20 largest unsecured claims. If a minor child is one of the creditors holding the 20 largest unsecured claims, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See 11 U.S.C. § 112; Fed. R. Bankr. P. 1007(m).

| (1) Name of creditor and complete mailing address including zip code | (2) Name, telephone number and complete mailing address, including zip code, of employee, agent, or department of creditor familiar with claim who may be contacted | (3) Nature of claim (trade debt, bank loan, government contract, etc.) | (4) Indicate if claim is contingent, unliquidated, disputed, or subject to setoff | (5) Amount of claim [if secured, also state value of security] |
|---|---|---|---|---|
| **Citibank** **Business Bank Loan Ops** **100 Citibank Drive** **San Antonio, TX** | **Citibank** **Business Bank Loan Ops** **100 Citibank Drive** **San Antonio, TX** | line of credit | | **10,000.00** |
| **Gal Braiths, Ltd.** **124-126 Borough High St.** **London, Se11 BL** | **Gal Braiths, Ltd.** **124-126 Borough High St.** **London, Se11 BL** **01102073786364** | | | **4,521.86** |
| **Garden City Chamber of Commerce, Inc.** **230 Seventh Street** **Garden City, NY 11530** | **Garden City Chamber of Commerce, Inc.** **230 Seventh Street** **Garden City, NY 11530** **516-746-7725** | **Annual Membership Fee** | | **465.00** |
| **KeyBank National Association** **66 South Pearl Street** **Attn:Richard B. Saulsbery** **Albany, NY 12207** | **KeyBank National Association** **66 South Pearl Street** **Albany, NY 12207** | | **Contingent** | **12,195,000.00** |
| **Merchants Insurance Group** **Po Box 4031** **Buffalo, NY 14240** | **Merchants Insurance Group** **Po Box 4031** **Buffalo, NY 14240** | **Office Insurance** | | **588.07** |
| **National Bank of Pakistan** **100 Wall Street** **New York, NY 10005** | **National Bank of Pakistan** **100 Wall Street** **New York, NY 10005** | **guarentee of a bank loan** | **Contingent** | **13,692,000.00** |
| **Remote Reporting** **2407 Newman Road** **Mount Pleasant, WI 53406** | **Remote Reporting** **2407 Newman Road** **Mount Pleasant, WI 53406** | | | **120.00** |
| **Shipnet** **53 Water Street** **Norwalk, CT 06854** | **Shipnet** **53 Water Street** **Norwalk, CT 06854** **203-286-1182** | **Container Tracking** | | **1,037.25** |
| **State Board of Equalization** **450 N Street, MIC:48** **PO Box 942879** **Sacramento, CA 94279** | **State Board of Equalization** **450 N Street, MIC:48** **Sacramento, CA 94279** **916-324-0677** | | | **3,701.00** |

B4 (Official Form 4) (12/07)

# United States Bankruptcy Court
## Eastern District of New York

In re **Global Prosperity LLC**      Case No.   **8-09-78590**

                            Debtor(s)      Chapter   **11**

## LIST OF CREDITORS HOLDING 20 LARGEST UNSECURED CLAIMS - AMENDED

Following is the list of the debtor's creditors holding the 20 largest unsecured claims. The list is prepared in accordance with Fed. R. Bankr. P. 1007(d) for filing in this chapter 11 [*or* chapter 9] case. The list does not include (1) persons who come within the definition of "insider" set forth in 11 U.S.C. § 101, or (2) secured creditors unless the value of the collateral is such that the unsecured deficiency places the creditor among the holders of the 20 largest unsecured claims. If a minor child is one of the creditors holding the 20 largest unsecured claims, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See 11 U.S.C. § 112; Fed. R. Bankr. P. 1007(m).

