CULLEN AND DYKMAN, LLP
100 Quentin Roosevelt Boulevard
Garden City, NY 11530
(516)357-3700
Matthew G. Roseman, Esq. (MR 1387)
C. Nathan Dee, Esq. (CND 9703)
Bonnie L. Pollack, Esq. (BP 3711)

Attorneys for Global Container Lines Ltd., et al.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------x
In re:                                          Chapter 11

GLOBAL CONTAINER LINES LTD.,                    Case No. 09-78585

       Debtor.

-----------------------------------------------------------------x
In re:                                          Chapter 11

SHIPTRADE, INC.,                                Case No. 09-78584

       Debtor.

-----------------------------------------------------------------x
In re:                                          Chapter 11

GCL SHIPPING CORP.,                             Case No. 09-78589

       Debtor.

-----------------------------------------------------------------x
In re:                                          Chapter 11

REDSTONE SHIPPING CORP.,                        Case No. 09-78586

       Debtor.

-----------------------------------------------------------------x
In re:                                          Chapter 11

GILMORE SHIPPING CORP.,                         Case No. 09-78587

       Debtor.

-----------------------------------------------------------------x

```
-----------------------------------------------------------x
```
In re:                                                 Chapter 11

GLOBAL PROGRESS LLC,                                   Case No. 09-78588

      Debtor.
```
-----------------------------------------------------------x
```
In re:                                                 Chapter 11

GLOBAL PROSPERITY LLC,                                 Case No. 09-78590

      Debtor.
```
-----------------------------------------------------------x
```

## DEBTORS' JOINT APPLICATION FOR ORDER AUTHORIZING JOINT ADMINISTRATION PURSUANT TO BANKRUPTCY RULE 1015(b)

TO:  THE UNITED STATES BANKRUPTCY JUDGE
   TO WHOM THIS CASE IS ASSIGNED:

As and for the application (the "Application") of Global Container Lines, Ltd. ("Global"), Shiptrade, Inc. ("Shiptrade"), GCL Shipping Corp. ("GCL"), Redstone Shipping Corp. ("Redstone"), Gilmore Shipping Corp. ("Gilmore"), Global Progress LLC ("Progress") and Global Prosperity LLC ("Prosperity"; collectively, the "Debtors"), debtors and debtors-in-possession by their proposed attorneys, Cullen and Dykman LLP, for the entry of an order authorizing joint administration of the Debtors' Chapter 11 cases (the "Proposed Order"), a copy of which is annexed hereto as Exhibit "A", the Debtors respectfully represent as follows:

## INTRODUCTION

1. On November 10, 2009 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in this Court and an order for relief under section 301 of the Bankruptcy

Code was entered in their cases (the "Chapter 11 Cases").

2. The Debtors have been authorized to remain in possession of their property and to continue in the operation and management of their businesses as debtors-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

3. Neither an examiner, trustee nor committee of unsecured creditors has been appointed in these Chapter 11 Cases.

## BACKGROUND

4. GCL was established in 1985 to service the trade between East Africa, the Indian Ocean and the Persian Gulf. GCL offers a worldwide service for movement of containers, rolling stock, general cargo, project cargo and bulk cargo. At the present time, the company operates four fully geared and efficient vessels including multi-purpose, container, heavy lift vessels and bulk carriers.

5. On April 25, 2003, GCL formed three US (Delaware) subsidiaries, Dover Shipping Corporation, Stewart Shipping Corporation and Gallant Shipping Corporation all of which are currently dormant. GCL later formed two additional US (Delaware) subsidiaries, Atlas Shipping Corp on August 22, 2003 and Redstone Shipping Corp ("Redstone") on September 29, 2004. GCL owns 51% of the stock of Redstone.

6. GCLS (M.I.), an affiliate with common ownership, was formed on March 17, 2005. GCLS later formed three subsidiaries Gilmore Shipping Corporation ("Gilmore") on June 24, 2005 and Global Progress LLC ("GLPG") and Global Prosperity LLC ("GLPP") on September 29, 2004. Gilmore, GLPG and GLPP are single asset entities that hold title to the M.V. Global Precision, the M.V. Global Progress ("Progress") and the M.V. Global Prosperity ("Prosperity") respectively.

3

7. Shiptrade, a New York corporation, GCL, Redstone, Gilmore, Progress and Prosperity are all affiliated entities of GCL and share common ownership. Shiptrade owns 88% of the stock of Global and acts as general shipping agent for Global. Three of GCLS's affiliates own ships used in GCL's business-- Gilmore, Progress and Prosperity. GCLS owns 100% of the stock of Gilmore, Progress and Prosperity.

8. The Debtors operate services in North America, the Mediterranean, the Middle East, East, South, and West Africa, the Persian Gulf, India, Pakistan, Mozambique and Major Indian Ocean Islands. The Debtors' project teams have extensive specialized experience in multi-modal shipment (combination of land, sea and air transportation) including project and humanitarian relief cargo. The Debtors work closely on these projects with governmental and international organizations including the United Nations Peacekeeping Missions, US Military Sealift Command, United Nations World Food Program, United States Agency for International Development and other humanitarian relief agencies. The Debtors are currently involved with the UN mission in the Darfur region of the Sudan delivering critical supplies and equipment in support of the UN's peacekeeping forces in that dangerous and desolate part of the world.

