UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------x
In re:                                            Chapter 11

GLOBAL CONTAINER LINES LTD.,                      Case No. 09-78585 (AST)

                Debtor.
------------------------------------------------------x
In re:                                            Chapter 11

SHIPTRADE, INC.,                                  Case No. 09-78584 (AST)

                Debtor.
------------------------------------------------------x
In re:                                            Chapter 11

GCL SHIPPING CORP.,                               Case No. 09-78589 (AST)

                Debtor.
------------------------------------------------------x
In re:                                            Chapter 11

REDSTONE SHIPPING CORP.,                          Case No. 09-78586 (AST)

                Debtor.
------------------------------------------------------x
In re:                                            Chapter 11

GILMORE SHIPPING CORP.,                           Case No. 09-78587 (AST)

                Debtor.
------------------------------------------------------x
In re:                                            Chapter 11

GLOBAL PROGRESS LLC,                              Case No. 09-78588 (AST)

                Debtor.
------------------------------------------------------x
In re:                                            Chapter 11

GLOBAL PROSPERITY LLC,                            Case No. 09-78590 (AST)

                Debtor.
------------------------------------------------------x

**EMERGENCY ORDER PURSUANT TO
SECTIONS 105(a), 364 (c)(1), 364 (c)(2), 364 (c)(3), AND 364 (d) OF THE UNITED
STATES BANKRUPTCY CODE AND RULES 2002, 4001 AND 9014 OF THE FEDERAL
RULES OF BANKRUPTCY PROCEDURE SEEKING (I) AUTHORIZATION FOR THE
DEBTORS AND DEBTORS IN POSSESSION TO ENTER INTO A POST-PETITION
FINANCING AGREEMENT WITH NATIONAL BANK OF PAKISTAN, (II)
AUTHORIZING RELATED EMERGENCY RELIEF FOR PAYMENT OF MARITIME
LIEN HOLDERS AND CERTAIN CRITICAL PRE-PETITION CREDITORS,
(III)AUTHORIZING THE DEBTORS' USE OF CASH COLLATERAL PURSUANT TO
SECTION 363 OF THE BANKRUPTCY CODE AND RULE 4001 OF THE FEDERAL
RULES OF BANKRUPTCY PROCEDURE, AND (IV) GRANTING ADEQUATE
PROTECTION PURSUANT TO SECTIONS 361, 363 AND 364 OF THE BANKRUPTCY
<u>CODE PENDING INTERIM AND FINAL HEARING</u>**

Upon the motion (the "DIP Motion") dated November 12, 2009, Global Container Lines Limited; Shiptrade, Inc., GCL Shipping Corp., Global Progress LLC and Global Prosperity LLC, the debtors and debtors-in-possession herein (the "Debtors")[1] for an order pursuant to Sections 105, 364(c)(1), 364 (c)(2), 364 (c)(3), 364 (d), 361 and 363 of the United States Code (the "Bankruptcy Code") and Rule 4001 of the Federal Rules of Bankruptcy Procedure (i) authorizing the Debtors to incur post-petition debt on a secured basis and to enter into a certain post-petition financing agreement (the "DIP Loan Agreement" or "Fifth Amendatory Agreement") with National Bank of Pakistan ("NBP" or "Lender"), a copy of which is attached to the DIP Motion, all as set forth more fully in the DIP Motion, (ii) authorizing the Debtors' use of cash collateral; (iii) granting NBP adequate protection and (iv) scheduling an interim hearing (the "Interim Hearing") and a final hearing (the "Final Hearing") on the Debtors' request to obtain post-petition financing and request for emergency use of certain funds in the amount of $2,600,000 to be advanced by Lender to meet the Debtors' immediate operating needs including, but not limited to, the immediate payment of funds to certain Maritime Lien Holders to prevent the

---

[1] Two of the above-captioned debtors, Redstone Shipping Corp. and Gilmore Shipping Corp., are not participants in the Debtors' DIP financing facility with NBP.

imminent arrest and seizure of the Debtors' ships located in Mombasa, Kenya and the payment of certain critical pre-petition creditors all as is further set forth in the DIP Motion, and upon all proceedings heretofore and herein, and after due deliberation and sufficient appearing cause therefor; and

It appearing that facsimile or electronic mail notice of the DIP Motion and the Motion Authorizing, but not Directing, Debtors' to pay Certain Pre-Petition Claims and Maritime Lien Claims having been provided to (i) the Lender, (ii) the Office of the United States Trustee, (iii) the twenty largest creditors of Debtors, (iv) any party against which relief is sought, and (v) any party asserting a lien upon each Debtors' assets; and said service being deemed good and sufficient;

**NOW**, on the Motion of Cullen and Dykman LLP, proposed counsel for the Debtors, it is

**ORDERED**, that based upon the Affidavit of Bijan Paksima in support of the Debtors' DIP Motion, it appears that an emergency need exists for the Debtors to make advances pursuant to the DIP Loan Agreement to pay certain Maritime Lien Holders and critical pre-petition creditors to prevent immediate and irreparable harm to the Debtors' estates pending the Final Hearing and to meet the Debtors immediate operating needs, and the Debtors are hereby authorized and empowered to request an advance from Lender and Lender is authorized to advance, pursuant to the terms of the DIP Loan Agreement an amount not to exceed $2,600,000 to pay the Maritime Lien Holders and certain critical vendors; and it is further

Case 8-09-78585-ast    Doc 19    Filed 11/17/09    Entered 11/18/09 09:08:15

**ORDERED**, that after the Emergency Hearing and pending the Final Hearing and the entry of a final order at the Final Hearing, the Lender is hereby granted all the protections, liens, claims and security interests contemplated by the terms of the DIP Motion, DIP Loan Agreement and the proposed Interim Order which is attached to the DIP Motion as Exhibit A in an amount not to exceed the $2,600,000 advance authorized herein.



**Dated: November 17, 2009**
**Central Islip, New York**

_____
**Alan S. Trust**
**United States Bankruptcy Judge**