# ACTION BY WRITTEN CONSENT
# OF THE SHAREHOLDERS AND DIRECTORS
# OF
# GLOBAL CONTAINER LINES LIMITED

The undersigned, being all of the shareholders and directors of GLOBAL CONTAINER LINES LIMITED, a corporation formed under the laws of the State of Delaware (the "Company"), hereby take the following actions and adopt the following resolutions and direct that this consent be filed with the Minutes of the Corporation:

RESOLVED, that it is desirable and in the best interests of the Company, its creditors, employees, and other interested parties that a petition be filed by the Company seeking relief under the provisions of Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code").

RESOLVED, that Bijan Paksima be, and hereby is, elected Vice President of the Company to serve for a term of one year.

RESOLVED, that Bijan Paksima (the "Authorized Person") is hereby authorized, empowered and directed, in the name, and on behalf of the Company, to execute and verify petitions, schedules and amendments thereto under Chapter 11 of the Bankruptcy Code (the "Chapter 11 Case") and to cause the same to be filed in the Untied States Bankruptcy Court for the Eastern District of New York at such time as the Authorized Person executing the same shall determine.

RESOLVED, that the Authorized Person and such other officers of the Company as the Authorized Person shall from time to time designate in writing, and any other employees or agents (including counsel) designated by or directed by any such officers be, and each hereby is, authorized, empowered and directed, in the name and on behalf of the Company, (a) to execute and file all petitions, schedules, motions, lists, applications, pleadings, plans, disclosure statements and other papers, and to take and perform any and all further acts and deeds which he or she deems necessary, proper or desirable in connection with the Chapter 11 Case and (b) to enter into, execute, deliver, certify, file and/or record, and perform such agreements, instruments, motions, affidavits, applications for approval or ruling of governmental or regulatory authorities, certificates or other documents, and to take such other action as in the judgment of such person shall be or become necessary, proper, and desirable in moving towards effectuating a plan of reorganization for the Company.

RESOLVED, that the Authorized Person, and such other officers of the Company as the Authorized Person shall from time to time designate in writing, be, and each hereby is, authorized, empowered and directed, in the name and on behalf of the Company, to engage, retain or appoint legal counsel, accountants, financial advisors, restructuring advisors, and other professionals in connection with the Chapter 11 Case, including without limitation Cullen and Dykman LLP, and to pay appropriate retainers prior to or immediately upon the filing of the Chapter 11 Case and cause to be filed an

appropriate application for authority to retain the services of any other professionals as necessary.

RESOLVED, that the Company, as debtor and debtor in possession in the Chapter 11 Case is hereby authorized (a) to enter into such debtor in possession loan agreements ("DIP Loan Agreements") as the Authorized Person may from time to time deem to be necessary and appropriate in his sole judgment and (b) to incur such obligations and undertake any and all related transactions contemplated by such DIP Loan Agreements (the "Financing Transactions").

RESOLVED, that the Authorized Person is hereby authorized, directed and empowered from time to time in the name of and on behalf of the Company to (a) take any and all actions, and to execute and deliver, or cause to be delivered, under seal of the Company or otherwise, the DIP Loan Agreements and any and all such documents, agreements, certificates, writings and instruments to be delivered in connection with any DIP Loan Agreement (collectively, the "DIP Loan Documents") and such agreements, certificates, instruments, guarantees, notices and any and all other documents as the Authorized Officer may deem necessary, or which may be reasonably requested by another party to the DIP Loan Agreement, to facilitate the Financing Transactions (collectively, the "Financing Documents"), (b) grant security interests in or liens on any real or personal property of the Company now or hereafter acquired as may be contemplated by such DIP Loan Agreement, with full authority to endorse, assign or guarantee any of the foregoing in the name of the Company, in each case, as the Authorized Person may deem necessary or advisable to carry out the intent and purposes of the foregoing resolution, (c) authorize such person or persons as may be necessary to file any Uniform Commercial Code financing statements and any necessary assignments for security or other documents in the name of the Company that are deemed necessary or convenient to perfect any lien or security interest granted under the DIP Loan Agreement, and to execute and deliver, and to record or authorize the recording of, such mortgages and deeds of trust in respect of real property of the Company and such other filings in respect of the intellectual and other property of the Company, in each case as may be reasonably requested, to perfect security interests under the DIP Loan Documents, and (d) take all further actions, including without limitation, to pay all fees and expenses, in accordance with the terms of the Financing Transactions, which shall in his sole judgment be necessary, proper or advisable to perform the Company's obligations under or in connection with the DIP Loan Documents, the Financing Documents and any other agreements related thereto and to carry out fully the intent of the Resolutions adopted herein.

RESOLVED, that in addition to the specific authorizations heretofore conferred upon the Authorized Officer, the Authorized Officer, and such other officers of the Company as the Authorized Person shall from time to time designate in writing, be, and each hereby is, authorized, directed and empowered, in the name of, and on behalf of, the Company, to take or cause to be taken any and all such further actions, to execute and deliver any and all such agreements, certificates, instruments and other documents and to pay all expenses, including filing fees, in each case as in such officer or officers'

judgment shall be necessary or desirable to fully carry out the intent and accomplish the purposes of the Resolutions adopted herein.

RESOLVED, that, any and all past actions heretofore taken by officers of the Company in the name and on behalf of the Company in furtherance of any or all of the preceding Resolutions be, and the same hereby are, ratified, confirmed, and approved.

IN WITNESS WHEREOF, the undersigned have executed this Consent as of the ___ day of November, 2009.

SHIPTRADE, INC., Shareholder

By: _____
Name: Bijan Paksima
Title: Vice President

_____
Hormoz Shayegan, Shareholder and Director

_____
Kazem Paksima, Director

_____
Ali Paksima, Director