| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT | Hearing Date and Time: December 22, 2009 at 2:00 p.m. |
| EASTERN DISTRICT OF NEW YORK | Objection Date: December 15, 2009 |

---------------------------------------------------------------

In re:

GLOBAL CONTAINER LINES LTD., et al.

                              Debtor.

Chapter 11
Case No. 09-78585 (AST)
          09-78584 (AST)
          09-78586 (AST)
          09-78587 (AST)
          09-78588 (AST)
          09-78589 (AST)
          09-78590 (AST)
(Jointly Administered)

---------------------------------------------------------------

## NOTICE OF MOTION

**PLEASE TAKE NOTICE** that on December 22, 2009 at 2:00 p.m., or as soon thereafter as counsel can be heard, KeyBank National Association and Key Equipment Finance Inc., by and through their attorneys Lemery Greisler LLC, will move before the Hon. Alan S. Trust, United States Bankruptcy Judge, in the United States Bankruptcy Court for the Eastern District of New York located at 290 Federal Plaza Courtroom 960, Central Islip, New York 11722 after the following relief:

    (a)    Relief from the Automatic Stay Pursuant to 11 U.S.C.§362(d)(1)(2);

    (b)    In the alternative, adequate protection pursuant to 11 U.S.C.§361.

The motion is supported by the Affidavit of Richard B. Saulsbery, Vice President.

**PLEASE TAKE FURTHER NOTICE** that the Motion is available for inspection during normal business hours at the Office of the Clerk of the United States Bankruptcy Court located at 290 Federal Plaza, Central Islip, New York 11722 or may be obtained by contacting the undersigned counsel.

**PLEASE TAKE FURTHER NOTICE** that objections to the Motion, if any, shall be filed and served not later than seven (7) days prior to the return date of the motion as set forth herein.

Dated: December 3, 2009

                                            Respectfully submitted,

                                            */s/ Daniel J. Tyson*

                                            Daniel J. Tyson, Esq.
                                            Paul A. Levine, Esq.
                                            LEMERY GREISLER LLC
                                            Attorneys for KeyBank National Association
                                            &amp; Key Equipment Finance Inc.
                                            Office and P.O. Address
                                            50 Beaver Street
                                            Albany, New York 12207
                                            (518) 433-8800

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------

In re:

GLOBAL CONTAINER LINES LTD., et al.

Chapter 11
Case Nos.

09-78585 (AST)
09-78584 (AST)
09-78586 (AST)
09-78587 (AST)
09-78588 (AST)
09-78589 (AST)
09-78590 (AST)

Debtors.

(Jointly Administered)

------------------------------------------------------------

## JOINT MOTION OF KEYBANK NATIONAL ASSOCIATION AND KEY EQUIPMENT FINANCE INC. FOR RELIEF FROM THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. 362 (d) (1) and (2) OR, IN THE ALTERNATIVE, ADEQUATE PROTECTION PURSUANT TO 11 U.S.C. §361

KeyBank National Association and Key Equipment Finance Inc., through their attorneys Lemery Greisler LLC, respectfully move the Court for an order granting relief from the automatic stay pursuant to 11 U.S.C. 362 (d) (1) and (2) or, in the alternative, adequate protection pursuant to 11 U.S.C. §361 and, in support of its motion, states as follows:

### Parties

1. Debtors Global Container Lines Ltd., Shiptrade, Inc., GLC Shipping Corp., Global Progress LLC, Global Prosperity LLC, Redstone Shipping Corp. and Gilmore Shipping Corp. (collectively the "Debtors") filed their voluntary petitions for relief under Chapter 11 of the United States Bankruptcy Code on November 10, 2009.

2. No trustee or examiner has been appointed in any of the Debtors cases and they remain debtors in possession.

3. The Court has ordered the joint administration of the cases under the caption of Global Container Lines, Ltd. Case No. 09-78585.

4. KeyBank National Association ("KeyBank") is a banking corporation organized under the laws of the United States with an office for the transaction of business at 66 South Pearl Street, Albany, New York 12207

5. Key Equipment Finance Inc. ("KEF") is a Michigan corporation with an office for the transaction of business at 66 South Pearl Street, Albany, New York 12207.

6. KeyBank files this motion at this time because a significant part of its collateral, a ship named the Global Precision (the "Ship"), is in imminent danger of maritime arrest, is unable to proceed under its own power and is otherwise in jeopardy in waters off the United Arab Emirates. As of the date of filing, KeyBank was owed a total of $5,218,308.41, consisting of principal in the amount of $5,194,104.08 and interest in the amount of $24,204.33.

