UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------

In re:

GLOBAL CONTAINER LINES LTD., et al.

**Chapter 11**
**Case Nos.**

09-78585 (AST)
09-78584 (AST)
09-78586 (AST)
09-78587 (AST)
09-78588 (AST)
09-78589 (AST)
09-78590 (AST)

Debtors.

(Jointly Administered)

-----------------------------------------------------------

**Affidavit of Richard B. Saulsbery**

State of New York    }
County of Albany     }    ss.:

Richard B. Saulsbery, being duly sworn, deposes and states as follows:

1. I am a Vice President of KeyBank National Association ("KeyBank"), a banking corporation organized under the laws of the United States with an office for the transaction of business at 66 South Pearl Street, Albany, New York 12207

2. As part of my duties I am also responsible for pursuing the claims in these cases of Key Equipment Finance Inc. ("KEF"), a KeyBank affiliate. KEF is a Michigan corporation with an office for the transaction of business at 66 South Pearl Street, Albany, New York 12207.

3. As of the date of filing, KeyBank was owed a total of $5,218,308.41, consisting of principal in the amount of $5,194,104.08 and interest in the amount of $24,204.33.

4. As of the date of filing, KEF was owed a total of $9,842,674.43, consisting of principal in the amount of $9,536,910.48 and interest in the amount of $305,763.95.

5. Gilmore Shipping Corp. ("Gilmore") is one of the Debtors in these cases and is a corporation organized under the laws of the Marshall Islands.

6. KeyBank is a secured creditor of Gilmore as a result of the following loan instruments.[1]

7. On or about October 12, 2007, Gilmore Shipping Corp. ("Gilmore"), for good and valuable consideration delivered to Key its Promissory Note in the original principal amount of $4,544,000.00. Exhibit "A."

8. The parties' obligations related to the promissory note were further set forth in a letter agreement dated October 12, 2007. Exhibit "B."

9. The promissory note was secured by a First Preferred Saint Vincent and The Grenadines Ship Mortgage on the M/V Global Precision granted by Gilmore Shipping Corp., as Shipowner, in favor of KeyBank National Association as Mortgagee on October 12, 2007 (the "Mortgage"). The Exhibit "C."

---

[1] Exhibit references are to those documents attached to KeyBank and KEF's motion. Due to their number and volume, not all of the loan instruments by and between KeyBank, KEF and Debtors are referenced in and attached to KeyBank and KEF's motion and not all of the pages of the loan documents which are referenced are attached.

10. Key also is the holder of a duly executed Assignment of Insurances from Gilmore with respect to the Ship. Exhibit "D."

11. Insurers of the Gilmore have acknowledged Key's interest in the insurance on the Ship. Exhibit "E."

12. Key's lien interest in the Ship and related personal property was further documented by Key's recording of a UCC-1 financing statement with the District of Columbia on October 15, 2007. Exhibit "F." Recording with the District of Columbia was proper under Uniform Commercial Code § 9-307 (c).

13. In May, 2009, Key extended further credit in the amount of $500,000.00 to Gilmore.

14. Further, Gilmore advised Key that it wished to reregister the Ship under Panamanian registry.

15. As a result, the loan documents by and between Key and Gilmore and certain of the other Debtors in these cases were amended and modified.

16. Key and Gilmore entered into Amendment No. 1 to Letter Agreement on May 14, 2009 pursuant to which Key agreed that the Ship would be registered under Panamanian registry, that Key loan Gilmore up to an additional $500,000.00 to partially pay trade debt and to finance in part dry docking expenses. Exhibit "G."

17. Gilmore also delivered to Key its Amended and Restated Promissory Note dated May 14, 2009 in the original principal amount of $5,000,000.00 (the "Restated Note"). Exhibit "H."

18. The Restated Note was secured by a First Preferred Republic of Panama Ship Mortgage on the M/V Global Precision granted b Gilmore Shipping Corp., as Shipowner, in favor of KeyBank National Association as Mortgagee on May 14, 2009 (the "Restated Mortgage"). Exhibit "I."

19. The Mortgage was recorded by means of Public Deed No. 9014 of July 27, 2009, issued by the Notary Public Number Eight of the Circuit of Panama and recorded at the Public Registry Office of the Republic of Panama, at Filing Card 33215, Document 1623020.

