# EXHIBIT A

# PROMISSORY NOTE

$4,544,000.00                                          October 12, 2007

For value received, **GILMORE SHIPPING CORP.**, a Marshall Islands corporation, having its registered office at Trust Company Complex, Ajeltake Road, Ajeltake Island, Majuro, Marshall Islands MH96960 (the "*Company*"), hereby promises to pay to the order of **KEYBANK NATIONAL ASSOCIATION**, having an office at 575 Fifth Avenue, 38th Floor, New York, New York 10017 (the "*Bank*"), at such office of the Bank or at such other place as the holder hereof may from time to time appoint in writing, in lawful money of the United States of America in immediately available funds, the principal sum of Four Million Five Hundred Forty-four Thousand and 00/100 Dollars ($4,544,000.00) or such lesser amount as may then be the aggregate unpaid principal balance of all loans and other advances made by the Bank to the Company hereunder (each a "*Loan*" and collectively the "*Loans*") as shown on the schedule attached to and made a part of this promissory note (this "*Note*"), **ON DEMAND**.

The Company also promises to pay interest (computed on the basis of a 360 day year for actual days elapsed, in the case of LIBOR Loans (as defined below) or a 365 or 366 day year (as the case may be) for actual days elapsed, in the case of Prime Loans (as defined below)) at said office in like money on the unpaid principal amount of each Loan from time to time outstanding at a rate per annum, to be elected by the Company at the time each Loan is made, equal to either (i) a fluctuating rate equal to the Prime Rate, which rate will change when and as the Prime Rate changes and which such changes in the rate of interest resulting from changes in the Prime Rate shall take effect immediately without notice or demand of any kind (a Loan bearing interest at this rate is sometimes hereinafter referred to as a "*Prime Loan*"), or (ii) a fixed rate of 2.00% per annum *plus* LIBOR for an Interest Period of 1 day or 1, 2, 3 or 6 months (a Loan bearing interest at this rate is sometimes hereinafter referred to as a "*LIBOR Loan*"); *provided, however,* that (a) no Interest Period with respect to a LIBOR Loan shall extend beyond the last day of the Credit Period (as defined in the Letter Agreement), (b) if any Interest Period would otherwise end on a day which is not a Business Day, that Interest Period shall be extended to the next succeeding Business Day unless the result of such extension would be to extend such Interest Period into another calendar month, in which event such Interest Period shall end on the immediately preceding Business Day, and (c) if prior to the end of any such Interest Period the Company and the Bank fail to agree upon a new Interest Period therefor so as to maintain such Loan as a LIBOR Loan within the pertinent time set forth in Section 1 hereof, such LIBOR Loan shall automatically be converted into a Prime Loan at the end of such Interest Period and shall be maintained as such until a new Interest Period therefor is agreed upon. Prior to demand for payment hereunder, interest on each Prime Loan shall be payable monthly on the last day of each month commencing the first such day to occur after a Prime Loan is made hereunder. Prior to demand for payment hereunder, interest on each LIBOR Loan shall be payable on the last day of each Interest Period applicable thereto, and, in the case of a LIBOR Loan with an Interest Period of more than three months' duration, each day prior to the

DAMAGES OTHER THAN, OR IN ADDITION TO, ACTUAL DAMAGES. THE COMPANY CERTIFIES THAT NO REPRESENTATIVE, AGENT OR ATTORNEY OF THE BANK HAS REPRESENTED, EXPRESSLY OR OTHERWISE, THAT THE BANK WOULD NOT, IN THE EVENT OF LITIGATION, SEEK TO ENFORCE THE FOREGOING WAIVER. THIS WAIVER CONSTITUTES A MATERIAL INDUCEMENT FOR THE BANK TO ACCEPT THIS NOTE AND MAKE THE LOANS.

(g)     This Note shall be binding upon and inure to the benefit of the Company, the Bank, all future holders of this Note and their respective successors and assigns, except that the Company may not assign or transfer any of its rights under this Note without the prior written consent of the Bank.

