

# EXHIBIT E


DSI
Insurance Brokers

October 10, 2007

**Keybank National Association**

Re:     "GLOBAL PRECISION" (the "Ship")
         Gilmore Shipping Corp. (the "Owner")

We confirm that we have effected insurances for the account of the above Owners as set out in the attached Cover Notes in respect of War Hull & Machinery, and Protection and Indemnity Risks.

Pursuant to instructions received from the above Owners and/or their authorized Manager or Agents and in consideration of your approving our appointment as Brokers in connection with the insurances covered by this letter, we hereby undertake:-

1.  to issue written advice of the insurances covering the vessel

2.  to issue written confirmation that we have received no notice of the assignment (except from the Lender) of the insurances or any claim covering the Vessel

3.  we confirm that, in our opinion as brokers, the attached insurances comply with the applicable provisions of this Agreement and of the First Preferred Mortgage covering the Vessel, where applicable; and

4.  we agree, in form and substance satisfactory to the Lender, whereunder the insurances of the Vessel, and claims thereunder, will not be affected by nonpayment of premiums on any other insurances.

We agree to advise *Keybank National Association* of any lapse of the Insurances described above by expiration, termination, failure to renew or otherwise and of any default in payment of any premium, or of any other act or omission on the part of the Shipowner, of which we have knowledge and which might invalidate or render unenforceable, insurance on the Vessel described above. We also agree to provide thirty (30) days to Keybank National Association in the event of failure to renew.

**DeWitt Stern Imperatore, Ltd.**
*A member of The DeWitt Stern Group*

Harborside Financial Center
Plaza Five, Suite 1510
Jersey City, New Jersey 07311-4097
Phone (201) 915-0100
Fax (201) 915-0133


Insurance Brokers

In our opinion, as Insurance Brokers and not as Attorneys the foregoing insurances which we have arranged on the captioned vessel are in such amounts, against such risks, in such form, and with such insurance companies and Underwriters as are necessary or advisable for the protection of the interest of the Mortgagee. It is also our opinion that such insurances comply in all respects with the applicable requirements of the Mortgage.

We now undertake, so long as you desire it, to hold in our custody the insurance Cover Notes, contracts and/or policies and all renewals thereof, when issued, to the order of yourselves as First Mortgagee of this Vessel.

We further undertake, immediately after collecting from the underwriters of any proceeds of claims accruing on the policies, to pay you all such monies to which you may be entitled pursuant to the Loss Payable Clause subject to underwriters lien for premium and subject to our right of cancellation given to us on default of payment of premium. However, we further undertake not to exercise our right of cancellation without giving you thirty (30) days prior notice and an opportunity of paying any balance of premium which may be in default.

Very faithfully,
Dewitt Stern, Imperatore, Ltd.

Gary A. Ferrazzano
Director Marine Department

GAF:amm
(Cover Notes attached)

cc:     Global Container Lines
        100 Quentin Roosevelt Blvd.
        Garden City, NY 11530
        Attn: Hormoz Shayegan



**QBE**
European
Operations

Telephone: +44 (0) 20 7488 1024
Fax: +44 (0) 20 7481 1812
E-Mail managers@britishmarine.com



**British Marine Luxembourg S.A.**
**UK Branch**

Walsingham House, 35 Seething Lane
London EC3N 4DQ

Société Anonyme RCS 71026

*British Marine Luxembourg S.A.*

## PROTECTION & INDEMNITY
## POLICY OF INSURANCE
### No.: 03445000001

Period of Insurance: Noon (GMT) on 30 April, 2007 to Noon (GMT) on 30 April, 2008.

In consideration of the premium payable in respect of this insurance, the Insurer undertakes to indemnify the Assured for all liabilities, losses, costs or expenses that the Assured, in the capacity agreed in respect of the Insured Vessel(s) named in this policy, is liable to pay, in respect of the liabilities, risks or events referred to, herein.

This insurance covers only liabilities, losses, costs or expenses which arise out of events which occur during the policy period, in respect of the Assured's interests in the Insured Vessel(s) and only in connection with the operation of the Insured Vessel(s).

### THE ATTACHED CLAUSES AND ENDORSEMENTS FORM PART OF
### THIS POLICY

To:     Global Container Lines Ltd (Bareboat Charterers)
        Gilmore Shipping Corp. (Owner)

## *SCHEDULE*

| Name of Ship | Gross Tonnage | Year of Build |
|---|---|---|
| **GLOBAL PRECISION** | **13,556** | **1979** |

**Evidence of Insurance Clause**

The Policy of Insurance or any Endorsement hereto is evidence only of the contract of indemnity insurance between the above named Assured(s) and the Insurer and shall not be construed as evidence of any undertaking, financial or otherwise, on the part of the Insurer to any other party.

In the event that an Assured tenders this Policy/Endorsement as evidence of insurance under any applicable law relating to financial responsibility, including but not limited to the Oil Pollution Act 1990 or any similar Federal or State Laws, or otherwise shows or offers it to any other party as evidence of insurance, such use of the Policy/Endorsement by the Assured is not to be taken as any indication that the Insurer thereby consents to act as guarantor or to be sued directly in any jurisdiction whatsoever. The Insurer does not so consent.

British Marine Luxembourg S.A. is incorporated in the Grand Duchy of Luxembourg and registered in England and Wales at the above address. Company No. FC022505. Branch No. BR005527.

CONDITIONS: Protection and Indemnity Risks in accordance with British Marine Luxembourg S.A. Marine Liability, Protection and Legal Expenses Terms and Conditions 2007 Edition section A Clauses 1-33 incorporating sections B and C Clauses 41-81 attached thereto, including cover in respect of collision, property damage, wreck removal and pollution liabilities in accordance with the Policy Terms, Conditions and Exceptions and subject always to the Special Conditions and Warranties set out hereunder.

