| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT | Return Date December 22, 2009 |
| EASTERN DISTRICT OF NEW YORK | @ 2:00 p.m. |

---------------------------------------------------------x

In re:  Chapter 11

Global Container Lines, Ltd., et al.,

                                                        Case Nos. 09-78585(AST)
                                                                     09-78584 (AST)
                       Debtors.                           09-78589 (AST)
---------------------------------------------------------x.        09-78586 (AST)
                                                                     09-78587 (AST)
                                                                     09-78588 (AST)
                                                                     09-78590 (AST)

## NOTICE OF MOTION FOR AN ORDER GRANTING RELIEF FROM THE STAY OR ALTERNATIVELY FIXING A DATE FOR THE DEBTORS TO ASSUME OR REJECT LEASE AND RELATED RELIEF

Please take notice that upon the annexed application of Textainer Equipment Management U.S. Ltd ("Textainer") , by its attorneys, Rosenberg, Musso & Weiner, LLP, and the annexed affidavit of Richard G. Murphy, Vice-President, Risk Management, of Textainer, Textainer will move this Court before the Honorable Alan S. Trust, United States Bankruptcy Judge, at the United States Bankruptcy Court, 290 Federal Plaza, Central Islip, New York, Courtroom 960, on December 22, 2009 at 2:00 p.m., or as soon thereafter as counsel may be heard, for an order pursuant to 11 U.S.C. §362(d) vacating the automatic stay as to Textainer to allow Textainer to take all steps permitted by law to obtain possession of its containers on the grounds that the lease ("Lease") for the containers between Textainer and Global Container Lines Ltd. ("Global") was terminated pre-petition and that Global violated the Lease by failing to keep and maintain the containers, or alternatively, in the event that this Court determines that the Lease was not terminated, or that Global has a right to reinstate the Lease, for an order pursuant to 11 U.S.C. §365(d)(2) fixing a time within which Global must assume or reject the Lease, pursuant to 11 U.S.C. §363(e) prohibiting or conditioning Global's use of Textainer's

containers on payments of adequate protection to Textainer, pursuant to 11 U.S.C. §365(d)(5) directing Global to start payments to Textainer sixty days after the date the petition was filed, even if Global is not using Textainer's containers, and granting such other and further relief as is just and proper.

    Please take further notice that any response to the motion must be filed with the Court, with a copy to chambers, and served on the undersigned counsel to Textainer so as to be received at least four (4) days prior to the hearing date.

Dated: Brooklyn, New York                  ROSENBERG, MUSSO & WEINER, LLP
      December 7, 2009                          Attorneys for the Textainer


                                               By:   /s/
                                                   Bruce Weiner (BW 4730)
                                                   26 Court Street, Suite 2211
                                                   Brooklyn, New York 11242
                                                   (718) 855-6840

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
In re:                                                          Chapter 11

Global Container Lines, Ltd., et al.,
                                                                Case Nos. 09-78585(AST)
                                                                              09-78584 (AST)
                      Debtors.                                                09-78589 (AST)
-------------------------------------------------------x.                     09-78586 (AST)
                                                                              09-78587 (AST)
                                                                              09-78588 (AST)
                                                                              09-78590 (AST)

## APPLICATION IN SUPPORT OF MOTION

Textainer Equipment Management U.S. Ltd ("Textainer"), by its attorneys, Rosenberg Musso & Weiner, in support of its motion for an order pursuant to 11 U.S.C. §362(d) vacating the automatic stay as to Textainer to allow Textainer to take all steps permitted by law to obtain possession of its containers on the grounds that the lease ("Lease") for the containers between Textainer and Global Container Lines Ltd. ("Global") was terminated pre-petition and that Global violated the Lease by failing to keep and maintain the containers, or alternatively, in the event that this Court determines that the Lease was not terminated, or that Global has a right to reinstate the Lease, for an order pursuant to 11 U.S.C. §365(d)(2) fixing a time within which Global must assume or reject the Lease, pursuant to 11 U.S.C. §363(e) prohibiting or conditioning Global's use of Textainer's containers on payments of adequate protection to Textainer, pursuant to 11 U.S.C. §365(d)(5) directing Global to start payments to Textainer sixty days after the date the petition was filed, even if Global is not using Textainer's containers, and granting such other and further relief as is just and proper, respectfully represents:

