Hearing Date and Time:  December 22, 2009 at 2:00 p.m.
Objection Date and Time: December 18, 2009 at 4:00 p.m.

CULLEN AND DYKMAN LLP
100 Quentin Roosevelt Boulevard
Garden City, New York 11530
(516) 357-3700
Matthew G. Roseman, Esq. (MR 1387)
C. Nathan Dee, Esq.  (CD 9703)

Proposed Attorneys for Debtors and Debtors-in-Possession

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x

In re:                                              Chapter 11

GLOBAL CONTAINER LINES LTD., et al.,     Case Nos.  09-78585 (AST)
                                                    09-78584 (AST)
                                                    09-78589 (AST)
                                                    09-78586 (AST)
                                                    09-78587 (AST)
                                                    09-78588 (AST)
                                                    09-78590 (AST)

                         Debtors.
-------------------------------------------------------x

PLEASE TAKE NOTICE that on December 22, 2009 at 2:00 P.M., or as soon thereafter

as counsel can be heard, Global Container Lines Ltd., et al., debtors and debtors-in-possession in

the above-captioned bankruptcy cases (the "Debtors")[1], by and through their proposed

undersigned counsel will move (the "Motion") before the Honorable Alan S. Trust, United States

Bankruptcy Judge, in the United States Bankruptcy Court for the Eastern District of New York,

located at 290 Federal Plaza, Courtroom 960, Central Islip, New York, 11722 for an Order

pursuant to Sections 105 and 365 of the United States Bankruptcy Code and Rules 6006 of the

Federal Rules of Bankruptcy Procedure authorizing the Debtors reject certain unexpired

equipment leases all as more fully set forth in the Motion attached hereto.

---

[1]   The Debtors in these chapter 11 cases are: Global Container Lines, LTD, Shiptrade, Inc., GCL Shipping Corp,
Redstone Shipping Corp., Gilmore Shipping Corp., Global Progress, LLC and Global Prosperity, LLC.

PLEASE TAKE FURTHER NOTICE, that a copy of the Motion is available for inspection during normal business hours at the office of the Clerk of the United States Bankruptcy Court located at 290 Federal Plaza, Central Islip, New York, 11722, or may be obtained by contacting the undersigned counsel.

PLEASE TAKE FURTHER NOTICE, objections to the Debtors' Motion, if any, shall be filed as follows: (A) (i) through the Bankruptcy Court's electronic filing system in accordance with General Order N-182, which may be accessed through the internet at the Bankruptcy Court's website: www.nyeb.uscourts.gov using Netscape Navigator software version 3.0 or higher; (ii) portable document format (PDF) using Adobe Exchange software for conversion; or (B) for parties unable to file electronically, such parties shall file the objection in PDF format on a diskette in an envelope with a case name, case number, type and title of document, document number to which the objection refers, and the file name on the outside of the envelope; or (C) for parties unable to file electronically or use PDF format, those parties shall submit the objection on diskette in either Word, Word Perfect of DLS text (ASCII) format. An objection filed by a party with no legal representation shall comply with section (B) or (C) as set forth in this paragraph.

PLEASE TAKE FURTHER NOTICE that a hard copy of an objection, if any, (a) shall be delivered directly to chambers of the Honorable Alan S. Trust located at 290 Federal Plaza, Courtroom 960, Central Islip, New York, 11722 on or before December 18, 2009 at 4:00 p.m. and (b) shall also be served upon (i) Debtors' proposed counsel, Cullen and Dykman LLP, 100 Quentin Roosevelt Boulevard, Garden City, New York 11530, Attention: Matthew G. Roseman, Esq.; (ii) the Office of the United States Trustee, 290 Federal Plaza, Central Islip, New York, 11722, Attention: Stan Yang, Esq.; (c) counsel to National Bank of Pakistan, Watson, Farley & Williams LLP, 1133 Avenue of the Americas, 11th Floor, New York, New York, 10036 , Attn:

Alfred E. Yudes, Jr. and (d) filed with the Clerk of the Bankruptcy Court located at 290 Federal

Plaza, Courtroom 960, Central Islip, New York, 11722 so as to be received no later than

December 18, 2009 at 4:00 p.m.


Dated: Garden City, New York
          December 7, 2009

                                        CULLEN AND DYKMAN LLP
                                        Proposed Counsel for Debtors and Debtors in
                                        Possession


                                        By      /s/ C. Nathan Dee_____
                                               Matthew G. Roseman (mr1387)
                                               C. Nathan Dee (CD 9703)
                                               100 Quentin Roosevelt Boulevard
                                               Garden City, New York 11530
                                               (516) 296-9106

> **Parties Receiving Copies Of This Motion Should Locate Their Names And Their Contracts Or Leases Listed On Exhibit A To The Motion**

Hearing Date:  December 22, 2009 at 2:00 p.m.
Objection Date:  December 18, 2009 at: 4:00 p.m.

