UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x

|  |  |
|---|---|
|  | Chapter 11 |
| In re: | Case No. 09-78585 |
| GLOBAL CONTAINER LINES LTD., *et al.* | (Jointly Administered with 09-78584 |
|  | Case Nos. through 09-78590) |
| Debtors. Jointly Administered |  |

------------------------------------------------------------------x

PLEASE TAKE NOTICE that on December 22, 2009 at 2:00 P.M., or as soon thereafter

as counsel can be heard, Seacastle Container Leasing LLC will move (the "Motion") before the

Honorable Alan S. Trust, United States Bankruptcy Judge, in the United States Bankruptcy Court

for the Eastern District of New York, located at 290 Federal Plaza, Courtroom 960, Central Islip,

New York, 11722 for an Order requiring Debtor to turn over Seacastle's containers or in the

alternative for adequate protection, as more fully set forth in the Motion attached hereto.

PLEASE TAKE FURTHER NOTICE, that a copy of the Motion is available for

inspection during normal business hours at the office of the Clerk of the United States

Bankruptcy Court located at 290 Federal Plaza, Central Islip, New York, 11722, or may be

obtained by contacting the undersigned counsel.

PLEASE TAKE FURTHER NOTICE, objections to the Motion, if any, shall be

filed as follows: (A) (i) through the Bankruptcy Court's electronic filing system in accordance

with General Order N-182, which may be accessed through the internet at the Bankruptcy

Court's website: www.nyeb.uscourts.govusing Netscape Navigator software version 3.0 or

higher; (ii) portable document format (PDF) using Adobe Exchange software for conversion; or

higher; (ii) portable document format (PDF) using Adobe Exchange software for conversion; or

(B) for parties unable to file electronically, such parties shall file the objection in PDF format on

a diskette in an envelope with a case name, case number, type and title of document, document

number to which the objection refers, and the file name on the outside ofthe envelope; or (C) for

parties unable to file electronically or use PDF format, those parties shall submit the objection on

diskette in either Word, Word Perfect ofDLS text (ASCII) format. An objection filed by a party

with no legal representation shall comply with section (B) or (C) as set forth in this paragraph.

PLEASE TAKE FURTHER NOTICE that a hard copy of an objection, if any, shall be

delivered directly to chambers ofthe Honorable Alan S. Trust located at 290 Federal Plaza,

Courtroom 960, Central Islip, New York, 11722 on or before December 18, 2009 at 4:00 p.m. and

filed with the Clerk of the Bankruptcy Court located at 290 Federal Plaza, Courtroom 960, Central

Islip, New York, 11722 so as to be received no later than December 18, 2009 at 4:00 p.m.

Dated: December 7, 2009.

/s/ J. Stephen Simms
J. Stephen Simms
Simms Showers LLP
20 South Charles Street
Suite 702
Baltimore, Maryland 21201
Telephone 410-783-5795
Facsimile 410-510-1789
jssimms@simmsshowers.com

Counsel for Creditor Seacastle Container Leasing
LLC ("Seacastle")

## CERTIFICATE OF SERVICE

I hereby certify that on December 7, 2009 I caused the foregoing to be filed on the Court's

CM/ECF system for service on all record counsel and the United States Trustee.


/s/ J. Stephen Simms

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------x

|  |  |
|---|---|
| In re: | Chapter 11 |
| GLOBAL CONTAINER LINES LTD., *et al.* | Case No. 09-78585 |
|  | (Jointly Administered with 09-78584 |
|  | Case Nos. through 09-78590) |
| Debtors. Jointly Administered |  |

---------------------------------------------------------------x

### SEACASTLE CONTAINER LEASING LLC MOTION
### PURSUANT TO 11 U.S.C. §§ 541 AND 365
### FOR SURRENDER OF WRONGFULLY-HELD
### OCEAN CONTAINERS, OR, IN THE ALTERNATIVE,
### FOR ADEQUATE PROTECTION OR TO
### <u>LIFT THE AUTOMATIC STAY</u>

**Seacastle Terminated its Leases Pre-Petition.**
**<u>Global Has No Right to Hold or Control Seacastle's Containers</u>**

Debtor Global Container Lines, Ltd. (Global) wrongfully holds or controls some 956 ocean containers that Global had leased from Seacastle Container Leasing LLC ("Seacastle"). The value of these containers exceeds $800,000.

Because of Global's extreme failure to pay amounts due under the lease, Seacastle terminated its container lease (well before Global's November 10, 2009 petition filing), by September 23, 2009 letter (Exhibit A hereto). Seacastle demanded return of all of its formerly-leased containers. It is undisputed that Global received this termination letter, on or about September 23, 2009.

