CULLEN AND DYKMAN, LLP
100 Quentin Roosevelt Boulevard
Garden City, NY 11530
(516)357-3700
Matthew G. Roseman, Esq. (MR 1387)
C. Nathan Dee (CND 9703)
Bonnie L. Pollack, Esq. (BP 3711)

Proposed Attorneys for Global Container Lines Ltd., et al.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In re:                                    Chapter 11

GLOBAL CONTAINER LINES LTD., et al.,      Case Nos. 09-78585 (AST)
                                                    09-78584 (AST)
                                                    09-78589 (AST)
                                                    09-78586 (AST)
                                                    09-78587 (AST)
                                                    09-78588 (AST)
                                                    09-78590 (AST)

                    Debtors.
------------------------------------------------------------x

## DEBTORS' APPLICATION PURSUANT TO SECTIONS 327(a) AND 328(a) OF THE BANKRUPTCY CODE FOR AUTHORITY TO EMPLOY FARBER, BLECHT, EYERMAN & HERZOG, LLP AS THEIR ACCOUNTANTS

TO ALAN S. TRUST, UNITED STATES BANKRUPTCY JUDGE:

The application (the "Application") of Global Container Lines, Ltd. ("Global"), Shiptrade, Inc. ("Shiptrade"), GCL Shipping Corp. ("GCL"), Redstone Shipping Corp. ("Redstone"), Gilmore Shipping Corp. ("Gilmore"), Global Progress LLC ("Progress") and Global Prosperity LLC ("Prosperity"; collectively, the "Debtors"), debtors and debtors-in-possession herein, for the entry of an order, a copy of which annexed hereto as Exhibit "A" (the "Proposed Order"), authorizing the retention of Farber, Blicht, Eyerman & Herzog, LLP ("FBEH") as accountants to the Debtors, respectfully represents:

## Introduction

1. On November 10, 2009 (the "Petition Date"), the Debtors commenced their cases under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

2. The Debtors have been authorized to remain in possession of their property and to continue in the operation and management of their businesses as debtors-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

3. By order dated on or about November 13, 2009, the Court authorized the joint administration of the Debtors' Chapter 11 cases pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

4. No official committee of unsecured creditors has yet been appointed by the Office of the United States Trustee for the Eastern District of New York in these chapter 11 cases (the "Chapter 11 Cases.")

5. Simultaneously with the filing of their petitions, the Debtors filed the Affidavit of Bijan Paksima pursuant to Local Bankruptcy Rule 1007-4 (the "Paksima Affidavit").

6. As discussed in more detail in the Paksima Affidavit, the Debtors operate in a highly competitive global industry that has been severely impacted by the sustained global recession that has caused Debtors' business fundamental to deteriorate.

7. The Debtors anticipate utilizing the Chapter 11 process to restructure their operations. Accordingly, Debtors have made plans to retrench and introduce changes into their business models seeking to streamline their operations to achieve greater profitability. A major component of this reorganization will be placing a greater emphasis on GCL's profitable "projects" business with the United Nations (the "UN") and reducing GCL's "liner service" until such time as the current shipping market environment improves.

## Relief Requested and Reasons Therefor

8. The Debtors seek to employ FBEH, a Certified Public Accounting firm with offices located at 1000 Woodbury Road, Suite 206, Woodbury, NY 11797, as their accountants in these Chapter 11 Cases *nunc pro tunc* to the Petition Date.

9. The Debtors believe that FBEH possesses extensive experience in matters of this character and the services to be performed by FBEH, which are more particularly described in the affidavit of Steven H. Eyerman, CPA (the "Eyerman Affidavit") annexed hereto as Exhibit "B". The Debtors currently employ the services of FBEH and Mr. Eyerman.

10. FBEH, founded in 1977, is one of the leading accounting and consulting firms in the Long Island area. The professionals of FBEH work with clients in a variety of industries, and perform a wide range of services including certified audits and financial reporting, tax planning and reports, SEC services, acquisitions and mergers, estate planning, special financial investigations and consulting services.

11. Steven H. Eyerman, a CPA and a principal at FBEH, will be the member of FBEH primarily responsible for handling the Debtors' accounting needs. Mr. Eyerman possesses over 30 years of professional experience including in bankruptcy matters, corporate restructurings, lender negotiations and cash flow projections.

12. The professional services that FBEH are to render include but are not limited to the following:

- Assist in the preparation and review of forward looking cash flow analysis;
- Assist in the preparation and review of monthly operating reports;
- Assist in the preparation and review of any reports required by the Debtors' secured lenders;
- Assist in the formulation of a Chapter 11 Plan;
- Assist, as appropriate, with regard to the sale or liquidation of the Debtors' assets;

- Assist in the preparation and review of the Debtors' required federal and state income tax returns; and
- Assist with such other matters as the Debtors or their counsel may request from time to time.

