| UNITED STATES BANKRUPTCY COURT | Return Date: December 22, 2009 |
|---|---|
| EASTERN DISTRICT OF NEW YORK | Time: 2:00 pm |

| In re: | Chapter 11 |
|---|---|
| GLOBAL CONTAINER LINES LTD., *et al.*, | Case No. 09-78585 (AST) |
| Debtors. | (Jointly Administered) |

### OBJECTION OF TAL INTERNATIONAL CONTAINER CORP. TO DEBTORS' OMNIBUS CONTAINER LEASE REJECTION MOTION

TAL International Container Corp. ("TAL"), by and through its undersigned counsel, hereby submits this objection ("Objection") to the Omnibus Motion Authorizing the Rejection of Certain Container Leases dated December 7, 2009 [Docket No. 44] (the "Omnibus Rejection Motion") filed by the above-captioned debtors (the "Debtors").[1] In support hereof, TAL respectfully states as follows:

## BACKGROUND

1. On November 10, 2009 (the "Petition Date"), the Debtors, including Global Container Lines ("Global"), filed voluntary petitions for relief in the United States Bankruptcy Court for the Eastern District of New York (the "Court") pursuant to Chapter 11, Title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code").

2. By Order dated November 17, 2009, the Debtors' cases are being jointly administered for procedural purposes only (the "Cases").

3. By Order dated November 17, 2009, the Debtors were granted emergency relief to, inter alia, use cash collateral and undertake secured borrowings pursuant to the terms thereof, which relief was extended on an interim basis by Order dated December 7, 2009.

---

[1] On December 15, 2009, the Debtors filed an amendment to the Motion [Docket No. 60], specifically expanding the list of container leases to be rejected thereunder. Such amendment does not affect TAL.

## TAL CONTAINER LEASE

4.      Pursuant to that certain Lease Addendum dated May 1, 2002 (as amended and/or supplemented from time to time, and as incorporated into that certain Master Lease Agreement dated May 1, 1997, collectively, the "Lease") between Global and TAL (f/k/a Transamerica Leasing Inc.), TAL leased 862 dry cargo containers (the "Containers"), valued at approximately $1.5 million, for use by the Debtors pursuant to the terms and conditions set forth therein.

5.      As of the Petition Date, the Debtors are indebted to TAL for unpaid amounts due and owing under the Lease in an amount not less than $150,000, subject to such other amounts due and owing to TAL as a result of, among other things, the Omnibus Rejection Motion and the Debtors' admitted loss and conversion of more than half of TAL's Containers as described in the initial Container listing provided by the Debtors to TAL.[2]

6.      On or about November 30, 2009, TAL issued to the Debtors five (5) invoices (the "Invoices"), aggregating $24,195.90, for payment of Container rental charges due and owing to TAL under the Lease.[3]  The Invoices are payable by the Debtors in arrears and address the lease period from November 1, 2009 through and including November 30, 2009.  Thus, the post-Petition Date amount currently due and owing to TAL on account of such Invoices is $15,971.27 (i.e., 2/3's of the total amount of the Invoices).

## OBJECTION

7.      While TAL does not object to the Debtors' rejection of the Lease itself, TAL objects, for the reasons discussed below, to the Omnibus Rejection Motion given the Debtors'

---

[2]  TAL reserves all rights in respect of any and all claims it has and may have against any of the Debtors and nothing set forth herein shall limit, compromise or otherwise affect such claims against the Debtors.

[3]  Attached hereto as Exhibit A are copies of the Invoices, specifically numbers 0911000344 through and including 0911000348.

failure to expressly provide for the immediate satisfaction and release of all liens and/or claims of depot and/or terminal operators (or similar entities) who refuse to release the Containers to TAL as a result of the Debtors' failure to pay amounts due and owing to such operators.

8. TAL also objects to the Debtors request to establish a 30-day deadline from which TAL must prepare and file a proof of claim in respect of any rejection related damages. As discussed more fully below, such deadline is not necessary at this stage of the Cases and places an unfair burden on TAL.

