```
UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
In re:                                                          Chapter 11

GLOBAL CONTAINER LINES LTD., et al.,         Case Nos.  09-78585 (AST)
                                                                           09-78584 (AST)
                                                                           09-78589 (AST)
                                                                           09-78586 (AST)
                                                                           09-78587 (AST)
                                                                           09-78588 (AST)
                                                                           09-78590 (AST)

                              Debtors.
----------------------------------------------------------x
```

# ORDER AUTHORIZING DEBTORS TO EMPLOY
# CULLEN AND DYKMAN AS THEIR ATTORNEYS

Upon the application (the "Application") of Global Container Lines Ltd. ("Global"), Shiptrade, Inc. ("Shiptrade"), GCL Shipping Corp. ("GCL"), Redstone Shipping Corp. ("Redstone"), Gilmore Shipping Corp. ("Gilmore"), Global Progress LLC ("Progress") and Global Prosperity LLC ("Prosperity"; collectively, the "Debtors"), debtors and debtors-in-possession herein, requesting authorization to employ the law firm of Cullen and Dykman LLP ("C&D") under a general retainer as attorneys to represent them as debtors and debtors-in-possession; and upon the affidavit of Matthew G. Roseman, Esq., a member of C&D, (the "Roseman Affidavit"), which includes the statement of C&D pursuant to 11 U.S.C. § 329 and Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Compensation Disclosure Statement"); and it appearing that C&D represents no interest adverse to the Debtors or to their estates in the matters upon which C&D will be engaged; and that C&D's employment is necessary and would be in the best interest of the estates; and that these Chapter 11 Cases justify a general retainer; and that C&D is a

"disinterested person" within the meaning of 11 U.S.C. §§ 101(14) and 327(a); it is hereby

ORDERED, that the Debtors be, and hereby are, authorized to employ C&D as their attorneys to represent them as debtors and debtors-in-possession as of the Petition Date under a general retainer on the terms set forth in the Application and the Roseman Affidavit, with the compensation of and expense reimbursement to C&D to be hereafter fixed by this Court upon the filing of a proper application or applications therefor under 11 U.S.C. §§ 330 and 331 and in accordance with any Court order establishing procedures for interim or periodic compensation.

No Objection:

*/s/ Stan Y. Yang        12/23/09*
Office of the United States Trustee



**Dated: December 28, 2009**
**Central Islip, New York**

**Alan S. Trust**
**United States Bankruptcy Judge**