UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
In re:                                          Chapter 11

GLOBAL CONTAINER LINES LTD., et al.,            Case Nos.   09-78585 (AST)
                                                            09-78584 (AST)
                                                            09-78589 (AST)
                                                            09-78586 (AST)
                                                            09-78587 (AST)
                                                            09-78588 (AST)
                                                            09-78590 (AST)

                        Debtors.
-----------------------------------------------------------x

### ORDER PURSUANT TO SECTION 327(a) OF THE BANKRUPTCY CODE AUTHORIZING THE EMPLOYMENT OF FARBER, BLICHT, EYERMAN & HERZOG, LLP AS ACCOUNTANTS TO THE DEBTORS

Upon the application (the "Application") of Global Container Lines, Ltd. ("Global"), Shiptrade, Inc. ("Shiptrade"), GCL Shipping Corp. ("GCL"), Redstone Shipping Corp. ("Redstone"), Gilmore Shipping Corp. ("Gilmore"), Global Progress LLC ("Progress") and Global Prosperity LLC ("Prosperity"; collectively, the "Debtors"), debtors and debtors-in-possession, for an order pursuant to sections 327(a) and 328(a) of title 11 of the United States Code (the "Bankruptcy Code") authorizing and approving the employment of Farber, Blicht, Eyerman & Herzog, LLP ("FBEH"), as their accountants, as more fully set forth in the Application; and upon the affidavit of Steven H. Eyerman, sworn to December 14, 2009 (the "Eyerman Affidavit"); and the Court being satisfied, based on the representations made in the Application and in the Eyerman Affidavit that FBEH represents or holds no interest adverse to the Debtors or to their estates as to the matters upon which it is to be engaged and is disinterested under section 101(14) of the Bankruptcy Code, and that the employment of FBEH is necessary and in the best interests of the Debtors and their estates; and the Court having jurisdiction to consider and determine the Application as a core proceeding in accordance with 28 U.S.C. §§ 157 and 1334; and it appearing that the relief requested by the Application is necessary and in the best interests of the Debtors, their

estates, and their creditors; and due notice of the Application having been given, and it appearing that no other or further notice need be given; and sufficient cause appearing therefor, it is

ORDERED, that pursuant to sections 327(a) ~~and 328(a)~~ of the Bankruptcy Code, the Debtors, as debtors in possession, are authorized to employ FBEH as their accountants as of the Petition Date, pursuant to the terms set forth in the Application to perform the services described in the Application; and it is further

ORDERED, that FBEH shall be compensated and reimbursed in accordance with the terms of the Application, subject to the approval of this Court after proper application therefor under 11 U.S.C. §§ 330 and 331 and in accordance with any Court order establishing procedures for interim or periodic compensation.

No Objection:

/S/ Stan Y. Yang  12/31/2009
Office of the United States Trustee



**Dated: December 31, 2009**
**Central Islip, New York**

_____
**Alan S. Trust**
**United States Bankruptcy Judge**