UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------x
In re:                                              Chapter 11

GLOBAL CONTAINER LINES LTD., et al.,    Case Nos.  09-78585 (AST)
                                                   09-78584 (AST)
                                                   09-78589 (AST)
                                                   09-78586 (AST)
                                                   09-78587 (AST)
                                                   09-78588 (AST)
                                                   09-78590 (AST)
                            Debtors.
---------------------------------------------------------x

**ORDER PURSUANT TO SECTIONS 105 AND 363 OF THE UNITED STATES
BANKRUPTCY CODEAPPROVING PUBLIC SALE OF PROPERTY FREE AND
CLEAR OF LIENS, CLAIMS AND ENCUMBRANCES,
APPROVING RETENTION OF BROKER FOR PURPOSE
OF CONDUCTING PUBLIC SALE AND
<u>GRANTING RELATED RELIEF</u>**

This Court having entered an order (the "Scheduling Order") dated December 17, 2009 scheduling a hearing (the "Sale Hearing") to consider approval of a public sale of property of one of the Debtors, and the Court having conducted the Sale Hearing on December 22, 2009 and having considered the motion (the "Motion") filed by the Debtors for entry of an order (i) approving a public sale of property free and clear of charters, encumbrances, mortgages, maritime liens and any other liens and claims (the "Sale"), authorizing the retention of Vogt and Maguire Shipbroking Ltd. (the "Broker") for the purpose of conducting the Sale, approving procedures for the Sale and granting related relief; and due notice of the Motion and the Sale Hearing having been provided pursuant to the Scheduling Order; and all objections to the relief sought herein having been resolved, withdrawn or overruled, and such relief being demonstrated to the satisfaction of the Court to be in the best interest of the Debtors and their estates and creditors; and after due deliberation and sufficient cause therefore,

IT IS HEREBY FOUND AND DETERMINED AS FOLLOWS:

A.      The Debtors filed voluntary petitions for relief under chapter 11 of title 11, the United States Code (the "Bankruptcy Code") on November 11, 2009 in the United States Bankruptcy Court for the Eastern District of New York (the "Bankruptcy Court").  The Debtors continue to manage their property as debtors-in-possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

B.      The Court has jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. " 157 and 1334.  Consideration of the Motion and the relief requested therein is a core proceeding pursuant to 28 U.S.C. '157(b), and venue before this Court is proper pursuant to 28 U.S.C. " 1408 and 1409.  This is a core proceeding pursuant to 28 U.S.C. " 157(b)(2)(A), (N) and (O).

C.      In accordance with Sections 363(b) and (f) of the Bankruptcy Code and applicable law as set forth in the Motion, and based upon arguments of counsel at the Sale Hearing, the Debtor has advanced good business reasons for conducting a public sale of the M/V Global Precision (the "Ship")[1], and for retaining the Broker to conduct the Sale.

D.      The compensation to be paid to the Broker in connection with the Sale is fair and reasonable, and the Broker's services are necessary and warranted.

E.      The procedures for the Sale as set forth in the Motion provide a reasonable means of ensuring a fair sale price and that the Ship will be sold for the highest and best offer available.

F.      Since the Sale will occur as the result of a public sale after solicitation of bids and an opportunity for competitive bidding, the successful purchaser of the Ship is entitled to the protection of a good faith purchaser under Section 363(m) of the Bankruptcy Code.

---

[1] Defined terms used but not otherwise defined herein shall have the meanings ascribed in the Motion.

NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED as follows:

1.      Subject to certain conditions set forth below, the Motion is granted and all objections to the Motion which have not been resolved or withdrawn are hereby overruled.

2.      The Sale is approved by the Court pursuant to Section 363(b) of the Bankruptcy Code and the procedures for conducting the Sale as set forth in the Motion are hereby approved. The Ship shall be sold for a minimum floor price of $1.2 Million U.S.D.

3.      The Debtors are hereby authorized to take all steps necessary or appropriate to carry out the Sale in accordance with the procedures set forth in the Motion, and to execute and deliver all documents necessary to effectuate the Sale of the Ship including, but not limited to, the Debtors entry into that certain memorandum of agreement dated December 23, 2009 ("MOA") with Marianna Shipping Limited (the "Purchaser").

4.      The retention of Vogt and Maguire Shipbroking Ltd. as Broker for the purpose of conducting the Sale is approved, and the Debtors are authorized and directed to pay to the Broker a commission of 1.5% from the gross proceeds of the Sale of the Ship at the closing thereof.

5.      The Sale pursuant to this Order will vest the Purchaser with good title to the Ship free and clear of any and all charters, encumbrances, mortgages, maritime liens, liens and claims, which such charters, encumbrances, mortgages, maritime liens and any other liens and claims shall transfer, affix and attach to the proceeds of the Sale with the same force, validity, priority and effect as they now may have.  All persons who received notice of the Sale who purport to hold, or who hold any charters, encumbrances, mortgages, maritime liens or any other liens and claims with respect to the Ship shall be, and they hereby are, forever enjoined and barred from

asserting charters, encumbrances, mortgages, maritime liens and any other liens and claims against the Purchaser or the Ship.

