UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x

In re:  
GLOBAL CONTAINER LINES LTD., *et al.*

Debtors. Jointly Administered

Chapter 11  
Case No. 09-78585  
(Jointly Administered with 09-78584  
Case Nos. through 09-78590)

----------------------------------------------------------------x

**MEMORANDUM OF CONTAINER APPLICATIONS LIMITED (CAI)  
FOR THE COURT'S ORDER TO DEBTORS TO PAY  
POST-PETITION TORT DAMAGES FROM DEBTORS'  
CONVERSION OF AND TRESPASS TO CAI'S CONTAINER'S  
WHERE CAI TERMINATED ITS LEASE PRE-PETITION BUT  
DEBTORS REFUSED TO RELEASE AND RETURN CAI'S CONTAINERS**

**CAI Unequivocally Terminated its Lease Pre-Petition  
Global Has No Right to Hold or Control CAI's Containers**

This Court now should require debtor Global to pay Container Applications Limited's ("CAI's") costs associated with obtaining the release of CAI's containers from terminal and port operators.

**The Plain Language of the CAI Agreement Does  
Not Require Any Notice for Termination Due to Default**

Global's "rejection" of the CAI lease was no rejection at all. CAI terminated the lease pre-petition. At the petition filing, there was no CAI lease subject to any Section 362 stay (or Section 365). Global wrongfully held CAI's containers post-petition, refused to return them post-petition, and has caused CAI damages, post-petition. Global must pay these damages.

**CAI Properly Rejected its Lease with Global Because the Plain Language of the CAI  
Lease Does Not Require Any Notice for Termination Due to Default**

Global has wrongly (Docket No. 33, December 7, 2009) that CAI "failed to terminate the CAI Agreement prior to the Petition Date." Id. at 8 ¶ 16. What brought Global to this error was its

misreading of the CAI lease, so that Global mistakenly contended that the CAI lease required CAI to provide "sixty (60) days prior written notice of CAI's intention to terminate the CAI Agreement." Id. The CAI Agreement (also exhibited to Docket No. 33) has no such requirement. Instead, any "60 days prior written notice" of the CAI lease applied **only to the termination of the automatic renewal of the CAI Agreement**. The original term of the CAI Agreement began on February 1, 2008 and automatically renewed "until such time as either party gives the other party at least 60 days prior written notice of its intention to terminate this Agreement." See CAI Lease, at 1 ¶ 2. This applied if Global was not in default of the agreement. Under CAI Agreement's **default provisions**, however, CAI was not required to provide any notice to Debtors: "Should Lessee (i) default . . . then Lessor may without notice and without relieving Lessee of its obligations hereunder, terminate the leasing of the equipment . . . ." Id. at 7 ¶ 5.

There is no question that Global defaulted under the CAI Agreement. There is no question that CAI terminated the CAI Agreement pre-petition. Global admits that it received CAI's termination letter, pre-petition (significantly, however, the CAI lease required no notice of termination sent to Global). There is no question that CAI was contractually permitted to terminate the CAI Agreement because of default **without having to provide any written notice to the Debtors**, let alone sixty (60) days written notice. There is, therefore, no question that the CAI Agreement could not be assumed or rejected post-petition, since it had been properly terminated pre-petition and was no longer in existence at the time of the Debtors' petitions.

### Debtors' Refusal to Return or Cause the Return of CAI's Containers Constitutes a Post-Petition Tort – Conversion

"Conversion occurs when a defendant exercises unauthorized dominion over personal property in interference with a plaintiff's legal title or superior right of possession." *LoPresti v. Terwilliger*, 126 F.3d 34, 41 (2d Cir. 1997). More relevant to the present case, "[w]hen possession of property is lawful at the outset, as it was here, *conversion occurs when the possessor refuses the owner's demand for return of the property*." *Snell v. Short*, 544 F.2d 1289, 1291 (5th Cir. 1977) (emphasis added).

As a result of CAI's proper and lawful termination of the CAI Agreement pre-petition, the Debtors' continued possession of and/or control over CAI's containers is unlawful. When CAI demanded the return of its containers pursuant to the CAI Agreement, Global refused. Post-petition, CAI renewed its demand for the return of its containers, and Global – now as debtor-in-possession – again refused.

Under this undisputable facts, Global – as debtor-in-possession – has committed conversion, post-petition, of CAI's containers.

### Claims for Post-Petition Torts Are Priority Expenses

"[C]laims for [post-petition] torts may be accorded priority as an administrative expense." *SunTrust Bank v. Roberson (In re Baseline Sports, Inc.)*, 393 B.R. 105, 130 (E.D. Va. 2008). *See also Reading Co. v. Brown*, 391 U.S. 471, 477–85 (1969); *Pa. Dept' of Envtl. Res. v. Tri-State Clinical Labs, Inc.*, 178 F.3d 685, 691 (3d Cir. 1999); *Ala. Surface Mining Comm. v. N.P. Mining Co.*, 963 F.2d 1449, 1453 (11th Cir. 1992); *Kapernekas v. Continental Airlines, Inc. (In re Continental Airlines)*, 148 B.R. 207, 213 (D. Del. 1992).

As explained above, there is no doubt that the Debtors have unlawfully converted CAI's containers. The Debtors have admitted that many of CAI's containers have been "lost/stolen" **while in the custody of, and under the responsibility of, Global**. Post-petition, Debtors – and Global – have refused, despite CAI's demand, to return CAI's containers, as they are obligated to do under the CAI Agreement. Debtors have also refused to make the necessary payments **that Global's negligence caused** to the ports and terminal depots that are holding CAI's (and other lessors') containers.

CAI therefore respectfully requests that this Court order as follows:

(1) Declaring that inasmuch as Global's lease with CAI was properly terminated before the filing of Global's bankruptcy petition, there was no existing lease at the time of the petition filing and therefore no interest in such leases could be part of Global's estate;

(2) Directing that Global cease using CAI's containers and return them to CAI immediately, or, for any containers lost or stolen, that the Casualty Value as described in the CAI Agreement be charged against the Debtors' estate as an administrative expense; that Global pay all post-petition expenses accrued against the CAI containers, and that it pay all expenses of returning all CAI containers to CAI;

(3) Directing Debtors to immediately state the locations of CAI's containers and provide a full accounting of its use of CAI's containers since the CAI Agreement was terminated on November 9, 2009.

(4) Entering other and further proper relief in CAI's favor.

Dated: January 6, 2010

/s/ J. Stephen Simms
J. Stephen Simms
Simms Showers LLP
20 South Charles Street, Suite 702
Baltimore, Maryland 21201
Telephone: 410-783-5795
Facsimile: 410-510-1789
jssimms@simmsshowers.com

Counsel for Creditor Container Applications Limited ("CAI")

## CERTIFICATE OF SERVICE

I hereby certify that on January 6, 2010 I caused the foregoing to be filed on the Court's CM/ECF system for service on all record counsel and the United States Trustee.

/s/ J. Stephen Simms