CULLEN AND DYKMAN LLP
100 Quentin Roosevelt Boulevard
Garden City, New York 11530
(516) 357-3700
Matthew G. Roseman, Esq. (MR 1387)
C. Nathan Dee, Esq.  (CD 9703)

Attorneys for Debtors and Debtors-in-Possession

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------x

In re:                                          Chapter 11

GLOBAL CONTAINER LINES LTD., et al.,            Case Nos. 09-78585 (AST)
                                                          09-78584 (AST)
                                                          09-78589 (AST)
                                                          09-78586 (AST)
                                                          09-78587 (AST)
                                                          09-78588 (AST)
                                                          09-78590 (AST)

                        Debtors.
------------------------------------------------------x

PLEASE TAKE NOTICE that on January 27, 2010 at 9:30 A.M., or as soon thereafter as counsel can be heard, Global Container Lines Ltd., et al., debtors and debtors-in-possession in the above-captioned bankruptcy cases (the "Debtors")[1], by and through their undersigned counsel will move (the "Motion") before the Honorable Alan S. Trust, United States Bankruptcy Judge, in the United States Bankruptcy Court for the Eastern District of New York, located at 290 Federal Plaza, Courtroom 960, Central Islip, New York, 11722 for an Order pursuant to Sections 105 and 365 of the United States Bankruptcy Code and Rules 6006 of the Federal Rules of Bankruptcy Procedure authorizing the Debtors to reject certain agreements with Seacastle Container Leasing LLC all as more fully set forth in the Motion attached hereto.

---

[1]  The Debtors in these chapter 11 cases are: Global Container Lines, LTD, Shiptrade, Inc., GCL Shipping Corp, Redstone Shipping Corp., Gilmore Shipping Corp., Global Progress, LLC and Global Prosperity, LLC.

PLEASE TAKE FURTHER NOTICE, that a copy of the Motion is available for inspection during normal business hours at the office of the Clerk of the United States Bankruptcy Court located at 290 Federal Plaza, Central Islip, New York, 11722, or may be obtained by contacting the undersigned counsel.

PLEASE TAKE FURTHER NOTICE, objections to the Debtors' Motion, if any, shall be filed as follows: (A) (i) through the Bankruptcy Court's electronic filing system in accordance with General Order N-182, which may be accessed through the internet at the Bankruptcy Court's website: www.nyeb.uscourts.gov using Netscape Navigator software version 3.0 or higher; (ii) portable document format (PDF) using Adobe Exchange software for conversion; or (B) for parties unable to file electronically, such parties shall file the objection in PDF format on a diskette in an envelope with a case name, case number, type and title of document, document number to which the objection refers, and the file name on the outside of the envelope; or (C) for parties unable to file electronically or use PDF format, those parties shall submit the objection on diskette in either Word, Word Perfect of DLS text (ASCII) format. An objection filed by a party with no legal representation shall comply with section (B) or (C) as set forth in this paragraph.

PLEASE TAKE FURTHER NOTICE that a hard copy of an objection, if any, (a) shall be delivered directly to chambers of the Honorable Alan S. Trust located at 290 Federal Plaza, Courtroom 960, Central Islip, New York, 11722 on or before January 21, 2010 at 4:00 p.m. and (b) shall also be served upon (i) Debtors' counsel, Cullen and Dykman LLP, 100 Quentin Roosevelt Boulevard, Garden City, New York 11530, Attention: C. Nathan Dee, Esq.; (ii) the Office of the United States Trustee, 290 Federal Plaza, Central Islip, New York, 11722, Attention: Stan Yang, Esq.; (iii) counsel to National Bank of Pakistan, Watson, Farley & Williams LLP, 1133 Avenue of the Americas, 11th Floor, New York, New York, 10036 , Attn:

Alfred E. Yudes, Jr. and (iv) filed with the Clerk of the Bankruptcy Court located at 290 Federal

Plaza, Courtroom 960, Central Islip, New York, 11722 so as to be received no later than January

21, 2010 at 4:00 p.m.


