UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------x
In re:                                          Chapter 11

GLOBAL CONTAINER LINES LTD., et al.,            Case Nos. 09-78585 (AST)
                                                          09-78584 (AST)
                                                          09-78589 (AST)
                                                          09-78586 (AST)
                                                          09-78587 (AST)
                                                          09-78588 (AST)
                          Debtors.                        09-78590 (AST)
---------------------------------------------------------x

## ORDER AUTHORIZING REJECTION OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES AND DIRECTING RELEASE OF ALL CONTAINERS

Upon the motion dated December 7, 2009 (the "Motion") of Global Container Lines Ltd., et al. (the "Debtors"),[1] as debtors and debtors-in-possession in the above captioned, jointly administered Chapter 11 cases, by and through their undersigned counsel, for entry of an order, pursuant to sections 105 and 365 of title 11, United States Code (the Bankruptcy Code") and Rule 6006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), authorizing the Debtors' rejection of certain executory contracts and unexpired leases identified more fully on Exhibit "A" to this Order; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that the relief requested in the Motion will benefit the Debtors' estates and their creditors and all other parties in interest; and due and proper notice of the Motion having been provided and it appearing that no other or further notice need be provided; and a hearing to consider the Motion having been held before the Court on December 22, 2009 (the "Hearing"); and upon the objections to the

---

[1] The Debtors in these chapter 11 cases are: Global Container Lines, LTD, Shiptrade, Inc., GCL Shipping Corp, Redstone Shipping Corp., Gilmore Shipping Corp., Global Progress, LLC and Global Prosperity, LLC.

Motion filed prior to the Hearing and upon arguments and testimony presented at the Hearing; and all of the objections to the Motion having been overruled, withdrawn or taken under advisement by the Court; and after due deliberation and sufficient cause appearing therefore, it is hereby ORDERED that:

1. The relief requested in the Motion is granted to the extent set forth on the record at the Hearing and as provided herein.

2. The unexpired leases and executory contracts identified more fully on Exhibit "A" to this Order (the "Rejected Leases") are hereby deemed rejected as of the date of the Hearing.[2]

3. The Debtors shall use all reasonable and necessary efforts to facilitate the return of all containers subject to the Rejected Leases, including, but not limited to, providing the counterparties to the Rejected Leases (the "Counterparties") with (a) a master list of each depot and/or port location where the containers currently reside, (b) copies of any invoices, statement of accounts, agreements, contracts and/or similar documents in the Debtors' possession and/or control for each of the depots and/or port locations identified on the list attached hereto as Exhibit "B", and (c) a letter of instruction (on Debtors' letterhead) that the Counterparties can deliver to each depot and/or port location where their containers reside that states, inter alia, that the Debtors authorize and direct each depot and port location to deal directly with the Counterparties in respect of access and recovery of their containers.

4. The Debtors shall also direct their agents, including, without limitation, those foreign agents located in or responsible for each of the depots and/or port locations set forth on

---

[2] This is without prejudice to the position of lessor CAI, that CAI terminated its lease prior to Debtors' filing of their petitions.

Exhibit "B," to cooperate with any reasonable requests of the Counterparties to access and retrieve their containers.

5. ALL PARTIES IN POSSESSION AND/OR CONTROL OF ANY OF THE COUNTERPARTIES' CONTAINERS (AND ANY RELATED EQUIPMENT), INCLUDING, WITHOUT LIMITATION, THOSE DEPOTS AND PORTS IDENTIFIED IN EXHIBIT "B" ATTACHED HERETO, ARE HEREBY ORDERED AND DIRECTED TO IMMEDIATELY AND FULLY RELEASE AND SURRENDER ALL LIENS AND CHARGES AGAINST AND POSSESSION OF ALL OF THE COUNTERPARTIES' CONTAINERS (AND ANY RELATED EQUIPMENT), AND THIS ORDER SHALL CONSTITUTE AND BE DEEMED NOTICE AND DIRECTION OF SUCH SURRENDER AND RELEASE.

6. The form and method of the notice of the hearing on the Motion provided by the Debtors complies with the requirements of Bankruptcy Rule 2002(a) and is hereby approved.

7. This Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.



**Dated: January 12, 2010**
**Central Islip, New York**

**Alan S. Trust**
**United States Bankruptcy Judge**