LaMonica Herbst & Maniscalco, LLP
3305 Jerusalem Avenue
Wantagh, NY 11793
516. 826.6500
Gary F. Herbst, Esq.
Adam P. Wofse, Esq.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x

In re:                                              Chapter 11

GLOBAL CONTAINER LINES LTD., et al.,                Case Nos.    09-78585-AST
                                                                 09-78584-AST
                                                                 09-78589-AST
                                                                 09-78586-AST
                                                                 09-78587-AST
                                                                 09-78588-AST
                                                                 09-78590-AST

                                                    (Jointly Administered)

                            Debtors.
------------------------------------------------------------------x

**RESPONSE AND MEMORANDUM OF LAW OF THE OFFICIAL COMMITTEE OF
UNSECURED CREDITORS CONCERNING DEBTORS' MOTION TO REJECT
CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES AND
RESPONSES THERETO OF VARIOUS CONTAINER LESSORS**

The Official Committee of Unsecured Creditors, by its proposed counsel, LaMonica

Herbst & Maniscalco, LLP hereby submits its response to (a) the Debtor's motion (the

"Motion") to reject certain executory contracts and/or unexpired leases, under Sections 105 and

365 of the United States Bankruptcy Code (the "Bankruptcy Code"), and (b) the responses of

various container lessors to the Motion, and respectfully represents and alleges as follows:

1.      On November 11, 2009 (the "Petition Date"), the Debtors filed voluntary petitions

for reorganization under the Chapter 11 of the Bankruptcy Code in the United States Bankruptcy

Court for the Eastern District of New York (the "Court").

1

2.     The Debtors remain in possession of their property and continue in the operation and management of their businesses as debtors-in-possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

3.     By Order dated on or about November 13, 2009, the Court authorized the joint administration of the Debtors' Chapter 11 cases pursuant to Rule 1015(b) of the Bankruptcy Rules.

4.     On December 29, 2009, the United States Trustee appointed three (3) entities to the Official Committee of Unsecured Creditors (the "Committee"), pursuant to Section 1102(a)(1) of the Bankruptcy Code, to represent the interests of the unsecured creditors of the Debtors' estates.    Thereafter, the Committee selected LH&M as counsel to represent the Committee in these Chapter 11 cases, and an application to approve the retention of LH&M as counsel to the Committee is pending.

5.     On or about December 7, 2009, the Debtors filed their omnibus Motion to reject certain executory contracts and unexpired leases.  Pursuant to the Motion, the Debtors sought to reject certain container leases because (i) the Debtors had determined in their business judgment that the leases were not necessary to the Debtors' reorganization efforts and (ii) the Debtors sought to prevent the accumulation of potential administrative expenses against the Debtors' estates.

6.     On December 18, 2009, TAL International Container Corp. ("TAL") filed its objection to the Motion (the "TAL Objection").  Pursuant to the TAL Objection, TAL sought, among other things, to compel the Debtors to make payments to foreign terminal and depot owners for any pre-petition and post-petition amounts due and owing the owners from the Debtors to enable TAL to recover its containers without opposition from the owners.

7. On December 18, 2009, Textainer Equipment Management U.S. Ltd. ("Textainer") also filed an objection (the "Textainer Objection" and together with the TAL Objection, the "Objections") seeking substantially the same relief sought by TAL in the TAL Objection.

## THE POSITION OF THE COMMITTEE CONCERNING
## THE MOTION AND THE OBJECTIONS

8. The Committee submits that the Objections are not filed by the proper party or parties in interest with standing to assert such objections. In essence, <u>TAL and Textainer</u> assert that certain pre-petition storage and depot charges should be paid by the Debtors in connection with the rejection of certain container leases (the "Leases"). Such claims, however, must be asserted by the depot and/or terminal parties (or similar entities) that are owed such debts. No application is pending before the Court by the storage and/or depot creditors seeking payment of any such claims. Accordingly, the Objections should be overruled on this initial basis.

9. Assuming *arguendo*, that TAL and Textainer have standing to raise such issues before this Court, such assertions are tantamount to artificially elevating purely pre-petition rejection damages claims to administrative claim status.

10. Clearly, the Debtors, in the exercise of their business judgment, have the authority under the Bankruptcy Code, with Court approval, to reject those leases which are deemed burdensome to the Debtors' reorganization and estates.

11. Upon rejection of such Leases, pursuant to Section 502(g) of the Bankruptcy Code, damages which flow from such rejection are exclusively pre-petition unsecured claims in the case. As cited in the Debtor's memorandum of law, the cases of <u>In re Rudaw</u>, 83 B.R. 241 (Bankr. S.D.N.Y. 1988) and <u>Lubrizol Enterprises, Inc. v. Richmond Metal Finishers, Inc.</u>, 756

3

F.2d 1043 (4th Cir. 1985) are instructive in that the only remedy as a consequence of rejection is for each container lessor to file a pre-petition claim. See also, Sections 365(g), 365 (p) and 502(g) of the Bankruptcy Code.

12.     Further, a Court cannot modify the priority scheme for payment of claims as prescribed by the Bankruptcy Code. Rejection does not alter or transform the substantive rights of the parties to the Leases. To do so, would be to allow such creditors to circumvent the mandates of the Bankruptcy Code, to the detriment of all of the general unsecured creditors. Unequivocally, this is a rejection damages issue, and the Code is abundantly clear how to treat rejection damages claims in that such claims are afforded general unsecured status. If the Debtors had, in the alternative, assumed such Leases, then the rights of creditors such as TAL and Textainer would likewise be clear— their claims would be cured.

