CULLEN AND DYKMAN LLP
100 Quentin Roosevelt Boulevard
Garden City, New York 11530
(516) 357-3700
Matthew G. Roseman, Esq. (MR 1387)
C. Nathan Dee, Esq.  (CD 9703)

Counsel to Debtors and Debtors-in-Possession

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
In re:                                                                Chapter 11

GLOBAL CONTAINER LINES LTD., et al.,          Case Nos.  09-78585 (AST)
                                                                                        09-78584 (AST)
                                                                                        09-78589 (AST)
                                                                                        09-78586 (AST)
                                                                                        09-78587 (AST)
                                                                                        09-78588 (AST)
                                                                                        09-78590 (AST)

                                  Debtors.

-------------------------------------------------------------x

**REPLY TO RESPONSE OF SEACASTLE CONTAINER
LEASING LLC TO DEBTORS MOTION TO REJECT SEACASTLE CONTAINER
AGREEMENTS**

TO THE HONORABLE ALAN S. TRUST,
UNITED STATES BANKRUPTCY JUDGE:

Global Container Lines Ltd., et al., Debtors and Debtors-in-Possession in the above-

captioned bankruptcy cases (the "Debtors")[1], by their attorneys Cullen and Dykman LLP, submit

this reply to the response of Seacastle Container Leasing LLC ("Seacastle") to the Debtors'

motion to reject certain container leasing agreements with Seacastle.  In further support thereof,

the Debtors allege as follows:

**INTRODUCTION**

---

[1] The Debtors in these cases are: Global Container Lines Ltd., Shiptrade, Inc., GCL Shipping Corp., Redstone
Shipping Corp., Gilmore Shipping Corp., Global Progress, LLC and Global Prosperity, LLC.

1.      On November 10, 2009 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of title 11, United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Eastern District of New York.

2.      The Debtors remain in possession of their property and continue in the operation and management of their businesses as debtors-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

3.      By Order dated November 17, 2009, the Court authorized the joint administration of the Debtors' chapter 11 cases pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure.

4.      On December 7, 2009, the United States Trustee appointed an official committee of unsecured creditors in these cases.

## BACKGROUND

5.      Prior to the Petition Date, the Debtors had entered into certain agreements (the "Agreements") for leasing storage containers from Seacastle.[2]

6.      On December 7, 2009, Seacastle filed a motion for adequate protection of its interest in certain storage containers (the "Containers").

7.      On December 18, 2009, the Debtors filed a response to Seacastle's motion for adequate protection asserting, among other things, that the Agreements were disguised financing agreements.

8.      After a hearing on December 22, 2009 on Seacastle's motion and the Debtors' response, the Debtors initiated an adversary proceeding against Seacastle for a determination of the parties rights under the Agreements.

---

[2] A detailed description of the parties contractual relationship (along with copies of the relevant Seacastle agreements) is set forth in the Debtors' response to Seacastle's motion for turnover dated December 18, 2009 [docket no. 66].

9.    On or about January 11, 2010, the Debtors filed their motion to reject the

Agreements (the "Motion").

10.    On January 20, 2010, Seacastle filed its response (the "Response") to the Debtors'

Motion.

11.    On or about January 23, 2010, the Debtors dismissed their adversary proceeding

against Seacastle because the relief sought by the Debtors in the Motion essentially rendered the

adversary proceeding moot.

## SEACASTLE RESPONSE

12.    In its Response[3], Seacastle seeks: (i) a declaration by the Court that the Debtors

have no right to reject the agreements subject to the motion because Seacastle had already

terminated the Agreements prior to the Petition Date; (ii) a direction by the Court that Global

cease using Seacastle's Containers and immediately return such containers to Seacastle; and (iii)

a direction by the Court compelling the Debtors' immediate disclosure of the locations of

Seacastle's containers along with an accounting of their use by the Debtors since the Petition

Date.

