UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------x

In re:

GLOBAL CONTAINER LINES LTD., *et al.*

Debtors. Jointly Administered

---------------------------------------------------------------x

Chapter 11
Case No. 09-78585
(Jointly Administered with 09-78584
Case Nos. through 09-78590)

**STIPULATED AND AGREED
ORDER AUTHORIZING REJECTION OF CERTAIN EXECUTORY CONTRACTS
AND UNEXPIRED LEASES AND DIRECTING RELEASE OF ALL CONTAINERS**

Upon the motion dated January 11, 2010 (the "Motion") of Global Container Lines Ltd., et al. (the "Debtors")[1], as debtors and debtors-in-possession in the above captioned, jointly administered Chapter 11 cases, by and through their undersigned counsel, for entry of an order, pursuant to sections 105 and 365 of title 11, United States Code (the Bankruptcy Code") and Rule 6006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), authorizing the Debtors' rejection of certain executory agreements by and between the Debtors and Seacastle Container Leasing LLC ("Seacastle")(herein, the "Seacastle Containers"), and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that the relief requested in the Motion will benefit the Debtors' estates and their creditors and all other parties in interest; and due and proper notice of the Motion having been provided and it appearing that no other or further notice need be provided;

---

[1] The Debtors in these chapter 11 cases are: Global Container Lines, LTD, Shiptrade, Inc., GCL Shipping Corp, Redstone Shipping Corp., Gilmore Shipping Corp., Global Progress, LLC and Global Prosperity, LLC.

and a hearing to consider the Motion having been held before the Court on January 27, 2010 (the "Hearing"); and upon the objection to the Motion filed by Seacastle and the Debtors' related reply filed prior to the Hearing and upon arguments and testimony presented at the Hearing; and all of the objections or other responses to the Motion having been overruled, withdrawn or taken under advisement by the Court; and after due deliberation and sufficient cause appearing therefore, it is hereby ORDERED that:

1. The relief requested in the Motion is granted to the extent set forth on the record at the Hearing and as provided herein.

2. Seacastle has reserved its right to assert an administrative claim against the Debtors estates for any alleged post-possession use, possession or control, if any, of the Seacastle Containers by the Debtors. Debtors and the Official Unsecured Creditors Committee also reserve their rights to object to such a claim.

3. The following unexpired executory contracts and related agreements (the "Agreements") are hereby deemed rejected as of the date of the Hearing:

   a. Membership and Equipment Lease Agreement dated March 25, 2005 between Global Container Lines, Ltd. ("Global") and Interpool Limited ("Interpool"), assigned by Interpool to CAI-Interpool, LLC ("CAI") and thereafter to Seacastle;

   b. Lease Purchase Agreement dated March 25, 2005 between Global and CAI (Acct. #3507), assigned by CAI to Seacastle; and

   c. Lease Purchase Agreement dated December 13, 2005 between Global and CAI (Acct. #353 I), assigned by CAI to Seacastle.

4. The Debtors shall use all reasonable and necessary efforts to facilitate the return of all Seacastle Containers subject to the Agreements, including, but not limited to, providing Seacastle with (a) a master list of each depot and/or port location where the Containers currently

reside, (b) copies of any invoices, statement of accounts, agreements, contracts and/or similar documents in the Debtors' possession and/or control for each of the depots and/or port locations identified on the list attached hereto as Exhibit "A", and (c) a letter of instruction (on Debtors' letterhead) that Seacastle can deliver to each depot and/or port location where their containers reside that states, *inter alia*, that the Debtors authorize and direct each depot and port location to deal directly with Seacastle in respect of access and recovery of their Containers.

5. The Debtors shall also direct their agents, including, without limitation, those foreign agents located in or responsible for each of the depots and/or port locations set forth on Exhibit "A," to cooperate with any reasonable requests of Seacastle to access and retrieve its Containers.

6. ALL PARTIES IN POSSESSION AND/OR CONTROL OF ANY OF THE SEACASTLE CONTAINERS (AND ANY RELATED EQUIPMENT), INCLUDING, WITHOUT LIMITATION, THOSE DEPOTS AND PORTS IDENTIFIED IN EXHIBIT "A" ATTACHED HERETO, ARE HEREBY ORDERED AND DIRECTED TO IMMEDIATELY AND FULLY RELEASE AND SURRENDER ALL LIENS AND CHARGES AGAINST AND POSSESSION OF ALL OF THE SEACASTLE CONTAINERS (AND ANY RELATED EQUIPMENT), AND THIS ORDER SHALL CONSTITUTE AND BE DEEMED NOTICE AND DIRECTION OF SUCH SURRENDER AND RELEASE.

7. The form and method of the notice of the hearing on the Motion provided by the Debtors complies with the requirements of Bankruptcy Rule 2002(a) and is hereby approved.

8. Any proof of claim arising from the relief granted in this Order must be filed with the Bankruptcy Court by either the general bar date for unsecured claims or administrative bar date for administrative expense claims as applicable as established in theses cases pursuant to an

Order of the Court.

9. Notwithstanding the possible applicability of Bankruptcy Rule 6004(h) or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

10. This Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: Central Islip, New York

January 27, 2010

**STIPULATED AND AGREED:**

| | |
|---|---|
| _/s/ C. Nathan Dee_____ | _/s/ J. Stephen Simms |
| C. Nathan Dee, Esq. (CD9703) | J. Stephen Simms (*admitted pro hac vice*) |
| Cullen and Dykman LLP | Simms Showers LLP |
| Attorneys for Debtors | Attorneys for |
| 1000 Quentin Roosevelt Boulevard | Seacastle Container Leasing LLC |
| Garden City, New York 11530 | 20 S. Charles Street, Suite 702 |
| (516) 357-3700 | Baltimore, Maryland 21201 |
| | (410) 783-5795 |

SO ORDERED:

_____
HONORABLE ALAN S. TRUST
UNITED STATES BANKRUPTCY JUDGE