CULLEN AND DYKMAN LLP
100 Quentin Roosevelt Boulevard
Garden City, New York 11530
(516) 357-3700
Matthew G. Roseman, Esq. (MR 1387)
C. Nathan Dee, Esq. (CD 9703)

Attorneys for Debtors and Debtors-in-Possession

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------x
In re:                                                    Chapter 11

GLOBAL CONTAINER LINES LTD., et al.,          Case Nos.  09-78585 (AST)
                                                         09-78584 (AST)
                                                         09-78589 (AST)
                                                         09-78586 (AST)
                                                         09-78587 (AST)
                                                         09-78588 (AST)
                                                         09-78590 (AST)

                              Debtors.
---------------------------------------------------------x

**Notice of Amended Exhibit "1" To Debtors Ex Parte Motion To Establish A Bar Date And
For Related Relief**

Please find attached an amended Exhibit "1" to the above referenced Debtors' ex parte

motion to establish a bar date in these cases and for related relief dated February 2, 2010.


Dated: Garden City, New York
       February 4, 2010
                                        CULLEN AND DYKMAN LLP
                                        Counsel for Debtors and Debtors in
                                        Possession


                              By      /s/ C. Nathan Dee
                                        Matthew G. Roseman (MR1387)
                                        C. Nathan Dee (CD 9703)
                                        100 Quentin Roosevelt Boulevard
                                        Garden City, New York 11530
                                        (516) 357-3700

1

**Amended Exhibit "1"**

CULLEN AND DYKMAN LLP
100 Quentin Roosevelt Boulevard
Garden City, New York 11530
(516) 357-3700
Matthew G. Roseman, Esq. (MR 1387)
C. Nathan Dee, Esq.  (CD 9703)
Bonnie Pollack, Esq. (BP 3711)

Attorneys for Debtors and Debtors-in-Possession

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In re:                                                                    Chapter 11

GLOBAL CONTAINER LINES LTD., et al.,          Case Nos.  09-78585 (AST)
                                                                              09-78584 (AST)
                                                                              09-78589 (AST)
                                                                              09-78586 (AST)
                                                                              09-78587 (AST)
                                                                              09-78588 (AST)
                                                                              09-78590 (AST)

                                      Debtors.
------------------------------------------------------------x

## ORDER ESTABLISHING DEADLINE FOR FILING PROOFS OF CLAIM AND APPROVING THE FORM AND MANNER OF NOTICE THEREOF

Upon the application of Global Container Lines, Ltd. ("Global"), Shiptrade, Inc.

("Shiptrade"), GCL Shipping Corp. ("GCL"), Redstone Shipping Corp. ("Redstone"), Gilmore

Shipping Corp. ("Gilmore"), Global Progress LLC ("Progress") and Global Prosperity LLC

("Prosperity"; collectively, the "Debtors"), debtors and debtors-in-possession herein, for an entry of

an order pursuant to Rule 3003(c)(3) of the Federal Rule of Bankruptcy Procedure ("Bankruptcy

Rules") fixing a deadline and establishing procedures for filing proofs of claim and approving the

form and manner of service thereof, and it appearing that the relief requested is in the best interests

of the Debtor, its estate and creditors, and the adequate notice has been give and that no further

notice is necessary; and after due deliberation thereon and good and sufficient cause appearing

therefore, it is hereby

**ORDERED**, that except as otherwise provided herein, all persons and entities (including, without limitation, individuals, partnerships, corporations, joint ventures, trusts and governmental units) that assert a claim, as defined in section 101(5) of the Bankruptcy Code, against the Debtor which arose on or prior to the filing of the Chapter 11 petition on November 10, 2009; shall file a proof of such claim in writing, in the manner set forth below, so that it is received on or before _____ at 5:00 P.M. Eastern Time (the "Bar Date"); and it is further

**ORDERED**, that the following procedures for the filing of proof(s) of claim shall apply:

(a)     **a proof of claim must conform substantially to Form No. 10 of the Official Bankruptcy Forms a copy of which is attached hereto as Exhibit A unless a claim against Gilmore, Progress or Prosperity is based upon a maritime lien (as defined in Section 31101 et seq of Title 46 of the United States Code) asserted against the M/V Global Precision, the M/V Global Progress or the M/V Global Prosperity in which case a proof of claim form must conform substantially with the modified Form No. 10 of Official Bankruptcy Forms attached hereto as Exhibit B.**

