```
UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
In re:                                    Chapter 11

GLOBAL CONTAINER LINES LTD., et al.,      Case Nos.  09-78585 (AST)
                                                     09-78584 (AST)
                                                     09-78589 (AST)
                                                     09-78586 (AST)
                                                     09-78587 (AST)
                                                     09-78588 (AST)
                                                     09-78590 (AST)
                          Debtors.
----------------------------------------------------------x
```

**ORDER ESTABLISHING DEADLINE FOR FILING PROOFS OF CLAIM AND APPROVING THE FORM AND MANNER OF NOTICE THEREOF**

Upon the application of Global Container Lines, Ltd. ("Global"), Shiptrade, Inc. ("Shiptrade"), GCL Shipping Corp. ("GCL"), Redstone Shipping Corp. ("Redstone"), Gilmore Shipping Corp. ("Gilmore"), Global Progress LLC ("Progress") and Global Prosperity LLC ("Prosperity"; collectively, the "Debtors"), debtors and debtors-in-possession herein, for an entry of an order pursuant to Rule 3003(c)(3) of the Federal Rule of Bankruptcy Procedure ("Bankruptcy Rules") fixing a deadline and establishing procedures for filing proofs of claim and approving the form and manner of service thereof, and it appearing that the relief requested is in the best interests of the Debtor, its estate and creditors, and the adequate notice has been give and that no further notice is necessary; and after due deliberation thereon and good and sufficient cause appearing therefore, it is hereby

**ORDERED**, that except as otherwise provided herein, all persons and entities (including, without limitation, individuals, partnerships, corporations, joint ventures, trusts and governmental units) that assert a claim, as defined in section 101(5) of the Bankruptcy Code, against the Debtor which arose on or prior to the filing of the Chapter 11 petition on November 10, 2009;

shall file a proof of such claim in writing, in the manner set forth below, so that it is received on or before **March 12, 2010**, at 5:00 P.M. Eastern Time (the "Bar Date"); and it is further

**ORDERED**, that the following procedures for the filing of proof(s) of claim shall apply:

(a) **a proof of claim must conform substantially to Form No. 10 of the Official Bankruptcy Forms a copy of which is attached hereto as Exhibit A unless a claim against Gilmore, Progress or Prosperity is based upon a maritime lien (as defined in Section 31101 et seq of Title 46 of the United States Code) asserted against the M/V Global Precision, the M/V Global Progress or the M/V Global Prosperity in which case a proof of claim form must conform substantially with the modified Form No. 10 of Official Bankruptcy Forms attached hereto as Exhibit B.**

(b) **Proofs of claim may be filed over the Internet, on CD-ROM, on diskette or in paper form. To file a proof of claim over the Internet, you must be an Electronic Case Filing ("ECF") account holder. If you are not a current ECF account holder and wish to obtain a Limited Access Creditor Password to file claims, you must complete the application located at:**

http://www.nyeb.uscourts.gov/ecf/train_guide/limited access_pwd.pdf

**To file a proof of claim by mail, by hand or by overnight courier, the address is: United States Bankruptcy Court, Eastern District of New York, 290 Federal Plaza, P.O. Box 9013 Central Islip, New York 11722-9013.**

(c) a proof of claim will be deemed filed only when received by the Clerk of the Bankruptcy Court on or before the Bar Date; and

(d) a proof of claim must (i) be signed; (ii) include supporting documentation (if voluminous, attach a summary) or an explanation as to why documentation is not available; and (iii) be denominated in United States currency;

**ORDERED**, that the following persons or entities need not file a proof of claim on or prior to the Bar Date:

(a) any person or entity that has already filed a proof of claim against the Debtors with the Clerk of the Bankruptcy Court for the Eastern District of New York in a form substantially similar to Official Bankruptcy Form No. 10;

(b) any person or entity whose claim is listed on the Schedules filed by the Debtors, provided that (i) the claim is not scheduled as "disputed," "contingent" or "unliquidated"; and (ii) the claimant does not disagree with the amount, nature and priority of the claim as set forth in Schedules;

(c) any holder of a claim that heretofore has been allowed by order of this Court;

(d) any person or entity whose claim has been paid in full by the Debtors;

(e) any holder of a claim for which specific deadlines have previously been fixed by this Court;

(f) any holder of a claim allowable under § 503(b) and § 507(a) of the Bankruptcy Code as an expense of administration; and it is further

**ORDERED**, that any person that holds a claim that arises from the rejection of an executory contract or unexpired lease, as to which the order authorizing such rejection is dated on or before the date of entry of this Order, must file a proof of claim based on such rejection on or before the Bar Date, and any person or entity that holds a claim that arises from the rejection of an executory contract or unexpired lease, as to which an order authorizing such rejection is dated after the date of entry of this order, must file a proof of claim on or before such date as the Court may fix in the applicable order authorizing such rejection; and it is further

**ORDERED**, that holders of equity security interests in the Debtor need not file proofs of interest with respect to the ownership of such equity interests, provided, however, that if any such holder asserts a claim against the Debtor (including a claim relating to an equity interest or the purchase or sale of such equity interest), a proof of such claim must be filed on or prior to the Bar Date pursuant to the procedures set forth in this Order; and it is further

**ORDERED**, that if the Debtors amend or supplements their Schedules subsequent to the date hereof, the Debtors shall give notice of any amendment or supplement to the holders of claims affected thereby, and such holders shall be afforded 30 days from the date of such notice to file proofs of claim in respect of their claims or be barred from doing so, and shall be given notice of such deadline; and it is further

**ORDERED**, that nothing in this Order shall prejudice the right of the Debtors or any other party in interest to dispute or assert offsets or defenses to any Claim reflected in the Schedules; and it is further

**ORDERED**, that pursuant to Bankruptcy Rule 3003(c)(2), all holders of claims that fail to comply with this Order by timely filing a proof of claim in appropriate form shall not be treated as a creditor with respect to such claim for the purposes of voting and distribution; and it is further

**ORDERED**, that a copy of the Notice substantially in the form annexed hereto as **Exhibit A** is approved and shall be deemed adequate and sufficient if served by first-class mail by **February 12, 2010**, upon:

- (a) the United States Trustee;
- (b) all persons or entities who have filed a notice of appearance in the Debtors' Chapter 11 cases;
- (c) all persons or entities who have filed a proof of claim against the Debtors;
- (d) all persons or entities listed in the Schedules as holding claims against the Debtors;
- (e) all persons or entities listed in Schedules as being a party to an executory contract with the Debtors;
- (f) all other known holders of claims against the Debtors, if any;
- (g) all taxing authorities;
- (h) counsel for the Creditors' Committee; and
- (i) such additional persons and entities as deemed appropriate by the Debtors;

and it is further

**ORDERED**, that any person or entity who desires to rely on the Schedules will have the responsibility for determining that their claim is accurately listed in the Schedules; and it is further

**ORDERED**, that the Debtors are authorized and empowered to take such steps and perform such acts as may be necessary to implement and effectuate the terms of this Order; and it is further

**ORDERED**, that entry of this Order is without prejudice to the right of the Debtors to seek a further order of this Court fixing a date by which holders of claims or interests not subject to the Bar Date established herein must file such proofs of claim or interest or be barred from doing so.



**Dated: February 5, 2010**
**Central Islip, New York**

**Alan S. Trust**
**United States Bankruptcy Judge**