Hearing Date and Time: March 10, 2010 at 9:30 a.m.
Objection Date and Time: March 5, 2010 at 9:30 a.m.

CULLEN AND DYKMAN LLP
100 Quentin Roosevelt Boulevard
Garden City, New York 11530
(516) 357-3700
Matthew G. Roseman, Esq. (MR 1387)
C. Nathan Dee, Esq. (CD 9703)

Proposed Attorneys for Debtors and Debtors-in-Possession

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
In re:                                  Chapter 11

GLOBAL CONTAINER LINES LTD., et al.,    Case Nos. 09-78585 (AST)
                                                  09-78584 (AST)
                                                  09-78589 (AST)
                                                  09-78586 (AST)
                                                  09-78587 (AST)
                                                  09-78588 (AST)
                                                  09-78590 (AST)
                Debtors.
-----------------------------------------------------------x

PLEASE TAKE NOTICE that on March 10, 2010 at 9:30 A.M., or as soon thereafter as counsel can be heard, Global Container Lines Ltd., et al., debtors and debtors-in-possession in the above-captioned bankruptcy cases (the "Debtors")[1], by and through their proposed undersigned counsel will move (the "Motion") before the Honorable Alan S. Trust, United States Bankruptcy Judge, in the United States Bankruptcy Court for the Eastern District of New York, located at 290 Federal Plaza, Courtroom 960, Central Islip, New York, 11722 for an Order pursuant to Sections 1121(d) of the United States Bankruptcy Code extending the Debtors exclusive periods during which only the Debtors may propose a plan of reorganization and solicit votes for such plan.

---

[1] The Debtors in these chapter 11 cases are: Global Container Lines, LTD, Shiptrade, Inc., GCL Shipping Corp, Redstone Shipping Corp., Gilmore Shipping Corp., Global Progress, LLC and Global Prosperity, LLC.

1

PLEASE TAKE FURTHER NOTICE, that a copy of the Motion is available for inspection during normal business hours at the office of the Clerk of the United States Bankruptcy Court located at 290 Federal Plaza, Central Islip, New York, 11722, or may be obtained by contacting the undersigned counsel.

PLEASE TAKE FURTHER NOTICE, objections to the Debtors' Motion, if any, shall be filed as follows: (A) (i) through the Bankruptcy Court's electronic filing system in accordance with General Order N-182, which may be accessed through the internet at the Bankruptcy Court's website: www.nyeb.uscourts.gov using Netscape Navigator software version 3.0 or higher; (ii) portable document format (PDF) using Adobe Exchange software for conversion; or (B) for parties unable to file electronically, such parties shall file the objection in PDF format on a diskette in an envelope with a case name, case number, type and title of document, document number to which the objection refers, and the file name on the outside of the envelope; or (C) for parties unable to file electronically or use PDF format, those parties shall submit the objection on diskette in either Word, Word Perfect of DLS text (ASCII) format. An objection filed by a party with no legal representation shall comply with section (B) or (C) as set forth in this paragraph.

PLEASE TAKE FURTHER NOTICE that a hard copy of an objection, if any, (a) shall be delivered directly to chambers of the Honorable Alan S. Trust located at 290 Federal Plaza, Courtroom 960, Central Islip, New York, 11722 on or before March 5, 2010 at 4:00 p.m. and (b) shall also be served upon (i) Debtors' proposed counsel, Cullen and Dykman LLP, 100 Quentin Roosevelt Boulevard, Garden City, New York 11530, Attention: Matthew G. Roseman, Esq.; Counsel for the Official Committee of Unsecured Creditors, LaMonica, Herbst & Mansicalco, LLP, 3305 Jerusalem Avenue, Wantagh, New York 11793, Attn: Adam P. Wofse, Esq.; (ii) the Office of the United States Trustee, 290 Federal Plaza, Central Islip, New York, 11722,

Attention: Stan Yang, Esq.; (c) counsel to National Bank of Pakistan, Watson, Farley & Williams LLP, 1133 Avenue of the Americas, 11th Floor, New York, New York, 10036, Attn: Alfred E. Yudes, Jr. and (d) filed with the Clerk of the Bankruptcy Court located at 290 Federal Plaza, Courtroom 960, Central Islip, New York, 11722 so as to be received no later than March 5, 2010 at 4:00 p.m.

Dated: Garden City, New York
       February 11, 2010

                                        CULLEN AND DYKMAN LLP
                                        Counsel for Debtors and Debtors in Possession

                              By    /s/ Matthew G. Roseman
                                        Matthew G. Roseman (MR 1387)
                                        C. Nathan Dee (CD 9703)
                                        100 Quentin Roosevelt Boulevard
                                        Garden City, New York 11530
                                        (516) 296-9106

CULLEN AND DYKMAN LLP
100 Quentin Roosevelt Boulevard
Garden City, New York 11530
(516) 357-3700
Matthew G. Roseman, Esq. (MR 1387)
C. Nathan Dee, Esq. (CD 9703)

Attorneys for Debtors and Debtors-in-Possession

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
In re:                                                  Chapter 11

GLOBAL CONTAINER LINES LTD., et al.,                    Case Nos. 09-78585 (AST)
                                                                  09-78584 (AST)
                                                                  09-78589 (AST)
                                                                  09-78586 (AST)
                                                                  09-78587 (AST)
                                                                  09-78588 (AST)
                                                                  09-78590 (AST)
                         Debtors.
-------------------------------------------------------x

**MOTION BY DEBTORS AND DEBTORS-IN-POSSESSION
PURSUANT TO 11 U.S.C. SECTION 1121(b) FOR AN
EXTENSION OF THE DEBTORS EXCLUSIVE PERIOD
TO FILE A PLAN OF REORGANIZATION AND TO
SOLICIT ACCEPTANCES OF SUCH A PLAN AND
(B) SEEKING RELATED RELIEF**

