UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------x
In re:                                                                Chapter 11

GLOBAL CONTAINER LINES LTD., et al.,
                                                               Jointly Administered under
                               Debtors.                Case No. 09-78585 (AST)
---------------------------------------------------------x

**SUPPLEMENTAL AND AMENDED ORDER REGARDING REJECTION
OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES**

Global Container Lines Ltd., et al. (the "Debtors"),[1] filed these chapter 11 bankruptcy cases on November 10, 2009. [dkt item 1]  On December 7, 2009, in the above referenced jointly administered Chapter 11 cases, Debtors filed a Motion to Authorize/Direct Omnibus Motion for an Order Pursuant to Sections 105 and 365 of the United States Bankruptcy Code and Rule 6006 of the Federal Rules of Bankruptcy Procedure Authorizing the Rejection of a Certain Executory Contracts and/or Container Leases (the "Motion"). [dkt item 44]  By this Motion, Debtors sought entry of an order authorizing the Debtors' rejection of certain executory contracts and unexpired leases of various storage containers, as identified more fully in Exhibit A to the Motion.

Objections to the Motion were filed (the "Objections") by TAL International Container Corp. ("TAL"), Textainer Equipment Management U.S. Ltd. ("Textainer"). [dkt items 64, 71]  A hearing on the Motion and the Objections was held on December 22, 2009 (the "Hearing"). Container Applications Limited ("CAI" and with TAL and Textainer, collectively, the "Lessors"), filed a response denominated as an objection after the Hearing. [dkt item 85]  The Lessors asserted that, although Debtors should be allowed to reject any applicable executory contracts and

---

[1] The Debtors involved in the Motion at issue are: Global Container Lines, LTD; Shiptrade, Inc.; GCL Shipping Corp.; Redstone Shipping Corp.; Gilmore Shipping Corp.; Global Progress, LLC; and Global Prosperity, LLC.  An Order for joint administration was entered on November 17, 2009. [dkt item 18]

leases made the subject of the Motion, Debtors should also be ordered to pay any storage and other charges that may be owed or asserted as owing to any depot, port, entity or person having or exercising possession or dominion over the subject containers.[2] CAI has also asserted that CAI terminated its leases prior to Debtors' filing for bankruptcy protection, and, as such, their leases were not susceptible to rejection under Section 365 of the Bankruptcy Code.

Per the terms stated on the record at the Hearing, this Court approved the rejection of the subject unexpired leases and executory contracts, and took under submission the limited issue of whether Debtors had to make payments of any claimed storage charges incident to allowing rejection of the leases. This Court also authorized supplemental briefing. Both TAL and CAI filed supplemental briefing. [dkt items 83, 85]

On January 12, 2010, this Court entered an Order deeming the subject leases rejected as of the date of the Hearing (the "Rejection Order"). [dkt item 89] The rejected leases are those identified on Exhibit A to the Rejection Order (the "Rejected Leases"). The Rejection Order was entered without prejudice to the position of lessor CAI that CAI terminated its lease prior to Debtors' filing their bankruptcy cases.

In addition, as a part of the Rejection Order, this Court Ordered that Debtors shall use all reasonable and necessary efforts to facilitate the return of all containers subject to the Rejected Leases. This included providing the counterparties to the Rejected Leases with a master list of each depot and/or port location where the containers currently reside, copies of any invoices, statement of accounts, agreements, contracts and/or similar documents in the Debtors' possession and/or control for each of the depots and/or port locations at issue, and a letter of instruction on

---

[2] The Court notes the Lessors chose to characterize these charges as ransom throughout its oral arguments and filed pleadings.

Debtors' letterhead by which Debtors authorized and directed each depot and port location to deal directly with the Lessors in respect of access and recovery of their containers. The Rejection Order also required Debtors to direct their agents and foreign agents located in or responsible for each of the depots and/or port locations at issue to cooperate with any reasonable requests of the Lessors to access and retrieve their containers. [dkt item 89 ¶ 4]

Further, paragraph 5 of the Rejection Order directed any party with possession or control of any of the subject containers to immediately and fully release and surrender all liens and charges against and possession of all of the containers.[3] [dkt item 89 ¶ 5] Because this Court is concerned about the breadth of this provision, and the apparent lack of prior notice to potentially affected parties of such a directive, this Court now vacates paragraph 5 of the Rejection Order.

Moreover, this Court now denies the relief sought by the Lessors to compel Debtors to pay the storage charges to obtain release of the containers, without prejudice to the Lessors filing claims for such charges.

## **Effect of Rejection of the Leases**

Section 365(g) of the Bankruptcy Code generally addresses the effect of a rejection of an executory contract or unexpired lease, and provides that when the contract or lease has not been previously assumed, rejection constitutes a breach immediately before the date of the filing of the

---

[3] Paragraph 5 provides:
ALL PARTIES IN POSSESSION AND/OR CONTROL OF ANY OF THE COUNTERPARTIES' CONTAINERS (AND ANY RELATED EQUIPMENT), INCLUDING, WITHOUT LIMITATION, THOSE DEPOTS AND PORTS IDENTIFIED IN EXHIBIT "B" ATTACHED HERETO, ARE HEREBY ORDERED AND DIRECTED TO IMMEDIATELY AND FULLY RELEASE AND SURRENDER ALL LIENS AND CHARGES AGAINST AND POSSESSION OF ALL OF THE COUNTERPARTIES' CONTAINERS (AND ANY RELATED EQUIPMENT), AND THIS ORDER SHALL CONSTITUTE AND BE DEEMED NOTICE AND DIRECTION OF SUCH SURRENDER AND RELEASE.
[dkt item 89 ¶ 5].

