UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
In re:                                              Chapter 11

GLOBAL CONTAINER LINES LTD., et al.,                Case Nos. 09-78585 (AST)
                                                              09-78584 (AST)
                                                              09-78589 (AST)
                                                              09-78586 (AST)
                                                              09-78587 (AST)
                                                              09-78588 (AST)
                                                              09-78590 (AST)
                    Debtors.
-----------------------------------------------------------x

**NOTICE OF SETTLEMENT OF AMENDED STIPULATED AND AGREED TO ORDER BETWEEN GLOBAL CONTAINER LINES LTD, KEYBANK NATIONAL ASSOCIATION AND KEY EQUIPMENT FINANCE INC. WITH RESPECT TO (I) MOTION FOR RELIEF FROM THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. 362 (d) (1) and (2) OR, IN THE ALTERNATIVE, ADEQUATE PROTECTION PURSUANT TO 11 U.S.C. §361 AND (II) THE ALLOCATION OF SALE PROCEEDS FROM THE PUBLIC SALE OF THE M/V GLOBAL PRECISION PURSUANT TO 11 U.S.C. 506 (c)**

PLEASE TAKE NOTICE that a proposed order, a copy of which is annexed hereto, will be presented for settlement and signature to the Honorable Alan S. Trust, United States Bankruptcy Judge, at the United States Bankruptcy Court for the Eastern District of New York, 560 Federal Plaza, Central Islip, New York 11722 on March 8, 2010 at 12:00 noon.

PLEASE TAKE FURTHER NOTICE that objections or proposed counter-orders must be served and filed on the undersigned at the address below and upon each of the persons listed below; filed with the Clerk of the United States Bankruptcy Court or the Eastern District of New York at 560 Federal Plaza, Central Islip, New York 11722; and also served upon the Chambers of Honorable Alan S. Trust, United States Bankruptcy Judge at the above address, not later than March 8, 2010 at 11:00 a.m.

PLEASE TAKE FURTHER NOTICE, that should no objection or proposed counter-order to the order be served and filed by March 8, 2010 at 11:00 a.m., then the Court may enter the proposed order without further notice.

Dated: Garden City, New York
       March 1, 2010

/s/ C. Nathan Dee, Esq.
Matthew G. Roseman, Esq.
C. Nathan Dee, Esq. (CD9703)
Cullen and Dykman LLP
100 Quentin Roosevelt Boulevard
Garden City, New York 11530
(516) 357-3700

To:

Office of the US Trustee
Attn: Stan Yang
560 Federal Plaza
Central Islip, New York 11722

J. Stephen Simms
Simms Showers LLP
20 S. Charles Street
Suite 702
Baltimore, Maryland 21201

Watson Farley & Williams LLP
Attn: Alfred E. Yudes, Jr.
1133 Avenue of Americas
11th Floor
New York, New York 10036

Adam P. Wofse, Esq.
LaMonica Herbst & Maniscalco, LLP
3305 Jerusalem Avenue
Wantagh, NY 11793

**EXHIBIT A**

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
In re:                                   Chapter 11

GLOBAL CONTAINER LINES LTD., et al.,     Case Nos. 09-78585 (AST)
                                                   09-78584 (AST)
                                                   09-78589 (AST)
                                                   09-78586 (AST)
                                                   09-78587 (AST)
                                                   09-78588 (AST)
                                                   09-78590 (AST)
                    Debtors.
-------------------------------------------------------x

**AMENDED STIPULATED AND AGREED TO ORDER BETWEEN GLOBAL CONTAINER LINES LTD, KEYBANK NATIONAL ASSOCIATION AND KEY EQUIPMENT FINANCE INC. WITH RESPECT TO (I) MOTION FOR RELIEF FROM THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. 362 (d) (1) and (2) OR, IN THE ALTERNATIVE, ADEQUATE PROTECTION PURSUANT TO 11 U.S.C. §361 AND (II) THE ALLOCATION OF SALE PROCEEDS FROM THE PUBLIC SALE OF THE M/V GLOBAL PRECISION PURSUANT TO 11 U.S.C. 506 (c)**

This amended stipulated and agreed to Order (the "Agreement") is entered into on the

____ day of February, 2010 by and between Global Container Lines Ltd., et al., debtors and

debtors-in-possession in the above-captioned bankruptcy cases (the "Debtors")[1], Keybank

National Association ("KeyBank") and Key Equipment Finance ("KEF", and together with

KeyBank, "KEY"):

WHEREAS, on November 11, 2009 (the "Petition Date"), the Debtors filed voluntary

petitions for relief pursuant to Chapter 11 of Title 11 of the United States Code (the "Bankruptcy

Code") in the United States Bankruptcy Court for the Eastern District of New York (the

"Court"); and

---

[1] The Debtors in these chapter 11 cases are: Global Container Lines, Ltd ("GCL") , Shiptrade, Inc. ("Shiptrade"), GCL Shipping Corp ("GCLS"), Redstone Shipping Corp., Gilmore Shipping Corp. ("Gilmore"), Global Progress, LLC and Global Prosperity, LLC.

