Cullen and Dykman LLP
100 Quentin Roosevelt Boulevard
Garden City, New York 11530
(516) 357-3700
Matthew G. Roseman, Esq. (MR 1387)
C. Nathan Dee, Esq. (CD 9703)

Attorneys for Debtors and Debtors-in-Possession

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
In re:                                         Chapter 11

GLOBAL CONTAINER LINES LTD., et al.,           Case Nos. 09-78585 (AST)
                                                         09-78584 (AST)
                                                         09-78589 (AST)
                                                         09-78586 (AST)
                                                         09-78587 (AST)
                                                         09-78588 (AST)
                                                         09-78590 (AST)
                    Debtors.
-----------------------------------------------------------x  (Jointly Administered)

## APPLICATION FOR A COMFORT ORDER PURSUANT TO 11 U.S.C. SECTIONS 105(a), 1107 and 1108 OF THE UNITED STATES CODE

TO THE HONORABLE ALAN S. TRUST,
UNITED STATES BANKRUPTCY JUDGE:

Pursuant to Sections 105(a), 1107 and 1108 of the United States Bankruptcy Code (the "Bankruptcy Code") and Rules 2002 and 6004 of the Federal Rules of Bankruptcy Procedure (the "Rules") Global Container Lines, Ltd., et al., Debtors and Debtors-In-Possession in the above-captioned bankruptcy case (the "Debtors")[1] by their attorneys Cullen and Dykman LLP submit this motion for a comfort order authorizing the Debtors to receive and all contract vendees including but not limited to the United Nations to pay to the Debtors all funds due

---

[1] The Debtors in these Chapter 11 cases are Global Container Lines, Ltd., Shiptrade, Inc., GCL Shipping Corp., Redstone Shipping Corp., Gilmore Shipping Corp., Global Progress LLC and Global Prosperity, LLC.

pursuant to the terms certain contracts, purchase orders or other obligations and granting related relief, in connection therewith respectfully allege as follows.

## INTRODUCTION

1. On November 11, 2009 (the "Petition Date"), the Debtors filed voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Eastern District of New York.

2. The Debtors remain in possession of their property and continue in the operation and management of their businesses and Debtors-in-Possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

3. By Order dated November 17, 2009, the Court authorized the joint administration of the Debtors chapter 11 cases pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

4. By Order dated March 3, 2010 the Court authorized the final debtor-in-possession financing package.

## BACKGROUND

5. The Debtors are full service shipping companies and related entities with shipping services operating in North America, the Mediterranean, the Middle East, East, South, and West Africa, the Persian Gulf, India, Pakistan, Mozambique, and Major Indian Ocean Islands. The Debtors perform an extensive array of services in the shipping industry including many projects with the United Nations.

6. As previously disclosed to the Court, the Debtors viability is linked to its continued relationship with the United Nations and related organizations and entities. During the course of this bankruptcy proceeding the Debtors have received $9,390,948.63 in remittances

from the United Nations on account of work, labor and services provided to and for the benefit of that organization. Annexed as Exhibit "A" is a schedule of remittances received from the United Nations.

7. Currently there is an excess of $3,800,000 due to the Debtors from the United Nations. Annexed is Exhibit "B" are schedule accounts awaiting payment from the United Nations.

8. As set forth in the annexed Affidavit of Kazim Paksima, an officer of the Debtors, the Debtors have been advised from representatives of the Procurement Office of the United Nations that they are concerned about the Debtors authority to receive future payments due in the ordinary course.

9. It is respectfully submitted that without receipt of payment for work, labor and services provided to the United Nations, this Debtor will be unable to reorganize and will suffer irreparable harm.

### RELIEF REQUESTED

10. It is respectfully submitted that cause exists for this Court to issue a comfort order which identifies and reiterates what has already occurred by operation of law, the right of the Debtors as debtors-in-possession, to operate their business.

11. Courts traditionally have exercised broad discretion in determining whether to enter comfort orders. The power to issue comfort orders is encompassed within Section 105 of the Bankruptcy Code, which supplies bankruptcy courts with the authority to "issue any order, process or judgment that is necessary or appropriate to carry out the provisions of" the Bankruptcy Code. 11 U.S.C. Section 105(a); Merrama v. Citizens Bank of Massachusetts, 127

S. Ct. 1105 (2007) (recognizing broad authority granted to bankruptcy judges to take necessary or appropriate action).

12. The comfort order sought in this case merely reiterates this debtor-in-possessions right to operate its business and collect its receivables as they become due. Without this comfort order the Debtors ability to conduct its operations will be severely limited.

