UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
In re:                                              Chapter 11

GLOBAL CONTAINER LINES LTD., et al.,
                                                    Jointly Administered under
                        Debtors.                    Case No. 09-78585 (AST)
----------------------------------------------------------x

### AMENDED ORDER SCHEDULING EMERGENCY HEARING ON MOTION (I) APPROVING AUCTION SALE OF PROPERTY; (II) APPROVING RETENTION OF BROKER FOR THE PURPOSE OF CONDUCTING THE AUCTION SALE;(III) APPROVING SALE PROCEDURES; AND (IV) GRANTING RELATED RELIEF

Global Container Lines, Ltd., et al., debtors and debtors-in-possession herein (the "Debtors") filed a Motion (the "Sale Motion") dated February 22, 2010, seeking entry of an order: (i) approving the public sale of property; (ii) approving retention of a broker for the purpose of conducting the public sale; (iii) approving sale procedures; and (iv) granting related relief. [dkt item 122] The Motion was supported by the affirmation of C. Nathan Dee, Esq. as required by Local Bankruptcy Rule 9077-1.

The Sale Motion alleged, *inter alia*, that it was "imperative" that a sale of the vessels referenced in the Sale Motion be authorized to be occur prior to the end of March 2010. Based thereon, this Court granted Debtors' request for an expedited hearing, by Order to Show Cause entered on February 23, 2010 (the "OSC"). That OSC, *inter alia*, set a hearing on the Sale Motion for March 10, 2010, at 9:30 a.m. (the "Hearing") and an deadline to object to the Sale Motion of March 8, 2010, at 5:00 p.m.

Pursuant to this Court's posted procedures to request an adjournment, at 2:38 p.m. on March 8, 2010, Debtors requested the Hearing be adjourned. The Court was subsequently advised by Debtors via email that the "requested adjournment was necessitated by the need to allow a Bank of Pakistan board meeting to occur." The Bank of Pakistan had apparently scheduled a meeting of its board of directors for March 17, 2010, and a hearing after that date has now been requested. No request was made to extend the time for parties to object to the Sale Motion. No motion seeking an adjournment has been filed.

The email procedures adopted by this Court do not permit or encourage parties to provide substantive case colloquy; rather, email adjournment requests are meant to be purely mechanical[1]. For those reasons, inquiry would not be made into why the referenced board meeting was not set to occur before the Hearing, nor why Debtors did not advise the Court in the

---

[1] This Court's posted procedure provides: **Requests for agreed adjournments are to be emailed, following the above procedures, at least two (2) business days prior to the scheduled hearing date.** Requests must state the reason why the adjournment is being sought. If an adjournment is not granted, the parties are required to appear. Any requests for an agreed adjournment must be copied to all parties who have filed papers related to the subject hearing.

Sale Motion or supporting affirmation that Debtors did not desire to have a hearing until after the bank's board meeting had occurred. Presumably, however, Debtors can answer these questions at the adjourned hearing on the Sale Motion.

Based on the foregoing, it is hereby

**ORDERED**, that the Sale Motion will be heard on **March 24, 2010, at 4:00 p.m.** ; and it is further

**ORDERED** that all matters in Debtors cases presently set for **March 10, 2010** are hereby adjourned to **March 24, 2010, at 4:00 p.m.**; and it is further

**ORDERED**, that by **1:00 p.m. on March 9, 2010,** the Debtors must serve a copy of this Order upon the following parties:

Office of the United States Trustee for the Eastern District of New York;
Any party that has filed a request for service of pleadings with this Court;
Any party against whom relief is sought;
Any party asserting a lien upon any of Global Prosperity, LLC and Global Progress, LLC's respective assets; and
Any Creditors Committee and its Counsel; and

by via first class mail on or before **March 9, 2010, at 5:00 p.m.** upon each of the Debtors' twenty largest unsecured creditors; and it is further

**ORDERED**, that the deadline for objections, if any, to the relief requested in the Sale Motion is extended until **March 19, 2010, at 5:00 p.m.**; and it is further

**ORDERED**, that Debtors shall also file a certificate of service of this Order with the Clerk of the United States Bankruptcy Court, Eastern District of New York, **March 15, 2010, at 5:00 p.m.**



Dated: March 9, 2010
      Central Islip, New York

_____
Alan S. Trust
**United States Bankruptcy Judge**