UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
In re:                                                      Chapter 11

GLOBAL CONTAINER LINES LTD., et al.,       Case Nos. 09-78585 (AST)
                                                                                                                  09-78584 (AST)
                                                                                                                  09-78589 (AST)
                                                                                                                  09-78586 (AST)
                                                                                                                  09-78587 (AST)
                                                                                                                  09-78588 (AST)
                                                                                                                  09-78590 (AST)
                           Debtors.
----------------------------------------------------------x

**ORDER PURSUANT TO SECTIONS 105 AND 363 OF THE UNITED STATES
BANKRUPTCY CODE APPROVING PUBLIC SALE OF PROPERTY FREE AND
CLEAR OF LIENS, CLAIMS AND ENCUMBRANCES,
APPROVING RETENTION OF BROKER FOR PURPOSE
OF CONDUCTING PUBLIC SALE AND
<u>GRANTING RELATED RELIEF</u>**

        This Court having entered an orders February 23, 2010 and on March 3, 2010 (the "Scheduling Orders") scheduling a hearing (the "Sale Hearing") to consider approval of a public sale of property of two of the Debtors, and the Court having conducted the Sale Hearing on March 24, 2010 and having considered the motion (the "Motion") filed by the Debtors for entry of an order (i) approving the public sale of property free and clear of charters, encumbrances, mortgages, maritime liens and any other liens and claims (the "Sale"), authorizing the retention of Vogt and Maguire Shipbroking Ltd. (the "Broker") for the purpose of conducting the Sale, approving procedures for the Sale and granting related relief; and due notice of the Motion and the Sale Hearing having been provided pursuant to the Scheduling Order; and all objections to the relief sought herein having been resolved, withdrawn or overruled, and such relief being demonstrated to the satisfaction of the Court to be in the best interest of the Debtors and their estates and creditors; and after due deliberation and sufficient cause therefore,

IT IS HEREBY FOUND AND DETERMINED AS FOLLOWS:

A. The Debtors filed voluntary petitions for relief under chapter 11 of title 11, United States Code (the "Bankruptcy Code") on November 10, 2009 in the United States Bankruptcy Court for the Eastern District of New York (the "Court"). The Debtors continue to manage their property as debtors-in-possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

B. The Court has jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§157 and 1334. Consideration of the Motion and the relief requested therein is a core proceeding pursuant to 28 U.S.C. §157(b), and venue before this Court is proper pursuant to 28 U.S.C. §1408 and §1409. This is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(A), (N) and (O).

C. In accordance with Sections 363(b) and (f) of the Bankruptcy Code, Rules 2002, 6004 and 9014 of the Federal Rules of Bankruptcy Procedure and applicable law as set forth in the Motion, and based upon arguments of counsel at the Sale Hearing, the Debtor has advanced good business reasons for conducting a public sale of the M/V Global Progress and the M/V Global Prosperity (collectively, the "Vessels")[1], and for retaining the Broker to conduct the Sale.

D. The compensation to be paid to the Broker in connection with the Sale is fair and reasonable, and the Broker's services are necessary and warranted.

E. The procedures for the Sale as set forth in the Motion provide a reasonable means of ensuring a fair sale price and that the Vessels will be sold for the highest and best offer available.

F. Since the Sale will occur as the result of a public sale after solicitation of bids and an opportunity for competitive bidding, the successful purchaser of the Vessels is entitled to the protection of a good faith purchaser under Section 363(m) of the Bankruptcy Code.

---

[1] Defined terms used but not otherwise defined herein shall have the meanings ascribed in the Motion.

NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED as follows:

1. Subject to certain conditions set forth below, the Motion is granted and all objections to the Motion which have not been resolved or withdrawn are hereby overruled.

2. The Sale is approved by the Court pursuant to Sections 363(b) and (f) of the Bankruptcy Code and the procedures for conducting the Sale as set forth in the Motion are hereby approved.

3. The Debtors are hereby authorized to take all steps necessary or appropriate to carry out the Sale in accordance with the procedures set forth in the Motion, and to execute and deliver all documents necessary to effectuate the Sale of the Vessels including, but not limited to, entering into memorandum of agreements ("MOA") with Sea Lion Marine Ltd ("SeaLion") for the purchase of the M/V Global Progress and Marianna Shipping Limited ("Marianna" and together with SeaLion, the "Purchasers") for the purchase of the M/V Global Prosperity after the Public Sale.

4. The gross purchase price for each of the Vessels shall be USD $4,520,886.00 or USD $9,041,772.00 (the "Purchase Price") in the aggregate.

5. The Purchasers shall each deposit the sum of $1,356,266.00 or thirty (30%) percent of the purchase price for their respective Vessels with Debtors' counsel via wire transfer within one (1) business day of the execution of their respective MOAS.

6. The retention of Vogt and Maguire Shipbroking Ltd. as Broker for the purpose of conducting the Sale is approved, and the Debtors are authorized and directed to pay to the Broker a commission of 1.5% from the gross proceeds of the Sale at the Closing.

7. The Debtors are further authorized to pay an address commission of 3% from the gross proceeds of the Sale to the Buyer's broker at the Closing.

8. The Sale pursuant to this Order will vest the Purchasers with good title to their respective Vessels free and clear of any and all charters, encumbrances, mortgages, maritime liens, liens and claims, and such charters, encumbrances, mortgages, maritime liens and any other liens and claims shall transfer, affix and attach to the proceeds of the Sale with the same force, validity, priority and effect as they now may have. All persons who received notice of the Sale who purport to hold, or who hold, any charters, encumbrances, mortgages, maritime liens or any other liens and claims with respect to the Vessels shall be, and they hereby are, forever enjoined and barred from asserting charters, encumbrances, mortgages, maritime liens and any other liens and claims against the Purchasers or the Vessels.

