CULLEN AND DYKMAN LLP
Attorneys for Reorganized Debtors
100 Quentin Roosevelt Boulevard
Garden City, New York 11530
(516) 357-3700
Matthew G. Roseman, Esq. (MR 1387)
C. Nathan Dee, Esq. (CD 9703)

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x

| | |
|---|---|
| In re: | Chapter 11 |
| GLOBAL CONTAINER LINES LTD., et al., | Case Nos. 09-78585 (AST) |
| | 09-78584 (AST) |
| | 09-78589 (AST) |
| | 09-78586 (AST) |
| | 09-78587 (AST) |
| | 09-78588 (AST) |
| | 09-78590 (AST) |
| Debtors. | |

-------------------------------------------------------x

**MOTION PURSUANT TO RULES 2002 AND 9006 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE AND E.D.N.Y. LBR 9077 FOR AN ORDER SHORTENING TIME OF NOTICE FOR HEARING ON MOTION BY DEBTORS AND DEBTORS IN POSSESSION FOR APPROVAL OF SETTLEMENT AGREEMENT WITH UNITED NATIONS AND SCHEDULING A HEARING ON THE MOTION FOR APRIL 19, 2010**

To the Honorable Alan S. Trust
United States Bankruptcy Judge:

Pursuant to Section 105 of the United States Bankruptcy Code (the "Bankruptcy Code") and Rules 2002 and 9006(c)(1) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and E.D.N.Y. LBR 9077-1, and the affirmation of C. Nathan Dee dated April 2, 2010 in support, Global Container Lines Ltd., et al., debtors and debtors-in-possession in the above-captioned bankruptcy cases (the "Debtors")[1], hereby move for an order (i) shortening time for

---

[1] The Debtors in these chapter 11 cases are: Global Container Lines Limited ("Global"), Shiptrade, Inc. ("Shiptrade"), GCL Shipping Corp, Redstone Shipping Corp., Gilmore Shipping Corp., Global Progress, LLC and Global Prosperity, LLC.

hearing on the Debtors' motion (the "Motion") for approval of a certain settlement agreement with the United Nations (the "UN") from twenty four ("24") days inclusive of mailing to fourteen (14) days inclusive of mailing and (ii) scheduling a hearing on the Motion for April 19, 2010. In further support thereof, the Debtors aver as follows:

## INTRODUCTION

1.  On November 11, 2009 (the "Petition Date"), the Debtors filed voluntary petitions for relief under the Bankruptcy Code in the United States Bankruptcy Court for the Eastern District of New York.

2.  The Debtors remain in possession of their property and continue in the operation and management of their businesses as debtors-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

3.  By Order dated November 17, 2009, the Court authorized the joint administration of the Debtors' Chapter 11 cases pursuant to Rule 1015(b) of the Bankruptcy Rules.

4.  On or about December 29, 2009, the Office of the United States Trustee appointed an Official Committee of Unsecured Creditors in these cases, and the Committee has retained LaMonica Herbst & Maniscalco as its counsel.

## REQUEST FOR RELIEF

5.  The Debtors have an immediate need for funds to meet their daily operating expenses. Pursuant to the Motion, the Debtors seek approval of a settlement agreement with the UN that will provide the Debtors with approximately $411,000 in working capital. In that regard, the Debtors have approximately three claims in the aggregate amount of $1.4m in outstanding receivables due and owing from the UN (the "UN Receivables") which they have been diligently pursuing since Petition Date. The proposed settlement agreement relates to only

2

one of the Debtors' claims against the UN for unpaid receivables. The Debtors had anticipated using the proceeds of the UN Receivables to fund their working capital needs during the pendency of their cases; however, it has taken the Debtors longer than they had anticipated collect a portion of their UN Receivables because of the UN's lack of institutional knowledge regarding the Chapter 11 reorganization process.

6. Rule 2002 of the Bankruptcy Rules requires twenty four (24) days notice, inclusive of mailing, for the hearing on Motion. For the reasons set forth above and as further set forth in the affirmation of C. Nathan Dee in support of this motion, the Debtors request that the Court shorten the notice required for hearing on the Motion to a twelve (12) day notice period.

7. Bankruptcy Rule 9006(c)(1) provides, in relevant part, that "when an act is required or allowed to be done at or within a specified time by these rules or by a notice given thereunder or by order of the court, the court for cause shown may in its discretion with or without motion or notice order the period reduced." Fed. R. Bankr. P. 9006(c)(1). Reduction of the time period in question here is not prohibited under Bankruptcy Rule 9006(c)(2).

8. There are no novel issues of law or fact to be determined in connection with the Motion and, the Debtors submit no party will be prejudiced by a reduction of the time for hearing by ten (10) days, especially since the Motion represents the Debtors' attempt to secure additional funds to meet their working capital needs.

