LaMonica Herbst & Maniscalco, LLP
3305 Jerusalem Avenue
Wantagh, NY 11793
516. 826.6500
Adam P. Wofse, Esq.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x

| | |
|---|---|
| In re: | Chapter 11 |
| GLOBAL CONTAINER LINES LTD., et al., | Case Nos. 09-78585-AST |
| | 09-78584-AST |
| | 09-78589-AST |
| | 09-78586-AST |
| | 09-78587-AST |
| | 09-78588-AST |
| | 09-78590-AST |
| | (Jointly Administered) |
| Debtors. | |

-------------------------------------------------------------------x

**APPLICATION FOR ORDER APPROVING RETENTION OF
BEDERSON & COMPANY LLP AS ACCOUNTANTS FOR
THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS**

TO THE HONORABLE ALAN S. TRUST,
UNITED STATES BANKRUPTCY JUDGE:

The Official Consolidated Committee of Unsecured Creditors (the "Committee"), appointed in the Chapter 11 cases of Global Container Lines Ltd., *et al.*, (the "Debtors"), by and through its counsel, LaMonica Herbst & Maniscalco, hereby submits this application (the "Application") for the entry of an Order authorizing and approving the retention of Bederson & Company LLP ("B&C") as accountants for the Committee, respectfully represents and alleges:

1.  On November 10, 2009 (the "Filing Date"), each of the Debtors filed voluntary petitions for reorganization under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") in the Bankruptcy Court for the Eastern District of New York (the "Court").

2.  The Debtors have been authorized to remain in possession of their property and to

1

continue the operation and management of their businesses as debtors-in-possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

3. By Order dated November 17, 2009, the Court authorized the joint administration of the Debtors' Chapter 11 cases pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

4. On December 29, 2009, the United States Trustee appointed three (3) entities to the Committee, pursuant to Section 1102(a)(1) of the Bankruptcy Code, to represent the interests of the unsecured creditors of the Debtors' estates. Thereafter, the Committee selected LH&M as counsel to represent the Committee in these Chapter 11 cases. By Order dated January 25, 2010, this Court approved the retention of LH&M as counsel to the Committee herein.

5. Pursuant to this Application, the Committee seeks authority to retain B&C as its accountants regarding all accounting related matters related to the Debtors' Chapter 11 cases.

6. The Committee selected B&C because of its extensive experience and knowledge of bankruptcy matters, including international maritime bankruptcy cases, and believes B&C is well qualified to represent the Committee as its accountants in all phases and aspects of these Chapter 11 cases.

7. Accordingly, the Committee requests that B&C be retained as accountants for the Committee, so that the Committee may properly fulfill its role and duties under the Bankruptcy Code in these cases.

8. To the best of the Committee's knowledge, B&C has no connection with the Debtors' creditors, or any other party in interest, or their respective attorneys, except as set forth in the attached certification of Sean Raquet, CPA (the "Certification"), a member of B&C. Additionally, B&C represents no interest adverse to the Debtors or their estates, or any other person or entity in

2

the matters with respect to which B&C is being retained by the Committee, except as set forth in the attached Affidavit.

9. Furthermore, B&C is a "disinterested person" as that term is defined in §101(14) of the Code in that said firm:

> (a) is not a creditor, an equity security holder, or an insider;
>
> (b) is not and was not, within 2 years before the date of the filing of the petition, a director, officer, or employee of the debtor; and
>
> (c) does not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the debtor, or for any other reason.

11 U.S.C. §101(14).

10. Based upon the foregoing, the Committee submits that the retention of B&C is not only necessary but also in the best interests of the Committee, the unsecured creditors and these estates.

11. B&C will be paid compensation and reimbursement of expenses only upon proper application therefor and pursuant to an Order of this Court.

12. No prior application for the relief sought herein has been previously made to this or any other court.

**WHEREFORE**, the Committee respectfully requests the entry of the annexed Order authorizing the retention of B&C accountants for the Committee, and that the Court grant such other and further relief as may be deemed just and proper.

Dated: Wantagh, New York
April 9, 2010

                                 **LaMONICA HERBST & MANISCALCO, LLP**
                                 Attorneys for the Committee

                                 By: /s/ Adam P. Wofse
                                       Adam P. Wofse, Esq.
                                       3305 Jerusalem Avenue
                                       Wantagh, New York 11793
                                       (516) 826-6500

*M:\Documents\Company\Cases\Global Container Lines Ltd et al.,\Retentions\Application re bederson retention.wpd*