UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In re:                                    Chapter 11

GLOBAL CONTAINER LINES LTD., et al.,      Case Nos. 09-78585 (AST)
                                                    09-78584 (AST)
                                                    09-78589 (AST)
                                                    09-78586 (AST)
                                                    09-78587 (AST)
                                                    09-78588 (AST)
                                                    09-78590 (AST)
                    Debtors.
------------------------------------------------------------x

**ORDER GRANTING DEBTORS' SECOND OMNIBUS OBJECTION UNDER
SECTION 502 OF THE BANKRUPTCY CODE AND RULE 3007 OF THE
FEDERAL RULES OF BANKRUPTCY PROCEDURE FOR AN ORDER
DISALLOWING DISPUTED CLAIMS SCHEDULED BY GLOBAL
CONTAINER LINES LTD. AND GILMORE SHIPPING CORP.
FOR WHICH NO PROOF OF CLAIM WAS SUBSEQUENTLY FILED**

Global Container Lines Ltd. ("Global") and Gilmore Shipping Corp. ("Gilmore"), two of the debtors and debtors-in-possession herein (the "Debtors"), having brought a Second Omnibus Objection dated May 7, 2010, under 11 U.S.C. § 502 and Rule 3007 of the Federal Rules of Bankruptcy Procedure for an order disallowing certain disputed scheduled claims (the "Objection"); and

The Debtor having properly served the Objection on all claimants affected by the Objection at the addresses set forth in the Debtors' Schedules, the Office of the United States Trustee for the Eastern District of New York, and counsel for the Creditors' Committee and all persons or entities who filed a Notice of Appearance; and

A hearing having been held on June 9, 2010 with respect to the relief sought in the Objection, and the Court having heard the arguments of all parties present at the hearing; and

The Court having determined that good and proper notice of the relief sought in the Objection was made in accordance with the Bankruptcy Code and the Bankruptcy Rules and that cause exists to grant the relief sought in the Objection;

NOW, THEREFORE, in consideration of the foregoing, it is hereby ordered as follows:

1. The following scheduled disputed claims, all of which are included in Exhibit "B" to the Objection, be, and hereby are, disallowed on the grounds that they were scheduled as disputed by the Debtors and said claimants failed to file a subsequent proof of claim with the Clerk of the Bankruptcy Court pursuant to the Bar Date Order:

| CLAIMANT | DEBTOR | CLAIM AMOUNT |
| --- | --- | --- |
| Al Mubarek Odwreon | Gilmore | $179,405.38 |
| GE Seaco Charleston | Global | $62,921.00 |
| Groupe Eyssautier | Global | $100,000.00 |
| Intercargo Clearing & Forwarding | Global | $51,759.00 |
| James J. Flanagan Stevedores | Global | $25,118.40 |
| Keraba and Bayo Freight Transport | Global | $68,100.00 |
| Mercur International for Development Co. Ltd. | Global | $979,835.00 |
| Rennie Ship Agency | Global | $18,600.00 |
| Thocomar Shipping Senegal | Global | $56,612.00 |
| Tosi Maritime Consultants | Global | $24,000.00 |
| World Food Program | Global | $38,500.00 |

2. Nothing in this Order shall prevent the Debtors from filing additional objections, including, without limitation, objections as to the validity, amount, classification and status of any claims in the Debtors' case including, without limitation, the claims that are the subject of this Order.

Dated: Central Islip, New York
June __, 2010

_____
ALAN S. TRUST
United States Bankruptcy Judge