CULLEN AND DYKMAN LLP  
Attorneys for Debtors  
100 Quentin Roosevelt Boulevard  
Garden City, New York 11530  
(516) 357-3700  
Matthew G. Roseman, Esq. (MR 1387)  
C. Nathan Dee, Esq. (CD 9703)

Hearing Date: June 9, 2010  
Time: 2:00 p.m.

UNITED STATES BANKRUPTCY COURT  
EASTERN DISTRICT OF NEW YORK  
-----------------------------------------------------------x  
In re:                                  Chapter 11

GLOBAL CONTAINER LINES LTD., et al.,    Case Nos. 09-78585 (AST)  
                                                  09-78584 (AST)  
                                                  09-78589 (AST)  
                                                  09-78586 (AST)  
                                                  09-78587 (AST)  
                                                  09-78588 (AST)  
                                                  09-78590 (AST)

                  Debtors.  
-----------------------------------------------------------x

**NOTICE OF THIRD OMNIBUS OBJECTION UNDER SECTION 502 OF THE BANKRUPTCY CODE AND RULE 3007 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE FOR AN ORDER EITHER (A) EXPUNGING CLAIM NOS. 2, 6, 16, 22, 23, 31, 34, 35, 36, 44 AND 52 FILED AGAINST GLOBAL CONTAINER LINES, LTD.; CLAIM NOS. 2, 3 AND 5 FILED AGAINST GCL SHIPPING CORP.; CLAIM NOS. 3, 6 AND 8 FILED AGAINST SHIPTRADE, INC.; CLAIM NOS. 9, 10, 14, 17 AND 18 FILED AGAINST GILMORE SHIPPING CORP.; CLAIM NOS. 1, 5, 11, 12 AND 17 FILED AGAINST GLOBAL PROSPERITY, LLC; CLAIM NOS. 5, 13 AND 14 FILED AGAINST GLOBAL PROGRESS, LLC; AND CLAIM NO. 1 FILED AGAINST REDSTONE SHIPPING CORP. AS BEING FILED AGAINST THE WRONG DEBTOR(S) OR DUPLICATIVE, OR (B) ALLOWING SUCH CLAIMS AGAINST DIFFERENT DEBTORS**

      **PLEASE TAKE NOTICE** that upon the annexed objection dated May 7, 2010 (the "Objection"), Global Container Lines, Ltd. ("Global"), GCL Shipping Corp. ("GCL"), Shiptrade, Inc. ("Shiptrade"), Gilmore Shipping Corp. ("Gilmore"), Global Prosperity, LLC ("Prosperity"), Global Progress, LLC ("Progress") and Redstone Shipping Corp. ("Redstone"), debtors and debtors-in-possession in the above-captioned case (collectively the "Debtors"), by their counsel

Cullen and Dykman LLP, will move this Court before the Honorable Alan S. Trust, United States Bankruptcy Judge, at the United States Bankruptcy Court, Eastern District of New York, located at 290 Federal Plaza, Central Islip, New York 11772 on the 9th day of June, 2010 at 2:00 p.m., for entry of an order (i) expunging duplicative claims and claims filed against the wrong Debtors and/or allowing such claims against different Debtors as more fully described in the Objection; and (ii) for such other and further relief as this Court deems just and proper.

**PLEASE TAKE NOTICE**, that any responses or objections to the Objection, if any, shall be filed on or before June 4, 2010 at 4:30 p.m. as follows: (A) (i) through the Bankruptcy Court's electronic filing system in accordance with General Order N-182, which may be accessed through the internet at the Bankruptcy Court's website: www.nyeb.uscourts.gov using Netscape Navigator software version 3.0 or higher; (ii) portable document format (PDF) using Adobe Exchange software for conversion; or (B) for parties unable to file electronically, such parties shall file the objection in PDF format on a diskette in an envelope with a case name, case number, type and title of document, document number to which the objection refers, and the file name on the outside of the envelope; or (C) for parties unable to file electronically or use PDF format, those parties shall submit the objection on diskette in either Word, Word Perfect of DLS text (ASCII) format. An objection filed by a party with no legal representation shall comply with section (B) or (C) as set forth in this paragraph. Any response or objection must also be served upon (i) the Chambers of the Honorable Alan S. Trust; (ii) Cullen and Dykman LLP, 100 Quentin Roosevelt Boulevard, Garden City, New York 11530, Attention C. Nathan Dee, Esq.; (iii) the Office of the United States Trustee, 290 Federal Plaza, Central Islip, New York, 11722, Attention: Stan Yang, Esq.; and (iv) LaMonica, Herbst & Maniscalco, LLP, 3305 Jerusalem

Avenue, Wantagh, New York 11793, Attn: Adam P. Wofse, Esq., in order that they be received in hand by no later than 4:30 p.m. on June 4, 2010.

