LaMonica Herbst & Maniscalco, LLP
3305 Jerusalem Avenue
Wantagh, NY 11793
516. 826.6500
Gary F. Herbst, Esq.
Adam P. Wofse, Esq.

Hearing Date: June 9, 2010 at 2:00 p.m.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
In re:                                                             Chapter 11

GLOBAL CONTAINER LINES LTD., et al.,                               Case Nos.   09-78585-AST
                                                                               09-78584-AST
                                                                               09-78589-AST
                                                                               09-78586-AST
                                                                               09-78587-AST
                                                                               09-78588-AST
                                                                               09-78590-AST

                                                                   (Jointly Administered)

                                    Debtors.
-----------------------------------------------------------------x

## FIRST INTERIM APPLICATION FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES BY LAMONICA HERBST & MANISCALCO, LLP, COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS

TO THE HONORABLE ALAN S. TRUST,
UNITED STATES BANKRUPTCY JUDGE:

LaMonica Herbst & Maniscaclo, LLP ("LHM" or "Applicant"), as counsel to the Official Committee of Unsecured Creditors (the "Committee") of Global Container Lines Ltd., et al., (the "Debtors"), does hereby submit this application (the "Application") for allowance of interim compensation and reimbursement of expenses pursuant to 11 U.S.C. §§ 330 and 331. In support of this Application, the Applicant represents and alleges as follows:

1

## LHM's APPLICATION

1. During the period of January 5, 2010 through April 30, 2010 (the "Application Period"), LHM has expended 159.4 hours in rendering professional services to the Committee. The total normal time charges for legal services rendered to the Committee by LHM for this period are $58,405.00. The mixed hourly rate for the services performed is $366.41 per hour. LHM is also seeking reimbursement of expenses in the amount of $510.38 necessarily and reasonably incurred in the performance of its duties on behalf of the Committee.

## BACKGROUND

2. On November 11, 2009, the Debtors filed voluntary petitions for reorganization under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Eastern District of New York (the "Court").

3. The Debtors remain in possession of their property and continue in the operation and management of their businesses as debtors-in-possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

4. By Order dated on or about November 13, 2009, the Court authorized the joint administration of the Debtors' Chapter 11 cases pursuant to Rule 1015(b) of the Bankruptcy Rules.

5. On December 29, 2009, the United States Trustee appointed three (3) entities to the Committee, pursuant to Section 1102(a)(1) of the Bankruptcy Code, to represent the interests of the unsecured creditors of the Debtors' estates. Thereafter, the Committee selected LHM as counsel to represent the Committee in these Chapter 11 cases, and by Order of the Court dated January 25, 2010 (the "LHM Retention Order"), the retention of LHM as counsel to the Committee was approved. Annexed hereto as **Exhibit "A"** is a copy of the LHM Retention Order.

6. The Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

**INTRODUCTION**

7. The Applicant is a firm of twelve (12) attorneys concentrating in the practice of, among other concentrations, bankruptcy and insolvency related matters. In this regard, the Applicant has extensive experience in representing Committees in bankruptcy proceedings before the Bankruptcy Courts in both the Eastern and Southern Districts of New York. As a result of Applicant's extensive experience, Applicant submits that the legal services it rendered in the instant cases, as set forth below, were efficient, economical, and beneficial to the Committee and the unsecured creditors.

8. Applicant maintains records of time spent by attorneys performing legal services on behalf of the Committee (the "Time Records"). The Time Records are made contemporaneously with the rendering of services and in the ordinary course of the Applicant's practice. The time records reflect the name of the attorney, the date on which the services were performed, the services rendered, the hourly billing rates and the time expended performing such services during the Application Period. The Applicant respectfully refers the Court to the Time Records for the details of all work performed on behalf of the Committee, which is annexed hereto as **Exhibit "B"**.

9. In addition, Applicant maintains records of all actual and necessary out-of-pocket expenses it incurs. Annexed as **Exhibit "C"** is a schedule reflecting the categories of expenses and amounts for which reimbursement is requested.

**GENERAL DESCRIPTION OF SERVICES RENDERED**

10. During the period of LHM's representation of the Committee, the services rendered

can be summarized as follows:

(a) Prepared LHM's retention application as Committee counsel.

(b) Reviewed the petition, schedules and statement of financial affairs for each of the seven (7) debtors.

(c) Reviewed all pleadings, motions, applications, First Day Orders and other orders, and all operating reports filed and/or entered in these cases prior and subsequent to the Committee's appointment and retention of LHM.

(d) Conferred with counsel for the Debtors regarding the history and all phases of these Chapter 11 cases, and the prospects for reorganization of the Debtors as going concerns.

(e) Convened a first meeting of the Committee and held additional meetings with the Committee throughout these pending cases to confer about all pending matters and advancing the interests of the Committee and all general unsecured creditors.

(f) Reviewed (i) the Debtors' motions to reject certain leases with various container lessors (the "Motions to Reject"), (ii) the objections of various container lessors to the Motions to Reject, which principally sought administrative claim status for certain storage and depot charges, and prepared, served and filed the Committee's response reflecting its position supporting the Motions to Reject and opposing the position of the equipment lessors in connection with the Motions to Reject.

