CULLEN AND DYKMAN LLP
100 Quentin Roosevelt Boulevard
Garden City, New York 11530
(516) 357-3700
Matthew G. Roseman, Esq. (MR 1387)
C. Nathan Dee, Esq.  (CD 9703)

Counsel to Debtors and Debtors-in-Possession

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------x
In re:                                            Chapter 11

GLOBAL CONTAINER LINES LTD., et al.,    Case Nos.  09-78585 (AST)
                                                   09-78584 (AST)
                                                   09-78589 (AST)
                                                   09-78586 (AST)
                                                   09-78587 (AST)
                                                   09-78588 (AST)
                                                   09-78590 (AST)

                    Debtors.
---------------------------------------------------------x

## REPLY TO RESPONSE OF ARTHUR J. WEIS TO DEBTORS THIRD OMNIBUS CLAIMS OBJECTION

TO THE HONORABLE ALAN S. TRUST,
UNITED STATES BANKRUPTCY JUDGE:

Global Container Lines Ltd., et al., Debtors and Debtors-in-Possession in the above-captioned bankruptcy cases (the "Debtors")[1], by their attorneys Cullen and Dykman LLP, submit this reply to the response of Arthur J. Weis's ("Weis") response (the "Response") to the Debtors third omnibus claim objection (the "Objection").  In further support thereof, the Debtors allege as follows:

---

[1] The Debtors in these cases are: Global Container Lines Ltd., Shiptrade, Inc., GCL Shipping Corp., Redstone Shipping Corp., Gilmore Shipping Corp., Global Progress, LLC and Global Prosperity, LLC.

**INTRODUCTION**

1.  On November 10, 2009 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of title 11, United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Eastern District of New York.

2.  The Debtors remain in possession of their property and continue in the operation and management of their businesses as debtors-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

3.  By Order dated November 17, 2009, the Court authorized the joint administration of the Debtors' chapter 11 cases pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure.

4.  On December 7, 2009, the United States Trustee appointed an official committee of unsecured creditors in these cases.

**Argument**

5.  Prior to the Petition Date, Weiss was directly employed by Interocean American Shipping Company (I.A.S.). Under a general crewing agreement with Redstone, owners of the M/V GLOBAL PATRIOT (the "Patriot"), IAS supplied crew for that vessel.

6.  Weis was allegedly injured during the performance of his duties while working on the Patriot. Weis filed an injury claim against I.A.S., Redstone, GCL and Shiptrade.

7.  The Debtors have liability insurance coverage with U.K. Protection & Indemnity (P&I) Club (the "Policy"). The Policy covers any and all liabilities to any third parties arising out of the operation of the Patriot, including Weis' alleged claim against the Debtors. To the extent there might be any liability by the Debtors for Weis' claim, his claim will be covered 100% by the Policy.

9. On or about May 7, 2010, the Debtors filed the Objection. Pursuant to the Objection, the Debtors sought to disallow proof of claim number 3 that Weis had filed against Shiptrade and proof of claim number 6 (the "Claims") that Weis had filed against Global. The Objection provided, among other things, that Weis' proof of claim number 3 against Redstone would remain against that entity.

## DEBTORS' REPLY

10. As set forth above, Weis was never employed by Global, he was employed by IAS. Accordingly, proof of claim number 6 should be disallowed because as set forth in his Response, Weis' basis for the claim is his alleged employment with the Global.

11. The Court should also disallow the Claims because Weis is essentially seeking to recover for the same alleged injuries from three separate debtors. Therefore, it is appropriate that proof of claim number 3 against Redstone, the actual owner of the Patriot, should survive as the remaining claim while the Claims are disallowed in their entirety because they are duplicative claims.

12. Finally, Weis will not be prejudiced by the relief sought by the Debtors in the Objection. The Debtors have ample insurance in place pursuant to the Policy to cover any liability arising out of and relating to the Claims. In fact, Weis has already made claims against the Debtors policy for his alleged injuries and Weis' counsel in the instant matter is also representing Weis in the prosecution of his claim against the Debtors' Policy.

WHEREFORE, the Debtors request that the Court grant the Objection and disallow claim numbers 3 and 6 filed by Weis against Global and Shiptrade respectively and grant the Debtors such other and further relief as the Court deems just and proper.

Dated: Garden City, New York
June 8, 2010

        CULLEN AND DYKMAN LLP
        Proposed Counsel for Debtors and Debtors in Possession

        By    /s/ C. Nathan Dee_____
               Matthew G. Roseman (MR1387)
               C. Nathan Dee (CD 9703)
               100 Quentin Roosevelt Boulevard
               Garden City, New York 11530
               (516) 296-9106