CULLEN AND DYKMAN LLP
Attorneys for Debtors
100 Quentin Roosevelt Boulevard
Garden City, New York 11530
(516) 357-3700
Matthew G. Roseman, Esq. (MR 1387)
C. Nathan Dee, Esq. (CD 9703)

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------x

| | |
|---|---|
| In re: | Chapter 11 |
| GLOBAL CONTAINER LINES LTD., et al., | Case Nos. 09-78585 (AST) |
| | 09-78584 (AST) |
| | 09-78589 (AST) |
| | 09-78586 (AST) |
| | 09-78587 (AST) |
| | 09-78588 (AST) |
| | 09-78590 (AST) |
| Debtors. | |

--------------------------------------------------------x

## NOTICE OF HEARING ON DEBTORS' MOTION TO DISMISS THE BANKRUPTCY CASES OF GLOBAL PROGRESS, LLC, GLOBAL PROSPERITY LLC, REDSTONE SHIPPING CORP., GCL SHIPPING CORP AND SHIPTRADE, INC.

PLEASE TAKE NOTICE that on August 16, 2010 at 3:00 P.M., or as soon thereafter as

counsel can be heard, Global Progress LLC ("Progress"), Global Prosperity LLC ("Prosperity"),

Redstone Shipping Corp. ("Redstone"), GCL Shipping Corp. ("GCL") and Shiptrade, Inc.

("Shiptrade"; collectively, the "Moving Debtors")[1], by their attorneys Cullen and Dykman LLP,

will move (the "Motion") before the Honorable Alan S. Trust, United States Bankruptcy Judge,

in the United States Bankruptcy Court for the Eastern District of New York, located at 271

Cadman Plaza East, Courtroom 2554, Brooklyn, New York, 11201 to dismiss each of their

---

[1] In addition to the Moving Debtors, the debtors in these chapter 11 cases include Global Container Lines Ltd. ("Global") and Gilmore Shipping Corp. ("Gilmore"; together with the Moving Debtors, the "Debtors"). Global and Gilmore are not movants hereundery.

bankruptcy cases under 11 U.S.C. § 1112(b), as more fully set forth in the Motion attached hereto.

PLEASE TAKE FURTHER NOTICE, objections to the Motion, if any, shall be filed as follows: (A) (i) through the Bankruptcy Court's electronic filing system in accordance with General Order N-182, which may be accessed through the internet at the Bankruptcy Court's website: www.nyeb.uscourts.gov using Netscape Navigator software version 3.0 or higher; (ii) portable document format (PDF) using Adobe Exchange software for conversion; or (B) for parties unable to file electronically, such parties shall file the objection in PDF format on a diskette in an envelope with a case name, case number, type and title of document, document number to which the objection refers, and the file name on the outside of the envelope; or (C) for parties unable to file electronically or use PDF format, those parties shall submit the objection on diskette in either Word, Word Perfect of DLS text (ASCII) format. An objection filed by a party with no legal representation shall comply with section (B) or (C) as set forth in this paragraph.

PLEASE TAKE FURTHER NOTICE that a hard copy of an objection, if any, (a) shall be delivered directly to chambers of the Honorable Alan S. Trust located at 290 Federal Plaza, Courtroom 960, Central Islip, New York, 11722 on or before August 11, 2010 at 4:00 p.m. and (b) shall also be served upon (i) Debtors' counsel, Cullen and Dykman LLP, 100 Quentin Roosevelt Boulevard, Garden City, New York 11530, Attention: Matthew G. Roseman, Esq.; (ii) the Office of the United States Trustee, 290 Federal Plaza, Central Islip, New York, 11722, Attention: Stan Yang, Esq.; (c) counsel to the Creditors' Committee, LaMonica, Herbst & Maniscalco, 3505 Jerusalem Avenue Wantagh, New York 11793, Attention: Adam Wofse, Esq. and Gary Herbst, Esq. and (d) filed with the Clerk of the Bankruptcy Court located at 290 Federal Plaza, Courtroom 960, Central Islip, New York, 11722 so as to be received no later than

August 11, 2010 at 4:00 p.m.

Dated: Garden City, New York
      July 13, 2010

                        CULLEN AND DYKMAN LLP
                        Counsel for Debtors


By       /s/ C. Nathan Dee
                        Matthew G. Roseman (MR1387)
                        C. Nathan Dee (CD 9703)
                        100 Quentin Roosevelt Boulevard
                        Garden City, New York 11530
                        (516) 296-9106

CULLEN AND DYKMAN LLP
Attorneys for Debtors
100 Quentin Roosevelt Boulevard
Garden City, New York 11530
(516) 357-3700
Matthew G. Roseman, Esq. (MR 1387)
C. Nathan Dee, Esq. (CD 9703)

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x

In re:                                          Chapter 11

GLOBAL CONTAINER LINES LTD., et al.,            Case Nos.  09-78585 (AST)
                                                           09-78584 (AST)
                                                           09-78589 (AST)
                                                           09-78586 (AST)
                                                           09-78587 (AST)
                                                           09-78588 (AST)
                                                           09-78590 (AST)

                        Debtors.
-------------------------------------------------------x

## MOTION TO DISMISS CERTAIN OF THE DEBTORS' BANKRUPTCY CASES

To The Honorable Alan S. Trust,
United States Bankruptcy Judge:

Global Progress LLC ("Progress"), Global Prosperity LLC ("Prosperity"), Redstone

Shipping Corp. ("Redstone"), GCL Shipping Corp. ("GCL") and Shiptrade, Inc. ("Shiptrade";

collectively, the "Moving Debtors")[1], by their attorneys Cullen and Dykman LLP, as and for

their motion to dismiss each of their bankruptcy cases under 11 U.S.C. § 1112(b), respectfully

show this Honorable Court and represent:

### INTRODUCTION

1.      On November 10, 2009 (the "Petition Date"), the Debtors filed voluntary petitions

for relief under chapter 11 of title 11, United States Code (the "Bankruptcy Code") with the

---

[1] In addition to the Moving Debtors, the debtors in these chapter 11 cases include Global Container Lines Ltd. ("Global") and Gilmore Shipping Corp. ("Gilmore"; together with the Moving Debtors, the "Debtors"). Global and Gilmore are not movants hereunder.

