UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
In re:                                                                    Chapter 11

GLOBAL CONTAINER LINES LTD., et al.,           Case Nos. 09-78585 (AST)
                                                                                            09-78584 (AST)
                                                                                            09-78589 (AST)
                                                                                            09-78586 (AST)
                                                                                            09-78587 (AST)
                                                                                            09-78588 (AST)
                                                                                            09-78590 (AST)

                                    Debtors.
----------------------------------------------------------x

## SUPPLEMENTAL ORDER PARTIALLY GRANTING DEBTORS' THIRD OMNIBUS OBJECTION TO CLAIMS

Global Container Lines, Ltd. ("Global"), GCL Shipping Corp. ("GCL"), Shiptrade, Inc. ("Shiptrade"), Gilmore Shipping Corp. ("Gilmore"), Global Prosperity, LLC ("Prosperity"), Global Progress, LLC ("Progress") and Redstone Shipping Corp. ("Redstone"), the debtors and debtors-in-possession herein (the "Debtors"), having brought a Third Omnibus Objection dated May 7, 2010, under 11 U.S.C. § 502 and Rule 3007 of the Federal Rules of Bankruptcy Procedure for an order expunging certain duplicative claims and claims filed against the wrong Debtors and/or allowing such claims against different Debtors (the "Objection"); and

A reply to the Objection having been filed on June 7, 2010 (the "Reply") by Arthur Weiss ("Weiss") asserting that his proofs of claim against Global No. 6, Shiptrade No. 3 and Redstone No. 3 were valid claims against each of those respective Debtors; and

A hearing having been held on June 9, 2010 on Debtors' Objection; and

This Court having entered its Order Partially Granting Debtors' Third Omnibus Objection To Claims on June 22, 2010 [dkt item 176] ; and

A further hearing having been held on August 4, 2010 with respect to the relief sought in

the Objection as to Weiss and the Reply, and the Court having heard the arguments of all parties present at the hearing; and

The Court having determined that good and proper notice of the relief sought in the Objection and the June 9, 2010 and August 4, 2010 hearings was made in accordance with the Bankruptcy Code and the Bankruptcy Rules and that cause exists to grant the relief sought in the Objection as set forth herein;

NOW, THEREFORE, in consideration of the foregoing, it is hereby ordered as follows:

1. The following claims, which was included in Exhibit "B" to the Objection, be, and hereby are, expunged on the grounds that they are filed against the wrong Debtor or otherwise duplicative:

| CREDITOR | DISALLOWED CLAIM(S) | BASIS OF OBJECTION |
|---|---|---|
| Arthur J. Weis | Global No. 6 Shiptrade No. 3 | Filed against wrong Debtor (¶s 6-10 of Objection) |

2. The following claim, which was also included in Exhibit "B" to the Objection be, and hereby is, allowed against Redstone as set forth below:

| CREDITOR | ALLOWED CLAIM[1] |
|---|---|
| Arthur J. Weis | Redstone No. 3 |

3. The Debtors have withdrawn their objection to Weiss' Claim No. 3.

4. Nothing in this Order shall alter, amend, abrogate or effect, in any manner, Weiss' right to assert his alleged claim against Redstone, nor alter, amend, abrogate or effect, in any manner, Weiss' right to assert his alleged claim against Debtors' insurance policy with U.K.

---

[1] As set forth in the Objection, the Debtors reserve the right to file additional objections including, without limitation, objections as to the validity, amount, classification and status of any claim in the Debtors' cases including, without limitation, the claims that are subject of, or affected by, the Objection, and deeming these claims as Allowed Claims herein does not constitute a waiver of the Debtors' rights to further object to such claims.

Protection & Indemnity (P&I) Club for the M/V Global Patriot Group 4987 (the "Policy"), or the proceeds of thereof; provided, further, that nothing in this Order shall alter, amend, abrogate or effect, in any manner the insurers' rights to challenge the validity of Weiss's alleged claim pursuant to the terms and provisions of the Policy.



**Dated: August 23, 2010**
**Central Islip, New York**

_____
**Alan S. Trust**
**United States Bankruptcy Judge**