UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
In re:                                                    Chapter 11

GLOBAL CONTAINER LINES LTD., *et al.*      Case Nos.    09-78585 (AST)
                                                        09-78584 (AST)
                                                        09-78589 (AST)
                                                        09-78586 (AST)
                                                        09-78587 (AST)
                                                        09-78588 (AST)
                                                        09-78590 (AST)

                        Debtors.
----------------------------------------------------------------x

## MCALLISTER TOWING & TRANSPORTATION'S RESPONSE
## OPPOSING DEBTOR'S FOURTH OMNIBUS MOTION

On July 26, 2010, debtor Global Container Lines Ltd. ("Global" or "Debtor") filed its fourth omnibus motion to reclassify, reduce, or expunge claims ("Debtor's Motion"). (Doc. No. 187). Among the claims Debtor seeks to expunge is that of McAllister Towing & Transportation ("McAllister"), totaling $10,604.78 (Claim 30). McAllister objects to Debtor's Motion and requests that this Court deny Debtor's Motion insofar as it seeks to expunge McAllister's claim.

McAllister timely filed its proof of claim on March 11, 2010, asserting a claim of $10,604.78 against Debtor for towing services provided to the vessel GLOBAL PATRIOT ("Vessel") on September 12, 2008. Debtor ordered the towing services from McAllister, and McAllister subsequently billed Debtor for those services. Attached hereto as Exhibit A are true and correct copies of the invoices McAllister sent to Debtor.

At the time McAllister provided its towing services, the Vessel was allegedly owned by Redstone Shipping Corp. and chartered by Debtor. Debtor now asks this Court to expunge McAllister's claim, arguing that McAllister's claim should have been asserted against Redstone as the Vessel's owner, not against Debtor. The sole basis for Debtor's argument that

McAllister's claim is improperly asserted against Debtor is the following statement in Debtor's supporting affidavit:

> Several claims filed against Global are not proper claims against Global, but are claims against other of the Consolidated Debtors because they related to services rendered and goods supplied in connection with the specific shipping vessel owned by such other Consolidated Debtors.

Debtor's Motion Exhibit C at ¶ 2. Debtor utterly fails to offer any legal basis for the conclusion that the challenged legal claims may only be asserted against the vessel owner, and that the claims can only be owed by the vessel owner. Debtor's conclusion is unsupported and incorrect.

The towing services provided by McAllister were ordered by Global, for the benefit of Global (while chartering the Vessel), and were billed to Global. At no time between September 12, 2008 (the date the services were provided) and July 26, 2010 (the date of Debtor's Motion) did Global object to McAllister's invoices or claim that they were improperly addressed to Global. Redstone did not order the services, benefit from the services, or receive a bill for the services. Further, the contractual agreement underlying the towing services was between McAllister and Global, not McAllister and Redstone. By failing to pay McAllister's invoices when they were due, Global, which ordered McAllister's services as charterer of the vessel breached the contractual agreement. McAllister had no contract, or even contact, with Redstone. Therefore, Global – not Redstone – is contractually liable on an *in personam* basis for payment of McAllister's invoices, and McAllister has properly asserted its claim against Global.

As the provider of maritime necessaries to the Vessel, McAllister had – under maritime law – both an *in rem* claim against the Vessel (in the nature of a maritime lien), as well as an *in personam* claim against Global. The Vessel was arrested in South Africa; South African law normally would not recognize McAllister's *in rem* maritime lien (under United States law) against the Vessel. At any rate, the South African arrest proceedings against the Vessel (which

was Redstone's only substantial asset) have no bearing on the joint and several *in personam* liability which Global has to McAllister. McAllister has not received, and will not receive, anything from the South Africa proceedings. As a result, McAllister is entitled to assert its *in personam* claim through the proof of claim McAllister filed against Global.

WHEREFORE, McAllister respectfully requests that this Court deny Debtor's omnibus motion insofar as it seeks to expunge McAllister's claim.

Dated: August 26, 2010.

Respectfully Submitted,

/s/ J. Stephen Simms
J. Stephen Simms
SIMMS SHOWERS LLP
20 South Charles Street, Suite 702
Baltimore, Maryland  21201
Telephone:     (410) 783-5795
Facsimile:      (410) 510-1789
jssimms@simmsshowers.com

Counsel for Creditor McAllister Towing & Transportation

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 26, 2010, I caused the foregoing to be filed on the Court's CM/ECF system for service on all record counsel and the United States Trustee.

/s/ J. Stephen Simms