|  |  |
|---|---|
| Hearing Date: | September 15, 2010 |
| Time: | 9:30 a.m. |
| Place: | Central Islip |

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------
In re:

GLOBAL CONTAINER LINES LTD., et al.

**Chapter 11
Case Nos.**

**09-78585 (AST)
09-78584 (AST)
09-78586 (AST)
09-78587 (AST)
09-78588 (AST)
09-78589 (AST)
09-78590 (AST)**

                           Debtors.                           **(Jointly Administered)**
-----------------------------------------------------------------

**OBJECTION OF KEY BANK NATIONAL ASSOCIATION TO CONFIRMATION
OF DEBTOR'S SECOND AMENDED CHAPTER 11 PLAN**

Key National Association ("Key"), through its attorneys Lemery Greisler LLC, respectfully objects to confirmation of Debtor's Second Amended Chapter 11 Plan because it fails to recognize and provide for treatment of Key's secured claim and, in support of its objection, states as follows:

1. Debtor has objected to Key's claim (No. 7) seeking to reduce it and, most importantly, reclassify it as unsecured. Key has opposed the objection and has moved for temporary allowance of that claim for voting purposes.

2. Key objects to confirmation of Debtor's Second Amended Chapter 11 Plan because it fails to recognize and provide for treatment of Key's secured claim.

3. This Court has already approved an Amended Stipulated and Agreed Order ("Agreed Order", Docket No. 134) between Key and Debtor by which Debtor acknowledged that Key's claim is secured on certain specified equipment in the nature of containers and stevedoring equipment and, pursuant to which, Key was granted relief from the automatic stay to pursue its collateral interest in an insurance recovery related to the ship M/V Global Precision owned by Debtor Gilmore Shipping Corp.  Exhibit "A."[1]

4. As to the amount of Key's claim, until certain recoveries on the equipment and insurance claim are liquidated, bifurcation of the claim in precise amounts would be difficult at this time.

5. In fact, the parties have been working on a further stipulation which would address this issue and Key hopes to have this submitted to the Court for consideration in the near future.

6. As shown below, Key was and remains a secured creditor.

7. Gilmore Shipping Corp. ("Gilmore") is one of the Debtors in these cases and is a corporation organized under the laws of the Marshall Islands.

8. Key is a secured creditor of Gilmore as a result of the following loan instruments.[2]

---

[1] Given the Agreed Order, Key believes that the objection was filed mistakenly.
[2] Due to their number, volume and the fact that they are already on the docket of this case as part of Key's claim and other filings, the loan instruments by and between Key and Debtors are referenced in this Response are not attached.  All of the documents are available for inspection and copies will be provided by contacting the undersigned.

9. On or about October 12, 2007, Gilmore Shipping Corp. ("Gilmore"), for good and valuable consideration delivered to Key its Promissory Note in the original principal amount of $4,544,000.00.

10. The parties' obligations related to the promissory note were further set forth in a letter agreement dated October 12, 2007.

11. The promissory note was secured by a First Preferred Saint Vincent and The Grenadines Ship Mortgage on the M/V Global Precision granted by Gilmore Shipping Corp., as Ship-owner, in favor of Key National Association as Mortgagee on October 12, 2007 (the "Mortgage").

12. Key also is the holder of a duly executed Assignment of Insurances from Gilmore with respect to the Ship.

13. Insurers of the Gilmore have acknowledged Key's interest in the insurance on the Ship.

14. Key's lien interest in the Ship and related personal property was further documented by Key's recording of a UCC-1 financing statement with the District of Columbia on October 15, 2007. Recording with the District of Columbia was proper under Uniform Commercial Code § 9-307 (c).

15. In May, 2009, Key extended further credit in the amount of $500,000.00 to Gilmore.

16. Further, Gilmore advised Key that it wished to reregister the Ship under Panamanian registry.

17. As a result, the loan documents by and between Key and Gilmore and certain of the other Debtors in these cases were amended and modified.

18. Key and Gilmore entered into Amendment No. 1 to Letter Agreement on May 14, 2009 pursuant to which Key agreed that the Ship would be registered under Panamanian registry, that Key loan Gilmore up to an additional $500,000.00 to partially pay trade debt and to finance in part dry docking expenses.

19. Gilmore also delivered to Key its Amended and Restated Promissory Note dated May 14, 2009 in the original principal amount of $5,000,000.00 (the "Restated Note").

20. The Restated Note was secured by a First Preferred Republic of Panama Ship Mortgage on the M/V Global Precision granted b Gilmore Shipping Corp., as Ship-owner, in favor of Key National Association as Mortgagee on May 14, 2009 (the "Restated Mortgage").

21. The Mortgage was recorded by means of Public Deed No. 9014 of July 27, 2009, issued by the Notary Public Number Eight of the Circuit of Panama and recorded at the Public Registry Office of the Republic of Panama, at Filing Card 33215, Document 1623020.

22. The Note and Restated Note were guaranteed by written guarantees of GLC Shipping Corp., Global Container Lines Limited dated October 12, 2007 and Shiptrade, Inc. dated May 14, 2009.

23. The Restated Note was further secured by a Security Agreement dated May 14, 2009 delivered by Global Container Lines Limited pursuant to which it granted to Key a security interest in specific personal property collateral in the nature of identified shipping containers and stevedoring equipment.

24. The security interest granted to Key by Global Container Lines Limited was duly perfected by the filing of a UCC-1 financing statement in the Office of the Delaware Department of State on May 15, 2009. Global is a Delaware corporation.

25. The Restated Note was also guaranteed by Shiptrade, Inc. by Corporate Guaranty dated May 14, 2009.

26. Although, as described in Debtor's objection and in the Agreed Order, the Global Precision was sold Key remains a secured creditor and its secured claim should be allowed for voting purposes, albeit given the recoveries to date in a reduced amount as the parties may agree and the Court determines.

27. Confirmation should be denied until the Debtor affords Key appropriate treatment of its secured claim. 11 U.S.C. § 1129 (a) (3) and (7) (A) (ii).

WHEREFORE, it is respectfully requested that the Court deny confirmation until such time as Key's claim is appropriately treated and grant such other and further relief as may be deemed just, necessary and proper.

Dated: September 7, 2010.

        Respectfully submitted,

        /s/ Paul A. Levine, Esq.
        Paul A. Levine, Esq.
        LEMERY GREISLER LLC
        Attorneys for Key National Association
        50 Beaver Street
        Albany, New York 12207
        (518) 433-8800

F:\wpdata\0243.000 - Directories\0243.563\Global Plan and Disclosure Statement\Objection to Confirmation.doc