Hearing Date and Time:
September 15, 2010 at 9:30 a.m.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - -X
In re:                                        Chapter 11

GLOBAL CONTAINER LINES LTD. *et al.*,          Case Nos.
                                              809-78585-735
                                              809-78584-735
                                              809-78589-735
                                              809-78586-735
                                              809-78587-735
                                              809-78588-735
                                              809-78590-735
                     Debtors.
- - - - - - - - - - - - - - - - - - -X

### PARTIAL OBJECTION TO THE MOTION OF DEBTOR
### GLOBAL CONTAINER LINES LTD. TO RECLASSIFY AND
### REDUCE CLAIM NO. 27 OF THE UNITED STATES
### DEPARTMENT OF AGRICULTURE

The United States of America, on behalf of its agency, the

United States Department of Agriculture (USDA), by and through

its attorney, Loretta E. Lynch, United States Attorney, Eastern

District of New York, Thomas A. McFarland, Assistant U.S.

Attorney, of counsel, hereby objects in part to the motion of

Debtor Global Container Lines Ltd. for reclassification and

reduction of the USDA's claim in the above-captioned matter for

the following reasons:

1.    On November 10, 2009, Debtor filed a voluntary petition

under Chapter 11 of the Bankruptcy Code, 11 U.S.C. §§ 1101-74.

*See* docket entry (DE) 1.

2.    On March 11, 2010, the USDA filed a Proof of Claim

(POC) with an attached Proof of Claim Summary (POC Summary). In

the POC, the USDA asserted a secured claim in the amount of $256,470.78. *See* Declaration of Martha A. Locke (Locke Dec.), executed September 3, ¶ 3 and Exhibit (Exh.) A; *see also* Debtor's Motion, Exh. B.

3.    The POC Summary explains the basis for the USDA's claim. Specifically, the claim represents amounts due from Debtor for losses of humanitarian food aid cargo. Locke Dec., Exh. A at 1.

4.    The POC Summary goes on to explain that as a result of the losses, the USDA made 22 claims, totaling $256,470.78, with the Debtor on behalf of the Commodity Credit Corporation (CCC), an agency within the USDA. *Id.* at 1.

5.    The remainder of the POC Summary is a spread sheet entitled "Schedule of Debts," detailing the 22 claims filed with the Debtor. *Id.* at 2-5.

6.    Each of the 22 claims detailed in the spread sheet has a USDA Debt Control Number (DCN) associated with it. *Id.* at 2-5.

7.    On July 9, 2008, a settlement conference took place between representatives of the USDA and Debtor regarding 18 of the 22 claims. Locke Dec., ¶ 8.

8.    By letter of September 5, 2008, the USDA informed Debtor that it had accepted Debtor's offer to settle one of the 18 claims, specifically the one regarding DCN 16959. *Id.*, ¶ 9 and Exh. B.

2

9.    By letter of March 3, 2009, the USDA informed Debtor that it had accepted Debtor's offer to settle the claims regarding DCNs 14729, 16959,[1] 17046, 13917, 15743, 15784, 15906, 15961, 16041, 16500, 16502, 16605, 16793, 16972, 17206, 17283, and 17449.    Attached to the letter was a table detailing the 17 settlement offers (out of 18) that the USDA had accepted to that point.    *Id.*, ¶ 10 and Exh. C.

10.    By letter of June 30, 2009, the USDA informed Debtor that it had accepted Debtor's offer to settle the claim regarding DCN 15742, the last of the 18 claims discussed at the July 9, 2008 settlement conference.    *Id.*, ¶ 11 and Exh. D.

11.    By email of July 1, 2009, the USDA sent Debtor an updated table summarizing all 18 of the now-accepted settlement offers.    *Id.*, ¶ 12 and Exh. E.

12.    According to the table, the USDA accepted offers totaling $145,785.18 to settle a total debt amount of $226,937.87 for the 18 claims.    *Id.*, ¶ 13 and Exh. E.

13.    By letter of March 3, 2009, in response to an offer from Debtor dated August 20, 2008, the USDA informed Debtor that it had accepted Debtor's offer to settle the claim regarding DCN 16042 for $150.00.    *Id.*, ¶ 14 and Exh. F.

---

[1]    The USDA reiterated its acceptance of Debtor's offer to settle the claim regarding DCN 16959 in the letter, because as of the date of the letter, Debtor had not paid the agreed amount. *See* the table attached to the letter.

14.    To date, Debtor has not paid any of the 19 settled
claims discussed above.  *Id.*, ¶ 15.

15.    The 19 settled claims discussed above do not represent
all the claims listed in the Schedule of Debts that is part of
the POC Summary and, therefore, are part of the USDA's claim.
Three claims remain, none of which was ever settled or paid.
*Id.*, ¶ 16.

