# CULLENandDYKMANLLP

MATTHEW G. ROSEMAN
PARTNER
DIRECT DIAL: 516-296-9106
EMAIL: MROSEMAN@CULLENANDDYKMAN.COM

Garden City Center
100 Quentin Roosevelt Boulevard
Garden City, New York 11530-4850
Telephone (516) 357-3700 • Facsimile (516) 357-3792

September 13, 2010

Honorable Alan S. Trust
United States Bankruptcy Court
Eastern District of New York
290 Federal Plaza
Central Islip, New York  11722

      RE:    Global Container Lines Limited, et al.
             and KeyBank National Association ("KeyBank")
             Case No.: 09-78585 (AST)

Dear Judge Trust:

     Enclosed herewith please find the copy of a proposed Stipulation and Order between the above-referenced Debtor and KeyBank. This proposed Stipulation resolves the following matters on the calendar for September 15, 2010 at 9:30 a.m.:

1. The Debtor's objection to KeyBank's claim;
2. KeyBank's Motion for temporary allowance of claim for voting purposes; and
3. KeyBank's objection to confirmation.

     Please be advised that a copy of this Stipulated and Agreed Order has been uploaded.

     Thank you for your anticipated courtesy and cooperation in this matter.

                          Very truly yours,

                          Matthew G. Roseman

MGR/jsu
cc:    Paul Levine, Esq.
        Adam Wofse, Esq.
        Stan Yang, Esq.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------

In re:

GLOBAL CONTAINER LINES LTD., et al.

                                                Debtors.

------------------------------------------------------------

**Chapter 11
Case Nos.**

**09-78585 (AST)
09-78584 (AST)
09-78586 (AST)
09-78587 (AST)
09-78588 (AST)
09-78589 (AST)
09-78590 (AST)**

**(Jointly Administered)**

**STIPULATED AND AGREED TO ORDER BETWEEN KEYBANK AND DEBTOR REGARDING DEBTOR'S MOTION TO RECLASSIFY KEYBANK'S CLAIM AS UNSECURED**

This Stipulated and Agreed to Order (the "Agreement") is entered into this 8th day of September, 2010 by and between Debtor Global Container Lines, Ltd. et al., debtors and debtors in possession in the above captioned bankruptcy cases and KeyBank National Association ("KeyBank");

WHEREAS Debtor Global Container Lines Ltd. ("Debtor") has filed its Motion for an Order Reclassifying and Reducing Claim No. 7 of KeyBank Under Section 502 of the Bankruptcy Code and Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Motion"); and

WHEREAS KeyBank opposes the Motion, in part, because it is contrary to the Court's Amended Stipulated and Agreed to Order Between Global Container Lines Ltd., KeyBank National Association and Key Equipment Finance Inc. with Respect to (I) Motion for Relief from the Automatic Stay Pursuant to 11 U.S.C. §

362 (d) (1) and (2) or, in the alternative Adequate Protection Pursuant to 11 U.S.C. § 361 and (II) the Allocation of Sale Proceeds From the Public sale of the M/V Global Precision Pursuant to 11 U.S.C. § 506 (c) (the "Prior Order"); and

WHEREAS, as provided in the Prior Order, all of KeyBank's collateral has yet to be liquidated; and

WHEREAS Debtors and KeyBank have reached agreement as to an allocation of proceeds of the insurance claim of Debtor's related to the Global Precision (the "Insurance Claim") as described in the Prior Order, which Insurance Claim is KeyBank's collateral, to resolve Debtor's 11 U.S.C. § 506 (c) claim related to its efforts to recover on the Insurance Claim and on related matters; it is hereby

STIPULATED, AGREED , AND ADJUDGED  as follows:

1. For purposes of voting on Debtor's Second Amended Chapter 11 Plan of Reorganization (the "Plan"), pursuant to Article VI, C (a) of Debtor's Second Amended Disclosure Statement, KeyBank is allowed an unsecured claim (Class 3) in the amount of $4,244,000.00.

2. For purposes of Class 3 distributions under the Plan, KeyBank shall be allowed an unsecured claim of $4,244,000.00, which claim shall be adjusted on each yearly anniversary of the entry of an order confirming the Plan in accordance with recoveries on KeyBank's collateral paid to KeyBank and to account for excess or deficient distributions KeyBank may have received, as the case may be, as a Class 3 creditor.

3.    KeyBank shall vote in favor of the Plan and this stipulation shall constitute a ballot voting in favor of the Plan. Any objections filed by KeyBank to confirmation are deemed withdrawn.

4.    From the gross amount of any recovery on the Insurance Claim:

   a. KeyBank shall first recover the sum of $195,000.00 advanced by KeyBank for expenses paid by KeyBank for towing the Global Precision.

   b. Debtor shall then recover the sum of $300,818.76, representing as of yet unreimbursed costs and expenses incurred by Debtors related to the engine failure on the Global Precision.

   c. The balance of the recovery of the Insurance Claim shall be split 20% to Debtor and 80% to KeyBank.

   d. Amounts paid to KeyBank hereunder shall be deducted from its unsecured claim amount in accordance with ¶ "2" above.

5.    The Prior Order's provisions including, but not limited to, ¶8 with respect to stevedoring equipment, shall remain in full force and effect.

6.    This Agreement is subject to the approval of the Court and shall be of no force and effect unless and until approved by the Court except for ¶ "3" of this Stipulation.

7.    Each person who executes this Agreement represents that he or she is duly authorized to execute this Agreement on behalf of the respective Parties hereto and that each such party has full knowledge and has consented to this Agreement.

8.   This Agreement constitutes the complete and exclusive agreement of the Parties with respect to the subject matter hereof and supersedes all prior and contemporaneous agreements and understandings, oral or written, between the Parties with respect to such subject matter.

9.   Subject to an order of the Court approving this Agreement, this Agreement shall be binding upon and inure to the benefit of the Parties, and their respective administrators, representatives, officers, directors, employees, affiliates, successors and assigns.

10.  This Agreement may only be modified by a writing signed by the Parties.

11.  This Agreement shall be governed by and construed in accordance with the substantive law of the state of New York or the otherwise applicable law as set forth in the KeyBank Loan Documents, and shall have the force and effect of an instrument executed and delivered under seal under the law of the state of New York.

12.  This Agreement may be executed in counterparts, each of which shall be deemed to be an original, and all such counterparts together shall constitute one and the same instrument.  This Agreement may be executed by facsimile.

13. The Court shall retain jurisdiction to hear any matters or resolve any disputes arising under or in connection with this Agreement.

Dated: September 8, 2010.

                                                              s/ Matthew G. Roseman
Matthew G. Roseman, Esq.
C. Nathan Dee, Esq.
Cullen and Dykman LLP
Attorneys for Debtors
100 Quentin Roosevelt Blvd.
Garden City, New York 11530
(516) 357-3700

Dated: September 8, 2010.

                                                              s/ Paul A. Levine
Paul A. Levine, Esq.
LEMERY GREISLER LLC
Attorneys for KeyBank
National Association
50 Beaver Street
Albany, New York 12207
(518) 433-8800

SO ORDERED:

_____
ALAN S. TRUST
UNITED STATES BANKRUPTCY JUDGE