| (1) | (2) | (3) | (4) | (5) |
|---|---|---|---|---|
| *Name of creditor and complete mailing address including zip code* | *Name, telephone number and complete mailing address, including zip code, of employee, agent, or department of creditor familiar with claim who may be contacted* | *Nature of claim (trade debt, bank loan, government contract, etc.)* | *Indicate if claim is contingent, unliquidated, disputed, or subject to setoff* | *Amount of claim [if secured, also state value of security]* |
| **Delta Marine Services Co.**<br>**7 Panama & Elgmhoria St.**<br>**Pt. Said Egypt**<br>**PO Box 75**<br>**Port Said, 42511 Egypt** | **Delta Marine Services Co.**<br>**7 Panama & Elgmhoria St.**<br>**Pt. Said Egypt**<br>**Port Said, 42511 Egypt** | | | **22,939.09** |
| **Saeed Marine**<br>**Equipment Est.**<br>**PO Box 50636**<br>**Dubai, UAE** | **Saeed Marine**<br>**Equipment Est.**<br>**PO Box 50636** | | | **6,649.11** |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

## Schedule 2

**5 Largest Secured Claims**

<u>Global Container Lines Ltd.</u>
See Attached

<u>Shiptrade Inc.</u>
Not Applicable

<u>Global Shipping Corp.</u>
See Attached

<u>Redstone Shipping Corp.</u>
Not Applicable

<u>Gilmore Shipping Corp.</u>
See Attached

<u>Global Progress LLC</u>
See Attached

<u>Global Prosperity LLC</u>
See Attached

Global Container Line Limited                          Schedule 2

| creditor name and address | amount of claim | brief description | value of collateral securing claim | Disputed |
|---|---|---|---|---|
| Sea Castle Container Leasing<br>1 Matnard Drive,<br>Park Ridge NJ 0756 | $360,000.00 | secured claim for containers used in liner business | unknown. | Y |
| Enigma Shipping Agency, Episcopal Church Building, Randal Street, Monrovia, Liberia | $74,402.17 | maritime lien on the M/V Caterina | unknown. | N |
| Triton Container International Limited,<br>55 Green Street,<br>San Francisco CA 94111 | $40,884.80 | secured claim for containers used in liner business | unknown. | Y |
| Abdulkader Kordoughli, PO Box 1897, Lattakia, Syria | $31,758.00 | maritime lien on the M/V Caterina for wages | unknown. | N |
| Saeed Marine, P.O. Box 50636, Dubai, UAE | $11,845.00 | maritime lien on the M/V Caterina | unknown. | N |

Global Container Line Limited

| creditor name and address | amount of claim | brief description | value of collateral securing claim | Disputed |
|---|---|---|---|---|
| Sea Castle Container Leasing<br>1 Matnard Drive,<br>Park Ridge NJ 0756 | $360,000.00 | preferred ship mortgage on M/V Global Precision | unknown. | Y |
| Enigma Shipping Agency, Episcopal Church Building,<br>Randal Street, Monrovia, Liberia | $74,402.17 | maritime lien on the M/V Caterina | unknown. | N |
| Triton Container International Limited,<br>55 Green Street,<br>San Francisco CA 94111 | $40,884.80 | secured claim for containers used in liner business | unknown. | Y |
| Abdulkader Kordoughli, PO Box 1897, Lattakia, Syria | $31,758.00 | maritime lien on the M/V Caterina for wages | unknown. | N |
| Saeed Marine, P.O. Box 50636, Dubai, UAE | $11,845.00 | maritime lien on the M/V Caterina | unknown. | N |

Gilmore Shipping Company                          Schedule 2

| creditor name and address | amount of claim | brief description | value of collateral securing claim | Disputed |
|---|---|---|---|---|
| Keybank National Association, Attn Richard B. Saulsbery, 66 Pearl Street, Albany, New York, 12207 | $5,195,000.00 | preferred ship mortgage on M/V Global Precision | 2,000,000 | Y |
| Gulf Liner Shipping Agencies, Office Center, Karama, P.O. Box 3274, Dubai | $300,051.82 | maritime lien against Global Precision for crew wages for Global Precision | 2,000,000 | N |
| Total U.A.E LLC , PO Box 14871, Dubai, UAE | $78,570.07 | maritime lien against Global Precision | 2,000,000 | N |
| Gulf Oil Marine Limited, 3 Lockhart Road, 25th Floor, Wan Chai, Hong Kong | $57,570.00 | maritime lien against Global Precision | 2,000,000 | N |
| Consilium Middle East, PO Box 8018, SAIF Zone, Sharjah, UAE | $30,743.00 | maritime lien against Global Precision | 2,000,000 | N |