9. The Debtors were selected for the carriage for the first shipment of humanitarian relief cargo to the people of Iraq as well as to the people of Afghanistan. The Debtors transport cargo of any size and nature including heavy construction equipment, tractors, cement mixers, heavy duty trailers, reefer trailers, P.O.V.s, sedans, jeeps and automobiles. They also carry dry freight cargo, forest products, steel products and agricultural products. Finally, the Debtors handle hazardous cargo and dangerous goods of all types.

**RELIEF REQUESTED**

10. Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") provides:

> (b) Cases Involving Two or More Related Debtors. If a joint petition or two or more petitions are pending in the same court by or against ... a debtor and an affiliate, the court may order a joint administration of the estates. Prior to entering an order the court shall give consideration to protecting creditors of different estates against potential conflicts of interest.

F.R. Bankr. Proc. 1015(b).

11. Section 101(2)(A) of the Bankruptcy Code defines an affiliate as an "entity that directly or indirectly owns, controls, or holds with power to vote, 20 percent or more of the outstanding voting securities of the debtor . . ." 11 U.S.C. §101(2)(A).

12. Moreover, section 101(2)(B) of the Bankruptcy Code defines an affiliate as a "corporation 20 percent or more of whose outstanding voting securities are directly or indirectly owned, controlled, or held with power to vote, by the debtor, or by an entity that directly or indirectly owns, controls, or holds with power to vote, 20 percent or more of the outstanding voting securities of the debtor. ..." 11 U.S.C. § 101(2)(B).

13. As set forth above, all of the Debtors are affiliated under either section 101(2)(A) or 101(2)(B) of the Bankruptcy Code. Inasmuch as the Debtors' businesses are all affiliated and interrelated, they believe that their best interests would be served by an order of joint administration entered in their respective Chapter 11 Cases in accordance with Rule 1015(b) of the Bankruptcy Rules. The rights of the Debtors' respective creditors will not be adversely affected by the proposed joint administration because the Debtors will continue as separate and distinct legal entities and separate books will continue to be maintained for each. Moreover, each creditor may still file its claim against a particular estate. In fact, the creditors will be enhanced by joint administration of the Chapter 11 Cases. Entry of such an order will clearly result in reduced costs of administration, will facilitate administration of the Debtors' respective Chapter 11 Cases and will eliminate duplicative filings with the Court of various administrative and substantive pleadings, applications and motions, relieving the burden on the

Court and U.S. Trustee as well.

14. In this regard, the Debtors request that the caption of their Chapter 11 Cases should be modified to reflect the joint administration of the Chapter 11 Cases as follows:

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
| | |
|---|---|
| In re: | Chapter 11 |
| GLOBAL CONTAINER LINES LTD., et al., | Case Nos. 09-78584 through 09-78590 |
| Debtors. | Jointly Administered |

-----------------------------------------------------------------x

15. The Debtors further seek the Court's direction that a notation substantially similar to that below be made on the case dockets of each of the Debtors' Chapter 11 Cases to reflect the joint administration of the Chapter 11 Cases:

> Orders dated November __, 2009 have been entered in the cases of Global Container Lines, Ltd. ("Global"), Shiptrade, Inc. ("Shiptrade"), GCL Shipping Corp. ("GCL"), Redstone Shipping Corp. ("Redstone"), Gilmore Shipping Corp. ("Gilmore"), Global Progress LLC ("Progress") and Global Prosperity LLC ("Prosperity"; collectively, the "Debtors"), for consolidation of the cases for procedural purposes only and providing for the joint administration of the Debtors' cases. All docket entries are maintained on the docket of Global Containers Lines, Ltd., Case No. 09-78585.

16. Additionally, the Debtors seek authority to file, where necessary, consolidated monthly operating reports as required by the U.S. Trustee if, in the Debtors' sole determination, after consultation with the U.S. Trustee, and the creditors committee (if a committee is appointed and chooses to serve in the Chapter 11 Cases) such consolidation of reports would be in the best interests of administrative economy and efficiency and would accurately reflect the Debtors' consolidated business operations and financial affairs.

6

17. Originals of this Application are being filed in each of the Chapter 11 Cases and the Debtors are submitting duplicate original orders for docketing in each Chapter 11 Case.

## NOTICE

18. No trustee, examiner, or creditors committee has been appointed in the Debtors' Chapter 11 Cases. Notice of this Motion has been provided to (i) the Office of the United States Trustee for the Eastern District of New York, (ii) the attorneys for the Debtors' prepetition lenders, and (iii) the holders of the twenty (20) largest unsecured claims against the Debtors.

19. No prior application for the relief requested herein has been made to this or any other Court.

WHEREFORE, the Debtors respectfully request that this Court enter the Proposed Order, in the form attached hereto, granting the relief requested herein, and granting such further relief as this Court may deem just and proper.

Dated: Garden City, New York
November 12, 2009

                                      CULLEN AND DYKMAN LLP

                                      By: /s/ Matthew G. Roseman
                                      Matthew G. Roseman, Esq. (MR 1387)
                                      C. Nathan Dee, Esq. (CND 9703)
                                      Bonnie L. Pollack, Esq. (BP 3711)
                                      Attorneys for Global Container Lines Ltd., et al.
                                      100 Quentin Roosevelt Boulevard
                                      Garden City, New York 11530
                                      (516) 357-3700