7. KEF seeks relief to pursue a claim to monies held by a Court appointed receiver in South Africa that resulted from the arrest and sale of the ship Global Patriot which was owned by debtor Redstone Shipping Corp. and was encumbered by KEF's First Preferred Marine Mortgage as more specifically described below.

As of the date of filing, KEF was owed a total of $9,842,674.43, consisting of principal in the amount of $9,536,910.48 and interest in the amount of $305,763.95.

## Jurisdiction

8. The Court has jurisdiction over these cases and this motion, which is a core proceeding, pursuant to 28 U.S.C. 1334 and 28 U.S.C. 157 (b) (2) (G).

## The Claims

### a. Gilmore Shipping Corp. – The Global Precision

9. Gilmore Shipping Corp. ("Gilmore") is one of the Debtors in these cases and is a corporation organized under the laws of the Marshall Islands.

10. KeyBank is a secured creditor of Gilmore as a result of the following loan instruments.[1]

11. On or about October 12, 2007, Gilmore Shipping Corp. ("Gilmore"), for good and valuable consideration delivered to Key its Promissory Note in the original principal amount of $4,544,000.00. Exhibit "A."

12. The parties' obligations related to the promissory note were further set forth in a letter agreement dated October 12, 2007. Exhibit "B."

13. The promissory note was secured by a First Preferred Saint Vincent and The Grenadines Ship Mortgage on the M/V Global

---

[1] Due to their number and volume, not all of the loan instruments by and between Key and Debtors are referenced in and attached to this motion and not all of the pages of the loan documents which are referenced are attached. Local Rule 5005-1 (b) (iv). All of the documents are available for inspection and copies will be provided by contacting the undersigned.

Precision granted by Gilmore Shipping Corp., as Shipowner, in favor of KeyBank National Association as Mortgagee on October 12, 2007 (the "Mortgage"). The Exhibit "C."

14. Key also is the holder of a duly executed Assignment of Insurances from Gilmore with respect to the Ship. Exhibit "D."

15. Insurers of the Gilmore have acknowledged Key's interest in the insurance on the Ship. Exhibit "E."

16. Key's lien interest in the Ship and related personal property was further documented by Key's recording of a UCC- 1 financing statement with the District of Columbia on October 15, 2007. Exhibit "F." Recording with the District of Columbia was proper under Uniform Commercial Code § 9-307 (c).

17. In May, 2009, Key extended further credit in the amount of $500,000.00 to Gilmore.

18. Further, Gilmore advised Key that it wished to reregister the Ship under Panamanian registry.

19. As a result, the loan documents by and between Key and Gilmore and certain of the other Debtors in these cases were amended and modified.

20. Key and Gilmore entered into Amendment No. 1 to Letter Agreement on May 14, 2009 pursuant to which Key agreed that the Ship would be registered under Panamanian registry, that Key loan

Gilmore up to an additional $500,000.00 to partially pay trade debt and to finance in part dry docking expenses. Exhibit "G."

21. Gilmore also delivered to Key its Amended and Restated Promissory Note dated May 14, 2009 in the original principal amount of $5,000,000.00 (the "Restated Note"). Exhibit "H."

22. The Restated Note was secured by a First Preferred Republic of Panama Ship Mortgage on the M/V Global Precision granted b Gilmore Shipping Corp., as Shipowner, in favor of KeyBank National Association as Mortgagee on May 14, 2009 (the "Restated Mortgage"). Exhibit "I."

23. The Mortgage was recorded by means of Public Deed No. 9014 of July 27, 2009, issued by the Notary Public Number Eight of the Circuit of Panama and recorded at the Public Registry Office of the Republic of Panama, at Filing Card 33215, Document 1623020.

24. The Note and Restated Note were guaranteed by written guarantees of GLC Shipping Corp., Global Container Lines Limited dated October 12, 2007 and Shiptrade, Inc. dated May 14, 2009. Exhibit "J."

25. The Restated Note was further secured by a Security Agreement dated May 14, 2009 delivered by Global Container Lines Limited pursuant to which it granted to Key a security interest in specific personal property collateral in the nature of identified shipping containers and stevedoring equipment. Exhibit "K."

26. The security interest granted to Key by Global Container Lines Limited was duly perfected by the filing of a UCC-1 financing statement in the Office of the Delaware Department of State on May 15, 2009. Exhibit "L." Global is a Delaware corporation.

27. The Restated Note was also guaranteed by Shiptrade, Inc. by Corporate Guaranty dated May 14, 2009. Exhibit "M."

### b. Redstone Shipping Corp. – The Global Patriot

28. Debtor Redstone Shipping Corp. ("Redstone") is a Delaware Corporation.

29. On or about June 8, 2007, for good and valuable consideration, Redstone delivered to KEF its Promissory Note in the original principal amount of $10,000,000.00. Exhibit "N."