20. The Note and Restated Note were guaranteed by written guarantees of GLC Shipping Corp. and Global Container Lines Limited dated October 12, 2007 and by Shiptrade, Inc. by guaranty dated May 14, 2009. Exhibit "J."

21. The Restated Note was further secured by a Security Agreement dated May 14, 2009 delivered by Global Container Lines Limited pursuant to which it granted to Key a security interest in specific personal property collateral in the nature of identified shipping containers and stevedoring equipment. Exhibit "K."

22. The security interest granted to Key by Global Container Lines Limited was duly perfected by the filing of a UCC-1 financing

statement in the Office of the Delaware Department of State on May 15, 2009. Exhibit "L." Global is a Delaware corporation.

23. The Restated Note was also guaranteed by Shiptrade, Inc. by Corporate Guaranty dated May 14, 2009. Exhibit "M."

24. Debtor Redstone Shipping Corp. ("Redstone") is a Delaware Corporation.

25. On or about June 8, 2007, for good and valuable consideration, Redstone delivered to KEF its Promissory Note in the original principal amount of $10,000,000.00. Exhibit "N."

26. Redstone's Note was secured by a First Preferred Marine Mortgage on the Global Patriot (the "Patriot") dated June 8, 2007 delivered to KEF in the original principal amount of $10,000,000.00 which mortgage was recorded with the United States Coast Guard Documentation Office on June 8, 2007 as Document ID: 7277221. Exhibit "O."

27. Redstone's Note was further secured by a Loan Security Agreement dated as of June 8, 2007. Exhibit "P."

28. KEF's claim related to the Patriot was guaranteed by Debtor Global Container Lines Limited pursuant to Corporate Guaranty dated June 8, 2007. Exhibit "Q."

29. Due to various unpaid in rem claims against the Patriot, it was arrested and subject to a judicial maritime sale in the Kawzulu-

Natal High Court, Durban, Republic of South Africa (exercising Admiralty Jurisdiction). A referee was appointed.

30. The Patriot was sold for $2,650,000.00 (US) and fuel bunkers were sold for $552,920.00 (US).

31. Against these proceeds numerous claims have been asserted in amounts and in priority, as found by the referee, such that KEF's secured mortgage claim of approximately $8,894,583.55, plus interest, will not be reached by the sale proceeds and KEF will be asserting an unsecured claim in these cases.

32. However, KEF also advanced the additional sum of $580,716.59, with interest, for payment of crew's wages, which amounts KEF will contend in the South African Court are superior in right to other claims against the proceeds.

33. It is with respect to this later claim that KEF seeks relief from the stay such that it can continue to asset its rights to the monies in the South African Court based on arguments related to claims priority.

34. Redstone has no equity in the proceeds as the secured claims against the proceeds are far more than that held in court.

35. The Global Precision is anchored in international waters off the UAE.

36. According to Debtors, Ship is in danger of being arrested due to unpaid crew wages, tug charges and other expenses. The Ship is inoperable due to a catastrophic engine failure. It is about to be

inspected by its insurer to determine whether an insurable loss has occurred and, if so, what are the damages. This insurance recovery, given the costs of repair which are estimated to approach $2.9 million and other unpaid expenses associated with the Ship, may be Key's only recovery from this aspect of its collateral.

37. Debtors have not provided information as to the whereabouts of Key's other collateral in the nature of containers and stevedoring equipment, have not provided proof that the collateral is insured and have not offered to make adequate protection payments.

38. As to the Global Patriot, the ship was sold under court process before these cases were filed.

39. The only collateral left for KEF is the proceeds of the sale of ship which are far less than KEF is owed.

40. In summary, relief from the stay will allow KeyBank and KEF to expeditiously liquidate their remaining collateral thereby reducing their unsecured claims in these cases which, by any measure, will be substantial.

Richard B. Saulsbery

Sworn to before me the
2 day of December, 2009.

_____
Notary Public

PAUL A. LEVINE
Notary Public, State of New York
Qualified in Albany County
No. 4955924
Commission Expires 9/11/2013