(h)     This Note and the other Loan Documents are intended by the parties as the final, complete and exclusive statement of the transactions evidenced thereby. All prior or contemporaneous promises, agreements and understandings, whether oral or written, are deemed to be superseded by this Note and such other Loan Documents, and no party is relying on any promise, agreement or understanding not set forth in this Note or such other Loan Documents. Neither this Note nor any of such other Loan Documents may be amended or modified except by a written instrument describing such amendment or modification executed by the Company and the Bank.

GILMORE SHIPPING CORP.

By: _____
Name: Bijan Paksima
Title: President

9

# EXHIBIT B

October 12, 2007

Gilmore Shipping Corp.
100 Quentin Roosevelt Boulevard
Garden City, New York 11530
Attention:

Ladies and Gentlemen:

**KEYBANK NATIONAL ASSOCIATION** (the "*Bank*") is pleased to confirm that it holds available for the use of **GILMORE SHIPPING CORP.**, a Marshall Islands corporation (the "*Company*"), a line of credit in the amount of Four Million Five Hundred Forty-four Thousand Dollars ($4,544,000.00). This letter sets forth the understanding between the Bank and the Company regarding the line of credit (this "*Letter Agreement*").

1.      Facility.

(a)      The line of credit (the "*Line*") shall be utilized through short-term loans for working capital purposes (the "*Loans*") in an aggregate principal amount at any time outstanding not to exceed $4,544,000.00.

(b)      Loans shall be extended upon the Company's prior written notice to the Bank, duly executed by an authorized officer of the Company, such notice to be in a form satisfactory to the Bank which may be accomplished by facsimile transmission.

2.      Certain Definitions. As used herein:

"*Appraisal*" means any appraisal, either visual or desktop or both, of the Vessel, conducted from time to time by an appraiser appointed by the Bank and reasonably acceptable to the Company pursuant to the terms of this Letter Agreement and shall include the appraisal of the Vessel performed by the Bank prior to the date hereof, or at the Bank's direction, by an appraiser appointed by Bank and paid for by the Company, in each case at the sole cost and expense of the Company.

"*Assignment of Insurances*" means the first priority assignment of insurances respecting the Vessel granted by the Company in favor of the Bank, in form and substance satisfactory to Bank.

18.    Acceptance. If the foregoing is acceptable, please have the enclosed copy of this letter signed by a duly authorized officer of the Company in the space provided below and returned to the Bank on or before October 26, 2007. This letter shall be of no force or effect and shall be unenforceable against the Bank unless signed and returned to the Bank by such date.

Very truly yours,

KEYBANK NATIONAL ASSOCIATION

By: _Afsheen H. Ali_

Name: Afsheen H. Ali

Title: Service Officer

ACCEPTED AND AGREED
as of the 2th day of October 2007:

GILMORE SHIPPING CORP.

By:_____

Name:

Title:

18.     Acceptance. If the foregoing is acceptable, please have the enclosed copy of this letter signed by a duly authorized officer of the Company in the space provided below and returned to the Bank on or before October 26, 2007. This letter shall be of no force or effect and shall be unenforceable against the Bank unless signed and returned to the Bank by such date.

Very truly yours,

KEYBANK NATIONAL ASSOCIATION

By:_____
Name:
Title:

ACCEPTED AND AGREED
as of the 12th day of October 2007:

GILMORE SHIPPING CORP.