LIMIT OF LIABILITY: USD 100,000,000 each vessel, all claims inclusive of costs, fees and expenses either approved and/or incurred by the Insurer, any one accident or occurrence or series of accidents or occurrences arising out of one event, Combined Single Limit.

SPECIAL CONDITIONS: Pursuant to the provisions of Clause 13.1, it is noted and agreed that the cover hereunder is extended to include claims for 4/4ths collision.
...................................................................................................................................

WARRANTIES: Trading Indian Ocean and Persian Gulf.

DEDUCTIBLES (P&I): USD 10,000 from all cargo claims, each single voyage.

USD 20,000 from collision claims each accident or occurrence.

USD 5,000 from all crew claims any one accident or occurrence in respect of Greek crew.

USD 2,500 from all crew claims any one accident or occurrence in respect of Russian or Ukrainian crew.

USD 10,000 from all other claims any one accident or occurrence

PREMIUMS: Fixed Premium as agreed.

Cancelling Returns Only.

**This insurance is subject to English Law, and Practice.**

For and on behalf of
BRITISH MARINE LUXEMBOURG S.A

......................................
25 April, 2007

British Marine Luxembourg S.A. is incorporated in the Grand Duchy of Luxembourg and registered in England and Wales at the above address. Company No. FC022505. Branch No. BR005527.

Faxes: General +44 (0) 20 7481 1812
      Claims  +44 (0) 20 7264 2973
E-Mail managers@british-marine.com

Vat Reg. No. GB 756 4077 12
Registered No. 3256463 England



British Marine Managers Limited
Walsingham House, 35 Seething Lane
London EC3N 4DQ

Telephone +44 (0) 20 7488 1024

10 October, 2007

**Key Bank National Association**

Dear Sirs

**"GLOBAL PRECISION"**

We have been advised of an Assignment to your good selves of the insurance on the above vessel. So far as the British Marine Luxembourg S.A (the "Insurer") is concerned, it does not consent to such Assignment (see Clause 47) other than to give effect to the Loss Payable Clause set out below and subject always to the Insurer's rights in settling any claim presented by you to deduct or retain such amount as the Insurer may then estimate to be sufficient to discharge the liabilities (if any) of the Assured(s) existing at the time of the Assignment or likely to accrue thereafter.

We do confirm, however, that the vessel is insured by the Insurer for Protection and Indemnity risks on the terms and conditions set out or to be set out in the Policy of Insurance.

Furthermore, the Insurer agrees :-

a) that the Assured will not cease to be insured by the Insurer in respect of the vessel by reason of the Assignment (see Clause 47).

b) that notwithstanding that the vessel is mortgaged to you and that no undertaking or guarantee has been given to the Insurer to pay all contributions due in respect of the vessel, the Assured does not cease to be insured by reason of the operation of Clauses 50.3 and 50.4.

The Insurer further agrees that the Loss Payable Clause attached will be included in the Policy of Insurance.

Yours faithfully,

FOR AND ON BEHALF OF
BRITISH MARINE LUXEMBOURG S.A.

| ENDORSEMENT NO: | 5 | attaching to and forming part of |
|---|---|---|
| POLICY of INSURANCE NO: | 03445000001 | (Protection & Indemnity) |
| Vessel: | GLOBAL PRECISION | |
| Issued by: | BRITISH MARINE LUXEMBOURG S.A. | |

It is hereby understood and agreed that with effect from 10th October 2007 the Assured's of the above mentioned vessel should read as follows;

Gilmore Shipping Corp., Marshall Islands (Owners),

GCL Shipping Corp., Marshall Islands, (Bare Boat Charterers),

Global Container Lines Limited, New York (Operators) and

Gulf Liner Shipping Agencies, Dubai, UAE (Technical Managers).

All other terms and conditions continue without amendment.

**London 11ᵗʰ October 2007.**



British Marine Luxembourg S.A. is incorporated in the Grand Duchy of Luxembourg and registered in England and Wales at the above address. Company No. FCU22505. Branch No. BR005527.

| ENDORSEMENT NO: | **4** | attaching to and forming part of |
|---|---|---|
| POLICY of INSURANCE NO: | 03445000001 | (Protection & Indemnity) |
| Vessel: | **GLOBAL PRECISION** | |
| Issued by: | **BRITISH MARINE LUXEMBOURG S.A.** | |

**Loss Payable Clause**

Payment of any recovery the Assured is entitled to make out of the funds of the Insurer in respect of any liability, cost or expense incurred by him shall be made to the Assured or to his order unless and until the Insurer receives notice from KeyBank National Association (The Bank) that the Assured is in default under the Mortgage, in which event any recovery will thereafter be paid as directed by the Bank provided always that no liability whatsoever shall attach to the Insurer, its managers or their agents for failure to comply with the latter obligation until the expiry of two business days from the receipt of such notice.

Notwithstanding anything contained herein, the Insurer shall (unless and until the Mortgagee has given notice in writing to the contrary) be at liberty, at the request of the Assured, to provide bail or other security to prevent the arrest or obtain the release of the vessel.

Finally, the Insurer undertakes:-

1) to inform the Bank, with at least 14 days' notice, if the Insurer has given the Assured notice under Clause 51.1 that insurance by the Insurer in respect of the said vessel is to cease.

2) to give the Bank 14 days' notice of the Insurer's intention to cancel the insurance of the Assured by reason of his failure to pay when due and demanded any sum due from him to the Insurer.