## BACKGROUND

1. On November 10, 2009 (the "Filing Date"), Global and the other above-captioned debtors and debtors-in-possession ("Debtors") filed voluntary petitions for relief in this Court pursuant to Chapter 11, title 11 of the United States Code (the "Bankruptcy Code").

2. By order dated November 17, 2009, the Debtors' cases are being jointly administered for procedural purposes only.

3. By lease dated April 22, 1992, and schedules thereto (the "Lease"), Textainer leased containers to Global. A copy of the Lease is annexed as Exhibit A. Paragraph 11 of the Lease states that "the Lease shall not be deemed a sale or anything other than a lease for any purpose." The Lease, therefore, is not a disguised installment purchase agreement or a disguised security agreement. Nothing in the Lease gives Global the right to purchase any of the containers and at all times, title to all containers leased by Textainer remained in Textainer. Schedule B filed by Global in this case does not schedule Textainer's containers as personal property of Global. Schedule G filed by Global states that the Lease is a container lease and not a conditional sales contract.

4. Paragraph 14(a)(i) states that failure to pay lease payments to Textainer on the date when due is an event of default under the Lease. Paragraph 14(b) states that upon the occurrence of any event of default Textainer may exercise various remedies, including pursuant to 14(b)(ii) terminating the Lease. As can be seen from the annexed affidavit of Richard G. Murphy, Vice-President Risk Management of Textainer, Global defaulted under the Lease by failing to pay invoices going back to May 31, 2009. A statement of Global's account with Textainer is annexed as Exhibit B. By letter dated November 9, 2009, Textainer terminated the Lease. A copy of the termination letter is annexed as Exhibit C. As of the Filing Date, Global

owed Textainer $164,633.15 in unpaid invoices.

BASIS FOR THE RELIEF REQUESTED

5. Where a lease is terminated pre-petition, the lessor under the lease is entitled to relief from the automatic stay. *See, In re Syndicom*, 268 B.R. 26 (Bankr. S.D.N.Y. 2001). If a lessor terminates a lease prior to the bankruptcy filing, the terms of the lease and state law control whether the lease is in effect after the filing date. *In re Southeastern Farm Supply, Inc.*, 11 b.r. 89 (Bankr. M.D. Ala. 1981). Contracts terminated prior to filing are not property of the bankruptcy estate, *In re Southhold Development Corp.*, 134 B.R. 705 (E.D.N.Y. 1991), and the debtor's right to performance under the terminated contract has expired. *Welborn v. Ruegsegger (In re Welborn)*, 75 B.R. 243 (Bankr. D.Mont. 1987). A debtor cannot assume a terminated contract or lease. *Vanderpark Properties, Inc. v. Buchbinder (In re Windmill Farms, Inc.)*, 841 F.2d 1467, 1469 (9th Cir. 1988).

6. In this case, Textainer terminated the Lease prior to the Filing Date. Nothing in the Lease, or, upon information and belief, California law, gives Global the right to reinstate the Lease. As of the Filing Date, Global did not have any right to use Textainer's containers and it does not have the right to assume the Lease and cure the defaults to Textainer. The Lease is not property of Global's bankruptcy estate. The Lease is not an installment sales contract or a disguised security agreement, and Global has no equity in the containers. Because of the automatic stay, Textainer, cannot re-lease its containers to another lessee, and storage and other charges for the containers from the depots and terminals holding the containers continue to accrue. Textainer's pre-petition termination of the Lease is cause for vacating the stay.