Cullen and Dykman LLP
100 Quentin Roosevelt Boulevard
Garden City, New York 11530
(516) 357-3700
Matthew G. Roseman, Esq. (MR 1387)
C. Nathan Dee, Esq.  (CD 9703)

Proposed Attorneys for Debtors and Debtors-in-Possession

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------x
In re:                                              Chapter 11

GLOBAL CONTAINER LINES LTD., et al.,     Case Nos.  09-78585 (AST)
                                                     09-78584 (AST)
                                                     09-78589 (AST)
                                                     09-78586 (AST)
                                                     09-78587 (AST)
                                                     09-78588 (AST)
                                                     09-78590 (AST)

                        Debtors.
--------------------------------------------------------x   (Jointly Administered)

## OMNIBUS MOTION FOR AN ORDER PURSUANT TO SECTIONS 105 AND 365 OF THE UNITED STATES BANKRUPTCY CODE AND RULE 6006 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE AUTHORIZING THE REJECTION OF A CERTAIN EXECUTORY CONTRACTS AND/OR CONTAINER LEASESES

TO:    THE HONORABLE ALAN S. TRUST,
       UNITED STATES BANKRUPTCY JUDGE:

Pursuant to 11 U.S.C. §§ 105 and 365 of the United States Bankruptcy Code (the "Bankruptcy Code"), and Rule 6006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Global Container Lines Ltd., et al., the debtors and debtors-in-possession in the above-captioned bankruptcy cases (the "Debtors")[1], by their proposed attorneys Cullen

---

[1]  The Debtors in these chapter 11 cases are: Global Container Lines, LTD, Shiptrade, Inc., GCL Shipping Corp,

and Dykman LLP, hereby move for entry of an Order authorizing the Debtors to reject the unexpired executory contracts and leases set forth on Exhibit A attached hereto.   In further support thereof, the Debtors respectfully aver as follows:

## I.    FACTUAL BACKGROUND

1.    On November 11, 2009 (the "Petition Date"), the Debtors filed voluntary petitions for relief under  the Bankruptcy Code in the United States Bankruptcy Court for the Eastern District of New York (the "Court").

2.    The Debtors remain in possession of their property and continue in the operation and management of their businesses as debtors-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

3.    By Order dated on or about November 13, 2009, the Court authorized the joint administration of the Debtors' Chapter 11 cases pursuant to Rule 1015(b) of the Bankruptcy Rules.

4.    No official committee of unsecured creditors has yet been appointed by the Office of the United States Trustee in these cases.

5.    Simultaneously with the filing of their petitions, the Debtors filed the Affidavit of Bijan Paksima pursuant to Local Bankruptcy Rule 1007-4 (the "Paksima Affidavit").

6.    As discussed in more detail in the Paksima Affidavit, the Debtors operate in a highly competitive global industry that has been severely impacted by the sustained global recession that has caused the Debtors' business fundamentals to deteriorate.

7.    The Debtors anticipate utilizing the Chapter 11 process to restructure their operations.  Accordingly, Debtors have made plans to retrench and introduce changes into their

---

Redstone Shipping Corp., Gilmore Shipping Corp., Global Progress, LLC and Global Prosperity, LLC.

business models seeking to streamline their operations to achieve greater profitability.  A major component of this reorganization will be placing a greater emphasis on GCL's profitable "projects" business with the United Nations (the "UN") and reducing GCL's "liner service" until such time as the current shipping market environment improves.

## II.    JURISDICTION AND VENUE

8.    This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## III.    THE CONTAINER LEASES

9.    Prior to the Petition Date, the Debtors had entered into a number of lease agreements and conditional sales contracts (the "Leases") with certain container lessors to lease shipping containers to use in the Debtors' liner business to ship cargo.  A list of Leases that are subject to this Motion is attached hereto as Exhibit A.   As part of their reorganization efforts, the Debtors intend to restructure their business operations around their UN projects business and substantially reduce their liner business.  In that regard, the Debtors no longer require the containers that are subject to the Leases.

## IV.    RELIEF REQUESTED

10.    Section 365(a) of the Bankruptcy Code provides that "[t]he trustee, subject to the court's approval, may assume or reject any executory contract or unexpired lease of the Debtors...."  11 U.S.C. § 365(a).

11.    The bankruptcy courts have applied a business judgment test, requiring that a "sound business reason" exist to support a debtor's request to reject executory contracts or unexpired leases.  See N.L.R.B. v. Bildisco & Bildisco, 465 U.S. 513, 523 (1984)(recognizing

the "business judgment" standard used to approve rejection of executory contracts"); see also COR Route 5 Co. v. Penn Traffic Co., (In re Penn Traffic Co.) 524 F.3d 373 (2d Cir 2008)(courts employ the business judgment standard in determining whether to permit the debtor to assume or reject the contact). In that regard, in order to demonstrate the sound exercise of their business judgment, the Debtors must show that their proposed rejection of the Leases is in the best interest of their respective estates.