Then, on October 8, 2009, Seacastle (through its counsel) wrote Global, again (by fax), confirming again the September 23, 2009 termination and again demanding return to Seacastle of all

containers.  It also is undisputed that Global received this fax.[1]

Global refused to provide Seacastle with the location of any Seacastle containers, so that Seacastle could begin to recover the containers.  Seacastle therefore on October 8, 2009, brought sued Global in the United States District Court, Southern District of New York (Complaint, Exhibit C hereto), requesting emergency relief, requiring Global to provide Seacastle with the locations of the containers, so that Seacastle could recover them, after Seacastle had terminated its lease.  The Court on November 4, 2009 ordered this emergency relief (Exhibit D hereto); Seacastle on November 5, 2009 hand-served on Global, the Order and complaint.  Global on the late afternoon of Friday, November 6, 2009, provided the list, acknowledging the Court's Order.

There consequently is no fair argument, that Global did not before its November 10. 2009 petition filing, receive notice that Seacastle had terminated the leases, including, but not limited to, by hand delivery upon Global on November 5, 2009 of the United States District Court, Southern District of New York complaint, and Order.

Seacastle's terminated leases with Global are Exhibit E hereto.  Through September 14, 2009, Global owes Seacastle $360,648.00 in past due rental fees and interest accrued thereon. Interest continues to accrue on the past due amounts at the rate of 1.5% per month.  The leases expressly provide, that Global obtains no rights to the containers until Global makes all payments due under them (which, Global admittedly failed to do, thus, the pre-petition lease termination and demand for return of all leased equipment).

Given that Seacastle terminated the leases pre-petition, any Global claims of "equity" in the

---

[1]     Global's present counsel, also was acting for Global by at least October 15, 2009 and also for Global, acknowledged, by letter, Global's receipt of Seacastle's October 8,. 2009 fax.

leases (the leases were purchase leases) is immaterial, especially considering the leases' explicit

language. Nevertheless, as a protective matter, Seacastle also filed UCC-1 statements (in

Delaware, District of Columbia and New York) covering the leased equipment.

### This Court Should Order Global Immediately to Release and Return All Seacastle Containers

Global has no right to continue to possess or control the Seacastle containers. This Court

accordingly should order Global immediately to release and return them, and pay as an

administrative expense the rental for all containers used, including all lost or sold, post-petition.

### Alternatively, this Court Should Require Global to Adequately Protect Seacastle, or Failing that, to Lift the Automatic Stay Allowing Seacastle to Reclaim its Containers

If the leases somehow remain effective, which they do not, Seacastle is at the very least the

holder of perfected security interests in the containers. The containers are spread, or being spread

by Global and its agents, all over East Africa, and otherwise are sitting (at Global's direction) in

depots and terminals, continually accruing unpaid storage and other charges. Seacastle is

inadequately protected, and this Court -again, if somehow the leases remain effective, and this

Court does not order Global to immediately release and return to Seacastle all Seacastle containers

- therefore should order Global to provide Seacastle with adequate protection. That adequate

protection must include a deposit held against the containers' value, in case of failure to return, and

further, against unpaid, post-petition amounts due on the Seacastle leases.

WHEREFORE, Seacastle respectfully requests that this Court order as follows:

(1)    Declaring that inasmuch as Debtor's leases with Seacastle were properly
terminated bybefore the filing of Debtor's petition, there were no existing leases at the time of the
petition filing and therefore no interest in such leases could be part of Debtor's estate;

(2)    Directing that Debtor cease using Seacastle's containers and return them to Seacastle;

(3)    Directing Debtor to immediately state with detail the locations of Applicant's containers and provide a full accounting of its use of Applicant's containers since the Leases were terminated;

(4)    Entering other and further proper relief in Seacastle's favor.

Dated: December 7, 2009.


Respectfully Submitted,

/s/ J. Stephen Simms
J. Stephen Simms
Simms Showers LLP
20 South Charles Street
Suite 702
Baltimore, Maryland 21201
Telephone 410-783-5795
Facsimile 410-510-1789
jssimms@simmsshowers.com

Counsel for Creditor Seacastle Container Leasing
LLC ("Seacastle")


## CERTIFICATE OF SERVICE

I hereby certify that on December 7, 2009 I caused the foregoing to be filed on the Court's

CM/ECF system for service on all record counsel and the United States Trustee.


/s/ J. Stephen Simms