13. To the best of the Debtors' knowledge, FBEH neither represents nor holds any interest adverse to or conflicting with the interests of the within estates or the creditors of the within estates or the Debtors in respect to the matters upon which FBEH is to be employed.

14. To the best of the Debtors' knowledge, and as set forth in the Eyerman Affidavit, FBEH holds no claim against the Debtors, does not currently represent any creditors of the Debtors, has never represented any of the Debtors' creditors, and does not represent or serve any adverse interests to the Debtors, as debtors and debtors-in-possession or otherwise, or to the Debtors' estates regarding the matters upon which it is to be engaged. The Debtors believe that the employment of FBEH is in the best interests of their estates and that FBEH is a "disinterested person" within the meaning of sections 101(14) and 327(a) of the Bankruptcy Code as such is understood by the Debtors.

15. Subject to the Court's approval, the Debtors have agreed to compensate FBEH at its usual hourly rates of $300 to $400 per hour for partners and $84 to $210 per hour for staff accountants and personnel, and to reimburse FBEH for expenses, charges and disbursements. FBEH did not receive a retainer from the Debtors for its services. The Debtors and FBEH have also agreed that services to be rendered plus reimbursement of expenses incurred in connection therewith shall be subject to proper written application(s) by FBEH filed with the Court pursuant to sections 330 and 331 of the Bankruptcy Code and in accordance with any compensation order entered by the Court.

16. No trustee, examiner or creditor's committee has been appointed in the Debtors' Chapter 11 Cases. A copy of this Application has been provided to the United States Trustee pursuant to Bankruptcy Rule 2014(a).

17. No previous application for the relief sought herein has been made to this or any other Court.

WHEREFORE, the Debtors respectfully request that they be authorized to employ and engage the firm of Farber, Blicht, Eyerman & Herzog, LLP as their accountants in these Chapter 11 Cases *nunc pro tunc* to the Petition Date, and that they have such other and further relief as to this Court may seem just and proper.

Dated: Garden City, New York
December 14, 2009

GLOBAL CONTAINERS LINES LTD.

By: __/s/ Bijan Paksima_____
     Bijan Paksima

SHIPTRADE, INC.

By: __/s/ Bijan Paksima_____
     Bijan Paksima

GCL SHIPPING CORP.

By: __/s/ Bijan Paksima_____
     Bijan Paksima

REDSTONE SHIPPING CORP.

By: __/s/ Bijan Paksima_____
      Bijan Paksima

GILMORE SHIPPING CORP.

By: __/s/ Bijan Paksima_____
      Bijan Paksima

GLOBAL PROGRESS LLC

By: __/s/ Bijan Paksima_____
      Bijan Paksima

GLOBAL PROSPERITY LLC

By: __/s/ Bijan Paksima_____
      Bijan Paksima

# EXHIBIT "A"

## PROPOSED ORDER

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
In re:                                    Chapter 11

GLOBAL CONTAINER LINES LTD., et al.,      Case Nos. 09-78585 (AST)
                                                    09-78584 (AST)
                                                    09-78589 (AST)
                                                    09-78586 (AST)
                                                    09-78587 (AST)
                                                    09-78588 (AST)
                                                    09-78590 (AST)
                    Debtors.
-----------------------------------------------------------x

### ORDER PURSUANT TO SECTIONS 327(a) AND 328(a) OF THE BANKRUPTCY CODE AUTHORIZING THE EMPLOYMENT OF FARBER, BLICHT, EYERMAN & HERZOG, LLP AS ACCOUNTANTS TO THE DEBTORS

Upon the application dated December __, 2009 (the "Application") of Global Container Lines, Ltd. ("Global"), Shiptrade, Inc. ("Shiptrade"), GCL Shipping Corp. ("GCL"), Redstone Shipping Corp. ("Redstone"), Gilmore Shipping Corp. ("Gilmore"), Global Progress LLC ("Progress") and Global Prosperity LLC ("Prosperity"; collectively, the "Debtors"), debtors and debtors-in-possession, for an order pursuant to sections 327(a) and 328(a) of title 11 of the United States Code (the "Bankruptcy Code") authorizing and approving the employment of Farber, Blicht, Eyerman & Herzog, LLP ("FBEH"), as their accountants, as more fully set forth in the Application; and upon the affidavit of Steven H. Eyerman, sworn to December 14, 2009 (the "Eyerman Affidavit"); and the Court being satisfied, based on the representations made in the Application and in the Eyerman Affidavit that FBEH represents or holds no interest adverse to the Debtors or to their estates as to the matters upon which it is to be engaged and is disinterested under section 101(14) of the Bankruptcy Code, and that the employment of FBEH is necessary and in the best interests of the Debtors and their estates; and the Court having

jurisdiction to consider and determine the Application as a core proceeding in accordance with 28 U.S.C. §§ 157 and 1334; and it appearing that the relief requested by the Application is necessary and in the best interests of the Debtors, their estates, and their creditors; and due notice of the Application having been given, and it appearing that no other or further notice need be given; and sufficient cause appearing therefor, it is