**A. Satisfaction of Depot/Terminal Claims**

9. As indicated above and raised at the December 1st hearing, the Debtors' Omnibus Rejection Motion leaves TAL in a predicament that is inequitable and not otherwise supported by the Bankruptcy Code. Specifically, once the Lease is rejected, TAL's efforts to recover its Containers (all of which are located outside the United States) will be frustrated because foreign terminal and depot operators will hold the Containers hostage unless and until the amounts due and owing them ***by the Debtors*** are paid.[4] Such "detrimental retention" is prejudicial to TAL and has been recognized by at least one bankruptcy court as potentially constituting negligence by the debtor. See, e.g., In re Herr, 61 B.R. 252, 254 (Bankr. E.D. Pa 1986) (court raised issue whether detrimental retention of an unnecessary asset constitutes negligence by that party).

10. Indeed, as evidenced by the email string attached hereto as Exhibit B, on December 2, 2009 one of the port operators advised TAL's Karachi agent that there were nine (9) TAL Containers located at their port that they would release to TAL, ***but only upon payment***

---

[4] According to certain limited information provided by the Debtors, the Containers have been effectively abandoned by the Debtors in depots located in, among others, Dar Es Salaam, Karachi, Mombassa, Sohar and Tamatave, all with, on information and belief, accumulating storage charges incurred by the Debtors for their account.

***by TAL of the amounts owed <u>by the Debtors</u>***. Thus, as predicted, TAL's Containers are being held for ransom solely because of the Debtors' actions. Such result is not an intended benefit of the debtor's rejection authority and, under the facts and circumstances of these Cases, should not be permitted by this Court.

11. Recognizing such inequitable results, the Debtors, through their representatives, contacted the port operator and informed it that the Debtors had planned to satisfy the claims against the TAL Containers so as to allow TAL to remove its property in connection with the pending Lease rejection.[5] By so doing, the Debtors acknowledge their obligation to clear all liens/claims of depot and terminal operators (and similar entities) that impair TAL's Containers.

12. Accordingly, for the foregoing reasons, this Court should direct (as part of the rejection order entered herewith) that similar relief be provided by the Debtors in respect of TAL's rejected Containers.

**B.     Rejection Proof of Claim Deadline**

13. In the Omnibus Rejection Motion, the Debtors seek to establish a 30-day deadline within which TAL must file a proof of claim in respect of any rejection related damages. While such relief is generally non-controversial, at this juncture it would create an unnecessary burden on TAL to have to calculate such damages given that, among other things, the Debtors have to date failed to provide TAL with a *current* Container location list, as requested prior to and at the December 1st hearing. TAL requires this list to properly account for its Containers and the damages issues related thereto, since such list should contain, at a minimum, the following information: (a) the last move dates of the Containers; (b) contact information of each party

---

[5] Attached hereto as <u>Exhibit C</u> are emails from TAL's agent advising of the Debtors' communications to the port operator.

#0224788.01

holding TAL's Containers for all locations; (c) details of all unlawful "sales" by the Debtors of TAL's Containers, including the location of all proceeds therefrom, and (d) details regarding the circumstances surrounding the "loss" of TAL's Containers by the Debtors. Without such information (and a reasonable amount of time to evaluate), TAL cannot properly and accurately determine the scope of its damages and prepare and file its proof of claim.

14. Further, these Cases are only a month old, no claims bar date has been established and there is no exigent circumstances requiring TAL to have to file its proof of rejection claim in such short order. Accordingly, TAL respectfully requests that the Court deny this portion of the rejection relief sought by the Debtors in their Omnibus Rejection Motion.

## RESERVATION OF RIGHTS

15. TAL reserves its rights to raise at the December 22nd hearing any other grounds and/or objections to the relief sought by the Debtors in respect of the Omnibus Rejection Motion, including, without limitation, any response to this Objection filed by the Debtors and/or any other party in interest.

## CONCLUSION

16. For the reasons set forth herein, TAL respectfully requests that the Court (a) modify the relief sought by the Debtors in their Omnibus Rejection Motion to fully address and satisfy this Objection, and (b) grant such other and further relief as is just and proper.

Dated: December 18, 2009          VEDDER PRICE P.C.

By: */s/ Michael L. Schein*
   Michael L. Schein (MS-0241)
   John E. Bradley (JB-2485)
   1633 Broadway, 47th Floor
   New York, New York 10019
   Tel No. (212) 407-7700
   Fax No. (212) 407-7799

*Counsel to TAL International Container Corp.*