6. The closing of the Sale (the "Closing") shall occur no earlier than January 11, 2010. At the Closing, the proceeds of the Sale shall be distributed as follows: (a) first, to the Broker for its commissions in the amount of 1.5% of the gross purchase price; (b) second, for the payment of past due crew wages, port charges and other maritime liens senior to the lien of Keybank respecting the Ship in the amount of up to $375,000.00 (the "Maritime Lien Cap Amount"); and (c) the balance shall be deposited into an interest bearing segregated debtor-in-possession account (the "Segregated Account") that is subject to Debtors' counsel signatory authority to be paid to Key Bank in consideration of the sale of the Ship free and clear of Keybank's first preferred ship mortgage against the Ship or as otherwise ordered by the Court and without prejudice to KeyBank's filing of an unsecured deficiency claim subject to the Debtors' rights under Section 506 (c) of the Bankruptcy Code (the "506(c) Claim") and/or to offset or recover any pre-petition amounts paid by the Debtors for the benefit of Keybank relating to the Ship against the proceeds of the Sale and Keybank's rights to object thereto.

7. The proceeds of the Segregated Account shall only be paid to Key Bank after entry of an agreed order vacating the automatic stay for the purposes of paying the Segregated Account to Key Bank and resolving the Debtors 506 (c) Claim, if any, submitted to the Court by notice of presentment on 14 days notice (together with three extra days for mailing), which agreed order shall be subject to objection to the extent any party disputes the amount, validity or priority of Key Bank's first preferred ship mortgage against the Ship and/or Debtors' Section 506 (c) Claim. In the event that the Debtors and Key bank are unable to agree on such matters, either party may seek further relief from the Court.

8. In the event that either (a) the Debtors shall seek an increase of the Maritime Lien Cap Amount or (b) Key Bank shall seek an extension of the Closing date, either such party may seek such relief from the Court on an expedited basis.

9. The provisions of this Order authorizing the Sale free and clear of charters, encumbrances, mortgages, maritime liens and any other liens and claims shall be self-executing, and neither the Debtors nor the Purchaser shall be required to execute or file releases, termination statements, assignments, consents, or other instruments in order to effectuate, consummate and implement the foregoing provisions.

10. The Purchaser is hereby determined to be a good faith purchaser under Section 363(m) of the Bankruptcy Code, and shall be entitled to the protections afforded to a good faith purchaser under that section of the Bankruptcy Code.

11. The consideration to be paid by the Purchaser is fair and reasonable, and may not be avoided or otherwise challenged under Section 363(n) of the Bankruptcy Code.

12. Notwithstanding the provisions of Bankruptcy Rule 6004(g), this Order shall be effective and enforceable immediately upon entry and the ten-day stay provided by such Bankruptcy Rules shall and hereby is waived.

13. This Order is and shall be binding upon and govern the acts of all entities, including, without limitation, all filing agents, title agents, recorders of documents, administrative agencies, governmental departments, secretaries of state, federal, state, territorial and local officials, and all the persons and entities who may be required by operation of law, and the duties of their office, to accept, file, register or otherwise record or release any documents or instruments.

14. Upon the Closing of the Sale of the Ship, the Purchaser shall not be deemed to (i) be the successor of the Debtors, (ii) have, de facto or otherwise, merged with or into the Debtors, (iii) be a mere continuation or substantial continuation of the Debtors or the enterprise of the Debtors, or (iv) in any way have assumed any responsibility for any actions, omissions, obligations or liabilities of the Debtors.

15. The Debtors, including but not limited to their respective officers, employees and agents, are hereby authorized to execute such documents and do such acts as are necessary or desirable to carry out the transactions contemplated by the terms and conditions of this Order including entry into the MOA with the Purchaser. The Debtors shall be, and are, authorized to take all such actions as may be necessary to effectuate the terms of this Order.

16. Any finding set forth in this Order that is a conclusion of law shall be deemed a conclusion of law incorporated by reference in these conclusions of law as though fully set forth herein.

17. This Order shall be binding in all respects upon all creditors (whether known or unknown) of the Debtors, their affiliates and subsidiaries, all successors and assigns of the Purchaser, and any subsequent trustees appointed to the Debtors' chapter 11 cases or upon a conversion to chapter 7 under the Bankruptcy Code and shall not be subject to rejection. To the extent any provision of this Order is inconsistent with the Motion, this Order shall govern.

18. This Court shall retain jurisdiction to enforce the provisions of this Order in all respects.



**Dated: January 6, 2010**
**Central Islip, New York**

_____
**Alan S. Trust**
**United States Bankruptcy Judge**