Dated: Garden City, New York
January 11, 2010

CULLEN AND DYKMAN LLP
Counsel for Debtors and Debtors in Possession


By     /s/ C. Nathan Dee
            Matthew G. Roseman (mr1387)
            C. Nathan Dee (CD 9703)
            100 Quentin Roosevelt Boulevard
            Garden City, New York 11530
            (516) 296-9106

Cullen and Dykman LLP
100 Quentin Roosevelt Boulevard
Garden City, New York 11530
(516) 357-3700
Matthew G. Roseman, Esq. (MR 1387)
C. Nathan Dee, Esq.  (CD 9703)

Attorneys for Debtors and Debtors-in-Possession

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
In re:                                                   Chapter 11

GLOBAL CONTAINER LINES LTD., et al.,        Case Nos.  09-78585 (AST)
                                                        09-78584 (AST)
                                                        09-78589 (AST)
                                                        09-78586 (AST)
                                                        09-78587 (AST)
                                                        09-78588 (AST)
                                                        09-78590 (AST)
                          Debtors.
-------------------------------------------------------x  (Jointly Administered)


## MOTION FOR AN ORDER PURSUANT TO SECTIONS 105 AND 365 OF THE UNITED STATES BANKRUPTCY CODE AND RULE 6006 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE AUTHORIZING THE REJECTION OF CERTAIN AGREEMENTS WITH SEACASTLE CONTAINER LEASING LLC

TO THE HONORABLE ALAN S. TRUST, UNITED STATES BANKRUPTCY JUDGE:

Pursuant to Sections 105 and 365 of title 11 of the United States Code (the "Bankruptcy Code"), and Rule 6006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Global Container Lines Ltd., et al., the debtors and debtors-in-possession in the above-captioned bankruptcy cases (the "Debtors")[1], by their attorneys Cullen and Dykman LLP, hereby move for entry of an Order authorizing the Debtors to reject the agreements with Seacastle Container

---

[1]  The Debtors in these chapter 11 cases are: Global Container Lines, LTD, Shiptrade, Inc., GCL Shipping Corp, Redstone Shipping Corp., Gilmore Shipping Corp., Global Progress, LLC and Global Prosperity, LLC.

Leasing LLC ("Seacastle") set forth on Exhibit A attached hereto.  In further support thereof, the Debtors respectfully aver as follows:

## I.      <u>FACTUAL BACKGROUND</u>

1.      On November 11, 2009 (the "Petition Date"), the Debtors filed voluntary petitions for relief under  the Bankruptcy Code in the United States Bankruptcy Court for the Eastern District of New York (the "Court").

2.      The Debtors remain in possession of their property and continue in the operation and management of their businesses as debtors-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

3.      By Order dated on or about November 13, 2009, the Court authorized the joint administration of the Debtors' Chapter 11 cases pursuant to Rule 1015(b) of the Bankruptcy Rules.

4.      On or about January 4, 2010, the United States Trustee in these cases appointed an official committee of unsecured creditors.

5.      Simultaneously with the filing of their petitions, the Debtors filed the Affidavit of Bijan Paksima pursuant to Local Bankruptcy Rule 1007-4 (the "Paksima Affidavit").

6.      As discussed in more detail in the Paksima Affidavit, the Debtors operate in a highly competitive global industry that has been severely impacted by the sustained global recession that has caused the Debtors' business fundamentals to deteriorate.

7.      The Debtors anticipate utilizing the Chapter 11 process to restructure their operations.  Accordingly, Debtors have made plans to retrench and introduce changes into their business models seeking to streamline their operations to achieve greater profitability.  A major component of this reorganization will be placing a greater emphasis on GCL's profitable

"projects" business with the United Nations (the "UN") and reducing GCL's "liner service" until such time as the current shipping market environment improves.