13.     The debtors' statutory rights to reject a contract or lease cannot be qualified by requirements not set forth in the Bankruptcy Code. In re Ames Dept. Stores, Inc., 306 B.R. 43, 51 (Bankr. S.D.N.Y. 2004). Further, the debtors cannot be forced to comply with burdensome contractual obligations that may have formed part of the rationale for rejection in the first instance. Id. The Court in Ames held:

> the ability to reject burdensome post-petition obligations is one of the most fundamental rights of a trustee or debtor-in-possession (and thus a creditor body generally) under the Bankruptcy Code. It would frustrate the entire purpose of rejection if, in order to reject and thereby be relieved of a burdensome executory contract, the debtor were required, as a condition to doing so, to comply with one of the very aspects of the agreement that is burdensome." Id. at 52.

14.     Additionally, to obtain administrative expense priority, Section 503(b)(1)(A), requires a showing that the actual and necessary costs and expenses incurred were beneficial to the Debtors' estates. See, NLRB v. Bildisco & Bildisco, 465 U.S. 513, 531 (1984).    This

standard is to be narrowly construed. Ames, 306 B.R. at 54, (citing, Amalgamated Ins. Fund v. McFarlin's Inc., 789 F.2d 98, 101 (2d Cir. 1986)). Because to allow a particular claim administrative priority status necessarily deprives the remaining general unsecured creditor body of its fullest distribution. In re Mammoth Mart, Inc. 536 F.2d 950, 953 (1st Cir. 1976). Even though the rejection itself occurs post-petition, such event does not warrant granting priority treatment for a claim. See, Amalgamated, 789 F.2d at 101. The container lessors have not satisfied their burden to any entitlement to payment of a priority claim. See, Drexel Burnham Lambert Group Inc., 134 B.R. 482, 489 (Bankr. S.D.N.Y. 1991).

15.     To compel the Debtors to pay these charges in full, post-petition, essentially elevates such pre-petition claims to administrative claim status in contravention of the Bankruptcy Code. TAL and Textainer cannot circumvent the type of, or priority scheme for, claims established by the Bankruptcy Code. To allow such circumvention would be to the detriment of all general unsecured claimants. Further, no case law supports the position that a debtor must expend its funds to retrieve the property once a contract or lease is rejected. The parties are to receive the benefit of their bargain. The Leases are international shipping container leases. The lease parties are intimately familiar with the risks and benefits of international trade associated with such Leases. Presumably, prices and costs associated with the Leases are set accordingly. In the context of international trade, the container lessors must know the inherent risks which relate to their property. To shift this burden onto the Debtors' estates, and more precisely, to the general unsecured creditor body, would be inequitable. The Debtors should be afforded a full and fair opportunity to reorganize so that maximum recovery may be realized for the unsecured creditors in accordance with the express provisions of the Bankruptcy Code. If Congress had intended otherwise, it would have legislated accordingly.

16.     TAL's suggestion that somehow the equities militate in favor of an order directing the Debtors to pay the pre-petition storage and related charges by virtue of the assertion that there were substantial pre-petition arrears under the Leases is untenable.   In insolvency situations, there are many creditors who have not been paid pre-petition.   The amount of pre-petition arrears or length of time of failure to pay pre-petition is not a factor to be considered in granting a claim a higher priority status.   The Committee represents all the general unsecured creditors, many of which have large pre-petition debts owed by the Debtors which exceed the amounts sought by TAL and Textainer.   The magnitude of the arrears is of no consequence.   It is noteworthy that given the nature of the potential claims of TAL and Textainer, it is most likely that the Committee will also represent the interests of TAL and Textainer as constituents among the entire general unsecured creditor class.   No justification exists to allow preferential treatment to TAL or Textainer to the exclusion of the other unsecured creditors.

17.     Moreover, in the TAL Objection, TAL cites In re Herr, 61 B.R. 252 (Bankr. E.D. Pa. 1986) as a basis to grant administrative priority and/or to direct payment by the Debtors of the pre-petition storage and/or depot charges.   Herr is distinguishable from the facts of this case by virtue of the fact that, in Herr, the trustee rejected a lease and the trustee did not relinquish the property for several months.   Such action was within the trustee's control.   Here, the Debtors have no control over the conduct of the third party depot and/or terminal owners.   The Debtors are not preventing the lessors from retrieving their property.

18.     Based upon the foregoing, the Objections should be overruled.   It would be inequitable and in contravention of the letter and spirit of the Bankruptcy Code to allow the desires or needs of TAL or Textainer to trump the rights of the rest of the general unsecured creditors in these cases.

**WHEREFORE,** the Committee requests that the Court deny the relief sought by TAL and Textainer in the Objections, and grant such other and further relief as the Court deems just and proper.

Dated:  Wantagh, New York
          January 20, 2010

LaMONICA HERBST & MANISCALCO, LLP
Proposed Counsel to the Committee

By:     /s/ Adam P. Wofse
        Adam P. Wofse, Esq.
        3305 Jerusalem Avenue
        Wantagh, New York 11793
        (516) 826-6500

M:\Documents\Company\Cases\Global Container Lines Ltd et al.,\response container lessors\cmte response container lessors.docx

7