13.    Additionally, in its Response, Seacastle also asserts an administrative claim for

damages against the Debtors estates in an unspecified amount based upon an alleged tort claim

against the Debtors for conversion.

## DEBTORS' REPLY

14.    The Debtors assert that issues of fact exist regarding whether or not Seacastle

properly terminated the Agreements prior to the Petition Date that would require an evidentiary

hearing.    Accordingly, the Court should deny Seacastle's request that it make a determination

---

[3] In its prayers for relief in the Response, Seacastle reasserts a request for the same relief that it had previously
sought in its original motion for adequate protection.

regarding its alleged pre-petition termination of the Agreements until after the Court has held an evidentiary hearing on the matter.

15.    The Debtors also assert that Seacastle's request for a declaration of its rights under the Agreement is procedurally defective as such a request should be made brought pursuant a complaint initiating an adversary proceeding under Federal Rule of Bankruptcy Procedure 7001(2).

16.    Given that the Debtors' seek to reject the Agreements pursuant to the terms of the Motion, Seacastle's request that the Court direct that the Debtors to cease using their containers is now moot.[4]

17.    The Debtors should not be compelled to immediately return Seacastle's containers to Seacastle upon the Debtors rejection of the Agreements because to hold otherwise would be to compel the Debtors to perform their contractual obligations to Seacastle after the Debtors had already rejected the Agreements.  Such a result is contrary to the terms of Section 365 (p) of the Bankruptcy Code that provides after rejection the Containers are no longer property of the Debtors' estates and the automatic stay is immediately lifted to enable Seacastle to regain possession of its personal property.  The Debtors should not be forced to expend estate funds to provide for the return of non debtor property to non debtor third parties.  Furthermore, Sections 365 (g) and 502 of the Bankruptcy Code provide a remedy for Seacastle in the form of a rejection claim for damages that it may assert against the Debtors based upon the Agreements including, but not limited to, any costs incurred by Seacastle when retrieving is containers.

18.    The Debtors have provided Seacastle with the current location of its containers

_____

[4] Approximately fifty five of Seacastle's containers are now enroute to Zanzibar and should arrive no later than January 30, 2010. The Debtors intend to pay Seacastle the per diem rate for any containers actually used by the Debtors to transport cargo during the post-petition period as an administrative expense pursuant to the terms of a consensual plan of reorganization.

4

contemporaneously with the filing of this Reply via electronic mail from Debtors counsel to counsel for Seacastle.   Consequently, the Court does not need to compel the Debtors to provide further information regarding the location of its containers.  The Debtors will work with Seacastle, as they have worked with all their equipment lessors, to facilitate the return of the Containers as long as the Debtors are not required to expend estate funds to do so.

19.    Finally, in its Response, Seacastle seeks to assert an administrative claim against the Debtors for an unspecified amount based upon the Debtors' alleged conversion of Seacastle's property after the Petition Date.  As support for its alleged administrative claim, Seacastle cites to a number of cases based upon the Supreme Court's decision in *Reading Company v. Brown*, 391 U.S. 471 (1968) (See Response, p. 2) that are inapposite to the facts and issues presented to the Court in the instant matter.

20.    In fact, one of the cases Seacastle relies on, *SunTrust Bank v Roberson* (In re Baseline Sports, Inc.), 393 B.R. 105, 130 (E.D. Va 2008) supports the Debtors position that Seacastle does not hold an administrative claim against the Debtors estate based upon an alleged tort because Seacastle is not the type of "innocent" third party for whom the Reading exception was designed since Seacastle is one of the Debtors' creditors for whose benefit the Debtors are attempting to reorganize.  393 B.R. at 131 (citations omitted).

21.    Additionally, the Debtors assert that (i) the Agreements do not represent a post-petition transaction with the Debtors estates because they were not terminated by Seacastle prior to the Petition Date and (ii) Seacastle's alleged tort claim did not provide a benefit to the Debtors' estates that would justify Seacastle's claim for an administrative expense pursuant to Section 503(b) of the Bankruptcy Code. *See, NLRB v. Bildisco v. Bildisco,* 465 U.S. 513, 531 (1984).