(b)     **Proofs of claim may be filed over the Internet, on CD-ROM, on diskette or     in paper form. To file a proof of claim over the Internet, you must be an Electronic Case Filing ("ECF") account holder. If you are not a current ECF account holder and wish to obtain a Limited Access Creditor Password to file claims, you must complete the application located at:**

       **http://www.nyeb.uscourts.gov/ecf/train_guide/limited access_pwd.pdf**

       **To file a proof of claim by mail, by hand or by overnight courier, the   address is: United States Bankruptcy Court, Eastern District of New     York, 290 Federal Plaza, P.O. Box 9013 Central Islip, New York 11722-   9013.**

(c)     a proof of claim will be deemed filed only when received by the Clerk of the Bankruptcy Court on or before the Bar Date; and

(d)     a proof of claim must (i) be signed; (ii) include supporting documentation (if voluminous, attach a summary) or an explanation as to why documentation is not available; and (iii) be denominated in United States currency;

**ORDERED**, that the following persons or entities need not file a proof of claim on or prior to the Bar Date:

(a)     any person or entity that has already filed a proof of claim against the Debtors with the Clerk of the Bankruptcy Court for the Eastern District of New York in     a form substantially similar to Official Bankruptcy Form No. 10;

(b)     any person or entity whose claim is listed on the Schedules filed by the Debtors, provided that (i) the claim is not scheduled as "disputed," "contingent" or "unliquidated"; and (ii) the claimant does not disagree with the amount, nature and priority of the claim as set forth in Schedules;

(c)     any holder of a claim that heretofore has been allowed by order of this Court;

(d)     any person or entity whose claim has been paid in full by the Debtors;

(e)     any holder of a claim for which specific deadlines have previously been fixed by this Court;

(f)     any holder of a claim allowable under §503(b) and §507(a) of the Bankruptcy Code as an expense of administration; and it is further

**ORDERED**, that any person that holds a claim that arises from the rejection of an executory contract or unexpired lease, as to which the order authorizing such rejection is dated on or before the date of entry of this Order, must file a proof of claim based on such rejection on or before the Bar Date, and any person or entity that holds a claim that arises from the rejection of an executory contract or unexpired lease, as to which an order authorizing such rejection is dated after the date of entry of this order, must file a proof of claim on or before such date as the Court may fix in the applicable order authorizing such rejection; and it is further

**ORDERED**, that holders of equity security interests in the Debtor need not file proofs of interest with respect to the ownership of such equity interests, provided, however, that if any such holder asserts a claim against the Debtor (including a claim relating to an equity interest or the purchase or sale of such equity interest), a proof of such claim must be filed on or prior to the Bar Date pursuant to the procedures set forth in this Order; and it is further

**ORDERED**, that if the Debtors amend or supplements theier Schedules subsequent to the date hereof, the Debtors shall give notice of any amendment or supplement to the holders of claims affected thereby, and such holders shall be afforded 30 days from the date of such notice to file proofs of claim in respect of their claims or be barred from doing so, and shall be given notice of such deadline; and it is further

**ORDERED**, that nothing in this Order shall prejudice the right of the Debtors or any

other party in interest to dispute or assert offsets or defenses to any Claim reflected in the Schedules; and it is further

**ORDERED,** that pursuant to Bankruptcy Rule 3003(c)(2), all holders of claims that fail to comply with this Order by timely filing a proof of claim in appropriate form shall not be treated as a creditor with respect to such claim for the purposes of voting and distribution; and it is further

**ORDERED,** that a copy of the Notice substantially in the form annexed hereto as **Exhibit C** is approved and shall be deemed adequate and sufficient if served by first -class mail at least 35 days prior to the Bar Date on:

(a)   the United States Trustee;

(b)   all persons or entities who have filed a notice of appearance in the Debtors' Chapter 11 cases;

(c)   all persons or entities who have filed a proof of claim against the Debtors;

(d)   all persons or entities listed in the Schedules as holding claims against the Debtors;

(e)   all persons or entities listed in Schedules as being a party to an executory contract with the Debtors;

(f)   all other known holders of claims against the Debtors, if any;