TO THE HONORABLE ALAN S. TRUST, UNITED STATES BANKRUPTCY JUDGE

Pursuant to 11 U.S.C. Section 1121(b) of the Bankruptcy Code, Global Container Lines, Ltd. ("GCL"), Shiptrade, Inc. ("Shiptrade"), GCL Shipping Corp. ("GCL Shipping"), Redstone Shipping Corp. ("Redstone"), Gilmore Shipping Corp. ("Gilmore"), Global Progress LLC ("Progress") and Global Prosperity LLC ("Prosperity"), collectively, the "Debtors"), by and through their counsel Cullen and Dykman LLP hereby move (the "Motion") the Court for an Order extending the exclusivity periods during which only the Debtors may propose a plan of reorganization and solicit votes for such a plan for 120 days. Currently the Debtors exclusive

period for filing a plan expires on March 10, 2010 and the exclusive period for the Debtors solicitation of votes expires on May 10, 2010. Pursuant to the Motion, the Debtors seek (i) to extend the exclusive period for filing a plan from March 10, 2010 up and to and including to July 1, 2010 and the exclusive period for solicitation of votes on the plan from May 10, 2010 to September 10, 2010. In further support hereof the Debtors allege as follows:

## I. INTRODUCTION

1. On November 10, 2009 (the "Petition Date") the Debtors commenced these Chapter 11 cases by filing voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code 11 U.S.C. Section 101, *et seq.* (the "Bankruptcy Code").

2. The Debtors continue to operate their businesses and manage their affairs as debtors-in-possession pursuant to Section 1107 and 1108 of the Bankruptcy Code and their cases are being jointly administered pursuant to an Order of the Court dated November 13, 2009.

3. On December 29, 2009 the United States Trustee appointed an Official Committee of Unsecured Creditors (the "Committee") pursuant to Section 1102 of the Bankruptcy Code.

4. The Debtors have determined that creditor recovery will be maximized through the continued operation of the Debtors businesses in conjunction with the rejection of certain disadvantageous leases and the sale of assets unnecessary to the continued operations of the Debtor. In that regard, the Debtors have sold the vessel known as the Global Precision owned by Gilmore.

5. Additionally, the Debtors have rejected various leases for shipping containers.

6. Moreover, the Debtors have negotiated a debtor-in-possession financing arrangement with the National Bank of Pakistan. The Debtors arrangement was approved on an interim basis and currently is scheduled for final approval on February 24, 2010.

7. The Debtors intend to use the time during the proposed extension to review and analyze their current business operations and continue to streamline those operations to result in a more profitable operating entity.

## II. GROUNDS IN SUPPORT OF EXTENSION OF EXCLUSIVITY

8. Section 1121 of the Bankruptcy Code provides the Debtors with an exclusive period of 120 days from the Petition Date during which only the Debtors may file a plan of reorganization. Section 1121 of the Bankruptcy Code also provides an exclusive period of 180 days during which only the Debtors may solicit votes for such a plan. Section 1121 allows the Court to extend these exclusivity periods for cause.

9. The Debtors respectfully submit that cause exists in the instant matter to grant the relief sought in the Motion and extend the Debtors exclusive periods to file a Plan and solicit votes on such Plan to July 10, 2010 and September 10, 2010 respectively.

10. As discussed above, the Debtors have made significant strides in their efforts to reorganize during the early stages of these cases. The Debtors have secured debtor-in-possession financing, sold the vessel known as the Global Precision and rejected numerous container leases. Over the next 120 days, the Debtors contemplate the further review and analysis of the current operations, negotiations of a Plan with the Creditors Committee appointed on December 29, 2009 and to begin the process of reviewing claims upon the expiration of the Bar Date established for March 12, 2010. The Debtors believe they will be well positioned to file and pursue confirmation of a Plan during the extension period.

11. Accordingly, the Debtors believe that cause exists to extend the exclusivity period as set forth herein. The competing plan process is an expensive, complex and lengthy process which would result in unnecessary accrual of administrative costs without a corresponding benefit to the estate. Additionally, the legal and factual issues involved in the disclosure, voting and confirmation process would unnecessarily complicate this case. Moreover, the Debtors submit a competing plan would not likely result in any substantial improvement in position for creditors.

12. Since there are no new or novel issues of law in question, the Debtors respectfully request that the requirement to submit a supporting Memorandum of Law pursuant to Local Rule 9013-1(b) be waived.

### III. NOTICE

13. The Debtors propose giving notice of the relief requested herein by serving a copy of the Motion and the related pleadings upon (a) all entities having filed a Notice of Appearance in these cases, (b) LaMonica, Herbst and Maniscalco LLP, counsel to the Creditors Committee, (c) Watson Farley & Williams LLP, counsel to the National Bank of Pakistan, (d) the Office of the United States Trustee. The Debtors assert that such notice is good and sufficient of the Motion given the relief requested herein.

WHEREFORE, the Debtors respectfully request that this Court enter an order:

(a) extending the exclusive period during which only the Debtors may file a Plan of Reorganization for 120 days from March 10, 2010 up and to and including July 10, 2010;

(b) extending the exclusive period during which only the Debtors may solicit votes for a Plan of Reorganization from September 10, 2010; and

4

(c) providing such other and further relief as this Court may deem just and proper.

Dated: Garden City, New York
February 11, 2010

        CULLEN AND DYKMAN LLP
        Counsel for Debtors and Debtors in Possession

        By: /s/ Matthew G. Roseman
            Matthew G. Roseman (MR1387)
            C. Nathan Dee (CD 9703)
            100 Quentin Roosevelt Boulevard
            Garden City, New York 11530
            (516) 357-3700