petition. 11 U.S.C. § 365(g)(1). Section 502(g)(1) provides that rejection claims under Section 365 "shall be determined, and shall be allowed under subsection (a), (b), or (c) of this section or disallowed under subsection (d) or (e) of this section, the same as if such claim had arisen before the date of the filing of the petition." 11 U.S.C. § 502(g)(1). Therefore, the rejection of an unexpired lease results in a breach and generally gives rise to a prepetition claim for damages against the estate. *See* 11 U.S.C. §§ 365(g), 502(g); *see also In re Penn Traffic Co.*, 524 F.3d 373, 378 (2nd Cir. 2008) (citing *In re Child World, Inc.*, 147 B.R. 847, 852 (Bankr. S.D.N.Y. 1992). Moreover, the creditor's resultant claim will be afforded priority and status pursuant to the lease and the general provisions of Section 501 through 510 of the Bankruptcy Code. *See Medical Malpractice Ins. Assoc. v. Hirsch (In re Lavigne)*, 114 F.3d 379, 387 (2d Cir. 1997).

Section 365(p) addresses the effect of rejection on an unexpired personal property lease and provides that the rejected leased property is no longer property of the estate. 11 U.S.C. § 365(p). As such "the non-debtor party to the contract may generally pursue state law remedies for breach of contract, including eviction for breach of lease." *In re Stoltz*, 315 F.3d 80, 86 (2d Cir. 2002). Upon the entry of the Rejection Order, any interest of the Debtors in the containers ended because both the leases and the containers were no longer property of these estates. The Lessors were left to exercise their remedies under nonbankruptcy law to regain possession and use of the containers.

### Debtors Are Not Required to Pay the Storage Charges, but This Order is Without Prejudice to the Lessors Filing Claims for the Storage Charges

The Lessors asserted that this Court has the inherent authority under Section 105 of the Bankruptcy Code to require Debtors to pay any storage charges it incurred in connection with storing or locating any of the containers at any ports or depots around the world. This Court

declines to exercise any such authority. Further, this Court does not find as compelling or persuasive precedent the case asserted by lessor TAL *In re Hundley*, No. 06-1038, 2007 WL 1042135 (D. Kan. April 6, 2007). [dkt item 83]

Section 365(g) provides that a claim for rejection damages is by definition a prepetition claim. 11 U.S.C. § 365(g). Accordingly, pursuant to Sections 501 and 502 of the Bankruptcy Code, the Lessors may file proofs of claim for the rejection. *See* 11 U.S.C. § 501, 502. Lessors must find some other provision under the Bankruptcy Code to recover storage charges that were incurred post-petition.

Section 365(d)(5) requires the Chapter 11 trustee to timely perform all obligations of the debtor, first arising from or after sixty days following the order for relief in a chapter 11 case under an unexpired lease of personal property until the lease is assumed or rejected, unless the court, based upon the equities of the case, orders otherwise. 11 U.S.C. § 365(d)(5). This provision expressly overrides Section 503(b)(1), again, unless the equities require otherwise. *Id.* Thus, according to 365(d)(5), any storage charges which accrued in the period starting from the sixtieth day after the filing of the Chapter 11 petition through to the day the leases were rejected would have to be paid by the Debtors. *See generally* 3 COLLIER ON BANKR. 365.04[6][b] (Alan N. Resnick & Henry J. Sommer, eds., 16th ed.).

Here, however, the Leases were rejected as of the date of the Hearing, December 22, 2009, which was less than sixty days after the Petition Date. Section 365(d)(5) does not necessarily mandate that the Debtors perform under the unexpired leases during the first sixty days of the chapter 11 case. *See* 3 COLLIER ON BANKR. 365.04[7][a] (Alan N. Resnick & Henry J. Sommer, eds., 16th ed.) (citing the "settled rule that until assumption or rejection of the debtor's lease, the estate is not liable under the terms of the contract or lease."). Regardless, the estate will be liable

Order - p. 5

for the reasonable value of benefits received from use of the leased property. *See In re Texaco*, 254 B.R. 536, 557 (Bankr. S.D.N.Y. 2000).

Accordingly, a different analysis may be required for storage charges that arise after the first sixty days of a chapter 11 case from storage charges that were incurred during the first sixty days of the bankruptcy. This order is without prejudice to the Lessors' ability to file claims for the storage charges. However, because this Court is not addressing filed claims, this Court will not address the analysis of such claims.

### Paragraph 5 of the Rejection Order Should be Vacated

This Court is concerned with the breadth of the Rejection Order. Although this Court may have jurisdiction, consistent with due process constraints, to order the non-debtor ports and depots to surrender possession of the containers so as to not interfere with Debtors' orderly surrender of the containers and thereby conclude any liability Debtors might have for the leases and the containers, it would likely not be within this Court's jurisdiction to order the ports and depots to fully release and surrender their lawful liens and charges against the containers.

This Court is also concerned with whether the Rejection Order was entered after notice to the depots and ports as adversely affected parties. Based on a subsequent review of the Motion, it does not appear that the depots and ports listed on Exhibit B to the Rejection Order were served with the Motion or provided notice of the Hearing. Lack of such service and notice renders paragraph 5 of the Rejection Order voidable pursuant to Rule 9024 of the Federal Rules of Bankruptcy Procedure, incorporating Rules 60(b)(4) and (b)(6) of the Federal Rules of Civil Procedure. *See* FED. R. CIV. P. 60(b)(4), (b)(6); FED. R. BANKR. P. 9024.

Thus, paragraph 5 of the Rejection Order should be vacated.

## **Conclusion**

Paragraph 5 of the Rejection Order is hereby vacated. The Lessors may file claims for unpaid storage charges, and parties-in-interest may object thereto.



**Dated: February 25, 2010**
**Central Islip, New York**

_____
**Alan S. Trust**
**United States Bankruptcy Judge**