WHEREAS, the Debtors remain in possession of their property and continue in the operation and management of their businesses as debtors-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code; and

WHEREAS, on November 17, 2009, the Court authorized the joint administration of the Debtors' Chapter 11 cases pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"); and

WHEREAS, prior to the Petition Date, Gilmore had entered into a $5,000,000 loan facility with KeyBank, as amended (the "Key Loan") which was secured by a first preferred security interest on the M/V Global Precision (the "Precision") and which was guaranteed by GCL, GCLS and Shiptrade; and

WHEREAS, on or about November 30, 2009, the Debtors filed their schedules and statement of financial affairs in their respective cases; and

WHEREAS, Gilmore has listed Keybank as a secured creditor on Schedule D of its Schedules holding a disputed claim in the amount of $5,195,000[2] pursuant to the Key Loan; and

WHEREAS, Gilmore has also listed approximately 27 creditors on Schedule D of its Schedules holding secured claims against Gilmore in the aggregate amount of approximately $5,878,000 which amount includes the amounts due and owing KeyBank pursuant to the Key Loan; and

WHEREAS, the Debtors have asserted that the creditors listed on Schedule D of Gilmore's Schedules represent payment obligations to vendors, crew members and port authorities which provided services and supplies to the Precision prior to the Public Sale (defined below); and

---

[2] The Debtors reserve all their rights to dispute the validity, priority and amount of KeyBank's claim against their respective estates.

- 2 -

2/25/2010 4:42:04 PM v5

WHEREAS, KeyBank has reserved all of its rights to contest the validity, amount and priority of any liens asserted against the Precision's sale proceeds and further maintains that the proceeds constitute KeyBank's collateral under the terms of the Key Loan and applicable provisions of the Bankruptcy Code; and

WHEREAS, on December 4, 2009, KeyBank filed its motion for relief from the provisions of the automatic stay or, in the alternative, for adequate protection payments from the Debtors (the "KeyBank Motion") for certain containers and related stevedoring equipment (the "KEY Personal Property") based upon certain loan, security and related financing documents (the "KeyBank Loan Documents") all as further described in the KeyBank Motion; and

WHEREAS, on December 10, 2009, the Debtors filed their motion for authority (i) to conduct a public sale (the "Public Sale") of the Precision and (ii) to retain a broker to conduct the Public Sale; and

WHEREAS, on January 6, 2010, after notice and a hearing held on December 22, 2009, the Court entered an Order (the "Sale Order") authorizing the Debtors to conduct the Public Sale of the Precision to Marianna Shipping Limited (the "Purchaser"); and

WHEREAS, on or about January 14, 2010, the Debtors completed the Public Sale of the Precision to the Purchaser for the sum of approximately $1,501,734[3] (the "Sale Proceeds"); and

WHEREAS, pursuant to the terms of the Sale Order, approximately $373,214 of the Public Sale Proceeds were used to satisfy Gilmore's obligations to certain maritime lien holders for services rendered to the Precision prior to the Public Sale in order to effectuate the sale to the Purchaser thereby reducing Gilmore's Schedule D alleged liabilities; and

WHEREAS, the Debtors have asserted that the additional sum of approximately $244,428.28 ("Reimbursement Costs") is due and owing to the Debtors from the Precision's sale

---

[3] The $1,501,734 of sale proceeds is net of any brokers' commission related to the Public Sale pursuant to the Sale Order.

proceeds to reimburse them for certain costs including, but not limited to, additional crew wages, fresh water, provisions and legal fees incurred by Gilmore in connection with the Public Sale of the Precision for the ultimate benefit of KeyBank and any other secured creditors which had asserted liens against the Precision; and

WHEREAS, the Debtors have asserted that the additional sum of approximately $93,747.71 (the "Insurance Costs") should be recovered by the Debtors from the Precision's Sale Proceeds to provide for the payment of certain engineering professionals, surveyors and insurance policies necessary to maintain the Debtors' insurance policies and to preserve Gilmore's claim under its insurance policy for the total loss of the Precision for the benefit of KeyBank;

WHEREAS, the Debtors have asserted that the sum of $350,000.00 from the Precision's sale proceeds should be placed into a claims reserve until such time as the Court has made a final determination regarding any and all remaining claims asserted against the sales proceeds after proper notice and an opportunity to be heard regarding such claims has been given to all of Gilmore's creditors and parties in interest; and

WHEREAS, KeyBank does not dispute the Debtors' entitlement to recover the Reimbursement Costs and the Insurance Costs from the Sale Proceeds; and