### REQUEST FOR ENTRY OF ORDER TO SHOW CAUSE

13. As set forth above, it is imperative that the motion be granted and a comfort order be issued on an expedited basis. Without receipt of the millions of dollars due it from the United Nations, the Debtors ability to meet its obligations as they become due will be severely limited. Accordingly, it is in the best interests of all parties to shorten notice and reinforce what has already occurred by operation of law, the Debtors right to operate its business.

14. Accordingly, the Debtors request that the Court sign the annexed Order scheduling an expedited hearing herewith.

### NOTICE

15. Copies of this motion and the request for an expedited hearing have been served upon the United States Trustee, Counsel to the National Bank of Pakistan, Counsel to the Official Committee of Unsecured Creditors, and the United Nations. The Debtors request that the Court find its proposed notice and service of the motion to be good and sufficient service given the exigent circumstances set forth.

## CONCLUSION

16. Based upon the foregoing, it is respectfully submitted that cause exists that this Court to issue a comfort order authorizing the Debtors to receive and directing the United Nations to pay, pursuant to the terms of their contracts and purchase orders, monies due the Debtors. Absent the relief requested herein on an expedited basis, the Debtors ability to meet its current expenses as they become due will be impacted.

17. No prior requests for the relief sought herein has been made to this or any other court.

WHEREFORE, the Debtors request the Court grant the relief set forth herein together with such other and relief as this Court deems just and proper.

Dated: Garden City, New York
       March 8, 2010

                          CULLEN AND DYKMAN LLP
                          Proposed Counsel to the Debtors

                    By:   /s/ Matthew G. Roseman
                          Matthew G. Roseman (MR 1387)
                          C. Nathan Dee (CD 9703)
                          100 Quentin Roosevelt Boulevard
                          Garden City, New York 11530
                          (516) 357-3700

Cullen and Dykman LLP
100 Quentin Roosevelt Boulevard
Garden City, New York 11530
(516) 357-3700
Matthew G. Roseman, Esq. (MR 1387)
C. Nathan Dee, Esq. (CD 9703)

Attorneys for Debtors and Debtors-in-Possession

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
In re:                                                    Chapter 11

GLOBAL CONTAINER LINES LTD., et al.,    Case Nos. 09-78585 (AST)
                                                  09-78584 (AST)
                                                  09-78589 (AST)
                                                  09-78586 (AST)
                                                  09-78587 (AST)
                                                  09-78588 (AST)
                                                  09-78590 (AST)
                    Debtors.
-----------------------------------------------------------x  (Jointly Administered)

## AFFIDAVIT IN SUPPORT OF MOTION FOR
## COMFORT ORDER

Kazim Paksima, being duly sworn deposes and says:

1. I am President of the Debtors and as such am fully familiar with the facts and circumstances alleged herein.

2. I have read the application seeking the issuance of a comfort order authorizing the Debtors to receive and the United Nations, to pay all funds pursuant to the terms and conditions of the various contracts and purchase orders the Debtors have with the United Nations. The allegations contained in the application are true and accurate.

3. Currently there is approximately $3,800,000 due from the United Nations to the Debtors. In conversations I have had with representatives of the Procurement Office of the

United Nations, they have raised, as a basis for delaying payment, that they are uncertain who they should pay.

4. This concern was apparently predicated upon the fear that if they were pay the Debtors they may be asked by some subsequent trustee to pay again.

5. I have communicated the fact, both through the undersigned and through counsel, that as a matter of law, the Debtors are entitled to operate their businesses as a debtor-in-possession and be paid for work performed.

6. I believe that without the issuance of the requested comfort order the United Nations will continue to delay payments due for work, labor and services provided. This situation will severely impact our cash flow and our continued ability to operate.

7. My attorneys advise that these circumstances constitute exigent circumstances warranting an expedited hearing.

_____
KAZEM PAKSIMA

Sworn to before me this
8th day of March, 2010.

_____
NOTARY PUBLIC

JANET S. UMPHRED
Notary Public, State Of New York
No. 01UM4818081
Qualified In Suffolk County
Term Expires 4/30/10

2