9. The closing of the Sale shall occur no later than **April 10, 2010** (the "Closing"). At the Closing, the Purchasers shall tender the balance of the purchase price for each of their respective Vessels to the Debtors or their designated agent via certified bank check or wire transfer in immediately available funds. Also at the Closing, the aggregate net proceeds of the Sale (the "Sale Proceeds") shall be distributed as follows: (a) first, (i) to the Broker for its commissions in the amount of 1.5% of the aggregate gross purchase price and (ii) to the Purchasers Broker for its address commission in the amount of 3.0 % of the aggregate gross purchase price; (b) second, to Debtors' counsel in the amount of $400,000.00 which sum shall be held in escrow by Debtors' counsel subject to terms and provisions of paragraph 17 of the *Final Order Pursuant to Sections 105, 361, 362, 363, 364 and 507 of the Bankruptcy Code and Rules 2002, 4001 and 9014 of the Federal Rules of Bankruptcy Procedure (1) Authorizing Debtors to Use Cash Collateral, (ii) Authorizing Debtors to Obtain Post-Petition Financing (3) granting*

*Senior Liens and Super Priority Administrative Expense Status, (4) Modifying the Automatic Stay, (5) Granting Adequate Protection, and (6) Granting Related Relief  dated March 1, 2010* (c) third, in the amount of up to $342,190.00 to the NBP to reimburse NBP for any sums advanced to the Debtors to pay crew wages and related repatriation costs necessary to consummate the Public Sale of the Vessels and costs of providing hull and machinery insurance to the Vessels through the Closing Dates  (d) and fourth, the remaining balance of the Sale Proceeds to NBP in payment of NBP's preferred ship mortgages against the Vessels.

7. The Sale Proceeds distributed to NBP under paragraph 6 of this Order, shall be subject to later disgorgement for the benefit of any creditor or other entity determined to hold a valid, secured claim against the Vessels pursuant to a maritime lien based upon applicable maritime law that is senior to NBP's lien in the Sale Proceeds, upon a final determination by the Court regarding the allowance or disallowance of such claim after notice and a hearing.  Any entity asserting a claim against the Vessels based upon a maritime lien senior to NBP's lien, which entity did not file a valid proof of claim against either Global Progress, LLC or Global Prosperity, LLC, as applicable, pursuant to the Order of the Court dated February 5, 2010 **must** file a proof of claim Clerk of the Court, United States Bankruptcy Court Eastern District of New York, 290 Federal Plaza, Central Islip, New York, 11772 asserting a maritime lien within **sixty (60) days** of service of this Order, so that the validity and priority of such claim may be determined by the Court.

8. The provisions of this Order authorizing the Sale free and clear of charters, encumbrances, mortgages, maritime liens and any other liens and claims shall be self-executing, and neither the Debtors nor the Purchaser(s) shall be required to execute or file releases,

termination statements, assignments, consents, or other instruments in order to effectuate, consummate and implement the foregoing provisions.

9. The Purchaser(s) is hereby determined to be a good faith purchaser under Section 363(m) of the Bankruptcy Code, and shall be entitled to the protections afforded to a good faith purchaser under that section of the Bankruptcy Code.

10. The consideration to be paid by the Purchaser(s) is fair and reasonable.

11. Notwithstanding the provisions of Bankruptcy Rule 6004(h), this Order shall be effective and enforceable immediately upon entry and the fourteen-day stay provided by such Bankruptcy Rules shall and hereby is waived.

12. This Order is and shall be binding upon and govern the acts of all entities, including, without limitation, all filing agents, title agents, recorders of documents, administrative agencies, governmental departments, secretaries of state, federal, state, territorial and local officials, and all the persons and entities who may be required by operation of law, and the duties of their office, to accept, file, register or otherwise record or release any documents or instruments.

13. Upon the Closing of the Sale of the Vessels, the Purchaser(s) shall not be deemed to (i) be the successor of the Debtors, (ii) have, de facto or otherwise, merged with or into the Debtors, (iii) be a mere continuation or substantial continuation of the Debtors or the enterprise of the Debtors, or (iv) in any way have assumed any responsibility for any actions, omissions, obligations or liabilities of the Debtors.

14. The Debtors, including but not limited to their respective officers, employees and agents, are hereby authorized to execute such documents and do such acts as are necessary or desirable to carry out the transactions contemplated by the terms and conditions of this Order

including entry into the MOA with the Purchasers.  The Debtors shall be, and are, authorized to take all such actions as may be necessary to effectuate the terms of this Order.

15. Any finding set forth in this Order that is a conclusion of law shall be deemed a conclusion of law incorporated by reference in these conclusions of law as though fully set forth herein.

16. This Order shall be binding in all respects upon all creditors (whether known or unknown) of the Debtors, their affiliates and subsidiaries, all successors and assigns of the Purchaser(s), and any subsequent trustees appointed to the Debtors' chapter 11 cases or upon a conversion to chapter 7 under the Bankruptcy Code and shall not be subject to rejection.  To the extent any provision of this Order is inconsistent with the Motion, the terms of this Order shall govern.

17. This Court shall retain jurisdiction to enforce the provisions of this Order in all respects.



**Dated: March 25, 2010**
      **Central Islip, New York**

_____
**Alan S. Trust**
**United States Bankruptcy Judge**

7