9. Accordingly, the Debtors request that the Court shorten the time for notice of the hearing on the Motion to fourteen (14) days, inclusive of mailing, and scheduling a hearing on the motion for Monday, April 19, 2010.

10. No prior application for the relief sought herein has been made to this or any other Court.

WHEREFORE, Debtors respectfully requests that the Court grant the relief sought herein, together with such other and further relief as the Court deems just and proper.

Dated: Garden City, New York
      April 2, 2010

CULLEN AND DYKMAN LLP

By: _s/ C. Nathan Dee_
C. Nathan Dee, Esq. (cd 9703)
Attorneys for Global Container Lines, ltd et al.
100 Quentin Roosevelt Boulevard
Garden City, New York 11530
(516) 357-3700

# *EXHIBIT A*

CULLEN AND DYKMAN LLP
Attorneys for Debtor and Debtors-in-Possession
100 Quentin Roosevelt Boulevard
Garden City, New York 11530
(516) 296-9106
Matthew G. Roseman, Esq. (MR 1387)
C. Nathan Dee, Esq. (CD 9703)

CULLEN AND DYKMAN LLP
Attorneys for Reorganized Debtors
100 Quentin Roosevelt Boulevard
Garden City, New York 11530
(516) 357-3700
Matthew G. Roseman, Esq. (MR 1387)
C. Nathan Dee, Esq. (CD 9703)

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
In re:                                                    Chapter 11

GLOBAL CONTAINER LINES LTD., et al.,    Case Nos. 09-78585 (AST)
                                                                    09-78584 (AST)
                                                                    09-78589 (AST)
                                                                    09-78586 (AST)
                                                                    09-78587 (AST)
                                                                    09-78588 (AST)
                                                                    09-78590 (AST)
                           Debtors.
-------------------------------------------------------x

**AFFIRMATION IN SUPPORT OF ORDER PURSUANT TO LOCAL RULE 9077-1
SCHEDULING HEARING ON SHORTENED NOTICE OF THE DEBTORS' MOTION
FOR ENTRY OF AN ORDER AUTHORIZING AND APPROVING A CERTAIN
SETTLEMENT AGREEMENT WITH THE UNITED NATIONS AND FOR OTHER
<u>RELATED RELIEF</u>**

C. NATHAN DEE, an attorney duly licensed to practice law before this Court affirms as follows:

1.     I am a member of Cullen and Dykman LLP, attorneys for Global Container Lines Ltd., et al., debtors and debtors-in-possession in the above-captioned bankruptcy cases (the "Debtors")[1], and as such am fully familiar with the facts and circumstances herein.

2.     I submit the following in support of Debtors' motion for an order to shorten notice pursuant to Local Rule 9077-1, scheduling a hearing on shortened notice of the Debtors' motion (the "Motion") for entry of an Order authorizing and approving a certain settlement agreement with the United Nations (the "UN") and for related relief.

3.     Pursuant to the Motion, the Debtors seek the entry of an order authorizing and approving the Debtors' proposed settlement agreement with the UN pursuant to which the Debtors' estates shall receive the sum of approximately $411,000 to be used for working capital purposes.

4.     In that regard, the Debtors have diligently pursued certain outstanding receivables due and owing them from the UN since the Petition Date. The UN has disputed the Debtors' entitlement to the payment of the full amount of their receivables and the negotiation and settlement process has taken the Debtors longer than expected because of the need to educate the UN about the Debtors' rights and responsibilities under Chapter 11 of the Bankruptcy Code. The Debtors had anticipated that they would be able to use the proceeds of the UN receivables to fund their working capital needs during the reorganization process.

5.     The Court should note while the Debtors have successfully concluded the recent sale of two of their vessels, the M/V Global Progress and the M/V Global Prosperity, the proceeds realized from the sales, after payment of crew wages and broker's commissions and

---

[1] The Debtors in these chapter 11 cases are: Global Container Lines Limited ("Global"), Shiptrade, Inc. ("Shiptrade"), GCL Shipping Corp, Redstone Shipping Corp., Gilmore Shipping Corp., Global Progress, LLC and Global Prosperity, LLC.

establishment of a reserve for the payment of certain administrative claims, were paid to the National Bank of Pakistan to reduce the bank's senior secured claim against the Debtors' estates.

6. The Debtors require the relief requested herein on an expedited basis because of the Debtors' immediate need for additional funds to meet their working capital requirements.

7. In an effort to avoid harm to the Debtors' respective estates, the Motion has been brought on by a request for an order shortening time. The Debtors are seeking relief to schedule a hearing on Monday, April 19, 2010 for approval of the settlement because the Debtors' require the use of the funds from the UN for working capital purposes.

Dated: Garden City, New York
April 2, 2010

By: /s/ C. Nathan Dee
C. Nathan Dee (cd9703)