Dated: Garden City, New York
      May 7, 2010

                                    CULLEN AND DYKMAN LLP
                                    Counsel for Debtors and Debtors in Possession

                By     /s/ C. Nathan Dee
                        Matthew G. Roseman (MR 1387)
                        C. Nathan Dee (CD 9703)
                        100 Quentin Roosevelt Boulevard
                        Garden City, New York 11530
                        (516) 296-9106

CULLEN AND DYKMAN LLP
Attorneys for Debtors
100 Quentin Roosevelt Boulevard
Garden City, New York 11530
(516) 357-3700
Matthew G. Roseman, Esq. (MR 1387)
C. Nathan Dee, Esq. (CD 9703)

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
In re:                                         Chapter 11

GLOBAL CONTAINER LINES LTD., et al.,           Case Nos. 09-78585 (AST)
                                                         09-78584 (AST)
                                                         09-78589 (AST)
                                                         09-78586 (AST)
                                                         09-78587 (AST)
                                                         09-78588 (AST)
                                                         09-78590 (AST)

                    Debtors.
-----------------------------------------------------------x

**DEBTORS' THIRD OMNIBUS OBJECTION UNDER SECTION 502 OF
THE BANKRUPTCY CODE AND RULE 3007 OF THE FEDERAL RULES
OF BANKRUPTCY PROCEDURE FOR AN ORDER EITHER (A) EXPUNGING
CLAIM NOS. 2, 6, 16, 22, 23, 31, 34, 35, 36, 44 AND 52 FILED AGAINST GLOBAL
CONTAINER LINES, LTD.; CLAIM NOS. 2, 3 AND 5 FILED AGAINST GCL
SHIPPING CORP.; CLAIM NOS. 3, 6 AND 8 FILED AGAINST SHIPTRADE, INC.;
CLAIM NOS. 9, 10, 14, 17 AND 18 FILED AGAINST GILMORE SHIPPING CORP.,
CLAIM NOS. 1, 5, 11, 12 AND 17 FILED AGAINST GLOBAL PROSPERITY, LLC;
CLAIM NOS. 5, 13 AND 14 FILED AGAINST GLOBAL PROGRESS, LLC; AND
CLAIM NO. 1 FILED AGAINST REDSTONE SHIPPING CORP.
AS BEING FILED AGAINST THE WRONG DEBTOR(S) OR DUPLICATIVE,
OR (B) ALLOWING SUCH CLAIMS AGAINST DIFFERENT DEBTORS**

TO THE HONORABLE ALAN S. TRUST, UNITED STATES BANKRUPTCY JUDGE:

Global Container Lines, Ltd. ("Global"), GCL Shipping Corp. ("GCL"), Shiptrade, Inc. ("Shiptrade"), Gilmore Shipping Corp. ("Gilmore"), Global Prosperity, LLC ("Prosperity"), Global Progress, LLC ("Progress") and Redstone Shipping Corp. ("Redstone"), debtors and debtors-in-possession herein (collectively the "Debtors"), by their attorneys Cullen and Dykman

LLP, make this Third Omnibus Objection under 11 U.S.C. § 502 and Rule 3007 of the Federal Rules of Bankruptcy Procedure, for an Order substantially in the form attached hereto as Exhibit "A" (the "Proposed Order") expunging certain duplicative claims and claims filed against the wrong Debtors and/or allowing such claims against different Debtors (the "Objection").