(g) Reviewed and advanced the interests of the Committee in connection with the submission of the proposed orders resolving the Debtors' Motions to Reject.

(h) Reviewed the proposed final cash collateral and DIP financing order (the "Final Cash Collateral Order"), and engaged in extensive negotiations and discussions with counsel

for the Debtors and counsel for the National Bank of Pakistan (the "Secured Lender") concerning the proposed Final Cash Collateral Order which was ultimately entered in these cases.

(i) Reviewed and consulted with the Committee concerning the stipulation and order concerning the sale of and allocation of proceeds for the sale of the ship known as the Global Precision.

(j) Reviewed the bar date application and notice establishing the bar date in these cases.

(k) Reviewed, and appeared at the hearing in support of, the Debtors' motion seeking the entry of an order extending the exclusive periods for the Debtors to file and solicit acceptances of a Plan of Reorganization (the "Plan").

(l) Consulted with Debtors' counsel, and reviewed and appeared at the hearing in support of the Debtors' order to show cause scheduling a hearing to approve the auction and sale procedures concerning the two remaining Debtors' ships, the Global Progress and the Global Prosperity.

(m) Reviewed the Debtors' motion seeking entry of an order authorizing the United Nations to tender payment in connection with accounts receivable owed to the Debtors.

(n) Reviewed, consulted with the Committee and appeared at the hearing in support of, the stipulation with Key Bank concerning the sale of containers and stevedoring equipment.

(o) Reviewed the Debtors' motion scheduling an expedited hearing, and appeared at the hearing in support thereof, in connection with the settlement with the United Nations concerning certain accounts receivable owed to the Debtors.

(p) Conferred with the Committee and assisted with the Committee's retention of accountants for the Committee.

(q) Conferred with the accountants to the Committee concerning the Debtors' financial statements and economic projections in connection with a proposed Plan.

(r) Prepared for and participated in a sit down meeting with the principals of the Debtors and counsel for the Debtors in an effort to discuss the cases on a going forward basis and the negotiation of proposed payments to the unsecured creditors under the Plan.

(s) Consulted with the Committee and negotiated with the Debtors concerning a minimum level of funding for the unsecured creditors under a proposed Plan.

(t) Communicated with the United Nations by letter, e-mail and teleconference concerning the Committee's agreement in principle to a Plan and business operations on a going forward basis.

(u) Negotiated and entered a stipulation with the Secured Lender extending the Committee's time to object to the Secured Lender's liens and treatment under the Final Cash Collateral Order.

(v) Reviewed a multitude of loan documentation, mortgages and security agreements between the Secured Lender and the Debtors.

(w) Reviewed the amended Schedules filed by the Debtors in these cases.

(x) Appeared at and participated in all status conferences and hearings before the Court in these cases.

## BASIS FOR THE RELIEF REQUESTED

11. The Applicant respectfully submits that an examination of the specific services

6

rendered on behalf of the Committee in light of the applicable statutory provisions and case law demonstrates that this Application should be granted.

**A.    Legal Services**

12.    Pursuant to § 330 of the Bankruptcy Code, after notice and a hearing the Bankruptcy Court may award a professional person employed under section 327 "(A) reasonable compensation for actual, necessary services rendered by the . . . attorney and by any paraprofessional person employed by any such [attorney]; and (B) reimbursement for actual, necessary expenses." 11 U.S.C. § 330(a)(1)(A) and (B). The statute further provides that

> [i]n determining the amount of reasonable compensation to be awarded, the court shall consider the nature, the extent and the value of such services, taking into account all relevant factors, including:
>
> a. the time spent on such services;
>
> b. the rates charged for such services;
>
> c. whether such services were necessary to the administration of, or beneficial at the time at which the service was rendered towards the completion of, a case under this title;
>
> d. whether the services were performed within a reasonable amount of time commensurate with the complexity, importance and nature of the problem, issue or task addressed; and
>
> e. whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 .S.C. § 330(a)(3).

13.    To determine whether an allowance of compensation and reimbursement of expenses is warranted under Sections 330 and 331 of the Bankruptcy Code, the Court must inquire into the

7

following three general areas:

   a. Are the services that are the subject of the application properly compensable as legal services?

   b. If so, were they necessary and is the performance of necessary tasks adequately documented?

   c. If so, how will they be valued? Were the necessary tasks performed within a reasonable amount of time and what is the reasonable value of that time?

In re Navis Realty, Inc., 126 B.R. 137, 140 (Bankr. E.D.N.Y. 1991) (citing In re Wildman, 72 B.R. 700, 704-05 (Bankr. N.D. Ill. 1987) and In re Shades of Beauty, Inc., 56 B.R. 946 (Bankr. E.D.N.Y. 1986), aff'd, 95 B.R. 17 (E.D.N.Y. 1988)). See, also, In re Poseidon Pools of America, 216 B.R. 98, 100 (E.D.N.Y. 1997) (affirming lower court and holding Bankruptcy Judge properly examined time entries to determine "(1) whether the services were adequately documented and (2) whether they were actual and necessary.").