United States Bankruptcy Court for the Eastern District of New York.

2.      The Debtors remain in possession of their property and continue in the operation and management of their businesses as debtors-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

3.      By Order dated on or about November 13, 2009, the Court authorized the joint administration of the Debtors' chapter 11 cases pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure.

4.      On or about December 29, 2009, the Office of the United States Trustee appointed an Official Committee of Unsecured Creditors in these cases and the Committee has retained LaMonica, Herbst and Maniscalco as its counsel.

## JURISDICTION

5.      This Court has jurisdiction to consider this motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

6.      The Debtors are full service shipping companies and related entities with shipping services operating in North America, the Mediterranean, the Middle East, East, South, and West Africa, the Persian Gulf, India, Pakistan, Mozambique and major Indian Ocean Islands. The Debtors perform an extensive array of services in the shipping industry including many projects with governmental and international organizations and peace-keeping missions. A detailed background of the Debtors' businesses and the reasons for the filing of the bankruptcy cases is set forth in the Affidavit of Bijan Paksima under Local Bankruptcy Rule 1007-4 submitted on the Petition Date, and is incorporated herein by reference.

7.      Progress and Prosperity are single asset entities which held title to the M.V. Global Progress and the M.V. Global Prosperity, respectively (the "Vessels"). Redstone is also a single asset entity which held title to the M.V. Global Patriot (the "Patriot"). The Patriot was arrested and sold in Durban, South Africa in July of 2009, well prior to the Petition Date. GCL is a holding company whose subsidiaries include Redstone. Shiptrade acts as general shipping agent for Global.

8.      At the time of the bankruptcy filings, the only assets owned by Progress and Prosperity were the Vessels. At the time of its bankruptcy filing, GCL owned no assets other than its interest in certain of the Debtors and an intercompany debt. Likewise, the only asset owned by Shiptrade on the Petition Date was its ownership interest in certain of the Debtors. Redstone believed that it had contingent claims against certain entities at the time of the filing of its case. The Debtors have conducted investigations regarding the value of those assets and have determined that the assets are of *de minimis* value to the Debtors' estates. Copies of the Moving Debtors' respective Schedule B are annexed hereto as Exhibit "A".[2] The main reason for the filing of chapter 11 cases by GCL, Shiptrade and Redstone were those entities' obligations to the National Bank of Pakistan ("NBP") and /or KEY (defined later herein), which other of the Debtors, including Global, are also obligated to repay.

9.      Under section 1112(b) of the Bankruptcy Code, the Court shall dismiss a case under chapter 11 if the movant establishes "cause". See, 11 U.S.C. § 1112(b). "A bankruptcy court has broad discretion under 11 U.S.C. § 1112(b) to dismiss a chapter 11 case". In the Matter of Woodbrook Assoc., 19 F.3d 312, 316 (7th Cir. 1994), citing In re Lumber Exchange Bldg. Ltd. Pshp., 968 F.2d 647, 648 (8th Cir. 1992). As set forth below, none of the Moving Debtors have any assets remaining for administration and the Moving Debtors respectfully

---

[2] None of the Moving Debtors own any real property.

submit that cause exists to dismiss their cases under section 1112(b) of the Bankruptcy Code, and that such a dismissal is in the best interest of the Moving Debtors' creditors.

## CAUSE EXISTS TO DISMISS THE PROGRESS AND PROSPERITY CASES

10.     As set forth above, Progress and Prosperity's sole assets consisted of each of their wholly-owned Vessels, against which NBP had a preferred ship mortgage. By motion dated on or about February 22, 2010, Progress and Prosperity sought an order of the Bankruptcy Court authorizing them to conduct a public sale of the Vessels. By order entered on March 25, 2010 (the "Sale Order"), a copy of which is annexed hereto as Exhibit "B", the Court authorized the sale of the Vessels for the gross purchase price of $4,520,886.00 per Vessel. Pursuant to the Sale Order, the following distributions were made from the proceeds of each sale:

> Buyers' Address Commission (.03) -- $135,626.58
> Debtors' Broker Commission (.015) -- $67,813.29
> Carve Out by Agreement with NBP for crew wages
> and insurance premiums -- $171,095.00
> Carve-Out by Agreement with NBP for professional fees per
> Order of the Court dated March 1, 2010--$200,000.00[3]
> NBP (on account of its preferred ship mortgage) -- $3,946, 351.00

11.     Pursuant to the Sale Order, the monies paid to NBP are subject to disgorgement for the benefit of any creditor or other entity determined to hold a valid, secured claim against either of the Vessels pursuant to a maritime lien based upon applicable maritime law that is senior to NBP's lien in the proceeds of the sales. The Debtors assert that no such senior liens exist under applicable maritime law because, among other reasons, all potential crew wages that would prime NBP's lien in the surplus funds were paid using funds advanced by NBP prior to

---

[3] Pursuant to the Court's Order dated March 1, 2010, the sum of $400,000 was set aside as the Professional Fee Carve Out (as that term is defined in the Order) from NPB's collateral, which includes the Vessels, to provide funds for the payment of professional fees incurred in the Debtors' cases. Accordingly, the $46,660.50 in fees incurred by the Debtors related to the sale of the Vessels will be paid from the proceeds of the Professional Fee Carve-Out.

the public sale of the Vessels. The funds advanced by NPB to pay the crew wages were subsequently repaid from the sale proceeds pursuant to the Sale Order.

12. Thus, all assets owned by Progress and Prosperity have been sold and the proceeds of the sale have been distributed in accordance with the Sale Order. Since there are no further assets to administer and no other payments to be made to the creditors of Progress and Prosperity, the Moving Debtors submit that cause exists to dismiss the Progress and Prosperity bankruptcy cases under section 1112(b) of the Bankrutpcy Code as in the best interest of creditors. See, e.g., In re AMC Realty Corp., 270 B.R. 132, 147 (Bankr. S.D.N.Y. 2001) (dismissing chapter 11 case in part because no material assets to distribute).