16.    Claim #3 in the Schedule of Debts pertains to DCN 18310
and is in the amount of $650.81.  *See id.*, ¶ 17 and Exh. A.  The
claim was made by letter dated August 29, 2007, and was assigned
to the CCC on August 30, 2007.  *Id.*, ¶ 17 and Exh. G.

17.    Claim #16 in the Schedule of Debts pertains to DCN
16960 and is in the amount of $27,015.40.  *See id.*, ¶ 18 and Exh.
A.  The claim was made by letter dated December 18, 2008.[2]  *Id.*,
¶ 18 and Exh. H.

18.    Claim #21 in the Schedule of Debts pertains to DCN
17752 and is in the amount of $1,423.39.  *See id.*, ¶ 19 and Exh.
A.  The claim was made by letter dated October 24, 2008.  *Id.*, ¶
19 and Exh. I.

19.    On July 26, 2010, Debtor filed this motion to
reclassify and reduce the USDA's claim.  *See* DE 188.

---

[2]     The Court will note that the amount claimed in the
letter is larger than the amount claimed in the Schedule of
Debts.  The USDA claims the smaller amount stated in the Schedule
of Debts.

4

ARGUMENT

## THE USDA'S CLAIM SHOULD BE REDUCED
## TO NO LOWER THAN $175,024.78

In its motion, Debtor seeks two forms of relief. First, it seeks reclassification of the USDA's claim from secured to general unsecured. *See* Debtor's Motion, ¶ 7. The USDA does not oppose this relief, as its claim is, in fact, unsecured. Accordingly, this Court should grant that relief.

Second, Debtor seeks reduction of the USDA's claim to $145,785.18, the amount the USDA accepted to settle the 18 claims discussed above. Although the USDA agrees that its claim must be reduced, it opposes reduction to the amount sought by Debtor, because the amounts of other claims must be added to this amount, specifically the amount of $29,239.60.

As discussed above, the USDA settled 18 claims against Debtor for $145,785.18. *See* ¶ 12 above. However, that was not the entire universe of the claims that comprised the claim made by the USDA in this matter. There was a 19th claim that was also settled, for $150.00. *See* ¶ 13 above. Further, there were three other claims made against the debtor that never were settled. *See* ¶ 15-18 above. These claims aggregate $29,089.60. None of the 19 settled claims or the three unsettled claims ever was paid. *See* ¶¶ 14 and 15 above.

Thus, to arrive at the USDA's total claim, the amounts of

5

$150.00 and $29,089.60 must be added to $145,785.18, making the USDA's total claim $175,024.78.  The USDA requests the Court to reduce the claim to that amount but not any lower.  If the Court directs it to do so, the USDA will file an amended POC.

WHEREFORE, for the reasons set forth above, the United States, on behalf of the USDA, requests that this Court grant Debtor's motion in part by reclassifying the USDA's claim to a general unsecured claim, and by reducing the USDA's claim to the amount of $175,024.78, but no lower.

Dated: Central Islip, New York
       September 7, 2010

                              Respectfully submitted,

                              LORETTA E. LYNCH
                              United States Attorney
                              Eastern District of New York
                              Attorney for the United States
                              610 Federal Plaza, 5th Floor
                              Central Islip, NY 11722-4454

                         By:  S/ [electronically filed]
                              THOMAS A. McFARLAND
                              Assistant U.S. Attorney
                              (631) 715-7863

6

## DECLARATION OF OVERNIGHT SERVICE

Thomas A. McFarland declares and says that he is employed in the office of the United States Attorney for the Eastern District of New York, and that on the 7th day of September, 2010, he caused to be deposited with an overnight delivery service copies of the within PARTIAL OBJECTION and DECLARATION IN SUPPORT OF PARTIAL OBJECTION for delivery to

> CULLEN AND DYKMAN LLP
> 100 Quentin Roosevelt Boulevard
> Garden City, NY 11530
> Att: C. Nathan Dee, Esq.
>
> LAMONICA, HERBST & MANISCALCO, LLP
> 3305 Jerusalem Avenue
> Wantagh, NY 11793
> Att: Adam P. Wofse, Esq.

Dated: Central Islip, New York
    September 7, 2010

                           S/ [electronically filed]
                           THOMAS A. McFARLAND
                           Assistant U.S. Attorney

## DECLARATION OF PERSONAL SERVICE

Thomas A. McFarland, being duly sworn, deposes and says that he is employed in the office of the United States Attorney for the Eastern District of New York, and that on the 7th day of September, 2010, he caused to be personally served copies of the within PARTIAL OBJECTION and DECLARATION IN SUPPORT OF PARTIAL OBJECTION of the United States of America upon the following:

> OFFICE OF THE UNITED STATES TRUSTEE
> 290 Federal Plaza
> Central Islip, NY 11722
> Att: Stan Yang, Esq.

Dated: Central Islip, New York
       September 7, 2010

                                   S/ [electronically filed]
                                   THOMAS A. McFARLAND
                                   Assistant U.S. Attorney