Global Progress LLC                                      Schedule 2

| creditor name and address | amount of claim | brief description | value of collateral securing claim | Disputed |
|---|---|---|---|---|
| National Bank of Pakistan, 100 Wall Street, New York, NY 10005 | $13,600,000.00 | bank loan | $4,000,000 | Y |
| S&S Shipmanagement, House 15 Roadmoul, Lane 3, Block L Halish, Chihajon, Bangladesh | $253,191.54 | maritime liens | $4,000,000 | n |
| Alco Shipping Services LLC, PO Box 19525, Sharjah-UAE | $251,700.00 | maritime liens | $4,000,000 | n |
| Crew Wages - Global Progress | $144,842.72 | maritime liens | $4,000,000 | n |
| Kenya Ports Authority - C/O African Liner Agencies, LTD, Maritime House, MOI ave, Mombasa, Kenya | $131,137.00 | maritime liens | $4,000,000 | n |

Global Prosperity, LLC

Schedule 2

| creditor name and address | amount of claim | brief description | value of collateral securing claim | Disputed |
|---|---|---|---|---|
| National Bank of Pakistan, 100 Wall Street, New York, NY 10005 | $13,600,000.00 | bank loan | $4,000,000 | Y |
| Crew Wages for Global Prosperity | $280,000.00 | maritime lien | $4,000,000 | n |
| Alba Petroleum, Tanana Road/Mbaraki Creek, PO Box 97155, Mombasa, Kenya | $197,000.00 | maritime lien for bunker fuels | $4,000,000 | n |
| Alco Shipping Services LLC; PO Box 19525, Sharjar, UAE | $174,425.00 | maritime lien | $4,000,000 | n |
| FAL Energy, Inc. PO Box 6600 Charjah, UAE | $135,900.00 | maritime lien for bunker fuels | $4,000,000 | n |
| Kenya Ports Authority - C/O African Liner Agencies, LTD, Maritime House, MOI ave, Mombasa, Kenya | $106,489.00 | maritime lien | $4,000,000 | n |

## **Schedule 3**
Summary of Debtors' Assets and Liabilities

| | |
|---|---|
| Total Assets (book values) | $41,336.583 |
| Total Liabilities | $47,372,890. |

## Schedule 4

### Stockholders

| Debtor | Shareholders | Officer/Director |
|---|---|---|
| Global Container Lines Ltd. | Shiptrade Inc. (88%) | |
| | Hormoz Shayegan (12%) | Secretary |
| | | |
| Shiptrade, Inc. | Ali Paksima (50%) | President |
| | Kazen Paksima (50%) | Vice President |
| | | |
| GCL Shipping Corp. | Bijan Paksima (10%) | President |
| | Hormoz Shayegan (12%) | Secretary |
| | Ali Paksima (30%) | Vice President |
| | Kazen Paksima (30%) | Vice President |
| | Ali David Paksima (10%) | Vice President |
| | Hoseien Alizadeh (8%) | |
| | | |
| Redstone Shipping Corp. | Bijan Paksima (24.5%) | President |
| | Ali David Paksima (24.5%) | Vice President |
| | Global Container Lines (51%) | |
| | | |
| Gilmore Shipping Corp. | GCL Shipping Corp. (100%) | |
| | | |
| Global Progress LLC | GCL Shipping Corp. (100%) | |
| | | |
| Global Prosperity LLC | GCL Shipping Corp. (100%) | |

## Schedule 5

### Premises Owned or Lease

| Debtor | Address of Property | Owned or Lease | Counter-Party to Lease |
|---|---|---|---|
| Shiptrade Inc. | 100 Quentin Roosevelt Blvd. Garden City, NY 11530 | Lease | Jeffrey Management Corp. |