30. Redstone's Note was secured by a First Preferred Marine Mortgage on the Global Patriot (the "Patriot") dated June 8, 2007 delivered to KEF in the original principal amount of $10,000,000.00 which mortgage was recorded with the United States Coast Guard Documentation Office on June 8, 2007 as Document ID: 7277221. Exhibit "O."

31. Redstone's Note was further secured by a Loan Security Agreement dated as of June 8, 2007. Exhibit "P."

32. KEF's claim related to the Patriot was guaranteed by Debtor Global Container Lines Limited pursuant to Corporate Guaranty dated June 8, 2007. Exhibit "Q."

33. Due to various unpaid in rem claims against the Patriot, it was arrested and subject to a judicial maritime sale in the Kawzulu-Natal High Court, Durban, Republic of South Africa (exercising Admiralty Jurisdiction). A referee was appointed.

34. The Patriot was sold for $2,650,000.00 (US) and fuel bunkers were sold for $552,920.00 (US).

35. Against these proceeds numerous claims have been asserted in amounts and in priority, as found by the referee, such that KEF's secured mortgage claim of approximately $8,894,583.55, plus interest, will not be reached by the sale proceeds and KEF will be asserting an unsecured claim in these cases.

36. However, KEF also advanced the additional sum of $580,716.59, with interest, for payment of crew's wages, which amounts KEF will contend in the South African Court are superior in right to other claims against the proceeds.

37. It is with respect to this later claim that KEF seeks relief from the stay such that it can continue to asset its rights to the monies in the South African Court based on arguments related to claims priority.

38. Redstone has no equity in the proceeds as the secured claims against the proceeds are far more than that held in court.

## Both KeyBank and KEF are Entitled to Relief

### a.　KeyBank

39. KeyBank is entitled to relief pursuant to 11 U.S.C. §362 (d) (1) for cause, including lack of adequate protection.

40. The Global Precision is anchored in international waters off the UAE.

41. Debtors have made it very clear, indeed it is a condition of their Court approved DIP financing, that they will not spend money to preserve and protect the Ship.

42. According to Debtors, the Ship is in danger of being arrested due to unpaid crew wages, tug charges and other expenses. The Ship is inoperable due to a catastrophic engine failure. It is about to be inspected by its insurer to determine whether an insurable loss has occurred and, if so, what are the damages. This insurance recovery, given the costs of repair which are estimated to approach $2.9 million and other unpaid expenses associated with the Ship, may be Key's only recovery from this aspect of its collateral.

43. With respect to the Ship, relief is also appropriate under 11 U.S.C. §362 (d) (2) as Debtors have stated that they do not want or need to retain ownership of the Ship and, as a result, it is not necessary for an effective reorganization.

44. With respect to the collateral pledged to KeyBank by Global Container Lines, Ltd. which is in the nature of containers and stevedoring equipment, KeyBank is entitled to relief pursuant to 11 U.S.C. §362 (d) (1) for cause due to lack of adequate protection.

45. Debtors have not provided information as to the whereabouts of KeyBank's collateral, have not provided proof that the collateral is insured and have not offered to make adequate protection payments.

46. In the alternative, KeyBank is entitled to adequate protection of its interest in its collateral pursuant to 11 U.S.C. § 361 in the nature of ongoing interest payments, proof of insurance, roll over and replacement liens and such other forms of adequate protection as to the Court seems just and necessary.

47. Given the circumstances related to the Ship, KeyBank respectfully requests that should the Court grant relief from the automatic stay that the stay period under FRBP 4001 (a) (3) be waived.

### b. KEF

48. As to the Global Patriot, KEF is entitled to relief for many of the same reasons stated above.

49. The ship itself was sold under court process before these cases were filed.

50. The only collateral left for KEF is the proceeds of the sale of ship which are far less than KEF is owed.

51. KEF is entitled to relief under 11 U.S.C. §362 (d) (2) because what is left of KEF's collateral, a disputed claim in the South African Courts which KEF will have to pursue at further expense, is not necessary to an effective reorganization in these cases.

WHEREFORE, it is respectfully requested that the Court grant Key's motion for relief from the automatic stay pursuant to 11 U.S.C. 362 (d) (1) and (2) or, in the alternative, adequate protection pursuant to 11 U.S.C. §361, waive the ten day stay period for any order granting relief pursuant to FRBP 4001 (a) (3) and grant such other and further relief as may be deemed just, necessary and proper.

Dated: December 3, 2009.

Respectfully submitted,

Daniel J. Tyson, Esq.
Paul A. Levine, Esq.
LEMERY GREISLER LLC
Attorneys for KeyBank National
Association and
Key Equipment Finance Inc.
50 Beaver Street
Albany, New York 12207
(518) 433-8800