By:_____
Name: BISAN PAKSIMA
Title: PRESIDENT

# EXHIBIT C

FIRST PREFERRED

SAINT VINCENT AND THE GRENADINES

SHIP MORTGAGE


ON THE M/V GLOBAL PRECISION

GRANTED BY GILMORE SHIPPING CORP., AS SHIPOWNER

IN FAVOR OF

KEYBANK NATIONAL ASSOCIATION,

AS

MORTGAGEE ON

October 12, 2007

# TABLE OF CONTENTS

ARTICLE I. COVENANTS OF THE SHIPOWNER TO THE MORTGAGEE                                    3

Section 1:      Acknowledgment of Debt.................................................................3
Section 2:      Organization of Shipowner.............................................................3
Section 3:      No Existing Liens. ......................................................................3
Section 4:      Registered Ship Mortgage under the laws of St. Vincent and The Grenadines.......3
Section 5:      Preferred Status.........................................................................4
Section 6:      Laws, Treaties and Conventions....................................................4
Section 7:      Operation of the Vessel...............................................................4
Section 8:      Payment of Taxes, etc.................................................................4
Section 9:      No Power To Create Liens............................................................4
Section 10:     Notice of Mortgage ...................................................................5
Section 11:     Discharge of Liens, Encumbrances, Etc. .........................................5
Section 12:     Libel .....................................................................................6
Section 13:     Vessel Condition.......................................................................6
Section 14:     Provision of Information and Documents........................................7
Section 15:     Change of Flag or Documentation .................. ...........................7
Section 16:     Sale or Other Disposition of the Vessel ........................................8
Section 17:     Requisition of Title or Use..........................................................8
Section 18:     Notice of Loss, Requisition or Damage..........................................8
Section 19:     Insurances ..............................................................................8
Section 20:     Reimbursement for Expenses ......................................................11
Section 21:     Performance of Charter..............................................................11
Section 22:     Event of Loss ..........................................................................11
Section 23:     Financing Statements.................................................................12
Section 24:     Requisition of Title ...................................................................12
Section 25:     Incorporation by Reference..........................................................12

ARTICLE II. EVENTS OF DEFAULT AND REMEDIES.                                               12

Section 1:      Events of Default .....................................................................12
Section 2:      Sale, etc.................................................................................13
Section 3:      Finality of Sale....... ... ...........................................................14
Section 4:      Powers and Rights of Mortgagee upon Occurrence of a Demand for Payment or
                any other Event of Default.......... .. .............................................14
Section 5:      Delivery of Ship.................. ....... ..................... ... ...................15
Section 6:      Indemnification............... ... ...................................................16
Section 7:      Restoration of Position... ... ... ................ ..... ...........................17
Section 8:      Application of Proceeds.............. ...............................................17
Section 9:      Cumulative Remedies; No Waiver ................ ...............................18
Section 10:     Cure of Defaults...... . ..... ................. . ................... ...................18
Section 11:     Quiet Enjoyment; Replacement of Parts........ .................................18
Section 12:     No Waiver of Preferred Status......... ...................... ......................19
Section 13:     Governing Law, Submission to Jurisdiction; Venue ................ ... ...........19

## ARTICLE III. SUNDRY PROVISIONS.                          21

Section 1:    Binding on Successors ..................................................................................21
Section 2:    Exercise by Agents ........................................................................................21
Section 3:    Notices ..............................................    .............................................21
Section 4:    Titles and Section Headings...........................................................................22
Section 5:    Stamp Tax........................................    .............................................22
Section 6:    Protection of Collateral ................................................................................22
Section 7:    Information for Recording ............................................................................22

Schedule I    Vessel

# FIRST PREFERRED SHIP MORTGAGE

THIS FIRST PREFERRED SHIP MORTGAGE ("*Mortgage*") is made the 12th day of October 2007 between GILMORE SHIPPING CORP., a Marshall Islands corporation (together with its successors and permitted assigns, the "*Shipowner*"), having its registered office at Trust Company Complex, Ajeltake Road, Ajeltake Island, Majuro, Marshall Islands MH96960, and KEYBANK NATIONAL ASSOCIATION, a national banking association, having an office at 575 Fifth Avenue, New York, New York 10017 (together with its successors and permitted assigns, the "*Mortgagee*") under that certain Letter of Credit Agreement, dated as of October 12, 2007 (as amended, restated, supplemented or otherwise modified from time to time, the "*Letter Agreement*"), between the Shipowner and the Mortgagee. Capitalized terms used herein, but not otherwise defined herein shall have the meanings assigned to such terms in the Letter Agreement.

WHEREAS:

A.      The Shipowner is the sole owner of the whole of the Vessel (as such term is defined in the Granting Clause of this Mortgage) registered at the port of Kingstown listed and described on Schedule I attached hereto and incorporated by reference herein with the same force and effect as if fully set forth herein, and as the Vessel is further described and defined in the Granting Clause on the following page of this Mortgage.