All other terms and conditions continue without amendment.

London 11th October 2007,

British Marine Luxembourg S.A. is incorporated in the Grand Duchy of Luxembourg and registered in England and Wales at the above address. Company No. FC022505. Branch No. BR005527.



# Confirmation of Insurance

Date: October 10, 2007     Fleet Ref No: **203570-2007-10**

**TO:** **Global Container Lines**

In accordance with your instructions, we have arranged the following:

**ASSURED:** Gilmore Shipping Corp., Marshall Islands (Owners), GCL Shipping Corp., Marshall Islands (Bare Boat Charterers), Global Container Lines Limited, New York (Operators), Gulf Liner Shipping Agencies, Dubai, UAE (Technical Managers), and Keybank National Association as Mortgagee.

**LOSS PAYEE:** Assured, and Keybank National Association as their interest may appear.

**COVERAGE:** **WAR HULL & MACHINERY**

**SUBJECT INSURED:** **"GLOBAL PRECISION"**          GRT:     13,556     FLAG: St. Vincent & Grenadine

**VALUE:** **4,000,000 USD**

**PERIOD:** October 9, 2007       12:01 A.M., E.D.S.T.

**TO:** October 9, 2008       12:01 A.M., E.D.S.T.

**CONDITIONS:** Assured, or Order.

| PARTICIPATION: | UNDERWRITER | PARTICIPATION |
|---|---|---|
| | British & French Underwriters through Mar Risk Services Ltd. | 100.0000000% |

---

This document is intended for use as evidence that the insurance, as described herein, has been effected and shall be subject to all terms and conditions of policy(ies) which will be issued and that, in the event of any inconsistency herewith, the terms and provisions of such policy(ies) shall prevail.

You are requested to examine this document and return it in the event of any discrepancy and/or non acceptance of security.

---

**DeWitt Stern, Imperatore, Ltd.**
*A Member of The DeWitt Stern Group*

DeWitt Stern Imperatore, Ltd.
A member of The DeWitt Stern Group

Harborside Financial Center
Plaza FIve, Suite 1510
Jersey City, New Jersey 07311-4097
Phone (201) 915-0100
Fax (201) 915-0133

By _Gary A. Ferrazzano_
Gary A. Ferrazzano
Director Marine Department

GAF:amm

PDate: 07-10-10@16:54

2GLOBA (WHM) 203570 # 203574-2007-10 ~ GLOBAL PRECISION     CoverNote5{Indiv_e



10th October 2007

TO THE KIND ATTENTION OF:
KEY BANK NATIONAL ASSOCIATION

REF: M/V "GLOBAL PRECISION" (the "Vessel")

Dear Sirs,

Pursuant to the request by owners of the vessel to provide certain information relating to the Hull & Machinery Insurances of the Vessel we can confirm as follows:

1. The Hull & Machinery Insurances are placed on the attached terms (See attached Cover Note – 2 pages) with the principal insurance conditions of "American Institute Hull Clauses dated June 2, 1977" Clause A1B, which are internationally accepted Hull & Machinery insurance conditions.

2. We have received no notice of the assignment of the insurances or any claim (being a Maritime Lien) covering the vessel and will act as outlined in (3) on receipt of the former.

3. We will wait your signed copies of Notice of Assignment and Loss payable Clause which will be endorsed to the policy upon receipt. We will subsequently issue a Broker's letter of Undertaking in the form attached (2 pages) Incorporating the said Notice of Assignment, Loss Payable Clause and Cover Note as attached (2 pages).

4. It is HSBC Insurance Brokers' position to retain rights of off-set under the Marine Insurance Act 1906. The Insurance Policy is subject to the Laws of England and Wales.

Yours Faithfully,

**HSBC Insurance Brokers Limited**

Cc:
Global Container Lines
100 Quentin Roosevelt Blvd
Garden City, NY 11530
Attn: Hormoz Shayegan

Global Container Lines
PO Box 112183, Dubai
United Arab Emirates
Attn: David Paksima

**HSBC Insurance Brokers Limited**
Dubai Branch
PO Box 24912 Dubai, United Arab Emirates
Tel: 971-4-3242600, Fax: 971-4-3241727
E-mail: inae@hsbc.com
Web: www.insurancebrokers.hsbc.com

*Registered under Federal Law No. (9) of 1984, Certificate No. 82.*
*Registered in England No. 149013.*
*Registered Office : 8 Canada Square, London E14 5HQ.*

*Disclosure of material facts - Every proposer or insured when seeking new insurance or renewing an existing policy must disclose any information which might influence the insurer in deciding whether or not to accept the risk, what the terms should be, or what premiums to charge. Failure to do so may render the insurance voidable from inception and enable the insurer to repudiate liability.*

إتش إس بي سي إنشورانس بروكرز ليمتد
فرع دبي
ص.ب : ٢٤٩١٢، دبي، الإمارات العربية المتحدة
هاتف : ٣٢٤٢٦٠٠، فاكس : ٣٢٤١٧٢٧-٤-٩٧١
E-mail: inae@hsbc.com
Web: www.insurancebrokers.hsbc.com

مسجلة بموجب القانون الإتحادي رقم (٩) لسنة ١٩٨٤، شهادة رقم ٨٢ .
مسجلة في إنجلترا تحت رقم ١٤٩٠١٣ .
المكتب المسجل : ٨ كندا إسكوير لندن إي ١٤ ٥ إتش كيو.