7. Additionally, as directed to by this Court, Global supplied Textainer with a list of Textainer's containers that Global had in its possession. A copy of the list is annexed as Exhibit

D. As can be seen from the annexed list and the affidavit of Richard Murphy, Textainer leased 662 containers to Global and Global reports that 335 of those containers (approximately 51%) are either lost or sold. Annexed as Exhibit E is Mr. Murphy's summary of the list supplied by Global. Textainer is concerned that more of its containers will be lost, sold, or stolen if it cannot obtain possession of its containers. Paragraph 9 of the Lease states that Global shall maintain the containers in good order and repair. Paragraph 10 of the Lease makes Global responsible for all loss and damage to the containers, including replacement value for all containers lost or stolen. Because more than half of the containers leased to Global have been lost or sold, Global violated the Lease by failing to keep and maintain the containers. Global's failure to keep and maintain the containers is cause for vacating the stay. Textainer is harmed by the continuation of the stay. Consequently, Textainer is entitled to relief from the stay for cause pursuant to Bankruptcy Code Section 362(d)(1) and Textainer should be permitted to talk all steps permitted by law to obtain its containers.

8. Alternatively, in the event that this Court determines that the Lease was not terminated pre-petition, or that Global has a right to reinstate the Lease, Textainer requests that pursuant to Bankruptcy Code Section 365(d)(2) this Court fix a time within which Global must assume or reject the Lease, pursuant to Bankruptcy Code Section 363(e) condition Global's use of Textainer's containers on payments of adequate protection to Textainer, and pursuant to Bankruptcy Code Section §365(d)(5) direct Global to start payments to Textainer sixty days after the date the petition was filed, January 9, 2010, even if Global is not using Textainer's containers. In its papers filed in connection with the motion for debtor-in-possession financing, Global indicated that it is "restructuring" its business by reducing "liner service." It appears from the restructuring, that Global is not using Textainer's containers in its business operations.

It is not clear whether that change is temporary or permanent. At the same time, lease payments under the Lease accrue at the rate of $882.30 per day and storage and other charges for the containers from the depots and terminals holding the containers also continue to accrue. Textainer requests that Global decide whether it intends to use Textainer's containers and that this Court fix a time within which Global must assume or reject the Lease.

9. If Global is using Textainer's containers, Textainer is entitled to be paid for such use and Global must pay the storage and other charges, all of which are responsibility of Global. Bankruptcy Code Section 363(e) states that the bankruptcy court may prohibit or condition the trustee's (debtor-in-possession's) use of leased property as is necessary to provide the lessor with adequate protection. Pursuant to Section 363(e), Textainer requests that the Court prohibit Global from using its containers unless it provides adequate protection to Textainer in the form of lease payments and payment of all storage and other charges to the depots and terminals. Bankruptcy Code Section 365(d)(5) states that a lessor of personal property is entitled to payment under its lease sixty days after filing even if the trustee (debtor-in-possession) is not using the lease property and even if the leased property is not beneficial to the estate. Textainer requests that this Court direct Global as of January 9, 2010, sixty days after the Filing Date, to commence making lease payments to Textainer in the amount provided for in the Lease.

WHEREFORE, the Textainer respectfully requests that this Court vacate the automatic stay as to Textainer to allow Textainer to take all steps permitted by law to obtain possession of its containers, or, alternatively, in the event that this Court determines that the Lease was not terminated, or that Global has a right to reinstate the Lease, fix a time within which Global must assume or reject the Lease, prohibit or condition Global's use of Textainer's containers on payments of adequate protection to Textainer, direct Global to start payments to Textainer sixty

days after the date the petition was filed, even if Global is not using Textainer's containers, and grant such further relief as is just and proper.