12.    As set forth further herein, the Debtors seek the entry of an order authorizing the Leases rejection effective as of the date of an Order approving the Motion because the Leases provide no benefit to the Debtors' estates. In fact, the Debtors' could incur obligations to their counterparties under the Leases during a period when the Debtors are actively seeking to substantially reduce their liner operations in order to in a position to propose a plan of reorganization centered upon the UN project side of their business. Moreover, the Debtors are not receiving a benefit under the Leases they are seeking to reject because the Debtors are not currently using the containers subject to the Leases to transport any cargo. Accordingly, the Debtors have determined, in their business judgment, that the immediate rejection of the Leases will eliminate an additional financial burden on the Debtors to the benefit of the Debtors' respective estates and creditors.

13.    The Debtors further request that any party who asserts a claim arising out of the rejecting of the Leases be required to file a proof of claim on or before the first business day that is thirty (30) calendar days from date of the entry on the Court's Order[2] granting the Motion.

## V.    NOTICE

14.    The Debtors shall provide notice of this Motion to (a) the Office of the United

---

[2]  A copy of the Debtors proposed Order granting the Motion is attached hereto as Exhibit C.

4

States Trustee for the Eastern District of New York; (b) the Debtors respective top twenty

creditors; (c) counsel to National Bank of Pakistan, (d) counterparties to the Leases and (e) all

parties and/or entities that have formally requested notice and service of pleadings pursuant to

Bankruptcy Rule 2002 and the Local Bankruptcy Rules. The Debtors submit that no further

notice of Motion need be provided given the relief requested herein.

15.     Since there are no new novel issues of law in question, the Debtors request that

the requirement to submit a supporting memorandum of law pursuant to Local Rule 9013-1(b) be

waived.

**WHEREFORE,** the Debtors respectfully request that the Court enter an Order:

(i)     Pursuant to Sections 105 and 365 of the Bankruptcy Code, authorizing the rejection of the Lease effective as of the date of the entry of an Order granting the Motion;

(ii)    Finding notice of the Motion was proper and sufficient; and

(iii)   Granting such other relief as is just and proper.

Dated: Garden City, New York
       December 7, 2009

                          CULLEN AND DYKMAN LLP
                          Proposed Attorneys for Debtor and Debtors -in-
                          Possession


                          By:   /s/ C. Nathan Dee
                              Matthew G. Roseman (MR 1387)
                              C. Nathan Dee (CD 9703)
                              100 Quentin Roosevelt Boulevard
                              Garden City, New York 11530
                              (516) 357-3700

**Exhibit A**

**Exhibit A- Container Leases**

| Contract Number | Contract Counterparty | Address | Debtor Entity | Contract Description | Contract Date | Additional Notice (if any) |
|---|---|---|---|---|---|---|
| NAML3211 | Textainer Equipment Management, (U.S) Limited | 650 California Street, 16th Fl, San Francisco, CA 94108 | Global Container Lines, Ltd | Equipment Lease | Lease Schedules dated March 6, 2000 and Master Lease Agreement dated April 22, 1992 | |
| WAMM3137 | Textainer Equipment Management, (U.S) Limited | 650 California Street, San Francisco, 16th Fl, CA 94108 | Global Container Lines, Ltd | Equipment Lease | | |
| MGCL10M | TransAmerica Leasing | 100 Manhattanville Road, Purchase, NY 10577 | Global Container Lines, Ltd | Equipment Service Lease | July 1, 2004 | |
| GCLG5 | TransAmerica Leasing | 100 Manhattanville Road, Purchase, NY 10577 | Global Container Lines, Ltd | Equipment Service Lease | | |
| GCL5001 | TransAmerica Leasing | 100 Manhattanville Road, Purchase, NY 10577 | Global Container Lines, Ltd | Equipment Service Lease | | |
| GCL5002 | TransAmerica Leasing | 100 Manhattanville Road, Purchase, NY 10577 | Global Container Lines, Ltd | Equipment Service Lease | | |
| GCL5004 | TransAmerica Leasing | 100 Manhattanville Road, Purchase, NY 10577 | Global Container Lines, Ltd | Equipment Service Lease | | |
| GCL5005 | TransAmerica Leasing | 100 Manhattanville Road, Purchase, NY 10577 | Global Container Lines, Ltd | Equipment Service Lease | | |

| 001349 | GESEACO a/k/a GE Sea Co Services, LTD | Sea Containers House, 20 Upper Ground, London SE1 9PF, England | Shiptrade, Inc. | Equipment Lease | April 1, 1999 | |
| S54902/STL D20150 | GESEACO a/k/a GE Sea Co Services, LTD | Sea Containers House, 20 Upper Ground, London SE1 9PF, England | Shiptrade, Inc. | Equipment Lease | June 18, 2999 | |
| 003729 | GESEACO a/k/a GE Sea Co Services, LTD | Sea Containers House, 20 Upper Ground, London SE1 9PF, England | Shiptrade, Inc | Equipment Lease | | |
| GCOL 100 | Container Applications Limited | Suite 102, Corporate Centre, Bush Hill, Bay Street, St. Michael, Barbados, West Indies | Global Container Lines, LTD | Master Lease Agreement | February 1, 2008 | |