ORDERED, that pursuant to sections 327(a) and 328(a) of the Bankruptcy Code, the Debtors, as debtors in possession, are authorized to employ FBEH as their accountants as of the Petition Date, pursuant to the terms set forth in the Application to perform the services described in the Application; and it is further

ORDERED, that FBEH shall be compensated and reimbursed in accordance with the terms of the Application, subject to the approval of this Court after proper application therefor under 11 U.S.C. §§ 330 and 331 and in accordance with any Court order establishing procedures for interim or periodic compensation.

Dated: Central Islip, New York
      December ____, 2009

_____
ALAN S. TRUST
UNITED STATES BANKRUPTCY JUDGE

No Objection:

_____
Office of the United States Trustee

By:_____

**EXHIBIT "B"**

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
In re:                                              Chapter 11

GLOBAL CONTAINER LINES LTD., et al.,                Case Nos. 09-78585 (AST)
                                                              09-78584 (AST)
                                                              09-78589 (AST)
                                                              09-78586 (AST)
                                                              09-78587 (AST)
                                                              09-78588 (AST)
                                                              09-78590 (AST)
                    Debtors.
----------------------------------------------------------x

### AFFIDAVIT OF STEVEN H. EYERMAN IN SUPPORT OF APPLICATION OF DEBTORS FOR ORDER PURSUANT TO SECTIONS 327(a) AND 328(a) OF THE BANKRUPTCY CODE FOR AUTHORIZATION TO EMPLOY FARBER, BLICHT, EYERMAN & HERZOG, LLP. AS ACCOUNTANTS TO THE DEBTORS

STATE OF NEW YORK    )
                     )ss.:
COUNTY OF NASSAU     )

Steven H. Eyerman, being duly sworn, hereby deposes and says:

1. I am a principal of Farber, Blicht, Eyerman & Herzog, LLP ("FBEH"), and I am duly authorized to make this affidavit on behalf of FBEH.

2. FBEH is an accounting and consulting firm with its principal office located at 1000 Woodbury Road, Suite 206, Woodbury, New York 11797. I submit this affidavit, pursuant to section 327 of title 11, the United States Code (the "Bankruptcy Code") and Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), in support of the application (the "Application") of Global Container Lines, Ltd. ("Global"), Shiptrade, Inc. ("Shiptrade"), GCL Shipping Corp. ("GCL"), Redstone Shipping Corp. ("Redstone"), Gilmore Shipping Corp. ("Gilmore"), Global Progress LLC ("Progress") and Global Prosperity LLC

("Prosperity"; collectively, the "Debtors"), for an order authorizing the employment and retention of FBEH as the accountants to the Debtors.

3. Unless otherwise stated in this affidavit, I have personal knowledge of the facts set forth herein and, if called as a witness, I would competently testify thereto. Unless otherwise defined, capitalized terms and phrases not otherwise defined herein shall have the meanings ascribed to such terms in the Application.

## Qualifications of Professional

4. FBEH, founded in 1977, is one of the leading accounting and consulting firms in the Long Island area. The professionals of FBEH work with clients in a variety of industries, and perform a wide range of services including certified audits and financial reporting, tax planning and reports, SEC services, acquisitions and mergers, estate planning, special financial investigations and consulting services.

5. I am a Certified Public Accountant and will be the member of FBEH primarily responsible for handling the accounting needs of the Debtors. I possess over 30 years of professional experience including in bankruptcy matters, corporate restructuring, lender negotiations and cash flow projections.

6. FBEH was originally engaged to provide consulting, tax and accounting services to the Debtors in July 2009. Since that time, FBEH has developed a knowledge regarding the Debtors' operations, capital structure and systems, which will be valuable to the Debtors in their efforts to reorganize.

## Services to Be Rendered

7. The Debtors request the retention of FBEH to provide tax services and general accounting advisory services in connection with the Debtors' Chapter 11 cases. In consultation

2

with the Debtors and their counsel, the professional services that FBEH are to render include but are not limited to the following procedures:

- Assist in the preparation and review of forward looking cash flow analysis;
- Assist in the preparation and review of monthly operating reports;
- Assist in the preparation and review of any reports required by the Debtors' secured lenders;
- Assist in the formulation of a chapter 11 Plan;
- Assist, as appropriate, with regard to the orderly liquidation of the Debtors' assets;
- Assist in the preparation and review of the Debtors' required federal and state income tax returns; and
- Assist with such other matters as the Debtors or their counsel may request from time to time.