## II.    JURISDICTION AND VENUE

8.       This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## III.    THE AGREEMENTS WITH SEACASTLE

9.       Prior to the Petition Date, the Debtors had entered into a number of lease agreements and conditional sales contracts with certain container lessors, including without limitation Seacastle, to lease shipping containers to use in the Debtors' liner business to ship cargo.  A list of the agreements with Seacastle that are subject to this Motion (the "Seacastle Agreements") is attached hereto as Exhibit A.   As part of their reorganization efforts, the Debtors intend to restructure their business operations around their UN projects business and substantially reduce their liner business.  In that regard, the Debtors no longer require the containers that are subject to the Seacastle Agreements.

## IV.    RELIEF REQUESTED

10.       Section 365(a) of the Bankruptcy Code provides that "[t]he trustee, subject to the court's approval, may assume or reject any executory contract or unexpired lease of the Debtors…."  11 U.S.C. § 365(a).

11.       The bankruptcy courts have applied a business judgment test, requiring that a "sound business reason" exist to support a debtor's request to reject executory contracts or unexpired leases.  See N.L.R.B. v. Bildisco & Bildisco, 465 U.S. 513, 523 (1984)(recognizing the "business judgment" standard used to approve rejection of executory contracts"); see also

COR Route 5 Co. v. Penn Traffic Co., (In re Penn Traffic Co.) 524 F.3d 373 (2d Cir 2008)(courts employ the business judgment standard in determining whether to permit the debtor to assume or reject the contact).  In that regard, in order to demonstrate the sound exercise of their business judgment, the Debtors must show that their proposed rejection of the Leases is in the best interest of their respective estates.

12.    The Debtors seek the entry of an order authorizing rejection of the Seacastle Agreements effective as of the date of an Order approving the Motion because the Seacastle Agreements provide no benefit to the Debtors' estates in relation to the continued cost of maintaining and storing the containers.  In fact, the Debtors' would incur obligations to Seacastle under the Seacastle Agreements during a period when the Debtors are actively seeking to substantially reduce their liner operations in order to in a position to propose a plan of reorganization centered upon the UN project side of their business.  Accordingly, the Debtors have determined, in their business judgment, that the immediate rejection of the Seacastle Agreements will eliminate an additional financial burden on the Debtors to the benefit of the Debtors' respective estates and creditors.

13.    The Debtors further request that Seacastle be required to file a proof of claim on or before the first business day that is thirty (30) calendar days from date of the entry on the Court's Order[2] granting the Motion.

---

[2]   A copy of the Debtors proposed Order granting the Motion is attached hereto as Exhibit B.

## V.     NOTICE

14.     The Debtors shall provide notice of this Motion to (a) the Office of the United States Trustee for the Eastern District of New York; (b) the Debtors' respective top twenty creditors; (c) counsel to National Bank of Pakistan; (d) counsel to Seacastle; and (e) all parties and/or entities that have formally requested notice and service of pleadings pursuant to Bankruptcy Rule 2002 and the Local Bankruptcy Rules. The Debtors submit that no further notice of Motion need be provided given the relief requested herein.

15.     Since there are no new novel issues of law in question, the Debtors request that the requirement to submit a supporting memorandum of law pursuant to Local Rule 9013-1(b) be waived.

**WHEREFORE,** the Debtors respectfully request that the Court enter an Order:

(i)     Pursuant to Sections 105 and 365 of the Bankruptcy Code, authorizing the rejection of the Seacastle Agreements effective as of the date of the entry of an Order granting the Motion;

(ii)     Finding notice of the Motion was proper and sufficient; and

(iii)     Granting such other relief as is just and proper.

Dated: Garden City, New York
       January 11, 2010

CULLEN AND DYKMAN LLP
Attorneys for Debtor and Debtors -in-Possession

By:__/s/ C. Nathan Dee_____
    Matthew G. Roseman (MR 1387)
    C. Nathan Dee (CD 9703)
    100 Quentin Roosevelt Boulevard
    Garden City, New York 11530
    (516) 357-3700

# EXHIBIT A
# SEACASTLE AGREEMENTS

1. Membership and Equipment Lease Agreement dated March 25, 2005 between Global Container Lines, Ltd. ("Global") and Interpool Limited ("Interpool"), assigned by Interpool to CAI-Interpool, LLC ("CAI") and thereafter to Seacastle.