22.    The Debtors have used seventy five of Seacastle's containers during the post-petition period to transport cargo.  Accordingly, the Debtors agree that Seacastle has an administrative claim against the Debtors' estates in the amount of approximately $4,463.46 which represents the per diem cost for each of the Containers used by the Debtors for the periods they were used by the Debtors.  A breakdown of the dates, containers and rental costs for each of the Containers used by the Debtors during the post-petition period are attached hereto as Exhibit A.

WHEREFORE, the Debtor requests that the Court deny the relief sought by Seacastle in its Response, grant the Debtors' Motion  and grant the Debtors such other and further relief as the Court deems just and proper.

Dated: Garden City, New York
       January 25, 2010

                                        CULLEN AND DYKMAN LLP
                                        Proposed Counsel for Debtors and Debtors in
                                        Possession

                                        By      /s/ C. Nathan Dee •
                                                Matthew G. Roseman (MR1387)
                                                C. Nathan Dee (CD 9703)
                                                100 Quentin Roosevelt Boulevard
                                                Garden City, New York 11530
                                                (516) 296-9106

**EXHIBIT A**

| No. | Contract | Container No. | TP | Pickup date | Estimated MTY return date | Rental | Rental Days | Amount | CURRENT LOCATION |
|---|---|---|---|---|---|---|---|---|---|
| 1 | IP 3507 | GCIU205020 | 20'DV | 22-Dec-09 | 05-Feb-10 | $ 1.62 | 45 | $ 72.90 | Mombasa |
| 2 | IP 3507 | GCIU205081 | 20'DV | 22-Dec-09 | 05-Feb-10 | $ 1.62 | 45 | $ 72.90 | Mombasa |
| 3 | IP 3507 | GCIU205105 | 20'DV | 22-Dec-09 | 05-Feb-10 | $ 1.62 | 45 | $ 72.90 | Mombasa |
| 4 | IP 3507 | GCIU205158 | 20'DV | 22-Dec-09 | 05-Feb-10 | $ 1.62 | 45 | $ 72.90 | Mombasa |
| 5 | IP 3507 | GCIU205169 | 20'DV | 22-Dec-09 | 05-Feb-10 | $ 1.62 | 45 | $ 72.90 | Mombasa |
| 6 | IP 3507 | GCIU205230 | 20'DV | 22-Dec-09 | 05-Feb-10 | $ 1.62 | 45 | $ 72.90 | Mombasa |