(g)   all taxing authorities;

(h)   counsel for the Creditors' Committee; and

(i)   such additional persons and entities as deemed appropriate by the Debtors;

and it is further

**ORDERED,** that any person or entity who desires to rely on the Schedules will have the responsibility for determining that their claim is accurately listed in the Schedules; and it is further

**ORDERED,** that the Debtors are authorized and empowered to take such steps and perform such acts as may be necessary to implement and effectuate the terms of this Order; and it is further

**ORDERED,** that entry of this Order is without prejudice to the right of the Debtors to seek a

further order of this Court fixing a date by which holders of claims or interests not subject to the Bar

Date established herein must file such proofs of claim or interest or be barred from doing so.

Dated: Garden City, New York
      February \_\_\_, 2010

                                            _____
                                            ALAN S. TRUST
                                            UNITED STATES BANKRUPCTY JUDGE

Exhibit "A"

**B10 (Official Form 10) (12/08)**

| **United States Bankruptcy Court -** | **PROOF OF CLAIM** |
|---|---|
| Name of Debtor: | Case Number: |

*NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.*

| | |
|---|---|
| Name of Creditor (The person or other entity to whom the debtor owes money or property):<br><br>Name and address where notices should be sent:<br><br><br><br><br><br>Telephone number: | ☐ Check this box to indicate that this claim amends a previously filed claim.<br><br>**Court Claim Number:** _____<br>*(If known)*<br><br>Filed on: _____ |
| Name and address where payment should be sent (if different from above):<br><br><br><br><br>Telephone number: | ☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.<br><br>☐ Check this box if you are the debtor or trustee in this case. |

**1. Amount of Claim as of Date Case Filed:** $_____

If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4.

If all or part of your claim is entitled to priority, complete item 5.

☐ Check this box if claim includes interest or other charges in addition to the principal amount of claim. Attach itemized statement of interest or charges.

**2. Basis for Claim:** _____
(See instruction #2 on reverse side.)

**3. Last four digits of any number by which creditor identifies debtor:** _____

**3a. Debtor may have scheduled account as:** _____
(See instruction #3a on reverse side.)

**4. Secured Claim** (See instruction #4 on reverse side.)
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.

**Nature of property or right of setoff:** ☐ Real Estate ☐ Motor Vehicle ☐ Other
**Describe:**

**Value of Property:** $_____ **Annual Interest Rate** _____

**Amount of arrearage and other charges as of time case filed included in secured claim, if any:** $_____ **Basis for perfection:** _____

**Amount of Secured Claim:** $_____ **Amount Unsecured:** $_____

**5. Amount of Claim Entitled to Priority under 11 U.S.C. §507(a). If any portion of your claim falls in one of the following categories, check the box and state the amount.**

Specify the priority of the claim.

☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B)

☐ Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507 (a)(4).

☐ Contributions to an employee benefit plan - 11 U.S.C. § 507 (a)(5).

☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507 (a)(7).

☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507 (a)(8).

☐ Other - Specify applicable paragraph of 11 U.S.C. § 507 (a)(_____).

**Amount entitled to priority:**

$_____

*\* Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

**6. Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.

**7. Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements or running accounts, contracts, judgments, mortgages, and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. *(See instruction 7 and definition of "redacted" on reverse side.)*

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

**FOR COURT USE ONLY**

| Date: | **Signature:** The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any. |
|---|---|

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

# EXHIBIT "B"

# UNITED STATES BANKRUPTCY COURT – EASTERN DISTRICT OF NEW YORK

| Name of Debtor:<br><br>GLOBAL PROGRESS, LLC<br>GLOBAL PROSPERITY, LLC<br>GILMORE SHIPPING CORP. | **Case Number**<br>09-78588<br>09-78590<br>09-78587 | **TO ALL HOLDERS OF MARITIME LIEN AND *CUSTODIA LEGIS* CLAIMS**<br><br>Against the Vessels<br>M/V Global Precision<br>M/V Global Progress<br>M/V Global Prosperity |

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case but the claim is a *custodia legis* or other expense claim. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. §503.