WHEREAS, KeyBank has also reserved all of its rights to dispute the priority, validity and amount of any claims against the Sale Proceeds asserted by any creditor or party in interest except for the Debtors' Reimbursement Costs and Insurance Costs as set forth further herein; and

WHEREAS, on January 29, 2010, the Debtors filed their notice of a stipulated and agreed to order between the Debtors and KEY regarding, among other things, the allocation of the Sale Proceeds and the Debtors' proposed purchase the KEY Personal Property; and

WHEREAS, the Debtors had intended to use the Keybank Personal Property in their Indian Ocean shipping operations aboard the M/V Global Prosperity (the "Prosperity") and M/V Global Progress (the "Progress" and together with "Prosperity", the "Vessels") and

WHEREAS, on February 22, 2010, the Debtors filed their motion for authority to conduct a public sale of the Vessel since, in the Debtors' business judgment, (i) the continued operation of the Vessels would cause the Debtors to incur operating losses and (ii) the future dry-docking costs for the thirty (30) year old Vessels necessary to maintain their classification are outweighed by any potential revenue the Vessels may generate for the benefit of the Debtors' estates; and

WHEREAS, after the Debtors filed their sale motion for the Vessels the Parties entered into additional arms length and good faith negotiations seeking to resolve their respective disputes regarding the ultimate disposition of the Sale Proceeds and the KEY Personal Property and have determined and agreed to enter into this amended Agreement to avoid the uncertainties and costs of litigation regarding the allocation of the Sale Proceeds and the resolution of other issues respecting KEY's collateral including the sale of the KEY Personal Property;

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED**, subject to the Court's approval, as follows:

1. The Debtors shall transfer the sum of $440,344.49 (the "Surplus Funds") from the Sale Proceeds to KeyBank within two (2) business days of the entry of a final Order of the Court approving the terms of this Stipulation.

2. The Surplus Funds shall be subject to later disgorgement by KeyBank pursuant to an Order of the Court, should the Court ultimately determine that another creditor or party in

interest holds a lien against the Sale Proceeds which is senior to KeyBank's lien in the Surplus Funds.

3. The Debtors shall be paid the Reimbursement Costs from the Sale Proceeds within two (2) business days of the entry of a final order of the Court approving the terms of this Stipulation.

4. The Debtors shall pay the Insurance Costs to the relevant parties from the sale proceeds within two (2) business days of the entry of a final order of the Court approving the terms of this Stipulation.

5. Gilmore shall place the balance of the Sale Proceeds in the amount of $350,000 into a reserve (the "Claims Reserve") for the benefit of any creditors asserting a valid, secured claim against Gilmore pursuant to a lien that is senior to Keybank's lien in the Sale Proceeds. Any creditor asserting such a claim must timely file a valid proof of claim with the Bankruptcy Court by the applicable bar date for Gilmore (the "Gilmore Bar Date"). In the event that a creditor or party in interest timely files a secured claim against Gilmore by the Gilmore Bar Date that is alleged to be senior to Keybank's Claim in the Sale Proceeds, then Gilmore shall withhold sufficient funds in the Claims Reserve from any further distribution to KeyBank based upon the face amount of the timely filed claim pending the final allowance or disallowance of such a claim by the Bankruptcy Court. If no creditor or party in interest timely files a valid proof of claim asserting a secured claim against Gilmore that is alleged to be senior to KeyBank's secured claim in the Sale Proceeds, then Gilmore shall pay the funds in the Claims Reserve to KeyBank no later than two (2) business days after the Gilmore Bar Date.

6. With respect to that part of the KeyBank Motion that requests relief from the automatic stay for Keybank to pursue claims to the proceeds of sale of the ship Global Patriot in

the Courts of South Africa, as Ordered by the Bankruptcy Court on December 22, 2009, the Motion is granted.

7. With respect to that portion of the KeyBank Motion that requests relief from the automatic stay for KeyBank to pursue claims with respect to insurance coverage arising from events concerning the Precision and the right to receive payment of insurance recoveries resulting there from, subject to the Debtors' rights, if any, to assert a claim against a portion of the insurance proceeds and KeyBank's rights to object to any such claim, the Motion is granted.

8. With respect to that portion of the KeyBank Motion that requests relief from the automatic stay or, in the alternative, adequate protection with respect to KeyBank's security interest in certain containers and stevedoring equipment more particularly set forth in exhibits to the KeyBank Motion, upon the approval of this Agreement, the Debtors shall be deemed to have abandoned their interest in the KEY Personal Property pursuant to Section 554 of the Bankruptcy Code and the Debtors and KeyBank further agree that the Debtors shall subsequently sell the KEY Personal Property for the benefit of KEY and the Debtors' respective estates with an allocation of the net sale proceeds of twenty (20%) percent to the Debtors and eighty percent (80%) to KEY, such sales to be subject to KEY's written approval, which shall not be unreasonably withheld. Expenses of sale, excluding Debtors' legal fees, shall be deducted from gross proceeds prior to the net sale proceeds being divided and paid as set forth in this paragraph "8".