**Claimants should review Exhibit "B" hereto, which lists the claims which are subject to this Objection alphabetically, to determine if they are affected by this Objection.**

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this Objection pursuant to 28 U.S.C. §§ 157 and 1334. Venue in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). The statutory predicates for the relief sought herein are section 502 of title 11, United States Code (the "Bankruptcy Code") and Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## INTRODUCTION

2. On November 10, 2009 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code in this Court.

3. On November 30, 2009, the Debtors filed their Schedules of Assets and Liabilities. Global also filed Amended Schedules on April 16, 2010 (collectively, the "Schedules").

4. Pursuant to an Order dated February 5, 2010 (the "Bar Date Order"), the Court fixed March 12, 2010 (the "Bar Date") as the last date upon which entities holding claims against the Debtors arising prior to the Petition Date must file a proof of such claim. A copy of the Bar Date Order is annexed hereto as Exhibit "C".

5. The Debtors have reviewed the proofs of claim filed in their cases, and for the reasons set forth below, have determined that the claims listed on Exhibit "B" are objectionable.

## RELIEF REQUESTED AND BASIS OF RELIEF

6. Pursuant to section 502 of the Bankruptcy Code and Rule 3007 of the Bankruptcy Rules, a debtor may object to claims filed against its estate.

7. Pursuant to the Bar Date Order, all persons and entities asserting claims against the Debtors which arose prior to the Petition Date were required to file a proper proof of claim so that it was received by the Clerk of the Bankruptcy Court on or before the Bar Date. The Bar Date Order also provided that a person or entity whose claim is listed in the Schedules need not file a Proof of Claim provided that (i) the claim is not scheduled as "disputed," "contingent" or "unliquidated"; and (ii) the claimant does not disagree with the amount, nature and priority of the claim as set forth in the Schedules. Thus, by the Bar Date Order, any claimant that (a) filed a claim received by the Clerk of the Court after the Bar Date, (b) did not file a claim with the Clerk of the Court, or (c) holds a claim that was listed in the Schedules as disputed, contingent or unliquidated claim and that failed to file a proper proof of claim with the Clerk before the Bar Date, is barred from asserting their claim and will not be treated as a creditor with respect to such claim for the purposes of voting and distribution in the Debtors' case.

8. The Bar Date Order was served on all requisite creditors and parties-in-interest in accordance with the Bar Date Order. A copy of the Affidavit of Service filed in connection with the notice of the Bar Date Order is annexed hereto as Exhibit "D".

9. As set forth in the Affidavit of Kazem Paksima, Debtors' president, in support hereof, a copy of which is annexed hereto as Exhibit "E", certain claimants filed claims against more than one Debtor but do not hold proper claims against all Debtors against which their

3

claims were filed, or filed a claim against the wrong Debtor entirely. These incorrect claims are itemized on Exhibit "B" hereto, and copies of the incorrect and the proper claims in the order set forth in Exhibit "B" are attached thereto. The claims filed against improper Debtors are sought to be expunged by the Debtors in accordance with the Bar Date Order and/or allowed as against different Debtors.

10. Accordingly, the Debtors respectfully request that the Court enter the Proposed Order expunging the claims listed in Exhibit "B" and/or allowing the claims against different Debtors for the reasons set forth herein.

## RESERVATION OF RIGHTS

11. The Debtors reserve the right to amend, modify or supplement this Objection and to file additional objections including, without limitation, objections as to the validity, amount, classification and status of any claim in the Debtors' case including, without limitation, the claims that are the subject of, or affected by, this Objection.

12. Notice of this Objection has been served upon the Office of the United States Trustee, counsel for the Creditor's Committee, each claimant subject to this Objection and all persons or entities who filed a Notice of Appearance herein.

13. No previous request has been made to this or any other Court for the relief sought herein.

WHEREFORE, the Debtors respectfully request that the Court (i) enter the Proposed Order expunging the claims listed on Exhibit "B" and/or allowing the claims against different Debtors; and (ii) grant the Debtors such other and further relief as is deemed just and proper.

Dated: Garden City, New York
May 7, 2010

        CULLEN AND DYKMAN LLP
        Counsel for Debtors and Debtors in Possession

By   /s/ C. Nathan Dee
     Matthew G. Roseman (MR 1387)
     C. Nathan Dee (CD 9703)
     100 Quentin Roosevelt Boulevard
     Garden City, New York 11530
     (516) 296-9106