**B.      Properly Compensable Legal Services**

14.     The services rendered by the Applicant, as outlined above, are legal services and are properly compensable as such. In making this determination, "the threshold question should be whether the services performed were those which one not licensed to practice law could properly perform for another for compensation." In re Shades of Beauty, 56 B.R. at 949 (citing In re Meade Land & Development Co., Inc., 527 F.2d 280, 284-85 (3d Cir. 1975)).

15.     As described more fully above, the Applicant performed legal services relating to discrete legal tasks. The services for which the Applicant seeks compensation "are not those generally performed . . . without the assistance of an attorney." In re Minton Group, Inc., 33 B.R. 38,

8

40 (Bankr. S.D.N.Y. 1983).

C. **Necessary And Actual Services**

16. The legal services performed by the Applicant were also "actual" and "necessary" within the meaning of Section 330(a)(1) of the Bankruptcy Code. See 11 U.S.C. 330(a)(1) ("[T]he court may award to a . . . professional person . . . (A) reasonable compensation for actual, necessary services rendered . . . ."); see, also, In re Wildman, 72 B.R. at 707-08 ("The primary objective of any fee petition is to reveal sufficient data to enable the Court to determine whether the services rendered were . . . actual and necessary."). As the detailed time records indicate, the Applicant "actually" performed the legal services for which it is now seeking compensation. See, In re Wildman, 72 B.R. at 707; In re Shades of Beauty, 56 B.R. at 950.

17. It is incumbent upon the attorney seeking compensation to prove the necessity of his or her services by addressing such issues as (1) the cost of the legal services in relation to the size of the estate and maximum probable recovery; (2) the extent the estate will suffer if the services are not rendered; and (3) the extent the estate may benefit if the services are rendered and the likelihood of the disputed issues being resolved successfully. See, In re Wildman, 72 B.R. at 707; In re Shades of Beauty, 56 B.R. at 950.

18. All of the services performed by the Applicant were necessary and beneficial to the Committee and the general unsecured creditors of the Debtors' estates. The Applicant performed services necessary for the Committee to participate, and advance and protect the interests of the unsecured creditors, in these cases.

19. Based on the above, as well as the detailed Time Records, the Applicant respectfully submits that it has adequately explained "how" and "why" its legal services on behalf of the

Committee were rendered, In re Shades of Beauty, 56 B.R. at 950, and that such services were actual and necessary. Fed. R. Bankr. P. 2016.

D. **Value of Services/Extent of Compensation**

20. The Applicant provided the Committee with effective and competent representation at a reasonable cost. In determining the value of legal services and the extent of compensation, this Court should consider whether the tasks were performed within a reasonable number of hours; whether the requested hourly rate was reasonable; and the cost of comparable services other than in a case under the Bankruptcy Code. See, In re Wiedau's, Inc., 78 B.R. 904, 909 (Bankr. S.D. Ill. 1987); In re Shades of Beauty, Inc., 56 B.R. at 951; In re Wildman, 72 B.R. at 700-01. Legal services for which a firm seeks compensation should be judged by a "standard of economy" which rewards attorneys for "efficiency." In re Shades of Beauty, Inc., 56 B.R. at 51-52. The Applicant submits that the requested compensation is based upon the customary compensation charged by comparably skilled practitioners in cases other than cases under Title 11.

## CONCLUSION

21. Based upon the foregoing, Applicant believes that the services it has rendered in the instant cases were necessary, effective and beneficial to the Committee and the general unsecured creditors. As a result, Applicant respectfully requests that it be awarded in connection with this Application and Application Period legal fees in the amount of $58,405.00, together with the reimbursement of disbursements in the amount of $510.38, for a total award of $58,915.38.

22. No agreement or understanding exists between the Applicant or any other person for sharing of any compensation for services rendered in connection with the Applicant's representation of the Committee in the instant cases. Furthermore, no division of compensation will be made by the

Applicant and no action prohibited by §504 of the Bankruptcy Code has been or will be made by the Applicant.

23. No prior application has been submitted to this Court for the relief requested herein.

**WHEREFORE**, Applicant respectfully seeks entry of an order, pursuant to Sections 330 and 331 of the Bankruptcy Code, and Rule 2016 of the Federal Rules of Bankruptcy Procedure, authorizing and approving the fees for services performed and expenses disbursed as requested herein.

Dated: Wantagh, New York
       May 7, 2010

                                    Respectfully submitted,

                                    **LaMonica Herbst & Maniscalco, LLP**
                                    Attorneys for the Committee

By:   /s/ Gary F. Herbst
        Gary F. Herbst, Esq.
        A Member of the Firm
        3305 Jerusalem Avenue
        Wantagh, New York 11793
        (516) 826-6500

M:\Documents\Company\Cases\Global Container Lines Ltd et al.,\Fee app\1st interim fee app LHM.doc