## CAUSE EXISTS TO DISMISS THE
## REDSTONE, GCL AND SHIPTRADE CASES

13. Cause also exists to dismiss the Redstone, GCL and Shiptrade cases, which is also in the best interests of its creditors. None of those entities ever had assets capable of liquidation, or which could be used to satisfy the claims of their creditors. As to Redstone, the Patriot was arrested and sold at a judicial auction in South Africa for the sum of approximately $2,650,000.[4] While Redstone believed at the time of the bankruptcy filing that it had contingent claims against two entities, those claims are not valid. Redstone's alleged claim against InterOcean American Shipping ("InterOcean") arose out of InterOcean's alleged operational mismanagement of the Patriot. The Debtors have determined that any alleged cause of action against InterOcean would be difficult, if not impossible, to prove absent a long and costly litigation process that would require the extensive use of experts. Accordingly, the Debtors believe that Redstone's claim

---

[4] On or about March 11, 2010, the Court entered an Order granting Keybank National Association ("Keybank") and Key Equipment Finance ("KEF", and together with KeyBank, "KEY") relief from the provisions of the automatic stay to pursue the proceeds of the sale of the Patriot in the Courts of South Africa. Pursuant to certain pre-petition loan documents, KEY held a secured claim against Redstone in the amount of approximately $10,000,000 that was secured by a first priority, preferred ship mortgage on the Patriot. Accordingly, none of the sale proceeds from the Patriot would have been available for distribution to Redstone's creditors.

against InterOcean would be abandoned by the Redstone estate if the case were to continue. As to its alleged claim against Worldwide Diesel Power, Inc. ("Worldwide"), the Debtors have determined that any alleged cause of action against Worldwide would not provide a significant benefit to Redstone's estate.

14.     GCL and Shiptrade's assets consisted solely of their stock interests in certain other of the Debtor entities and/or intercompany debts owed by certain other Debtors, which would not receive any distribution in this case. Thus, the Moving Debtors believe that neither Redstone, GCL nor Shiptrade having any assets capable of administration for the benefit of their creditors.

15.     Since Redstone, GCL and Shiptrade have no assets to administer and no distribution can or would be made to their creditors, the Moving Debtors submit that it is a financial burden for these estates to remain in a chapter 11 case, and that their chapter 11 cases are unnecessary at this juncture. Accordingly, Redstone, GCL and Shiptrade request that the Court dismiss their cases under section 1112(b) of the Bankruptcy Code as well. See, e.g., In re AMC Realty Corp., supra.

## NOTICE

16.     This motion has been served upon the United States Trustee, counsel to the Official Committee of Unsecured Creditors and all creditors of the Debtors as well as all entities who have filed notices of appearance in these cases. It is submitted that no further notice is required and the Moving Debtors request that the Court find such notice to be good and sufficient.

## CONCLUSION

17.     Based on the foregoing, the Moving Debtors respectfully submit that cause exists

to dismiss their chapter 11 cases as in the best interests of creditors and request that the Court

enter an order dismissing those cases under section 1112(b) of the Bankruptcy Code.

18.     No prior request for the relief sought herein has been made to this or any other

Court.

WHEREFORE, the Moving Debtors request that the Court grant the relief sought herein,

together with such other and further relief as the Court deems just and proper.

Dated: Garden City, New York
       July 1, 2010

                                        CULLEN AND DYKMAN LLP
                                        Counsel for Debtors and Debtors in Possession


                                        By _____
                                              Matthew G. Roseman (MR 1387)
                                              C. Nathan Dee (CD 9703)
                                              100 Quentin Roosevelt Boulevard
                                              Garden City, New York 11530
                                              (516) 296-9106

# EXHIBIT A

In re    **Global Progress LLC**             Case No.    __8-09-78588__

Debtor

# SCHEDULE B - PERSONAL PROPERTY

Except as directed below, list all personal property of the debtor of whatever kind. If the debtor has no property in one or more of the categories, place an "x" in the appropriate position in the column labeled "None." If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category. If the debtor is married, state whether husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only in Schedule C - Property Claimed as Exempt.

**Do not list interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property."
If the property is being held for a minor child, simply state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

| | Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|---|
| 1. | Cash on hand | X | | | |
| 2. | Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | X | | | |
| 3. | Security deposits with public utilities, telephone companies, landlords, and others. | X | | | |
| 4. | Household goods and furnishings, including audio, video, and computer equipment. | X | | | |
| 5. | Books, pictures and other art objects, antiques, stamp, coin, record, tape, compact disc, and other collections or collectibles. | X | | | |
| 6. | Wearing apparel. | X | | | |
| 7. | Furs and jewelry. | X | | | |
| 8. | Firearms and sports, photographic, and other hobby equipment. | X | | | |
| 9. | Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | X | | | |
| 10. | Annuities. Itemize and name each issuer. | X | | | |

Sub-Total >      0.00<br>(Total of this page)

__2__   continuation sheets attached to the Schedule of Personal Property

Software Copyright (c) 1996-2010 - Best Case Solutions - Evanston, IL - www.bestcase.com            Best Case Bankruptcy

In re    **Global Progress LLC**                                   Case No.    **8-09-78588**
_____
                    Debtor

# SCHEDULE B - PERSONAL PROPERTY
### (Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 11. Interests in an education IRA as defined in 26 U.S.C. § 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. § 529(b)(1). Give particulars. (File separately the record(s) of any such interest(s). 11 U.S.C. § 521(c).) | X | | | |
| 12. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Give particulars. | X | | | |
| 13. Stock and interests in incorporated and unincorporated businesses. Itemize. | X | | | |
| 14. Interests in partnerships or joint ventures. Itemize. | X | | | |
| 15. Government and corporate bonds and other negotiable and nonnegotiable instruments. | X | | | |
| 16. Accounts receivable. | X | | | |
| 17. Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled. Give particulars. | X | | | |
| 18. Other liquidated debts owed to debtor including tax refunds. Give particulars. | n/a | | | 0.00 |
| 19. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule A - Real Property. | X | | | |
| 20. Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | | |
| 21. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | X | | | |