## Schedule 6

### Location of Debtors' Significant Assets, Books
### and Records and Assets Outside of U.S.

| Debtor | Asset | Location | Value (if Outside U.S.) |
|---|---|---|---|
| Gilmore Shipping Corp. | M.V. Global Precision | Old Mangalore Port, India | $2,000,000 |
| Global Progress LLC | M.V. Global Progress | Mombasa, Kenya | $4,000,000 |
| Global Prosperity LLC | M.V. Global Prosperity | Mombasa, Kenya | $4,000,000 |
| All Debtors | Books and Records | 100 Quentin Roosevelt Blvd. Garden City, NY 11530 | |
| | | | |
| | | | |
| | | | |
| | | | |

## Schedule 7

## Senior Management

| Name | Debtor/Position | Tenure | Experience/Responsibilities |
|------|-----------------|--------|------------------------------|
| Bijan Paksima | Global Container Lines (Vice President) | | Strategic Planning, Corporate management with special emphasis on Peacekeeping and food aid operations (UN, Government, Etc.) |
| | Shiptrade, Inc. (Vice President) | 1991 to date | See above |
| | GCL Shipping Corp. (President) | 2005 to date | See above |
| | Redstone Shipping Corp. (President) | 2004 to date | See above |
| | Gilmore Shipping Corp. (President) | 2005 to date | See above |
| | Global Progress LLC (President) | 2008 to date | See above |
| | Global Prosperity LLC (President) | 2008 to date | See above |
| | | | |
| Ali Paksima | Global Container Lines (Executive Vice President) | 1990 to date | Ship management, liner operations, port agency and port management and logistics |
| | Shiptrade, Inc. (President) | 1990 to date | See above |
| | GCL Shipping Corp. (Vice President) | | See above |
| | | | |
| Hormoz Shayegan | Global Container Lines (Secretary) | 1990 to date | Management, finance, legal, and insurance |
| | GCL Shipping Corp. (Secretary) | 2005 to date | See above |
| | Redstone Shipping Corp. (Secretary) | 2004 to date | See above |

| | | | |
|---|---|---|---|
| | Gilmore Shipping Corp. (Secretary) | 2005 to date | See above |
| | Global Progress LLC (Secretary) | 2008 to date | See above |
| | Global Prosperity LLC (Secretary) | 2008 to date | See above |
| | Shiptrade, Inc. (Secretary) | 1985 to date | See above |
| | | | See above |
| Kazen Paksima | Shiptrade, Inc. (Vice President) | 1990 to date | Ship management, down-stream operations in shipping and logistics with special emphasis on corporate management |
| | Global Container Lines (President) | 1990 to date | See above |
| | GCL Shipping Corp. (Vice President) | | See above |
| | | | See above |
| Ali David Paksima | GCL Shipping Corp. (Vice President) | 2005 to date | Operations in the Middle East, Indian Ocean and South Africa, multimodal projects, containers and material handling equipment |
| | Redstone Shipping Corp. (Vice President) | 2004 to date | See above |
| | Gilmore Shipping Corp. (Vice President) | 2005 to date | See above |

**Schedule 8**
**Estimated Payroll**

| | |
|---|---|
| **Estimated Payments to Employees (Not Including Officers, Directors and Stockholders)** | $118,024.00 |
| **Proposed Payments to Officers, Directors and Stockholders** | $85,323.00 |
| **Proposed Payments to Financial and Business Consultants** | $0 |

**Schedule 9**

**Cash Receipts and Disbursements,**
**Net Cash Gain or Loss, Expected Unpaid Obligations and Receivables**

| | |
|---|---|
| **Cash Receipts** | $6,845,000 |
| **Cash Disbursements** | $6,337,883 |
| **Net Cash Gain** | $507,117 |
| **Expected Unpaid Obligations** | $6, 337,887 |
| **Expected Unpaid Receivables** | $1,445,000[2] |

---

[2] Expected unpaid receivables does not include equity investment by principals in the amount of $100,000, the proceeds from the Debtors proposed DIP financing in the amount of $4,000,000 or the proceeds from a pending United Nations contract in the amount of $1,000,000.