B.      Pursuant to the terms and conditions of the Letter Agreement, the Mortgagee has agreed to make available Loans to the Shipowner in an amount not to exceed the Four Million Five Hundred Forty-four Thousand United States Dollars (U.S.$4,544,000.00), which the Shipowner has agreed to repay pursuant to the terms stated in the Letter Agreement and the Note.

C.      The Shipowner has agreed to execute this Mortgage as security for the payment of all moneys from time to time due or owing from the Shipowner to the Mortgagee under or pursuant to the Letter Agreement and the Note, and has duly authorized the execution and delivery of this Mortgage.

D.      This Mortgage is supplemental to the Letter Agreement and to the security thereby created and except as otherwise defined herein, terms defined in the executed Letter Agreement are used herein as defined therein:

NOW, THEREFORE, THIS MORTGAGE WITNESSETH AND IT IS HEREBY AGREED AS FOLLOWS:

In this Mortgage unless the context otherwise requires "*Vessel*" means the ship described in Schedule I, together with all of the boilers, engines, generators, air compressors, cranes, machinery, masts, spars, rigging, boats, anchors, cables, chains, tackle, tools, pumps and pumping equipment, apparel, furniture, fittings and equipment, spare parts, and all other appurtenances thereunto appertaining or belonging, whether now owned or hereafter acquired, whether on board or not, and all additions, improvements, renewals and replacements hereafter made in or to the Vessel, or any part thereof, or in or to said appurtenances

IN WITNESS WHEREOF, the Shipowner has caused this First Preferred Ship Mortgage on the Vessel to be duly executed the day and year first above written.

GILMORE SHIPPING CORP.

By: _____
Name: Bijan Paksima
Title: President


Sworn this 12 day of October 2007

Before me,

Notary Public

HORMOZ SHAYEGAN
Notary Public, State of New York
No. 01SH6104589
Qualified in Nassau County
Commission Expires January 26, 2008

# AFFIDAVIT OF GOOD FAITH

I, Bijan Paksima, duly authorised officer of GILMORE SHIPPING CORP., the registered Shipowner of M/V "GLOBAL PRECISION", do hereby swear that the First Preferred Mortgage granted by GILMORE SHIPPING CORP. to KEYBANK NATIONAL ASSOCIATION on the M/V "GLOBAL PRECISION", a copy of which is annexed hereto, was made in good faith and without any design to hinder or delay or defraud any existing or future creditors of GILMORE SHIPPING CORP. or any person holding a lien on the said M/V "GLOBAL PRECISION".

By: _____
Name: Bijan Paksima
Title: President

Sworn this 12 day of October 2007

Before me,

_____
Notary Public

HORMOZ SHAYEGAN
Notary Public, State of New York
No. 01SH6104589
Qualified in Nassau County
Commission Expires January 26, 2008

## ACCEPTANCE OF FIRST MORTGAGE

The undersigned mortgagee, KeyBank National Association, a national banking association organized under the laws of the United States of America, does hereby accept the foregoing first mortgage executed in its favour by Gilmore Shipping Corp., a company incorporated in the Marshall Islands, on the 12th day of October 2007 covering the St. Vincent and the Grenadines flag M/V "GLOBAL PRECISION" and does hereby accept the said mortgage in all respects and agrees to all terms and conditions of the said mortgage.

Dated the 12th day of October 2007

Signed:                              )
for and on behalf of                 )
KEYBANK NATIONAL                     )
ASSOCIATION                          )   *Afsheen H. Ali*
By Afsheen H. Ali                    )   *Service Officer*
its duly authorised officer          )
in the presence of:                  )