الكشف عن الحقائق الجوهرية – يجب على كل طالب تأمين أو مؤمن عليه عند سعيه للحصول على تأمين جديد أو تجديد بوليصة قائمة أن يكشف عن أية معلومات يمكن أن تؤثر على شركة التأمين في قرارها بقبول أو عدم قبول المخاطرة أو ماهية الشروط اللازمة أو الأقساط التي تستحصلها علما بأن عدم الإلتزام بذلك ربما يجعل التأمين منذ البداية ويجيز لشركة التأمين عدم قبول المسئولية.



شـركة قطـر للتأمـين

Qatar Insurance Company

M/s. HSBC Insurance Brokers Limited
Dubai Branch,
Post Box No: 24912
Dubai, U.A.E.

## COVER NOTE

Dear Sirs,

This is to confirm having effected the following insurance in accordance with your instructions.

| | |
|---|---|
| **TYPE:** | Marine Hull Insurance |
| **FORM:** | MAR 91 |
| **INSURED:** | Gilmore Shipping Corp. (Owners); Global Container Lines Ltd., Garden City, New York (Operators) and Gulf Liner Shipping Agencies, Dubai, UAE (Technical Managers) and GCL Shipping Corp. as Bare Boat Charters and Key Bank National Association as Mortgagee. |
| **INSURED'S ADDRESS:** | Global Container Lines Ltd<br>100 Quentin Roosevelt Blvd<br>Garden City, NY 11530 – USA<br>C/O. Gulf Liner Shipping Agencies<br>Dubai, UAE. |
| **INTEREST:** | Hull, Machinery etc., and everything connected therewith nothing excluded. |
| **VESSEL :** | "GLOBAL PRECISION", IMO No:7822146, Type:RoRo, Built:1979, Flag:St.V&G, Class:CCS, GRT:13,556, Agreed Value USD.6,000,000/- |
| **TRADING / OPERATING AREA:** | Worldwide as per American Institute Trade Warranties July 1, 1972. Cl. A210 |
| **PERIOD:** | With effect from 0001 hrs 04th October, 2007 until 0001 hrs 9 October 2007 subject to NKORL to date. |
| **SUM INSURED OR LIMIT:** | 100% of Agreed Value. |
| **CONDITIONS:** | American Institute Hull Clauses June 2, 1977 Clause A1B with collision liability amended to 3/4ths |
| | Deductible : USD 50,000/- any one accident or occurrence, except total loss, constructive total loss, compromised and/or arranged total loss which payable in full. |
| | Additional Machinery Damage deductible USD 25,000/-<br>General Average Absorption Clause: USD 100,000/- |

...............2.

qlcdubai@emirates.net.ae : البريد الإلكتروني (4971) (4971) فاكس: 2238974, (4971) تليفون: م ع 1 دبي، 4066 ب ص
qlcabudh@emirates.net.ae : البريد الإلكتروني (4971) 1719115 فاكس: (4971) تليفون: م ع أبوظبي، 73797, ب ص
P.O. Box : 4066, Dubai, U.A.E. Tel. : (+971 4) 2224045, Fax : (+971 4) 2238974, E-mail : qlcdubai@emirates.net.ae
P.O. Box : 73797, Abu Dhabi, U.A.E. Tel. : (+971 2) 6769466, Fax : (+971 2) 6769265, E-mail : qlcabudh@emirates.net.ae

Including Assured interest of Mortgagees (and Notices of Assignment in respect thereof) and Loss Payees to be advised if and in terms as may be required.

Loss Payee Clause: All claims hereunder in respect of an actual, constructive, compromise, agreed or arranged total loss shall be payable to the Owners. Payment of all losses up to USD 500,000 with respect to any one accident, occurrence or event may be made directly to the Charterers unless there is an existing Termination Event. Payment of all losses exceeding USD 500,000 but less than a Total Loss shall be paid to the Owners.

The cost of temporary repairs and overtime, and the enhanced cost of deferred repairs, reasonably incurred with respect to average damage to maintain the Vessel's advertised sailing schedule, are deemed to be part of the reasonable cost of repairs.

Including Electronic Data Recognition Clause
Institute Cyber Attack Exclusion Clause 380 10.11.2003
Institute Radioactive, Contamination, Chemical, biological Biochemical and Electromagnetic Exclusion Clause Cl. 370 10.11.2003
Deferred Premium Clause.
Brokers Cancellation Clause
Cancelling Returns Only.
Including Marine Hull Electronic Date Recognition Clause.
Nominated Surveyor – The London Salvage Association.
Nominated Adjuster – Richards Hogg Lindley
Brokers Lien Clause
Interest of Mortgagees noted in accordance with the loss payable clauses.
7.5% continuity credit clause subject to loss ratio not exceeding 50%.

**CHOICE OF LAW & JURISDICTION:**   This insurance shall be governed by and construed in accordance with the laws of England and Wales and each party agrees to submit to the exclusive jurisdiction of the court of England and Wales.

**RATE / PREMIUM :**   As Agreed

**PAYMENT TERMS:**   Quarterly payments in advance

For QATAR INSURANCE COMPANY

Dated : Dubai,
The 04-October -2007.

OUR REF   :

Date       :

**Vessels:**                    **Owners:**

We confirm that we have effected insurances for the account of the above Owners as set out in Appendix "A" attached.