Dated: Brooklyn, New York           ROSENBERG, MUSSO & WEINER, LLP
       December 7, 2009                 Attorneys for the Textainer


By: /s/
   Bruce Weiner (BW 4730)
   26 Court Street, Suite 2211
   Brooklyn, New York 11242
   (718) 855-6840

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
In re:                                              Chapter 11

Global Container Lines, Ltd., et al.,

                                                                Case Nos. 09-78585(AST)
                                                                              09-78584 (AST)
                          Debtors.                     09-78589 (AST)
-------------------------------------------------------x.       09-78586 (AST)
                                                                                  09-78587 (AST)
                                                                                  09-78588 (AST)
                                                                                  09-78590 (AST)

**AFFIDAVIT OF RICHARD G. MURPHY IN
SUPPORT OF TEXTAINER'S MOTION FOR RELIEF
FROM THE STAY AND RELATED RELIEF**

STATE OF CALIFORNIA)
COUNTY OF              ) ss.

       Richard G. Murphy, being duly sworn, deposes and says:

       1.       I am the Vice-President Risk Management of Textainer Equipment Management U.S. Ltd ("Textainer") and I make this affidavit in support of Textainer's motion to vacate the automatic stay as to Textainer to allow Textainer to take all steps permitted by law to obtain possession of its containers, or, alternatively, in the event that this Court determines that the its lease (the "Lease") with Global Container Lines, ltd. ("Global") was not terminated, or that Global has a right to reinstate the Lease, to fix a time within which Global must assume or reject the Lease, to prohibit or condition Global's use of Textainer's containers on payments of adequate protection to Textainer, and to direct Global to start payments to Textainer sixty days after the date the petition was filed, even if Global is not using Textainer's containers.

       2.       In my capacity as Vice-President Risk Management, I work in Textainer's Legal and Credit Department, and I am fully familiar with Textainer's account with Global and with the

Lease. Global has failed to pay invoices to Textainer for invoices from May 31, 2009 through the present. A statement of Global's account with Textainer listing the unpaid invoices is annexed as Exhibit B. As can be seen from the statement, as of the Filing Date, Global owed Textainer $164,633.15, and charges under the Lease are accruing at $882.30 per day since the Filing Date.

3. Global has been chronically late in its payments to Textainer and we have sent many requests to Global for payment of the invoices. Because Global failed to pay the invoices, on November 9, 2009, I sent a letter to Global by facsimile terminating the Lease as permitted by paragraph 14 of the Lease, and demanding return of our containers. A copy of my letter is annexed as Exhibit C. Once Textainer terminates a lease, the lessee has no further rights to the leased containers and must return those containers to Textainer. Any further action by Textainer was stayed by the bankruptcy filing on November 10, 2009.

4. After the Filing Date, Textainer received from Global a list of the containers that it is or has been using. A copy of the list is annexed as Exhibit D. I reviewed the list and prepared a summary, which is annexed as Exhibit E. As can be seen from the list and summary, of the 662 containers leased by Textainer to Global, Global lists 335 as lost or sold, approximately 51% of the containers leased by Textainer. Global's failure to keep and maintain the containers is a violation of the Lease. Textainer is concerned that if it cannot obtain possession of its containers, more will be lost, sold, or stolen. Further, we have received no indication from Global or the depots and terminals where the containers are that Global is paying storage and other charges for the containers. Payments under the Lease accrue at the rate of $882.30 per day, billed on the last date of each month, and storage and other charges also continue to accrue.

5. Textainer is harmed by the continuation of the stay and requests that this Court vacate the stay as to permit Textainer to obtain its containers. In the event that this Court

determines that the Lease was not terminated, or can be reinstated, Textainer requests that this Court fix a time within which Global must assume or reject the Lease, prohibit or condition Global's use of Textainer's containers on payments of adequate protection to Textainer, and direct Global to start payments to Textainer sixty days after the date the petition was filed, even if Global is not using Textainer's containers. If Global has the right to use our containers, and is using them to generate income, it should pay us for the containers. If Global no longer intends to use our containers in its business, it should so state, reject the Lease, and return the containers.

                                              /s/
                                        RICHARD G. MURPHY

Sworn to before me this
7th day of December 2009

   /s/
Notary Public