8. FBEH is willing to serve as the Debtors' accountants and to perform the services described above.

### Professionals' Connections with Debtors and Other Parties

9. Except as otherwise set forth herein, to the best of my knowledge, FBEH (i) does not have any connection with the Debtors, the Debtors' known creditors (as identified by the Debtors), the United States Trustee or any other party with an actual or potential interest in this case or their respective attorneys or accountants and (ii) does not provide accounting services to any other entity having an adverse interest in connection with these cases.

10. In connection with its proposed retention by the Debtors, FBEH researched its client database to determine whether it had any relationships with the following entities:

(a) the Debtors;

(b) the list of creditors and landlords as identified by the Debtors; and

(c) other known actual or potential parties in interest in the Debtors' cases.

11. Based on such research, and to the best of my knowledge, except as otherwise set forth in this affidavit, FBEH does not have a relationship with any of the foregoing entities in

3

matters related to these Chapter 11 cases that would create an adverse interest or render FBEH not "disinterested" as such term is defined in section 101(14) of the Bankruptcy Code.

12. As part of its diverse activities, FBEH may be involved in cases or transactions involving other attorneys, accountants and financial consultants, some of which may represent claimants and parties in interest in the Debtors' Chapter 11 cases. Based on our current knowledge of the professionals involved, and to the best of my knowledge, none of these business relationships constitute interests materially adverse to the Debtors in matters upon which FBEH is to be employed, and none are in connection with these Chapter 11 cases.

13. Neither FBEH nor, to the best of my knowledge, any employee of FBEH, is or was a creditor or equity holder of the Debtors or an investment banker for any outstanding security of the Debtors.

14. Neither FBEH nor, to the best of my knowledge, any employee of FBEH, is or was a director, officer or employee of the Debtors.

15. To the best of my knowledge, FBEH is a "disinterested person," as such term is defined in section 101(14) of the Bankruptcy Code.

16. The Debtors have numerous relationships with third parties and creditors. Consequently, although every reasonable effort has been made to discover and eliminate the possibility of any conflict, including the efforts outlined above, FBEH is unable to state with certainty whether one of its clients or an affiliated entity holds a claim or otherwise is a party in interest in these Chapter 11 cases. If FBEH discovers any information that is contrary to or pertinent to the disclosures made herein, FBEH will promptly disclose such information to the Court on notice to creditors and the U.S. Trustee.

17. The proposed employment of FBEH is not prohibited by or improper under Bankruptcy Rule 5002. I am not related, and to the best of my knowledge, no employee of FBEH is related, to any United States Bankruptcy Judge or District Court Judge for the Eastern District of New York or to the United States Trustee for such district or any employee in the office thereof.

### Professional Compensation

18. Subject to the Court's approval, FBEH will be compensated for its services at its usual hourly rates of $300 to $400 per hour for partners and $84 to $210 per hour for staff accountants and personnel. FBEH estimates that its proposed services will cost approximately $10,000 per month based on the number of hours per month which generally needs to be spent on the services required by the Debtors on a monthly basis. FBEH has a familiarity with the Debtors' books and accounts since FBEH has been working with the Debtors since July and has prepared interim financial statements quarterly for 2009, as well as cash flow and various business model projections. FBEH has also been working closely with management in all facets of their accounting, financing and business planning.

19. FBEH was not paid a retainer for its services by the Debtors. If there are any amounts owed by the Debtors to FBEH as of the commencement of the Debtors' Chapter 11 cases, such amounts will be waived.

20. The Debtors shall also pay to, or on behalf of, FBEH, promptly as billed, all substantiated disbursements and out of pocket expenses incurred by FBEH in connection with its services to be rendered hereunder (including, without limitation, travel expenses, word processing charges, messenger and duplicating services, facsimile expenses, and other customary expenditures).

21. FBEH intends to apply to the Court for payment of compensation and reimbursement of expenses in accordance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules and the Local Rules of this Court, and pursuant to any additional compensation procedures that may be established by the Court in these Chapter 11 cases.

22. Other than as set forth above, there is no proposed arrangement between the Debtors and FBEH for compensation to be paid in these Chapter 11 cases. FBEH has no agreement with any other entity to share any compensation received, nor will any be made, except as permitted under section 504(b)(1) of the Bankruptcy Code.

_____
Steven H. Eyerman

Sworn to before me this
14 day of December, 2009

_____
Notary Public

LEEANNE ANDRUS
Notary Public, State of New York
01AN5052803
Qualified in Suffolk County
My Commission Expires December 4, 2013