2. Lease Purchase Agreement dated March 25, 2005 between Global and CAI (Acct. #3507), assigned by CAI to Seacastle.

3. Lease Purchase Agreement dated December 13, 2005 between Global and CAI (Acct. #3531), assigned by CAI to Seacastle.

**EXHIBIT B**
**PROPOSED ORDER**

Cullen and Dykman LLP
100 Quentin Roosevelt Boulevard
Garden City, New York 11530
(516) 357-3700
Matthew G. Roseman, Esq. (MR 1387)
C. Nathan Dee, Esq. (CD 9703)

Attorneys for Debtors and Debtors-in-Possession

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
In re:                                            Chapter 11

GLOBAL CONTAINER LINES LTD., et al.,        Case Nos.  09-78585 (AST)
                                                       09-78584 (AST)
                                                       09-78589 (AST)
                                                       09-78586 (AST)
                                                       09-78587 (AST)
                                                       09-78588 (AST)
                                                       09-78590 (AST)
                              Debtors.
-------------------------------------------------------x   (Jointly Administered)

## ORDER AUTHORIZING THE REJECTION OF AGREEMENTS
## WITH SEACASTLE CONTAINER LEASING LLC

Upon the motion (the "Motion") of Global Container Lines Ltd., et al., (the "Debtors")[1],

as debtors and debtors-in-possession in the above captioned, jointly administered Chapter 11

cases by  and through their undersigned counsel, for entry of an order, pursuant to sections 105

and 365 of title 11, United States Codes (the "Bankruptcy Code") and Rule 6006 of the Federal

Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), authorizing the Debtors' rejection of

certain agreements with Seacastle Container Leasing LLC as identified more fully on Exhibit

"A" to the Motion; and the Court having jurisdiction to consider the Motion and the relief

requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and

---

[1] The Debtors in these Chapter 11 cases are: Global Container Lines, Ltd., Shiptrade, Inc., GCL
Shipping Corp., Redstone Shipping Corp., Gilmore Shipping Corp., Global Progress, LLC and
Global Prosperity, LLC.

the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue

being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that the relief requested

in the Motion will benefit the Debtors' estates, their creditors and all other parties in interest; and

due proper notice of the Motion having been provided, and it appearing that no other or further

notice need be provided; and a hearing to consider the Motion having been held on January 27,

2010 at 2:00 p.m. (the "Hearing"); and upon the arguments and testimony presented at the

Hearing before the Court; and any objections to the Motion having been withdrawn or overruled;

and after due deliberation and sufficient cause appearing therefore, it is hereby ORDERED that:

1.      The relief requested in the Motion is granted to the extent set forth herein.

2.      The Debtors are hereby authorized to reject the Seacastle Agreements identified

more fully on Exhibit "A" to the Motion.

3.      Any proof of claim arising from the relief granted in this Order must be filed

within 30 days after the entry of this Order with the Bankruptcy Court, with a copy of such claim

delivered to Debtors' counsel so to be actually received within 30 days after the entry of this

Order at the following address: Cullen and Dykman LLP, 100 Quentin Roosevelt Boulevard,

Suite 402, Garden City, New York, 11530, Attn: Nathan Dee, Esq.

4.      The Debtors expressly reserve the right to object to any such claim on any ground

whatsoever, other than timeliness.

5.      The form and method of the notice of hearing on the Motion provided by the

Debtors complies with the requirements of Bankruptcy Rule 2002(a) and is hereby approved.

6.      Notwithstanding the possible applicability of Bankruptcy Rule 6004(h) or

otherwise, the terms and conditions of this Order shall be immediately effective and enforceable

upon its entry.

7.      The Court retains jurisdiction with respect to all matters arising from or related to

the implementation of this Order.

Dated: Central Islip, New York
        January    , 2010

_____
HONORABLE ALAN S. TRUST
UNITED STATES BANKRUPTCY JUDGE