| 7 | IP 3507 | GCIU205233 | 20'DV | 22-Dec-09 | 05-Feb-10 | $ 1.62 | 45 | $ 72.90 | Mombasa |
| 8 | IP 3507 | GCIU205252 | 20'DV | 22-Dec-09 | 05-Feb-10 | $ 1.62 | 45 | $ 72.90 | Mombasa |
| 9 | IP 3507 | GCIU205266 | 20'DV | 22-Dec-09 | 05-Feb-10 | $ 1.62 | 45 | $ 72.90 | Mombasa |
| 10 | IP 3507 | GCIU205282 | 20'DV | 22-Dec-09 | 05-Feb-10 | $ 1.62 | 45 | $ 72.90 | Mombasa |
| 11 | IP 3507 | GCIU205355 | 20'DV | 22-Dec-09 | 05-Feb-10 | $ 1.62 | 45 | $ 72.90 | Mombasa |
| 12 | IP 3507 | GCIU205362 | 20'DV | 22-Dec-09 | 05-Feb-10 | $ 1.62 | 45 | $ 72.90 | Mombasa |
| 13 | IP 3507 | GCIU205368 | 20'DV | 22-Dec-09 | 05-Feb-10 | $ 1.62 | 45 | $ 72.90 | Mombasa |
| 14 | IP 3531 | GCIU205427 | 20'DV | 22-Dec-09 | 05-Feb-10 | $ 1.14 | 45 | $ 51.30 | Mombasa |
| 15 | IP 3531 | GCIU205436 | 20'DV | 22-Dec-09 | 05-Feb-10 | $ 1.14 | 45 | $ 51.30 | Mombasa |
| 16 | IP 3531 | GCIU205440 | 20'DV | 22-Dec-09 | 05-Feb-10 | $ 1.14 | 45 | $ 51.30 | Mombasa |
| 17 | IP 3531 | GCIU205455 | 20'DV | 22-Dec-09 | 05-Feb-10 | $ 1.14 | 45 | $ 51.30 | Mombasa |
| 18 | IP 3531 | GCIU205498 | 20'DV | 22-Dec-09 | 05-Feb-10 | $ 1.14 | 45 | $ 51.30 | Mombasa |
| 19 | IP 3531 | GCIU205530 | 20'DV | 22-Dec-09 | 05-Feb-10 | $ 1.14 | 45 | $ 51.30 | Mombasa |
| 20 | IP 3531 | GCIU205538 | 20'DV | 22-Dec-09 | 05-Feb-10 | $ 1.14 | 45 | $ 51.30 | Mombasa |
| 21 | IP 3507 | GCIU205001 | 20'DV | 22-Dec-09 | 30-Jan-10 | $ 1.62 | 39 | $ 63.18 | Zanzibar |
| 22 | IP 3507 | GCIU205006 | 20'DV | 22-Dec-09 | 30-Jan-10 | $ 1.62 | 39 | $ 63.18 | Zanzibar |
| 23 | IP 3507 | GCIU205010 | 20'DV | 22-Dec-09 | 30-Jan-10 | $ 1.62 | 39 | $ 63.18 | Zanzibar |
| 24 | IP 3507 | GCIU205018 | 20'DV | 22-Dec-09 | 30-Jan-10 | $ 1.62 | 39 | $ 63.18 | Zanzibar |
| 25 | IP 3507 | GCIU205019 | 20'DV | 22-Dec-09 | 30-Jan-10 | $ 1.62 | 39 | $ 63.18 | Zanzibar |
| 26 | IP 3507 | GCIU205048 | 20'DV | 22-Dec-09 | 30-Jan-10 | $ 1.62 | 39 | $ 63.18 | Zanzibar |
| 27 | IP 3507 | GCIU205057 | 20'DV | 22-Dec-09 | 30-Jan-10 | $ 1.62 | 39 | $ 63.18 | Zanzibar |
| 28 | IP 3507 | GCIU205066 | 20'DV | 22-Dec-09 | 30-Jan-10 | $ 1.62 | 39 | $ 63.18 | Zanzibar |
| 29 | IP 3507 | GCIU205073 | 20'DV | 22-Dec-09 | 30-Jan-10 | $ 1.62 | 39 | $ 63.18 | Zanzibar |