**THE DEADLINE FOR FILING A PROOF OF MARITIME LIEN CLAIM IS**

| Name of Creditor (The person or other entity to whom the debtor owes money or property):<br><br>Name and address where notices should be sent:<br><br><br><br><br><br><br>Telephone Number: (_____) _____-_____ | [] Check box if you are aware that anyone else has filed a proof of claim relating to your Maritime Lien or *Custodia Legis* Expense Claim. Attach a copy of statement giving particulars.<br><br>[] Check box if you have never received any notices from the bankruptcy court in this case.<br><br>[] Check box if the address differs from the address on the envelope sent to you by the court. | If you are required to file a proof of maritime lien or *custodia legis* claim but do not do so before the above deadline, your claim(s) will be barred and you will not receive distribution on account thereof.<br><br>This completed form must be returned to the following address on or before |

| Account or other number by which creditor identifies debtor: | Check here [] replaces<br>If this claim [] amends   a previously filed claim, dated: | |

| **1. Basis for Claim**<br>[] Goods sold<br>[] Services performed<br>[] Wages<br>[] Custodia Legis Expense(s)<br>[] Other (Please specify):<br><br>**2. Date(s) that Goods or Services were Provided or that Injury was Sustained:**<br><br>**3. Location in which Goods or Services Were Provided or Where Injury was Sustained:**<br><br>City/County/Parish: _____ State:_____<br><br>Country_____ Port_____ | **6. Identity of Individual or Entity Requesting Goods or Services or Which Authorized or Ordered the Activity Which Allegedly Resulted in the Injury Sustained:**<br><br>**7. Did you acquire this Maritime Lien Claim by assignment or subrogation?**<br>[ ] Yes   If yes, please explain and attach supporting documents.<br>[ ] No<br><br>**8. Have you filed any notice of claim or lien regarding the amount claimed Herein?**<br>[ ] Yes   If yes, please attach copies of the notice(s) and claim(s).<br>[ ] No<br><br>**9. Have you filed any legal proceeding or taken any other actions to attempt to collect the amount claimed herein?**<br>[ ] Yes  If yes, please attach copies of the Complaint or Petition and other related documents.<br>[ ] No |

| **4.** Total amount of claim at time case filed: $ _____<br><br>[ ] Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.<br><br>**5.** Name of the Individual, Entity, and/or Identification Number of the Vessel which received the Goods or Services Provided or Where Injury was Sustained: | **10. Credits:** The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.<br><br>**11. Supporting Documents:** *Attach copies of supporting documents,* such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments and other pleadings, mortgages, security agreements, and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, please explain. If the documents are voluminous, attach a summary.<br><br>**12. Date-Stamped Copy:** To receive an acknowledgement of the filing of your claim, enclose a stamped, self-addressed envelope. Claims may be filed electronically. For additional information on electronic filing, visit our website at www.laeb.uscourts.gov. |

| | | THIS SPACE IS FOR COURT USE ONLY |

| Date | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any). | |

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both.  18 U.S.C. §152 and §3571.

## INSTRUCTIONS FOR PROOF OF MARITIME LIEN CLAIM

*The instructions and definitions below are a general explanations of the law. There may be exceptions to these general rules and definitions and you are advised to consult with your own counsel regarding the particular facts and nature of your claim.*

### – DEFINITIONS –

### Debtor(s)

```
Global Progress, LLC
Global Prosperity, LLC
Gilmore Shipping Corp.
```

### Maritime Lien Creditor

A Maritime Lien Creditor is any person, corporation, or other entity to whom the debtor owed a debt on the date that the bankruptcy case was filed and that debt is a Maritime Lien Claim.

### Maritime Lien

A Maritime Lien is a claim against a vessel which arises pursuant to and subject to the definitions and requirements of Sections 31301, *et seq.* of Title 46 of the United States Code. Section 31342(a) provides:

### Proof of Claim

A form telling the bankruptcy court how much the debtor owed a creditor at the time the bankruptcy case was filed (the amount of the creditor's claim). This form must be filed with the clerk of the bankruptcy court where the bankruptcy case was filed.

### Maritime Lien Claim

A Maritime Lien Claim is a secured claim to the extent that the creditor has a maritime lien against a vessel owned by or in which the debtor has an ownership interest (collateral) that gives the creditor the right to be paid from that property before creditors who do not have liens on the property.