9. This Agreement is subject to the approval of the Court and shall be of no force and effect unless and until approved by the Court.

10. Each person who executes this Agreement represents that he or she is duly authorized to execute this Agreement on behalf of the respective Parties hereto and that each such party has full knowledge and has consented to this Agreement.

11. This Agreement constitutes the complete and exclusive agreement of the Parties with respect to the subject matter hereof and supersedes all prior and contemporaneous agreements and understandings, oral or written, between the Parties with respect to such subject matter.

12. Subject to an order of the Court approving this Agreement, this Agreement shall be binding upon and inure to the benefit of the Parties, and their respective administrators, representatives, officers, directors, employees, affiliates, successors and assigns.

13. This Agreement may only be modified by a writing signed by the Parties.

14. This Agreement shall be governed by and construed in accordance with the substantive law of the state of New York or the otherwise applicable law as set forth in the KeyBank Loan Documents, and shall have the force and effect of an instrument executed and delivered under seal under the law of the state of New York.

15. This Agreement may be executed in counterparts, each of which shall be deemed to be an original, and all such counterparts together shall constitute one and the same instrument. This Agreement may be executed by facsimile.

[THIS SPACE INTENTIONALLY LEFT BLANK]

16. The Court shall retain jurisdiction to hear any matters or resolve any disputes arising under or in connection with this Agreement.

By:

_____
Matthew G. Roseman, Esq.
C. Nathan Dee, Esq. (CD9703)
Cullen and Dykman LLP
100 Quentin Roosevelt Boulevard
Garden City, New York 11530
(516) 357-3700

By:

_____
Paul A. Levine, Esq.
LEMERY GREISLER LLC
Attorneys for KeyBank National
Association and Key Equipment
Finance Inc.
50 Beaver Street
Albany, New York 12207
(518) 433-8800

SO ORDERED:

_____
HONORABLE ALAN S. TRUST
UNITED STATES BANKRUPTCY JUDGE

Dated: March   , 2010
       Central Islip, New York

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
In re:                                                      Chapter 11

GLOBAL CONTAINER LINES LTD., et al.,     Case Nos. 09-78585 (AST)
                                                                  09-78584 (AST)
                                                                   09-78589 (AST)
                                                                   09-78586 (AST)
                                                                   09-78587 (AST)
                                                                   09-78588 (AST)
                                                                   09-78590 (AST)
                              Debtors.
-----------------------------------------------------------x
STATE OF NEW YORK    )
                                 ) ss.:
COUNTY OF NASSAU    )

        CYNTHIA ROBLES, being duly sworn, deposes and says:

        That she is over the age of 21 years, resides in Massapequa Park, New York and is not a party to this action.

        That on the 1st day of March 2010, she served the Notice of Settlement of Amended Stipulated and Agreed to Order Between Global Container Lines, Ltd., Keybank National Association and Key Equipment Finance Inc., with Respect to (i) Motion for Relief From the Automatic Stay Pursuant to 11 U.S.C. 362 (d)(1) and (2) or, in the Alternative, Adequate Protection Pursuant to 11 U.S.C. Section 361 and (ii) the Allocation of Sale proceeds from the Public Sale of the M/V Global Precision Pursuant to 11 U.S.C. 506 (c) with attached Exihibt, via regular mail by depositing a true copy thereof in a properly sealed wrapper in a depository maintained by United States Postal Service located on the premises at Garden City Center, 100 Quentin Roosevelt Boulevard, Garden City, New York 11530, addressed as follows:

Office of the US Trustee
Attn: Stan Yang, Esq.
560 Federal Plaza
Central Islip, New York 11722

J. Stephen Simms, Esq.
Simms Showers LLP
20 S. Charles Street
Suite 702
Baltimore, Maryland 21201

Watson Farley & Williams LLP
Attn: Alfred E. Yudes, Jr., Esq.
1133 Avenue of Americas
11th Floor
New York, New York 10036

Adam P. Wofse, Esq.
LaMonica Herbst & Maniscalco, LLP
3305 Jerusalem Avenue
Wantagh, NY 11793

    That being the address(es) designated on the latest papers served by them in this action.

                                                    _____
                                                    CYNTHIA ROBLES

Sworn to before me this
1st day of March, 2010.

_____
Notary Public

        JANET S. UMPHRED
   Notary Public, State Of New York
        No. 01UM4818081
     Qualified In Suffolk County
     Term Expires 4/30/___/0___