Sub-Total >          0.00
(Total of this page)

Sheet  __1__  of  __2__  continuation sheets attached
to the Schedule of Personal Property

In re    **Global Progress LLC**                                                          Case No.    **8-09-78588**
_____                    _____
                              Debtor

# SCHEDULE B - PERSONAL PROPERTY
### (Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 22. Patents, copyrights, and other intellectual property. Give particulars. | X | | | |
| 23. Licenses, franchises, and other general intangibles. Give particulars. | X | | | |
| 24. Customer lists or other compilations containing personally identifiable information (as defined in 11 U.S.C. § 101(41A)) provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family, or household purposes. | X | | | |
| 25. Automobiles, trucks, trailers, and other vehicles and accessories. | | M/V Global Progress | - | 4,000,000.00 |
| 26. Boats, motors, and accessories. | X | | | |
| 27. Aircraft and accessories. | X | | | |
| 28. Office equipment, furnishings, and supplies. | X | | | |
| 29. Machinery, fixtures, equipment, and supplies used in business. | X | | | |
| 30. Inventory. | X | | | |
| 31. Animals. | X | | | |
| 32. Crops - growing or harvested. Give particulars. | X | | | |
| 33. Farming equipment and implements. | X | | | |
| 34. Farm supplies, chemicals, and feed. | X | | | |
| 35. Other personal property of any kind not already listed. Itemize. | X | | | |

|  | Sub-Total >   (Total of this page) | 4,000,000.00 |
|---|---|---|
|  | Total > | 4,000,000.00 |

Sheet __2__ of __2__ continuation sheets attached
to the Schedule of Personal Property

(Report also on Summary of Schedules)

In re   **Global Prosperity LLC**                                   Case No.   **8-09-78590**

                                         Debtor

# SCHEDULE B - PERSONAL PROPERTY

Except as directed below, list all personal property of the debtor of whatever kind. If the debtor has no property in one or more of the categories, place an "x" in the appropriate position in the column labeled "None." If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category. If the debtor is married, state whether husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only in Schedule C - Property Claimed as Exempt.

**Do not list interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property." If the property is being held for a minor child, simply state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 1. Cash on hand | X | | | |
| 2. Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | X | | | |
| 3. Security deposits with public utilities, telephone companies, landlords, and others. | X | | | |
| 4. Household goods and furnishings, including audio, video, and computer equipment. | X | | | |
| 5. Books, pictures and other art objects, antiques, stamp, coin, record, tape, compact disc, and other collections or collectibles. | X | | | |
| 6. Wearing apparel. | X | | | |
| 7. Furs and jewelry. | X | | | |
| 8. Firearms and sports, photographic, and other hobby equipment. | X | | | |
| 9. Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | X | | | |
| 10. Annuities. Itemize and name each issuer. | X | | | |

                                             Sub-Total >            0.00

                                            (Total of this page)

  **2**    continuation sheets attached to the Schedule of Personal Property

In re   **Global Prosperity LLC**                       Case No.   **8-09-78590**

Debtor

# SCHEDULE B - PERSONAL PROPERTY
(Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 11. Interests in an education IRA as defined in 26 U.S.C. § 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. § 529(b)(1). Give particulars. (File separately the record(s) of any such interest(s). 11 U.S.C. § 521(c).) | X | | | |
| 12. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Give particulars. | X | | | |
| 13. Stock and interests in incorporated and unincorporated businesses. Itemize. | X | | | |
| 14. Interests in partnerships or joint ventures. Itemize. | X | | | |
| 15. Government and corporate bonds and other negotiable and nonnegotiable instruments. | X | | | |
| 16. Accounts receivable. | X | | | |
| 17. Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled. Give particulars. | X | | | |
| 18. Other liquidated debts owed to debtor including tax refunds. Give particulars. | X | | | |
| 19. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule A - Real Property. | X | | | |
| 20. Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | | |
| 21. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | X | | | |

Sub-Total >          **0.00**<br>(Total of this page)

Sheet  **1**  of  **2**  continuation sheets attached
to the Schedule of Personal Property

In re    **Global Prosperity LLC**                              Case No.    **8-09-78590**
                                                    Debtor

# SCHEDULE B - PERSONAL PROPERTY
### (Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 22. Patents, copyrights, and other intellectual property. Give particulars. | X | | | |
| 23. Licenses, franchises, and other general intangibles. Give particulars. | X | | | |
| 24. Customer lists or other compilations containing personally identifiable information (as defined in 11 U.S.C. § 101(41A)) provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family, or household purposes. | X | | | |
| 25. Automobiles, trucks, trailers, and other vehicles and accessories. | | **M/V Global Prosperity** | - | **4,000,000.00** |
| 26. Boats, motors, and accessories. | X | | | |
| 27. Aircraft and accessories. | X | | | |
| 28. Office equipment, furnishings, and supplies. | X | | | |
| 29. Machinery, fixtures, equipment, and supplies used in business. | X | | | |
| 30. Inventory. | X | | | |
| 31. Animals. | X | | | |
| 32. Crops - growing or harvested. Give particulars. | X | | | |
| 33. Farming equipment and implements. | X | | | |
| 34. Farm supplies, chemicals, and feed. | X | | | |
| 35. Other personal property of any kind not already listed. Itemize. | X | | | |

|  | |
|---|---|
| Sub-Total > (Total of this page) | **4,000,000.00** |
| Total > | **4,000,000.00** |

Sheet __2__ of __2__ continuation sheets attached
to the Schedule of Personal Property

(Report also on Summary of Schedules)

In re   **Shiptrade, Inc.**                                                Case No.    **8-09-78584**

Debtor

# SCHEDULE B - PERSONAL PROPERTY

Except as directed below, list all personal property of the debtor of whatever kind. If the debtor has no property in one or more of the categories, place an "x" in the appropriate position in the column labeled "None." If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category. If the debtor is married, state whether husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only in Schedule C - Property Claimed as Exempt.