*Joseph Mackay*
*Director*



**EXHIBIT D**

## ASSIGNMENT OF INSURANCES

The undersigned, **GILMORE SHIPPING CORP.**, a corporation organized under the laws of the Republic of the Marshall Islands (the "*Assignor*"), in consideration of One Dollar ($1) lawful money of the United States of America and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, has assigned, transferred and set over and by this instrument does assign, transfer and set over, unto **KEYBANK NATIONAL ASSOCIATION** (the "*Assignee*"), and unto the Assignee's successors and assigns own proper use and benefit, and, as collateral security for the Liabilities (as defined in the Note referred to below) of the Assignor to the Assignee pursuant to the terms and conditions of the Line of Credit Agreement, dated as of October 12, 2007 (as from time to time the same may be amended, restated, supplemented or otherwise modified, the "*Letter Agreement*"), between the Assignor and the Assignee, and the demand promissory note ("*Note*") to be issued thereunder by the Assignor and the other Loan Documents and any other indebtedness existing now or hereafter of the Assignor to the Assignee under the Loan Documents, and does hereby grant to the Assignee a security interest in: (i) all policies and contracts of insurance (which expression includes all entries of the Vessel (as herein defined) in one or more protection and indemnity and war risks associations) which are or have been from time to time taken out or entered into in respect of the Vessel or her earnings, including, but not limited to, insurances on and with respect to all freight, charter hire and passage monies, remuneration for salvage and towage services, general average contributions, demurrage and detention monies and any other proceeds whatsoever of the Vessel due or which may become due to the Assignor, or otherwise howsoever in connection with the Assignor's St. Vincent and the Grenadines flag vessel "Global Precision", official number 9786 (the "*Vessel*"), including, without limitation, insurance required to be placed on and with respect to the Vessel pursuant to the requirements of Section 19 of Article I of the First Preferred St. Vincent and the Grenadines Ship Mortgage, dated October 12, 2007 (as may be amended, modified or supplemented from time to time, the "*Mortgage*"), by the Assignor, as mortgagor, in favor of the Assignee, as mortgagee, granting the Assignee a first preferred mortgage on the Vessel (all the foregoing, the "*Insurances*") whether now, previously, or hereafter effected, and all renewals of or replacements for the same, (ii) all claims, returns of premium and other monies and claims for monies due and to become due under said Insurances or in respect of said Insurances, (iii) all other rights of the Assignor under or in respect of said Insurances and (iv) any proceeds of any of the foregoing.

Capitalized terms used herein and not otherwise defined herein shall have the meanings specified in the Letter Agreement.

It is expressly agreed that anything herein contained to the contrary notwithstanding, the Assignor shall remain liable under the Insurances to perform all of the obligations assumed by it thereunder, and the Assignee shall have no obligation or liability under the Insurances by reason of or arising out of this instrument of assignment nor shall the Assignee be required or obligated in any manner to perform or fulfill any obligations of the Assignor under or pursuant to the Insurances or to make any payment or to make any inquiry as to the nature or sufficiency of any payment received by it or to present or file any claim, or to take any other action to collect or enforce the payment of any amounts which may have been assigned to it or to which it may be entitled hereunder at any time or times.

The Assignor does hereby constitute the Assignee, its successors and assigns, the Assignor's true and lawful attorney, irrevocably, with full power of substitution, in the name of the Assignor or otherwise, after a demand for payment under the Note, to ask, require, demand, receive, collect and give acquittance for the payment of any and all monies and claims for monies due and to become due under or arising out of said Insurances, to defend any action, suit or other proceeding with respect thereto, to file any claims and to commence, maintain or discontinue any action, suit or other proceeding which the Assignee deems advisable in order to collect or enforce payment of any such monies or in respect of such claims for monies, to settle, adjust and compromise any and all disputes or claims in respect of such Insurances, to endorse any checks, drafts or other instruments or orders in connection therewith, to transfer, assign or otherwise deal in or with the same or the proceeds or avails thereof, as fully and effectually as if the Assignee were the absolute owner thereof and to extend the time of payment in respect of any or all if such Insurances and to make any allowance and other adjustments with reference thereto.