Pursuant to instructions received from the above Owners and/or their authorised Manager or Agents and in consideration of your approving us as the appointed Brokers in connection with the insurances covered by this letter, we hereby undertake:-

1.      to hold the Insurance Slips or Contracts, the Policies when issued, and any renewals of such Policies or any Policies substituted therefor with your consent as may be arranged through ourselves and the benefit of the insurances thereunder to your order in accordance with the terms of the Loss Payable Clause(s) set out in Appendix "B" attached; and

2.      to arrange for the said Loss Payable Clause(s) to be included on the policies when issued; and

3.      to have endorsed on each and every Policy as and when the same is issued a Notice of Assignment in the form of Appendix "C" hereto dated and signed by the Owners and acknowledged by Underwriters in accordance with Market practice; and

4.      to advise you promptly if we cease to be the Broker for the Assured or in the event of any material changes of which we are aware affecting the said insurance; and

5.      following a written application received from you not later than one month before expiry of these insurances to notify you within fourteen days of the receipt of such application in the event of our not having received notice of renewal instructions from the Owners and/or their authorised Managers or Agents, and in the event of our receiving instructions to renew to advise you promptly of the details thereof; and

6.      to forward to you promptly any notices of cancellation that we receive from Underwriters; and

7.      following a written application from you to advise you promptly of the premium payment situation where such premium is paid or payable through our intermediary.

If and where we are responsible for the payment of premium to Underwriters, our above undertakings are given subject to our lien on the Policies for premiums and subject to our right of cancellation on default in payment of such premiums but we undertake not to exercise such rights of cancellation without giving you ten days notice in writing either by letter or electronically transmitted message and a reasonable opportunity for you to pay any premiums outstanding.

It is understood and agreed that the operation of any Automatic Termination of Cover, Cancellation or Amendment Provisions contained in the Policy conditions shall override any Undertakings given by us as Brokers.

Notwithstanding the terms of the said Loss Payable Clause(s) and the said Notice of Assignment, unless and until we receive written notice from you to the contrary, we shall be empowered to arrange for a collision and/or salvage guarantee to be given in the event of bail being required in order to prevent the arrest of the vessel or to secure the release of the vessel from arrest following a casualty. Where a guarantee has been given as aforesaid and the guarantor has paid any sum under the guarantee in respect of such claim, there shall be payable directly to the guarantor out of the proceeds of the said Policies a sum equal to the sum so paid.

Notwithstanding anything to the contrary contained in this Letter of Undertaking or to any prior Letter of Undertaking or in any Loss Payable Clause or in any Notice of Assignment, the provisions of paragraph 1 of this Letter of Undertaking shall only apply to the Insurances set out in Appendix 'A' attached hereto and to any renewals thereof effected through ourselves.

We do not accept any actual or constructive notice of any interest you may claim in any other insurance effected on the Vessels referred to in the said Appendix 'A' unless and until you give us specific notice of that interest in the particular insurance and such notice is confirmed by the Owner.

This undertaking shall be governed by and construed in accordance with English law and any disputes arising out of or in any way connected with this undertaking shall be submitted to the exclusive jurisdiction of the English courts.

This undertaking is subject to all claims and returns of premiums being collected through us as Brokers.

Yours faithfully,
for HSBC INSURANCE BROKERS LIMITED

Director - Marine Division

Authorised Signatory-
Marine Division

E.& O.E.

# EXHIBIT F

Vol/Page: /
Doc# 2007132050
Date: 10/15/2007
Time: 12:29PM

# UCC FINANCING STATEMENT

FOLLOW INSTRUCTIONS (front and back) CAREFULLY

A. NAME & PHONE OF CONTACT AT FILER (optional)
Janelle Teisford          212-238-3244

B. SEND ACKNOWLEDGMENT TO: (Name and Address)

Capitol District Information
471 H Street NW
Lower Level
Washington DC 20001

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

1. DEBTOR'S EXACT FULL LEGAL NAME

1a. ORGANIZATION'S NAME
**Gilmore Shipping Corp.**

| 1b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
|---|---|---|---|
| | | | |

| 1c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| c/o Global Container Lines Limited, 100 Quentin Roosevelt Boulevard | Garden City | NY | 11530 | USA |

| 1d. SEE INSTRUCTIONS | ADD'L INFO RE ORGANIZATION DEBTOR | 1e. TYPE OF ORGANIZATION Corporation | 1f. JURISDICTION OF ORGANIZATION Marshall Islands | 1g. ORGANIZATIONAL ID #, if any | ☐ NONE |
|---|---|---|---|---|---|

2. ADDITIONAL DEBTOR'S EXACT FULL LEGAL NAME

2a. ORGANIZATION'S NAME

| 2b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
|---|---|---|---|
| | | | |

| 2c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| | | | | |

| 2d. SEE INSTRUCTIONS | ADD'L INFO RE ORGANIZATION DEBTOR | 2e. TYPE OF ORGANIZATION | 2f. JURISDICTION OF ORGANIZATION | 2g. ORGANIZATIONAL ID #, if any | ☐ NONE |
|---|---|---|---|---|---|

3. SECURED PARTY'S NAME

3a. ORGANIZATION'S NAME
**KeyBank National Association**

| 3b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
|---|---|---|---|
| | | | |

| 3c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 575 Fifth Avenue, 38th Floor | New York | NY | 10017 | USA |

4. This FINANCING STATEMENT covers the following collateral:

See Schedule A attached hereto and made a part hereof.

| 5. ALTERNATIVE DESIGNATION (if applicable) | LESSEE/LESSOR | CONSIGNEE/CONSIGNOR | BAILEE/BAILOR | SELLER/BUYER | AG. LIEN | NON-UCC FILING |
|---|---|---|---|---|---|---|

6. OPTIONAL FILER REFERENCE DATA
Filed with: DC - District of Columbia

F#1208426
A#315668

FILING OFFICE COPY — UCC FINANCING STATEMENT (FORM UCC1) (REV. 05/22/02)