| 30 | IP 3507 | GCIU205086 | 20'DV | 22-Dec-09 | 30-Jan-10 | $ 1.62 | 39 | $ 63.18 | Zanzibar |
| 31 | IP 3507 | GCIU205100 | 20'DV | 22-Dec-09 | 30-Jan-10 | $ 1.62 | 39 | $ 63.18 | Zanzibar |
| 32 | IP 3507 | GCIU205111 | 20'DV | 22-Dec-09 | 30-Jan-10 | $ 1.62 | 39 | $ 63.18 | Zanzibar |
| 33 | IP 3507 | GCIU205134 | 20'DV | 22-Dec-09 | 30-Jan-10 | $ 1.62 | 39 | $ 63.18 | Zanzibar |
| 34 | IP 3507 | GCIU205139 | 20'DV | 22-Dec-09 | 30-Jan-10 | $ 1.62 | 39 | $ 63.18 | Zanzibar |
| 35 | IP 3507 | GCIU205143 | 20'DV | 22-Dec-09 | 30-Jan-10 | $ 1.62 | 39 | $ 63.18 | Zanzibar |
| 36 | IP 3507 | GCIU205156 | 20'DV | 22-Dec-09 | 30-Jan-10 | $ 1.62 | 39 | $ 63.18 | Zanzibar |
| 37 | IP 3507 | GCIU205157 | 20'DV | 22-Dec-09 | 30-Jan-10 | $ 1.62 | 39 | $ 63.18 | Zanzibar |
| 38 | IP 3507 | GCIU205161 | 20'DV | 22-Dec-09 | 30-Jan-10 | $ 1.62 | 39 | $ 63.18 | Zanzibar |
| 39 | IP 3507 | GCIU205168 | 20'DV | 22-Dec-09 | 30-Jan-10 | $ 1.62 | 39 | $ 63.18 | Zanzibar |
| 40 | IP 3507 | GCIU205182 | 20'DV | 22-Dec-09 | 30-Jan-10 | $ 1.62 | 39 | $ 63.18 | Zanzibar |
| 41 | IP 3507 | GCIU205195 | 20'DV | 22-Dec-09 | 30-Jan-10 | $ 1.62 | 39 | $ 63.18 | Zanzibar |
| 42 | IP 3507 | GCIU205199 | 20'DV | 22-Dec-09 | 30-Jan-10 | $ 1.62 | 39 | $ 63.18 | Zanzibar |
| 43 | IP 3507 | GCIU205207 | 20'DV | 22-Dec-09 | 30-Jan-10 | $ 1.62 | 39 | $ 63.18 | Zanzibar |
| 44 | IP 3507 | GCIU205225 | 20'DV | 22-Dec-09 | 30-Jan-10 | $ 1.62 | 39 | $ 63.18 | Zanzibar |
| 45 | IP 3507 | GCIU205227 | 20'DV | 22-Dec-09 | 30-Jan-10 | $ 1.62 | 39 | $ 63.18 | Zanzibar |
| 46 | IP 3507 | GCIU205238 | 20'DV | 22-Dec-09 | 30-Jan-10 | $ 1.62 | 39 | $ 63.18 | Zanzibar |
| 47 | IP 3507 | GCIU205242 | 20'DV | 22-Dec-09 | 30-Jan-10 | $ 1.62 | 39 | $ 63.18 | Zanzibar |
| 48 | IP 3507 | GCIU205256 | 20'DV | 22-Dec-09 | 30-Jan-10 | $ 1.62 | 39 | $ 63.18 | Zanzibar |
| 49 | IP 3507 | GCIU205268 | 20'DV | 22-Dec-09 | 30-Jan-10 | $ 1.62 | 39 | $ 63.18 | Zanzibar |
| 50 | IP 3507 | GCIU205279 | 20'DV | 22-Dec-09 | 30-Jan-10 | $ 1.62 | 39 | $ 63.18 | Zanzibar |
| 51 | IP 3507 | GCIU205280 | 20'DV | 22-Dec-09 | 30-Jan-10 | $ 1.62 | 39 | $ 63.18 | Zanzibar |
| 52 | IP 3507 | GCIU205293 | 20'DV | 22-Dec-09 | 30-Jan-10 | $ 1.62 | 39 | $ 63.18 | Zanzibar |