"(a) Except as provided in subsection (b) of this section, a person providing necessaries to a vessel on the order of the owner or a person authorized by the owner – (1) has a maritime lien on the vessel; (2) may bring a civil action in rem to enforce the lien; and (3) is not required to allege or prove in the action that credit was given to the vessel."

### Custodia Legis Expense

A *custodia legis* expense claim is a claim for expenses incurred to maintain a vessel while that vessel is in custody or under seizure.

---

## ITEMS TO BE COMPLETED IN PROOF OF CLAIM FORM (IF NOT ALREADY FILLED IN)

### Court, Name of Debtor, and Case Number:

Fill in the name of the federal judicial district where the bankruptcy case was filed , the name of the debtor in the bankruptcy case, and the bankruptcy case number. Please note that these bankruptcy cases have not been substantively consolidated and are only being jointly administered. Therefore, a maritime lien or *custodia legis* claim must be filed against the proper debtor. Paragraph 6 of the accompanying Notice provides additional information on completing these sections.

### Information about Creditor:

Complete the section giving the name, address, and telephone number of the creditor to whom the debtor owes money or property, and the debtor's account number, if any. If anyone else has already filed a proof of claim relating to this debt, if you never received notices from the bankruptcy court about this case, if your address differs from that to which the court sent notice, or if this proof of claim replaces or changes a proof of claim that was already filed, check the appropriate box on the form.

### 1. Basis for Claim:

Check the type of debt for which the proof of claim is being filed. If the type of debt is not listed, check "Other" and briefly describe the type of debt.

### 2. Date(s) that Goods or Services Were Provided or That Injury was Sustained:

Fill in the date when the debt for the goods or services was first owed by the debtor or that the injury was sustained. If the debt or injury was incurred over a period of time, fill in the beginning and ending dates for the relevant period of time.

### 3. Location in Which Goods or Services Were Provided or Where Injury was Sustained:

Fill in the City, County, or Parish and the State in which the goods and services were provided, or where the injury was sustained, which is the basis for the claim. If there are multiple locations, fill in "see attached" and attach a list or copies of documents which contain the requested information.

### 4. Total Amount of Claim at Time Case Filed:

Fill in the total amount of the entire claim. If interest or other charges in addition to the principal amount of the claim are included, check the appropriate place on the form and attach an itemization of the interest and charges.

### 5. Name of the Individual, Entity, and/or Identification Number of the Vessel which received the Goods or Services Provided or Where Injury was Sustained:

Fill in the name of the individual, entity, or provide the name and/or identification number of the vessel which received the goods or services which are the basis for the claim.

### 6. Identity of the Individual or Entity Requesting Goods or Services or Which Authorized or Ordered the Activity Which Allegedly Resulted in the Injury Sustained:

Fill in the name of the individual or entity which requested that the goods or services or which authorized the activity which alleged ly resulted in the injury sustained and which is the basis for the claim.

### 7. through 9. Questions Regarding the Maritime Lien Claim:

Check the appropriate box in response to each question. If you answer "yes" to any question, attach copies of the referenced documents or other supporting documents.

### 10. Credits:

By signing this proof of claim, you are stating under oath that in calculating the amount of your claim you have given the debtor credit for all payments received from the debtor(s) or any party with regards to the debt arising from the provision of the goods or services which are the basis for the claim.

### 11. Supporting Documents:

You must attach to this proof of claim form copies of documents that show the debtor owes the debt claimed or, if the documents are too lengthy, a summary of those documents. If documents are not available, you must attach an explanation of why they are not available.

Exhibit "C"

CULLEN AND DYKMAN LLP
100 Quentin Roosevelt Boulevard
Garden City, New York 11530
(516) 357-3700
Matthew G. Roseman, Esq. (MR 1387)
C. Nathan Dee, Esq. (CD 9703)

Attorneys for Debtors and Debtors-in-Possession

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x

In re:                                          Chapter 11

GLOBAL CONTAINER LINES LTD., et al.,            Case Nos. 09-78585 (AST)
                                                          09-78584 (AST)
                                                          09-78589 (AST)
                                                          09-78586 (AST)
                                                          09-78587 (AST)
                                                          09-78588 (AST)
                                                          09-78590 (AST)
                        Debtors.
-------------------------------------------------------x