**Do not list interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property." If the property is being held for a minor child, simply state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 1. Cash on hand | X | | | |
| 2. Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | | Citibank, N.A.; Citibank Client Services; PO Box 769013, San Antonio, TX 78245-9013; Account Number 17878987 | - | 5,494.82 |
| | | JP Morgan Chase Bank; 1985 Marcus Avenue; New Hyde Park, New York 11042; Account Number 893025097 | - | 543.66 |
| 3. Security deposits with public utilities, telephone companies, landlords, and others. | X | | | |
| 4. Household goods and furnishings, including audio, video, and computer equipment. | X | | | |
| 5. Books, pictures and other art objects, antiques, stamp, coin, record, tape, compact disc, and other collections or collectibles. | | Trade Reference Books | - | 500.00 |
| 6. Wearing apparel. | X | | | |
| 7. Furs and jewelry. | X | | | |
| 8. Firearms and sports, photographic, and other hobby equipment. | X | | | |
| 9. Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | X | | | |
| 10. Annuities. Itemize and name each issuer. | X | | | |

|  |  |
|---|---|
| Sub-Total > | 6,538.48 |
| (Total of this page) | |

**2**  continuation sheets attached to the Schedule of Personal Property

In re   **Shiptrade, Inc.**                                    Case No.   **8-09-78584**

Debtor

# SCHEDULE B - PERSONAL PROPERTY
(Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|:---:|---|:---:|---:|
| 11. Interests in an education IRA as defined in 26 U.S.C. § 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. § 529(b)(1). Give particulars. (File separately the record(s) of any such interest(s). 11 U.S.C. § 521(c).) | X | | | |
| 12. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Give particulars. | X | | | |
| 13. Stock and interests in incorporated and unincorporated businesses. Itemize. | | **88% of stock in Global Containers Lines Limited** | - | **Unknown** |
| 14. Interests in partnerships or joint ventures. Itemize. | X | | | |
| 15. Government and corporate bonds and other negotiable and nonnegotiable instruments. | X | | | |
| 16. Accounts receivable. | X | | | |
| 17. Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled. Give particulars. | X | | | |
| 18. Other liquidated debts owed to debtor including tax refunds. Give particulars. | X | | | |
| 19. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule A - Real Property. | X | | | |
| 20. Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | | |
| 21. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | | **Prepaid Federal Income Taxes** | - | 20,874.00 |

Sub-Total >     20,874.00<br>(Total of this page)

Sheet  **1**  of  **2**  continuation sheets attached
to the Schedule of Personal Property

In re    **Shiptrade, Inc.**                        Case No.    <u>8-09-78584</u>

                                     Debtor

# SCHEDULE B - PERSONAL PROPERTY
### (Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 22. Patents, copyrights, and other intellectual property. Give particulars. | X | | | |
| 23. Licenses, franchises, and other general intangibles. Give particulars. | X | | | |
| 24. Customer lists or other compilations containing personally identifiable information (as defined in 11 U.S.C. § 101(41A)) provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family, or household purposes. | X | | | |
| 25. Automobiles, trucks, trailers, and other vehicles and accessories. | X | | | |
| 26. Boats, motors, and accessories. | X | | | |
| 27. Aircraft and accessories. | X | | | |
| 28. Office equipment, furnishings, and supplies. | | **Office Furniture, Computers, Office Equipment located at 100 Quentin Roosevelt Boulevard, Garden City, New York 11530** | - | 0.00 |
| 29. Machinery, fixtures, equipment, and supplies used in business. | X | | | |
| 30. Inventory. | X | | | |
| 31. Animals. | X | | | |
| 32. Crops - growing or harvested. Give particulars. | X | | | |
| 33. Farming equipment and implements. | X | | | |
| 34. Farm supplies, chemicals, and feed. | X | | | |
| 35. Other personal property of any kind not already listed. Itemize. | X | | | |

|  | Sub-Total > | 0.00 |
|---|---|---|
|  | (Total of this page) | |
|  | Total > | 27,412.48 |

Sheet  <u>2</u>  of  <u>2</u>  continuation sheets attached to the Schedule of Personal Property

(Report also on Summary of Schedules)

In re   **Redstone Shipping Corp.**              Case No.   **8-09-78586**

                                              Debtor

# SCHEDULE B - PERSONAL PROPERTY

Except as directed below, list all personal property of the debtor of whatever kind. If the debtor has no property in one or more of the categories, place an "x" in the appropriate position in the column labeled "None." If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category. If the debtor is married, state whether husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only in Schedule C - Property Claimed as Exempt.

**Do not list interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property." If the property is being held for a minor child, simply state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

| | Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|---|
| 1. | Cash on hand | X | | | |
| 2. | Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | | **Checking account at North Fork Bank/Capital One, Stewart Avenue, Garden City, New York 11530** | - | 1,715.00 |
| 3. | Security deposits with public utilities, telephone companies, landlords, and others. | X | | | |
| 4. | Household goods and furnishings, including audio, video, and computer equipment. | X | | | |
| 5. | Books, pictures and other art objects, antiques, stamp, coin, record, tape, compact disc, and other collections or collectibles. | X | | | |
| 6. | Wearing apparel. | X | | | |
| 7. | Furs and jewelry. | X | | | |
| 8. | Firearms and sports, photographic, and other hobby equipment. | X | | | |
| 9. | Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | X | | | |
| 10. | Annuities. Itemize and name each issuer. | X | | | |

                                                   Sub-Total >       1,715.00
                                                (Total of this page)

  **2**   continuation sheets attached to the Schedule of Personal Property

In re **Redstone Shipping Corp.**                          Case No. __8-09-78586__
_____,
                          Debtor