The Assignor hereby covenants and agrees to insure that notice of this Assignment in the form or substantially in the form of Schedule A attached hereto and made a part hereof shall be duly given to all brokers and underwriters and that where the consent of any underwriter is required pursuant to any of the Insurances assigned hereby that it shall be obtained and evidence thereof shall be given to the Assignee, or, in the alternative, that in the case of protection and indemnity coverage the Assignee shall obtain a letter of undertaking by the underwriters, and that there shall be duly endorsed upon all slips, cover notes, policies, certificates of entry or other instruments issued or to be issued in connection with the Insurances assigned hereby, such clauses ·or notations of the Assignee's interest therein as the Assignee shall deem necessary or desirable in order to effect the purposes of this Assignment. In all cases, unless otherwise agreed in writing by the Assignee, such slips, cover notes, notices, certificates of entry or other instruments shall show ·the Assignee as named assured and loss payee and shall provide that there will be no recourse against the Assignee for payment of premiums, calls or assessments and shall otherwise comply with the provisions of the Mortgage on the Vessel.

The powers and authority granted to the Assignee herein have been given for a valuable consideration and are hereby declared to be irrevocable.

The Assignor agrees that at any time and from time to time, upon the written request of the Assignee, the Assignor will promptly and duly execute and deliver or cause to be executed and delivered any and all such further instruments and documents as the Assignee may deem desirable in obtaining the full benefits of this Assignment and of the rights and powers herein granted.

The Assignor does hereby warrant and represent that it has not assigned or pledged, and hereby covenants that, without the prior written consent thereto of the Assignee, it will not assign or pledge the whole or any part of the right, title and interest hereby assigned to anyone other than the Assignee, its successors or assigns, and it will not take or omit to take any action, the taking or omission of which might result in an alteration or impairment of said Insurances, of this Assignment or of any of the rights created by said Insurances or this Assignment.

Any payments made pursuant to the terms hereof shall be made to the Assignee to such account or accounts as may, from time to time, be designated by the Assignee.

2

Any right, power or authority granted to the Assignee hereunder is in addition to, and not in derogation of, any right, power or authority granted to the Assignee under any of the Loan Documents or under the Letter Agreement.

All notices or other communications which are required to be made to the Assignee hereunder shall be made by facsimile transmission, confirmed by postage prepaid letter to:

> KEYBANK NATIONAL ASSOCIATION
> 575 Fifth Avenue
> 38th Floor
> New York, NY 10017
> Attention: Steven B. Vitale Telecopier:
> (917) 368-2310

or at such other address as may have been furnished in writing by the Assignee. Any consents, waivers, approvals or other actions to be given or taken by the Assignee hereunder shall be effective if contained in a writing signed by the Assignee or such other person or persons as the Assignee may from time to time appoint, and forwarded to the Assignor at its address as provided in the Letter Agreement.

All notices or other communications which are required to be made to the Assignor hereunder shall be made by facsimile transmission, confirmed by postage prepaid letter to:

> GILMORE SHIPPING CORP.
> c/o Global Container Lines Limited
> 100 Quentin Roosevelt Boulevard
> Garden City, New York 11530
> Attention: Mr. Kazem Paksima
> Telecopier: (516) 222-0377

or at such other address as may have been furnished in writing by the Assignor. Any consents, waivers, approvals or other actions to be given or taken by the Assignor hereunder shall be effective if contained in a writing signed by the Assignor or such other person or persons as the Assignor may from time to time appoint, and forwarded to the Assignee at its address as provided in the Letter Agreement.

The Assignor hereby appoints the Assignee its attorney-in-fact for the purpose of executing and filing any financing statements or papers of similar purpose or effect in connection with any filing or recording of this Assignment.

THIS ASSIGNMENT SHALL IN ALL RESPECTS BE GOVERNED BY, AND CONSTRUED IN ACCORDANCE WITH, THE LAWS OF THE STATE OF NEW YORK, INCLUDING ALL MATTERS OF VALIDITY, CONSTRUCTION AND ENFORCEMENT.

BY ITS SIGNATURE BELOW WRITTEN, THE ASSIGNOR HEREBY IRREVOCABLY WAIVES ALL RIGHTS TO A TRIAL BY JURY IN ANY ACTION, PROCEEDING OR COUNTERCLAIM ARISING OUT OF OR RELATING TO THIS

ASSIGNMENT OF INSURANCES, OR THE TRANSACTIONS CONTEMPLATED HEREBY OR THEREBY.