 ENTERED

 COPY

SCHEDULE A
TO UCC-1 FINANCING STATEMENT
NAMING
GILMORE SHIPPING CORP., AS DEBTOR
AND
KEYBANK NATIONAL ASSOCIATION, AS SECURED PARTY

This UCC Financing Statement covers the following collateral:

(i)     the whole of the St Vincent and the Grenadines flag vessel GLOBAL PRECISION, Official Number 9786, IMO Number 7822146, together with its boilers, engines, generators, air compressors, cranes, machinery, masts, spars, rigging, boats, anchors, cables, chains, tackle, tools, pumps and pumping equipment, apparel, furniture, fittings and equipment, spare parts, and all other appurtenances thereunto appertaining or belonging, whether now owned or hereafter acquired, whether on board or not, and all additions, improvements, renewals and replacements hereafter made in or to the Vessel, or any part thereof, or in or to any equipment and appurtenances thereunder appertaining or belonging;

(ii)    (A) all accounts and contract rights consisting of, and all monies or claims for monies, due or to become due to Debtor, whether now existing or hereafter acquired, and all liens therefor, under or arising out of, any present or future bill of lading, charter party (whether bareboat or demise, time or voyage charter), contract of affreightment or other contract or arrangement whatsoever, whether expressed or implied, in each case made or issued for or in connection with the service, use or operation of the Vessel, for the carriage of goods or passengers or for any other purpose whatsoever relating to the service, use or operation of the Vessel (such bills of lading, charter parties, contracts and arrangements, as amended or modified and in effect from time to time being hereinafter collectively called the "*Contracts*"), for or as charter hire, freight, demurrage or otherwise thereunder, or as compensation for the modification, termination or breach thereof and any proceeds of the foregoing, and all charter hire, rentals and other sums due and to become due thereunder or in connection therewith, including, without limitation, all rights and claims of Debtor as "Owner", now or hereafter existing, under any insurance, indemnities, warranties and guaranties provided for or arising out of or in connection with any charter of the Vessel, for any damages arising out of or for breach or default under or in connection with any charter, and all other amounts from time to time paid or payable under or in connection with any charter, and all rights and claims to terminate any charter and to exercise or enforce any and all covenants, remedies, powers and privileges thereunder and, all accounts and contract rights and all freights, hire and other monies earned and to be earned, due or to become due, or paid or payable to, or for the account of, Debtor, of whatsoever nature arising out of or as a result of the ownership and operation by Debtor or any of its agents of the Vessel, (B) all monies and claims for monies due and to become due to Debtor and all claims for damages arising out of the breach of any and all Contracts and in and to any and all claims and causes of action for money, loss or damages that may accrue or belong to Debtor, its respective successors or assigns, arising out of or in any way connected with the present or future use, operation or management of the Vessel or arising or in any way connected with any and all Contracts, (C) any and all monies and claims for monies, due or to become due to Debtor whether now existing or hereafter acquired, with respect to the actual or constructive total loss of or the requisition for use or requisition of title, by seizure, condemnation, confiscation, sequestration or compulsory

acquisition or otherwise, by act of any country or any governmental authority or otherwise, of the Vessel, and all claims for damages or compensation with respect thereto;

(iii)     (A) all policies and contracts of insurance (which expression includes all entries of the Vessel in one or more protection and indemnity and war risks associations) which are or have been from time to time taken out or entered into in respect of the Vessel or her earnings, including, but not limited to insurances on and with respect to all freight, charter hire and passage monies, remuneration for salvage and towage services, general average contributions, demurrage and detention monies and any other proceeds whatsoever of the Vessel due or which may become due to Debtor, or otherwise howsoever in connection with the Vessel, including, without limitation, insurance required to be placed on and with respect to the Vessel pursuant to the requirements of Section 19 of Article I of that certain first preferred ship mortgage, dated October 12, 2007, by and among Debtor, as mortgagor, and Secured Party as mortgagee, granting Secured Party a first preferred ship mortgage on the Vessel (all the foregoing, the "*Insurances*") whether now, previously, or hereafter effected, and all renewals of or replacements for the same, (B) all claims, returns of premium and other monies and claims for monies due and to become due under said Insurances or in respect of said Insurances, (C) all other rights of Debtor under or in respect of said Insurances;

(iv)     all records, computer tapes, discs, and other data however stored, ledger sheets, correspondence, invoices, delivery receipts, documents and instruments related to any of the foregoing; and

(v)     any proceeds of any of the foregoing.

# UNIFORM COMMERCIAL CODE FILING MEMORANDUM

## UNIFORM COMMERCIAL CODE FINANCING STATEMENT (FORM UCC-1)
## NAMING
## GILMORE SHIPPING CORP., AS DEBTOR
## AND
## KEYBANK NATIONAL ASSOCIATION, AS SECURED PARTY

| Name of Debtor | Jurisdiction | Filing Date | Filing Number | Expiration Date |
|---|---|---|---|---|
| Gilmore Shipping Corp. | District of Columbia | 10/15/2007 | 2007132050 | 10/15/2012 |

EMM-911497_1

# EXHIBIT F

Vol/Page /
Doc# 2007132050
Date: 10/15/2007
Time: 12:29PM

## UCC FINANCING STATEMENT

FOLLOW INSTRUCTIONS (front and back) CAREFULLY

A. NAME & PHONE OF CONTACT AT FILER [optional]

Janelle Teissford        212-238-3244

B. SEND ACKNOWLEDGMENT TO: (Name and Address)

Capitol District Information
471 H Street NW
Lower Level
Washington DC 20001

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

1. DEBTOR'S EXACT FULL LEGAL NAME - insert only one debtor name (1a or 1b) - do not abbreviate or combine names

| 1a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| Gilmore Shipping Corp. | | | | |
| OR 1b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | | SUFFIX |
| 1c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
| c/o Global Container Lines Limited, 100 Quentin Roosevelt Boulevard | Garden City | NY | 11530 | USA |
| 1d. SEE INSTRUCTIONS | ADD'L INFO RE 1e. TYPE OF ORGANIZATION | 1f. JURISDICTION OF ORGANIZATION | 1g. ORGANIZATIONAL ID #, if any | |
| | ORGANIZATION DEBTOR | Corporation | Marshall Islands | | ☐ NONE |