| 53 | IP 3507 | GCIU205299 | 20'DV | 22-Dec-09 | 30-Jan-10 | $ 1.62 | 39 | $ 63.18 | Zanzibar |
| 54 | IP 3507 | GCIU205303 | 20'DV | 22-Dec-09 | 30-Jan-10 | $ 1.62 | 39 | $ 63.18 | Zanzibar |
| 55 | IP 3507 | GCIU205316 | 20'DV | 22-Dec-09 | 30-Jan-10 | $ 1.62 | 39 | $ 63.18 | Zanzibar |
| 56 | IP 3507 | GCIU205325 | 20'DV | 22-Dec-09 | 30-Jan-10 | $ 1.62 | 39 | $ 63.18 | Zanzibar |
| 57 | IP 3507 | GCIU205336 | 20'DV | 22-Dec-09 | 30-Jan-10 | $ 1.62 | 39 | $ 63.18 | Zanzibar |
| 58 | IP 3507 | GCIU205369 | 20'DV | 22-Dec-09 | 30-Jan-10 | $ 1.62 | 39 | $ 63.18 | Zanzibar |
| 59 | IP 3531 | GCIU205405 | 20'DV | 22-Dec-09 | 30-Jan-10 | $ 1.14 | 39 | $ 44.46 | Zanzibar |
| 60 | IP 3531 | GCIU205415 | 20'DV | 22-Dec-09 | 30-Jan-10 | $ 1.14 | 39 | $ 44.46 | Zanzibar |
| 61 | IP 3531 | GCIU205425 | 20'DV | 22-Dec-09 | 30-Jan-10 | $ 1.14 | 39 | $ 44.46 | Zanzibar |
| 62 | IP 3531 | GCIU205466 | 20'DV | 22-Dec-09 | 30-Jan-10 | $ 1.14 | 39 | $ 44.46 | Zanzibar |
| 63 | IP 3531 | GCIU205469 | 20'DV | 22-Dec-09 | 30-Jan-10 | $ 1.14 | 39 | $ 44.46 | Zanzibar |
| 64 | IP 3531 | GCIU205484 | 20'DV | 22-Dec-09 | 30-Jan-10 | $ 1.14 | 39 | $ 44.46 | Zanzibar |
| 65 | IP 3531 | GCIU205485 | 20'DV | 22-Dec-09 | 30-Jan-10 | $ 1.14 | 39 | $ 44.46 | Zanzibar |
| 66 | IP 3531 | GCIU205505 | 20'DV | 22-Dec-09 | 30-Jan-10 | $ 1.14 | 39 | $ 44.46 | Zanzibar |
| 67 | IP 3531 | GCIU205512 | 20'DV | 22-Dec-09 | 30-Jan-10 | $ 1.14 | 39 | $ 44.46 | Zanzibar |
| 68 | IP 3531 | GCIU205532 | 20'DV | 22-Dec-09 | 30-Jan-10 | $ 1.14 | 39 | $ 44.46 | Zanzibar |
| 69 | IP 3531 | GCIU205534 | 20'DV | 22-Dec-09 | 30-Jan-10 | $ 1.14 | 39 | $ 44.46 | Zanzibar |
| 70 | IP 3531 | GCIU205537 | 20'DV | 22-Dec-09 | 30-Jan-10 | $ 1.14 | 39 | $ 44.46 | Zanzibar |
| 71 | IP 3531 | GCIU205543 | 20'DV | 22-Dec-09 | 30-Jan-10 | $ 1.14 | 39 | $ 44.46 | Zanzibar |
| 72 | IP 3531 | GCIU205567 | 20'DV | 22-Dec-09 | 30-Jan-10 | $ 1.14 | 39 | $ 44.46 | Zanzibar |
| 73 | IP 3531 | GCIU205577 | 20'DV | 22-Dec-09 | 30-Jan-10 | $ 1.14 | 39 | $ 44.46 | Zanzibar |
| 74 | IP 3531 | GCIU205581 | 20'DV | 22-Dec-09 | 30-Jan-10 | $ 1.14 | 39 | $ 44.46 | Zanzibar |
| 75 | IP 3531 | GCIU205591 | 20'DV | 22-Dec-09 | 30-Jan-10 | $ 1.14 | 39 | $ 44.46 | Zanzibar |

Total → $ 4,463.46