### NOTICE OF DEADLINE REQUIRING FILING OF
### PROOFS OF CLAIM ON OR BEFORE _____

**TO:    ALL PERSONS OR ENTITIES WITH CLAIMS AGAINST
GLOBAL CONTAINER LINES LTD, SHIPTRADE, INC., GCL SHIPPING CORP.,
REDSTONE SHIPPING CORP., GILMORE SHIPPING CORP., GLOBAL
PROGRESS LLC OR GLOBAL PROSPERITY LLC,**

The United States Bankruptcy Court for the Eastern District of New York (the "Bankruptcy

Court") has entered an Order establishing_____ at 5:00 p.m. Eastern

Standard Time (the "Bar Date") as the last date for each person or entity (including individuals,

partnerships, corporations, joint ventures, trusts and governmental units) to file a proof of claim

against Global Container Lines, Ltd., Shiptrade, Inc., GCL Shipping Corp., Redstone Shipping

Corp., Gilmore Shipping Corp. ("Gilmore"), Global Progress LLC ("Progress") and Global

Prosperity LLC ("Prosperity"; collectively, the "Debtors").

The Bar Date and the procedures set forth below for filing proofs of claim apply to all claims

against the Debtors that arose prior to November 10, 2009 (the "Petition Date"), the date on which the

1

Debtors commenced their cases under chapter 11 of the United States Bankruptcy Code, except for those holders of the claims listed in Section 4 below that are specifically excluded from the Bar Date filing requirement.

## 1. WHO MUST FILE A PROOF OF CLAIM

You MUST file a proof of claim to vote on a Chapter 11 plan filed by the Debtors or to share in distributions from the Debtors' bankruptcy estate if you have a claim described in section 4 below. Claims based on acts or omissions of the Debtors that occurred before the Petition Date must be filed on or prior to the Bar Date, even if such claims are not now fixed, liquidated or certain or did not mature or become fixed, liquidated or certain before the Petition Date.

Under section 101(5) of the Bankruptcy Code and as used in this notice, the word "claim" means: (a) a right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or (b) a right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured or unsecured.

## 2. WHAT TO FILE

Your filed proof of claim must conform substantially to Official Form No. 10. a copy of which is attached hereto as Exhibit A unless you assert a claim against Gilmore, Progress or Prosperity based upon a maritime lien (as defined in Section 31101 et seq of Title 46 of the United States Code) against the M/V Global Precision, the M/V Global Progress or the M/V Global Prosperity in which case your proof of claim form must conform substantially with the modified Form No. 10 of Official Bankruptcy Forms attached hereto as Exhibit B. All proof of claim forms must be signed by the claimant or, if the claimant is not an individual, by an authorized agent of the claimant. The proof of claim must clearly indicate the specific Debtor against which the claim is asserted. Your proof of claim must be written in English and be denominated in United States

currency. You should attach to your completed proof of claim any documents on which the claim is based (if voluminous, attach a summary) or an explanation as to why the documents are not available.

3.   **WHEN AND WHERE TO FILE**

Except as provided for herein, all proofs of claim must be filed so as to be received on or before March____2010 at 5:00 p.m. (Eastern Time). Proofs of claim may be filed electronically by registered users of the Bankruptcy Court's case filing system or at the following address if delivered by Mail, Hand or Overnight Courier:

> Clerk of the Court
> United States Bankruptcy Court
> Eastern District of New York
> 290 Federal Plaza
> Central Islip, New York 11772
> (631) 712-6200

with a copy to

> Cullen and Dykman, LLP
> Attention: C. Nathan Dee, Esq.
> 100 Quentin Roosevelt
> Garden City, New York 11530
> 516-357-3700

Proofs of claim will be deemed filed only when received by the Bankruptcy Court on or before the Bar Date. Proofs of claim may not be delivered by facsimile, telecopy or electronic mail transmission.