# SCHEDULE B - PERSONAL PROPERTY
### (Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 11. Interests in an education IRA as defined in 26 U.S.C. § 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. § 529(b)(1). Give particulars. (File separately the record(s) of any such interest(s). 11 U.S.C. § 521(c).) | X | | | |
| 12. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Give particulars. | X | | | |
| 13. Stock and interests in incorporated and unincorporated businesses. Itemize. | X | | | |
| 14. Interests in partnerships or joint ventures. Itemize. | X | | | |
| 15. Government and corporate bonds and other negotiable and nonnegotiable instruments. | X | | | |
| 16. Accounts receivable. | X | | | |
| 17. Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled. Give particulars. | X | | | |
| 18. Other liquidated debts owed to debtor including tax refunds. Give particulars. | X | | | |
| 19. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule A - Real Property. | X | | | |
| 20. Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | | |
| 21. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | | **Claim against Worldwide Diesel Power, Inc.** | - | 1,434,000.00 |
| | | **Claim against InterOcean American Shipping** contingent claim to surplus funds held in Durban Court, South Africa | - | 3,250,000.00 |

|  | Sub-Total > (Total of this page) | 4,684,000.00 |
|---|---|---|

Sheet __1__ of __2__ continuation sheets attached
to the Schedule of Personal Property

Software Copyright (c) 1996-2010 - Best Case Solutions - Evanston, IL - www.bestcase.com

In re    **Redstone Shipping Corp.**                                              Case No.    **8-09-78586**
_____                          _____
                                    Debtor

# SCHEDULE B - PERSONAL PROPERTY
### (Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 22. Patents, copyrights, and other intellectual property. Give particulars. | X | | | |
| 23. Licenses, franchises, and other general intangibles. Give particulars. | X | | | |
| 24. Customer lists or other compilations containing personally identifiable information (as defined in 11 U.S.C. § 101(41A)) provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family, or household purposes. | X | | | |
| 25. Automobiles, trucks, trailers, and other vehicles and accessories. | X | | | |
| 26. Boats, motors, and accessories. | X | | | |
| 27. Aircraft and accessories. | X | | | |
| 28. Office equipment, furnishings, and supplies. | X | | | |
| 29. Machinery, fixtures, equipment, and supplies used in business. | X | | | |
| 30. Inventory. | X | | | |
| 31. Animals. | X | | | |
| 32. Crops - growing or harvested. Give particulars. | X | | | |
| 33. Farming equipment and implements. | X | | | |
| 34. Farm supplies, chemicals, and feed. | X | | | |
| 35. Other personal property of any kind not already listed. Itemize. | X | | | |

|  |  |
|---|---|
| Sub-Total > | 0.00 |
| (Total of this page) | |
| Total > | 4,685,715.00 |

Sheet  **2**  of  **2**  continuation sheets attached
to the Schedule of Personal Property

(Report also on Summary of Schedules)

In re    **GCL Shipping Corp. (M.I.)**    Case No.   **8-09-78589**

Debtor

# SCHEDULE B - PERSONAL PROPERTY

Except as directed below, list all personal property of the debtor of whatever kind. If the debtor has no property in one or more of the categories, place an "x" in the appropriate position in the column labeled "None." If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category. If the debtor is married, state whether husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only in Schedule C - Property Claimed as Exempt.

**Do not list interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property."
If the property is being held for a minor child, simply state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

| | Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|---|
| 1. | Cash on hand | X | | | |
| 2. | Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | | **National Bank of Pakistan; 100 Wall Street, New York, New York 10005** | - | 2,576.00 |
| 3. | Security deposits with public utilities, telephone companies, landlords, and others. | X | | | |
| 4. | Household goods and furnishings, including audio, video, and computer equipment. | X | | | |
| 5. | Books, pictures and other art objects, antiques, stamp, coin, record, tape, compact disc, and other collections or collectibles. | X | | | |
| 6. | Wearing apparel. | X | | | |
| 7. | Furs and jewelry. | X | | | |
| 8. | Firearms and sports, photographic, and other hobby equipment. | X | | | |
| 9. | Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | X | | | |
| 10. | Annuities. Itemize and name each issuer. | X | | | |

|  |  |
|---|---|
| Sub-Total > | 2,576.00 |
| (Total of this page) | |

  **2**   continuation sheets attached to the Schedule of Personal Property

In re **GCL Shipping Corp. (M.I.)**                                    Case No.  **8-09-78589**
_____
Debtor

## SCHEDULE B - PERSONAL PROPERTY
(Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 11. Interests in an education IRA as defined in 26 U.S.C. § 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. § 529(b)(1). Give particulars. (File separately the record(s) of any such interest(s). 11 U.S.C. § 521(c).) | X | | | |
| 12. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Give particulars. | X | | | |
| 13. Stock and interests in incorporated and unincorporated businesses. Itemize. | | **Gilmore Shipping Corp. 100% shares** | - | **Unknown** |
| | | **Global Progress, LLC 100% shares** | - | 0.00 |
| | | **Global Prosperity, LLC 100% shares** | - | 0.00 |
| 14. Interests in partnerships or joint ventures. Itemize. | X | | | |
| 15. Government and corporate bonds and other negotiable and nonnegotiable instruments. | X | | | |
| 16. Accounts receivable. | X | | | |
| 17. Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled. Give particulars. | X | | | |
| 18. Other liquidated debts owed to debtor including tax refunds. Give particulars. | | **Global Container Lines Limited** | - | **242,963.00** |
| 19. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule A - Real Property. | X | | | |
| 20. Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | | |

Sub-Total >        **242,963.00**
(Total of this page)

Sheet **1** of **2** continuation sheets attached
to the Schedule of Personal Property

Software Copyright (c) 1996-2010 - Best Case Solutions - Evanston, IL - www.bestcase.com                    Best Case Bankruptcy

In re   **GCL Shipping Corp. (M.I.)**                       Case No.   **8-09-78589**