THE ASSIGNOR HEREBY IRREVOCABLY CONSENTS AND AGREES THAT ANY LEGAL ACTION, SUIT OR PROCEEDING ARISING OUT OF OR IN ANY WAY IN CONNECTION WITH THIS ASSIGNMENT MAY BE INSTITUTED OR BROUGHT IN THE COURTS OF THE STATE OF NEW YORK, IN THE COUNTY OF NEW YORK, OR THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK, AS ASSIGNEE MAY ELECT, AND BY EXECUTION AND DELIVERY OF THIS ASSIGNMENT, THE ASSIGNOR HEREBY IRREVOCABLY ACCEPTS AND SUBMITS TO, FOR ITSELF AND IN RESPECT OF ITS PROPERTY, GENERALLY AND UNCONDITIONALLY, THE NON-EXCLUSIVE JURISDICTION OF ANY SUCH COURT, AND TO ALL PROCEEDINGS IN SUCH COURTS. THE ASSIGNOR IRREVOCABLY CONSENTS TO SERVICE OF ANY SUMMONS AND/OR LEGAL PROCESS BY REGISTERED OR CERTIFIED UNITED STATES AIR MAIL, POSTAGE PREPAID, TO THE ASSIGNOR AT THE ADDRESS SET FORTH ABOVE, SUCH METHOD OF SERVICE TO CONSTITUTE, IN EVERY RESPECT, SUFFICIENT AND EFFECTIVE SERVICE OF PROCESS IN ANY SUCH LEGAL ACTION OR PROCEEDING. NOTHING IN THIS ASSIGNMENT SHALL AFFECT THE RIGHT OF ASSIGNEE TO EFFECT SERVICE OF PROCESS IN ANY OTHER MANNER PERMITTED BY LAW OR LIMIT THE RIGHT OF ASSIGNEE TO BRING ACTIONS, SUITS OR PROCEEDINGS IN THE COURTS OF ANY OTHER JURISDICTION. THE ASSIGNOR FURTHER AGREES THAT FINAL JUDGMENT AGAINST IT IN ANY SUCH LEGAL ACTION, SUIT OR PROCEEDING SHALL BE CONCLUSIVE AND MAY BE ENFORCED IN ANY OTHER JURISDICTION WITHIN OR OUTSIDE THE UNITED STATES OF AMERICA, BY SUIT ON THE JUDGMENT, A CERTIFIED OR EXEMPLIFIED COPY OF WHICH SHALL BE CONCLUSIVE EVIDENCE OF THE FACT AND THE AMOUNT OF THE LIABILITY.

*[Signature page follows.]*

IN WITNESS WHEREOF, the Assignor has caused this Assignment of Insurances to be duly executed as of October 12, 2007.

GILMORE SHIPPING CORP.

By: _____

Name: BIJAN PAKSIMA

Title: PRESIDENT

## NEW YORK UNIFORM ACKNOWLEDGMENT
### (Within New York State)

STATE OF NEW YORK )

COUNTY OF N̲A̲S̲S̲A̲U̲ ) ss.:

    On the 1̲2̲ day of O̲c̲t̲o̲ß̲E̲R̲ in the year 2̲o̲o̲2̲ before me, the undersigned, personally appeared B̲ ̲i̲J̲a̲n̲ ̲P̲a̲r̲k̲s̲i̲m̲a̲ , personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument.

                                                    _____
                                                    Notary Public

HORMOZ SHAYEGAN
Notary Public, State of New York
No. 01SH6104589
Qualified in Nassau County
Commission Expires January 26, 2008

## NOTICE OF ASSIGNMENT OF INSURANCES

### GLOBAL PRECISON

**GILMORE SHIPPING CORP.**, a corporation organized under the laws of the Republic of the Marshall Islands, the owner of the St. Vincent and the Grenadines flag vessel "Global Precision", official number 9786, HEREBY GIVES NOTICE that by an assignment, dated October __, 2007, it has assigned to **KEYBANK NATIONAL ASSOCIATION**: (i) all insurances in respect of such vessel, whether now or hereafter to be effected, and all renewals or replacements for the same; (ii) all claims, returns of premium and other moneys and claims for moneys due and to become due under said insurances or other insurances heretofore in effect; (iii) all other rights of the said owner under or in respect of said insurances; and (iv) any proceeds of any of the foregoing.