2. ADDITIONAL DEBTOR'S EXACT FULL LEGAL NAME - insert only one debtor name (2a or 2b) - do not abbreviate or combine names

| 2a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| | | | | |
| OR 2b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | | SUFFIX |
| 2c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
| 2d. SEE INSTRUCTIONS | ADD'L INFO RE 2e. TYPE OF ORGANIZATION | 2f. JURISDICTION OF ORGANIZATION | 2g. ORGANIZATIONAL ID #, if any | |
| | ORGANIZATION DEBTOR | | | | ☐ NONE |

3. SECURED PARTY'S NAME (or NAME of TOTAL ASSIGNEE of ASSIGNOR S/P) - insert only one secured party name (3a or 3b)

| 3a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| KeyBank National Association | | | | |
| OR 3b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | | SUFFIX |
| 3c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
| 575 Fifth Avenue, 38th Floor | New York | NY | 10017 | USA |

4. This FINANCING STATEMENT covers the following collateral:

See Schedule A attached hereto and made a part hereof.

| 5. ALTERNATIVE DESIGNATION [if applicable]: | LESSEE/LESSOR | CONSIGNEE/CONSIGNOR | BAILEE/BAILOR | SELLER/BUYER | AG. LIEN | NON-UCC FILING |
|---|---|---|---|---|---|---|
| 6. ☐ This FINANCING STATEMENT is to be filed [for record] (or recorded) in the REAL ESTATE RECORDS. | Attach Addendum | [if applicable] | 7. Check to REQUEST SEARCH REPORT(S) on Debtor(s) [ADDITIONAL FEE] [optional] | All Debtors | Debtor 1 | Debtor 2 |
| 8. OPTIONAL FILER REFERENCE DATA | | | | | F# 208426 | |
| Filed with: DC - District of Columbia | | | | | A# 315668 | |

FILING OFFICE COPY — UCC FINANCING STATEMENT (FORM UCC1) (REV. 05/22/02)

 ENTERED

 COPY

SCHEDULE A
TO UCC-1 FINANCING STATEMENT
NAMING
GILMORE SHIPPING CORP., AS DEBTOR
AND
KEYBANK NATIONAL ASSOCIATION, AS SECURED PARTY

This UCC Financing Statement covers the following collateral:

(i)     the whole of the St Vincent and the Grenadines flag vessel GLOBAL PRECISION, Official Number 9786, IMO Number 7822146, together with its boilers, engines, generators, air compressors, cranes, machinery, masts, spars, rigging, boats, anchors, cables, chains, tackle, tools, pumps and pumping equipment, apparel, furniture, fittings and equipment, spare parts, and all other appurtenances thereunto appertaining or belonging, whether now owned or hereafter acquired, whether on board or not, and all additions, improvements, renewals and replacements hereafter made in or to the Vessel, or any part thereof, or in or to any equipment and appurtenances thereunder appertaining or belonging;

(ii)    (A) all accounts and contract rights consisting of, and all monies or claims for monies, due or to become due to Debtor, whether now existing or hereafter acquired, and all liens therefor, under or arising out of, any present or future bill of lading, charter party (whether bareboat or demise, time or voyage charter), contract of affreightment or other contract or arrangement whatsoever, whether expressed or implied, in each case made or issued for or in connection with the service, use or operation of the Vessel, for the carriage of goods or passengers or for any other purpose whatsoever relating to the service, use or operation of the Vessel (such bills of lading, charter parties, contracts and arrangements, as amended or modified and in effect from time to time being hereinafter collectively called the "*Contracts*"), for or as charter hire, freight, demurrage or otherwise thereunder, or as compensation for the modification, termination or breach thereof and any proceeds of the foregoing, and all charter hire, rentals and other sums due and to become due thereunder or in connection therewith, including, without limitation, all rights and claims of Debtor as "Owner", now or hereafter existing, under any insurance, indemnities, warranties and guaranties provided for or arising out of or in connection with any charter of the Vessel, for any damages arising out of or for breach or default under or in connection with any charter, and all other amounts from time to time paid or payable under or in connection with any charter, and all rights and claims to terminate any charter and to exercise or enforce any and all covenants, remedies, powers and privileges thereunder and, all accounts and contract rights and all freights, hire and other monies earned and to be earned, due or to become due, or paid or payable to, or for the account of, Debtor, of whatsoever nature arising out of or as a result of the ownership and operation by Debtor or any of its agents of the Vessel, (B) all monies and claims for monies due and to become due to Debtor and all claims for damages arising out of the breach of any and all Contracts and in and to any and all claims and causes of action for money, loss or damages that may accrue or belong to Debtor, its respective successors or assigns, arising out of or in any way connected with the present or future use, operation or management of the Vessel or arising or in any way connected with any and all Contracts, (C) any and all monies and claims for monies, due or to become due to Debtor whether now existing or hereafter acquired, with respect to the actual or constructive total loss of or the requisition for use or requisition of title, by seizure, condemnation, confiscation, sequestration or compulsory

acquisition or otherwise, by act of any country or any governmental authority or otherwise, of the Vessel, and all claims for damages or compensation with respect thereto;