4.   **WHO NEED NOT FILE A PROOF OF CLAIM**

You do not need to file a proof of claim on or prior to the Bar Date if you are:

> (a)     a person or entity that has already filed a proof of claim against the Debtors with the Clerk of the Bankruptcy Court for the Eastern District of New York in a form substantially similar to Official Bankruptcy Form No.10;

> (b)     a person or entity whose claim is listed on the Schedules (i) if the claim is not scheduled as "disputed," "contingent," or "unliquidated" and (ii) you do not disagree with the amount, nature and priority of the claim as set forth in the Schedules;

(c)     a holder of a claim that has previously been allowed by order of the Court;

(d)     a holder of a claim that has been paid in full by the Debtors;

(e)     a holder of a claim for which a specific deadline has previously been fixed by this Court;

(f)     a holder of a claim allowable under §503(b) and §507(a)(1) of the Bankruptcy Code as an expense of administration of the Debtors' estate.

If you are a holder of an equity interest in the Debtors, you need not file a proof of interest with respect to the ownership of such equity interest at this time. However, if you assert a claim against the Debtors, including a claim relating to such equity interest or the purchase or sale of such interest, a proof of such claim must be filed on or prior to the Bar Date pursuant to procedures set forth in this Notice.

This Notice is being sent to many persons and entities that have had some relationship with or have done business with the Debtors but may not have an unpaid claim against the Debtors. The fact that you have received this Notice does not mean that you have a claim or that the Debtors or the Court believe that you have a claim against the Debtors.

5.     **EXECUTORY CONTRACTS AND UNEXPIRED LEASES**

If you have a claim arising out of the rejection of an executory contract or unexpired lease as to which the order authorizing such rejection is dated on or before _____ the date of entry of the Bar Date Order, you must file a proof of claim by the Bar Date. Any person or entity that has a claim arising from the rejection of an executory contract or unexpired lease, as to which the order is dated after the date of entry of the Bar Order, must file a proof of claim with respect to such claim by the date fixed by the Court in the applicable order authorizing rejection of such contract or lease.

-4-

## 6. CONSEQUENCES OF FAILURE TO FILE A PROOF OF CLAIM BY THE BAR DATE

**ANY HOLDER OF A CLAIM THAT IS NOT EXCEPTED FROM THE REQUIREMENTS OF THIS ORDER, AS SET FORTH IN SECTION 4 ABOVE, AND THAT FAILS TO TIMELY FILE A PROOF OF CLAIM IN THE APPROPRIATE FORM WILL BE BARRED FROM ASSERTING SUCH CLAIM AGAINST THE DEBTORS AND THEIR CHAPTER 11 ESTATES, FROM VOTING ON ANY PLAN OF REORGANIZATION FILED IN THIS CASE AND FROM PARTICIPATING IN ANY DISTRIBUTION IN THE DEBTORS' CASES ON ACCOUNT OF SUCH CLAIM.**

## 7. THE DEBTORS' SCHEDULES AND ACCESS THERETO

You may be listed as the holder of a claim against the Debtors in the Debtors' Schedules of Assets and Liabilities and/or Schedules of Executory Contracts and Unexpired Leases (collectively, the "Schedules). If you rely on the Schedules, it is your responsibility to determine that the claim is accurately listed in the Schedules.

As set forth above, if you agree with the nature, amount and status of your claim as listed in the Schedules, and if your claim is not described as "disputed," "contingent," or "unliquidated," you need not file a proof of claim. Otherwise, if you decide to file a proof of claim, you must do so before the Bar Date in accordance with the procedures set forth in this Notice.

Copies of the Schedules are available for inspection on the Court's Internet Website @ http://www.nysb.uscourts.gov. A login and password to the Court's Public Access to Electronic Court Records ("PACER") is required to access this information and can be obtained through the PACER Service Center @ http://www.pacer.psc.uscourts.gov. Copies of the Schedules may also be examined between the hours of 9:00 a.m. and 4:30 p.m., Monday through Friday at the Office of the Clerk of the Bankruptcy Court, 290 Federal Plaza, Central Islip, New York 11772. Copies of the Schedules may also be obtained by written request to Debtors' counsel at the address and telephone number set forth below.

A holder of a possible claim against the Debtors should consult an attorney regarding any

matters not covered by this notice, such as whether the holder should file a proof of claim.

BY ORDER OF THE COURT

Dated: Garden City, New York
      February_____, 2010

CULLEN AND DYKMAN LLP
Counsel for Debtors and Debtors in
Possession


By   _____
      Matthew G. Roseman (MR1387)
      C. Nathan Dee (CD 9703)
      100 Quentin Roosevelt Boulevard
      Garden City, New York 11530
      (516) 357-3700