Debtor

# SCHEDULE B - PERSONAL PROPERTY
(Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 21. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | X | | | |
| 22. Patents, copyrights, and other intellectual property. Give particulars. | X | | | |
| 23. Licenses, franchises, and other general intangibles. Give particulars. | X | | | |
| 24. Customer lists or other compilations containing personally identifiable information (as defined in 11 U.S.C. § 101(41A)) provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family, or household purposes. | X | | | |
| 25. Automobiles, trucks, trailers, and other vehicles and accessories. | X | | | |
| 26. Boats, motors, and accessories. | X | | | |
| 27. Aircraft and accessories. | X | | | |
| 28. Office equipment, furnishings, and supplies. | X | | | |
| 29. Machinery, fixtures, equipment, and supplies used in business. | X | | | |
| 30. Inventory. | X | | | |
| 31. Animals. | X | | | |
| 32. Crops - growing or harvested. Give particulars. | X | | | |
| 33. Farming equipment and implements. | X | | | |
| 34. Farm supplies, chemicals, and feed. | X | | | |
| 35. Other personal property of any kind not already listed. Itemize. | X | | | |

|  |  |
|---|---|
| Sub-Total > (Total of this page) | 0.00 |
| Total > | 245,539.00 |

Sheet  **2**  of  **2**  continuation sheets attached to the Schedule of Personal Property

(Report also on Summary of Schedules)

**EXHIBIT B**

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
In re:                                              Chapter 11

GLOBAL CONTAINER LINES LTD., et al.,     Case Nos. 09-78585 (AST)
                                                   09-78584 (AST)
                                                   09-78589 (AST)
                                                   09-78586 (AST)
                                                   09-78587 (AST)
                                                   09-78588 (AST)
                                                   09-78590 (AST)

                              Debtors.
-----------------------------------------------------------x

## ORDER PURSUANT TO SECTIONS 105 AND 363 OF THE UNITED STATES BANKRUPTCY CODE APPROVING PUBLIC SALE OF PROPERTY FREE AND CLEAR OF LIENS, CLAIMS AND ENCUMBRANCES, APPROVING RETENTION OF BROKER FOR PURPOSE OF CONDUCTING PUBLIC SALE AND <u>GRANTING RELATED RELIEF</u>

This Court having entered an orders February 23, 2010 and on March 3, 2010 (the

"Scheduling Orders") scheduling a hearing (the "Sale Hearing") to consider approval of a public

sale of property of two of the Debtors, and the Court having conducted the Sale Hearing on

March 24, 2010 and having considered the motion (the "Motion") filed by the Debtors for entry

of an order (i) approving the public sale of property free and clear of charters, encumbrances,

mortgages, maritime liens and any other liens and claims (the "Sale"), authorizing the retention

of Vogt and Maguire Shipbroking Ltd. (the "Broker") for the purpose of conducting the Sale,

approving procedures for the Sale and granting related relief; and due notice of the Motion and

the Sale Hearing having been provided pursuant to the Scheduling Order; and all objections to

the relief sought herein having been resolved, withdrawn or overruled, and such relief being

demonstrated to the satisfaction of the Court to be in the best interest of the Debtors and their

estates and creditors; and after due deliberation and sufficient cause therefore,

IT IS HEREBY FOUND AND DETERMINED AS FOLLOWS:

A.    The Debtors filed voluntary petitions for relief under chapter 11 of title 11, United States Code (the "Bankruptcy Code") on November 10, 2009 in the United States Bankruptcy Court for the Eastern District of New York (the "Court"). The Debtors continue to manage their property as debtors-in-possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

B.    The Court has jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§157 and 1334. Consideration of the Motion and the relief requested therein is a core proceeding pursuant to 28 U.S.C. §157(b), and venue before this Court is proper pursuant to 28 U.S.C. §1408 and §1409. This is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(A), (N) and (O).

C.    In accordance with Sections 363(b) and (f) of the Bankruptcy Code, Rules 2002, 6004 and 9014 of the Federal Rules of Bankruptcy Procedure and applicable law as set forth in the Motion, and based upon arguments of counsel at the Sale Hearing, the Debtor has advanced good business reasons for conducting a public sale of the M/V Global Progress and the M/V Global Prosperity (collectively, the "Vessels")[1], and for retaining the Broker to conduct the Sale.

D.    The compensation to be paid to the Broker in connection with the Sale is fair and reasonable, and the Broker's services are necessary and warranted.

E.    The procedures for the Sale as set forth in the Motion provide a reasonable means of ensuring a fair sale price and that the Vessels will be sold for the highest and best offer available.

F.    Since the Sale will occur as the result of a public sale after solicitation of bids and an opportunity for competitive bidding, the successful purchaser of the Vessels is entitled to the protection of a good faith purchaser under Section 363(m) of the Bankruptcy Code.

---

[1] Defined terms used but not otherwise defined herein shall have the meanings ascribed in the Motion.

NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED as follows:

1.  Subject to certain conditions set forth below, the Motion is granted and all objections to the Motion which have not been resolved or withdrawn are hereby overruled.

2.  The Sale is approved by the Court pursuant to Sections 363(b) and (f) of the Bankruptcy Code and the procedures for conducting the Sale as set forth in the Motion are hereby approved.

3.  The Debtors are hereby authorized to take all steps necessary or appropriate to carry out the Sale in accordance with the procedures set forth in the Motion, and to execute and deliver all documents necessary to effectuate the Sale of the Vessels including, but not limited to, entering into memorandum of agreements ("MOA") with Sea Lion Marine Ltd ("SeaLion") for the purchase of the M/V Global Progress and Marianna Shipping Limited ("Marianna" and together with SeaLion, the "Purchasers") for the purchase of the M/V Global Prosperity after the Public Sale.

4.  The gross purchase price for each of the Vessels shall be USD $4,520,886.00 or USD $9,041,772.00 (the "Purchase Price") in the aggregate.

5.  The Purchasers shall each deposit the sum of $1,356,266.00 or thirty (30%) percent of the purchase price for their respective Vessels with Debtors' counsel via wire transfer within one (1) business day of the execution of their respective MOAS.

6.  The retention of Vogt and Maguire Shipbroking Ltd. as Broker for the purpose of conducting the Sale is approved, and the Debtors are authorized and directed to pay to the Broker a commission of 1.5% from the gross proceeds of the Sale at the Closing.