Dated: October _12_, 2007

GILMORE SHIPPING CORP.

By: _____
     Name: BIJAN PAHSIMA
     Title: PRESIDENT

## <u>NOTICE OF ASSIGNMENT OF INSURANCES</u>
### GLOBAL PRECISON

**GILMORE SHIPPING CORP.**, a corporation organized under the laws of the Republic of the Marshall Islands, the owner of the St. Vincent and the Grenadines flag vessel "Global Precision", official number 9786, HEREBY GIVES NOTICE that by an assignment, dated as of October 12, 2007, it has assigned to **KEYBANK NATIONAL ASSOCIATION**: (i) all insurances in respect of such vessel, whether now or hereafter to be effected, and all renewals or replacements for the same; (ii) all claims, returns of premium and other moneys and claims for moneys due and to become due under said insurances or other insurances heretofore in effect; (iii) all other rights of the said owner under or in respect of said insurances; and (iv) any proceeds of any of the foregoing.


Dated: October __, 2007

                                        GILMORE SHIPPING CORP.


                        By:    _____
                               Name:
                               Title:

## NOTICE OF ASSIGNMENT OF INSURANCES

### GLOBAL PRECISION

**GILMORE SHIPPING CORP.**, a corporation organized under the laws of the Republic of the Marshall Islands, the owner of the St. Vincent and the Grenadines flag vessel "Global Precision", official number 9786, HEREBY GIVES NOTICE that by an assignment, dated October 12, 2007, it has assigned to **KEYBANK NATIONAL ASSOCIATION**: (i) all insurances in respect of such vessel, whether now or hereafter to be effected, and all renewals or replacements for the same; (ii) all claims, returns of premium and other moneys and claims for moneys due and to become due under said insurances or other insurances heretofore in effect; (iii) all other rights of the said owner under or in respect of said insurances; and (iv) any proceeds of any of the foregoing.

Dated: October 12, 2007

GILMORE SHIPPING CORP.

By: _____
Name: BIJAN PAKSIMA
Title: PRESIDENT

## IRREVOCABLE AUTHORIZATION
## TO
## COLLECT INSURANCE CLAIMS

The undersigned hereby irrevocably confers upon **KEYBANK NATIONAL ASSOCIATION**, its successors and assigns, full authority and power of attorney to sign all payment orders in the name of the undersigned, and to do all such other acts in the name of the undersigned, as may from time to time be required to effect collection of any and all claims on or under the insurance on the St. Vincent and the Grenadines flag vessel "Global Precision", official number 9786 (the "*Vessel*"), as to which KeyBank National Association, is loss payee. Nothing herein shall be construed as a limitation upon any of the rights of KeyBank National Association under any of the insurances on the Vessel as co-insured, loss payee, assignee or otherwise.

Dated: October 12, 2007

GILMORE SHIPPING CORP.

By: _____
Name: BISAN PARSIMA
Title: PRESIDENT

# IRREVOCABLE AUTHORIZATION
## TO
## COLLECT GENERAL AVERAGE CONTRIBUTIONS

The undersigned hereby irrevocably authorizes and confers power of attorney upon **KEYBANK NATIONAL ASSOCIATION**, in the name of the undersigned or otherwise to file all claims, institute all suits and do all other such acts as may be necessary from time to time to collect general average contributions due from third parties in respect of the St. Vincent and the Grenadines flag vessel "Global Precision", official number 9786 (the "*Vessel*").

Nothing herein contained shall be construed as a limitation upon any of the rights of KeyBank National Association, in and to claims for general average contributions due from third parties in respect of the Vessel, as mortgagee under any mortgage granted to it covering the Vessels, and/or as assignee of the revenues of the Vessel, including claims on charterers and shippers, or otherwise.

Dated: OCToBer 12, 2007

GILMORE SHIPPING CORP.

By: _____
Name: BIJAN PAKSIMA
Title: PRESIDENT