(iii)    (A) all policies and contracts of insurance (which expression includes all entries of the Vessel in one or more protection and indemnity and war risks associations) which are or have been from time to time taken out or entered into in respect of the Vessel or her earnings, including, but not limited to insurances on and with respect to all freight, charter hire and passage monies, remuneration for salvage and towage services, general average contributions, demurrage and detention monies and any other proceeds whatsoever of the Vessel due or which may become due to Debtor, or otherwise howsoever in connection with the Vessel, including, without limitation, insurance required to be placed on and with respect to the Vessel pursuant to the requirements of Section 19 of Article I of that certain first preferred ship mortgage, dated October 12, 2007, by and among Debtor, as mortgagor, and Secured Party as mortgagee, granting Secured Party a first preferred ship mortgage on the Vessel (all the foregoing, the "*Insurances*") whether now, previously, or hereafter effected, and all renewals of or replacements for the same, (B) all claims, returns of premium and other monies and claims for monies due and to become due under said Insurances or in respect of said Insurances, (C) all other rights of Debtor under or in respect of said Insurances;

(iv)    all records, computer tapes, discs, and other data however stored, ledger sheets, correspondence, invoices, delivery receipts, documents and instruments related to any of the foregoing; and

(v)    any proceeds of any of the foregoing.

# UNIFORM COMMERCIAL CODE FILING MEMORANDUM

## UNIFORM COMMERCIAL CODE FINANCING STATEMENT (FORM UCC-1)
### NAMING
### GILMORE SHIPPING CORP., AS DEBTOR
### AND
### KEYBANK NATIONAL ASSOCIATION, AS SECURED PARTY

| Name of Debtor | Jurisdiction | Filing Date | Filing Number | Expiration Date |
|---|---|---|---|---|
| Gilmore Shipping Corp. | District of Columbia | 10/15/2007 | 2007132050 | 10/15/2012 |

EMM-911497_1

# EXHIBIT G

# AMENDMENT NO. 1
# TO
# LETTER AGREEMENT

**AMENDMENT NO. 1** (this "*Amendment*"), dated as of May 14, 2009, by and between **GILMORE SHIPPING CORP.** (the "*Company*") and **KEYBANK NATIONAL ASSOCIATION** (the "*Bank*").

## RECITALS

A.     The Company and the Bank are parties to the Letter Agreement dated as of October 12, 2007 (as amended, modified or supplemented from time to time, the "*Letter Agreement*"). Unless otherwise defined herein, all capitalized terms used herein or in the Acknowledgement and Consent annexed hereto shall have the meanings ascribed to them in the Letter Agreement.

B.     The Company is the owner of the vessel "Global Precision", formerly registered under the flag of St. Vincent and the Grenadines, official number 9786, IMO number 7822146 (the "*Vessel*").

C.     The Company has advised the Bank that it desires to re-register the Vessel under Panamanian flag, and in connection therewith has provisionally registered the Vessel with the Panama Maritime Authority, official registration number 37641-PEXT. The Company has further advised the Bank that the Vessel requires drydocking for necessary maintenance and repairs and for continuation of its class certification, and the Company has requested that the Bank loan to the Company up to $500,000 to partially pay trade debt and to finance in part drydocking expenses.

D.     In connection with such re-registration and additional financing, the Company advised the Bank that it desires to amend the Letter Agreement and the other Loan Documents in certain respects.

E.     The Bank has advised the Company that it consents to the re-registration of the Vessel under Panamanian flag and that it is willing to provide the additional financing requested by the Company on and subject to the terms and conditions herein set forth and provided for, and to amend the Letter Agreement and the other Loan Documents on the terms and subject to the conditions set forth in this Amendment.

Accordingly, in consideration of the foregoing, the parties hereto hereby agree as follows:

AS EVIDENCE of the agreement by the parties hereto to the terms and conditions herein contained, each such party has caused this Amendment to be executed on its behalf.

GILMORE SHIPPING CORP.

By:
Name: BIJAN PAIKSIMA
Title: PRESIDENT

KEYBANK NATIONAL ASSOCIATION

By:
Name:
Title

AS EVIDENCE of the agreement by the parties hereto to the terms and conditions herein contained, each such party has caused this Amendment to be executed on its behalf.

**GILMORE SHIPPING CORP.**

By:_____

Name:_____

Title:_____

**KEYBANK NATIONAL ASSOCIATION**

By: _~~Richard B. Saulsbery, VP~~_

Name: _~~Richard B. Saulsbery~~_

Title _~~Vice President~~_

## ACKNOWLEDGEMENT AND CONSENT

Each of the undersigned Guarantors hereby (1) consents to the execution and delivery by the Company of the foregoing Amendment No. 1; (2) agrees that the definition of *"Obligations"* (and any other term referring to the indebtedness, liabilities and obligations of the Company to the Bank) in its Guarantee and the other Loan Documents to which it is a party shall include the Obligations of the Company under the foregoing Amendment No. 1; (3) reaffirms its continuing liability under its Guarantee (as modified hereby); (4) reaffirms that all Obligations of the Company under or in connection with the Letter Agreement as amended by the foregoing Amendment No. 1 are *"Obligations"* as that term is defined in its Guarantee; and (5) confirms and agrees that it a Guarantor and that its Guarantee is, and shall continue to be, in full force and effect in accordance with its terms.

GCL SHIPPING CORP.

By:
Name: BIZHAN PARSIMA
Title PRESIDENT

GLOBAL CONTAINER LINES LIMITED

By:
Name: KAZEM PARSIMA
Title PRESIDENT