7.     The Debtors are further authorized to pay an address commission of 3% from the gross proceeds of the Sale to the Buyer's broker at the Closing.

8.     The Sale pursuant to this Order will vest the Purchasers with good title to their respective Vessels free and clear of any and all charters, encumbrances, mortgages, maritime liens, liens and claims, and such charters, encumbrances, mortgages, maritime liens and any other liens and claims shall transfer, affix and attach to the proceeds of the Sale with the same force, validity, priority and effect as they now may have.  All persons who received notice of the Sale who purport to hold, or who hold, any charters, encumbrances, mortgages, maritime liens or any other liens and claims with respect to the Vessels shall be, and they hereby are, forever enjoined and barred from asserting charters, encumbrances, mortgages, maritime liens and any other liens and claims against the Purchasers or the Vessels.

9.     The closing of the Sale shall occur no later than **April 10, 2010** (the "Closing"). At the Closing, the Purchasers shall tender the balance of the purchase price for each of their respective Vessels to the Debtors or their designated agent via certified bank check or wire transfer in immediately available funds.  Also at the Closing, the aggregate net proceeds of the Sale (the "Sale Proceeds") shall be distributed as follows: (a) first, (i) to the Broker for its commissions in the amount of 1.5% of the aggregate gross purchase price and (ii) to the Purchasers Broker for its address commission in the amount of 3.0 % of the aggregate gross purchase price; (b) second, to Debtors' counsel in the amount of $400,000.00 which sum shall be held in escrow by Debtors' counsel subject to terms and provisions of paragraph 17 of the *Final Order Pursuant to Sections 105, 361, 362, 363, 364 and 507 of the Bankruptcy Code and Rules 2002, 4001 and 9014 of the Federal Rules of Bankruptcy Procedure (1) Authorizing Debtors to Use Cash Collateral, (ii) Authorizing Debtors to Obtain Post-Petition Financing (3) granting*

*Senior Liens and Super Priority Administrative Expense Status, (4) Modifying the Automatic Stay (5) Granting Adequate Protection, and (6) Granting Related Relief dated March 1, 2010* to fund, in the amount of up to $342,190.00 to the NBP to reimburse NBP for any sums advanced to the Debtors to pay crew wages and related repatriation costs necessary to consummate the Public Sale of the Vessels and costs of providing hull and machinery insurance to the Vessels through the Closing Dates  (d) and fourth, the remaining balance of the Sale Proceeds to NBP in payment of NBP's preferred ship mortgages against the Vessels.

7  The Sale Proceeds distributed to NBP under paragraph 6 of this Order, shall be subject to later disgorgement for the benefit of any creditor or other entity determined to hold a valid secured claim against the Vessels pursuant to a maritime lien based upon applicable maritime law, that is senior to NBP's lien in the Sale Proceeds, upon a final determination by the Court regarding the allowance or disallowance of such claim after notice and a hearing.  Any entity asserting a claim against the Vessels based upon a maritime lien senior to NBP's lien, which entity did not file a valid proof of claim against either Global Progress, LLC or Global Prosperity, LLC, as applicable, pursuant to the Order of the Court dated February 5, 2010 **must** file a proof of claim Clerk of the Court, United States Bankruptcy Court Eastern District of New York  290 Federal Plaza, Central Islip, New York, 11772 asserting a maritime lien within **sixty (60) days** of service of this Order, so that the validity and priority of such claim may be determined by the Court.

8  The provisions of this Order authorizing the Sale free and clear of charters, encumbrances, mortgages, maritime liens and any other liens and claims shall be self-executing, and neither the Debtors nor the Purchaser(s) shall be required to execute or file releases,

termination statements, assignments, consents, or other instruments in order to effectuate, consummate and implement the foregoing provisions.

9.      The Purchaser(s) is hereby determined to be a good faith purchaser under Section 363(m) of the Bankruptcy Code, and shall be entitled to the protections afforded to a good faith purchaser under that section of the Bankruptcy Code.

10.     The consideration to be paid by the Purchaser(s) is fair and reasonable.

11.     Notwithstanding the provisions of Bankruptcy Rule 6004(h), this Order shall be effective and enforceable immediately upon entry and the fourteen-day stay provided by such Bankruptcy Rules shall and hereby is waived.

12.     This Order is and shall be binding upon and govern the acts of all entities, including, without limitation, all filing agents, title agents, recorders of documents, administrative agencies, governmental departments, secretaries of state, federal, state, territorial and local officials, and all the persons and entities who may be required by operation of law, and the duties of their office, to accept, file, register or otherwise record or release any documents or instruments.

13.     Upon the Closing of the Sale of the Vessels, the Purchaser(s) shall not be deemed to (i) be the successor of the Debtors, (ii) have, de facto or otherwise, merged with or into the Debtors, (iii) be a mere continuation or substantial continuation of the Debtors or the enterprise of the Debtors, or (iv) in any way have assumed any responsibility for any actions, omissions, obligations or liabilities of the Debtors.

14.     The Debtors, including but not limited to their respective officers, employees and agents, are hereby authorized to execute such documents and do such acts as are necessary or desirable to carry out the transactions contemplated by the terms and conditions of this Order

including entry into the MOA with the Purchasers. The Debtors shall be, and are, authorized to take all such actions as may be necessary to effectuate the terms of this Order.

15. Any finding set forth in this Order that is a conclusion of law shall be deemed a conclusion of law incorporated by reference in these conclusions of law as though fully set forth herein.

16. This Order shall be binding in all respects upon all creditors (whether known or unknown) of the Debtors, their affiliates and subsidiaries, all successors and assigns of the Purchaser(s), and any subsequent trustees appointed to the Debtors' chapter 11 cases or upon a conversion to chapter 7 under the Bankruptcy Code and shall not be subject to rejection. To the extent any provision of this Order is inconsistent with the Motion, the terms of this Order shall govern.

17. This Court shall retain jurisdiction to enforce the provisions of this Order in all respects.



Dated: March 25, 2010
Central Islip, New York

Alan S. Trust
United States Bankruptcy Judge