UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x          Chapter 11

In re:

                                                                 Case Nos. 09-78585 (AST)
GLOBAL CONTAINER LINES LTD., et al.,                                      09-78584 (AST)
                                                                         09-78589 (AST)
                                                                         09-78586 (AST)
                                                                         09-78587 (AST)
                                                                         09-78588 (AST)
                                                                         09-78590 (AST)


                                    Debtors.
-------------------------------------------------------x


## ORDER CONFIRMING SECOND AMENDED CHAPTER 11
## PLAN OF REORGANIZATION

A petition for relief under chapter 11 of title 11 of the United States Code (the

"Bankruptcy Code") having been filed on November 10, 2009 by Global Container Lines, Ltd.

(the "Debtor"); and the Debtor having filed with this Court a Second Amended Chapter 11 Plan

of Reorganization (the "Plan") and a Second Amended Disclosure Statement Pursuant to Section

1125 of the Bankruptcy Code (the "Disclosure Statement") both dated August 18, 2010; and

A hearing having been held on August 16, 2010 (the "Disclosure Statement Hearing") to

approve the Disclosure Statement; and

By Order dated August 18, 2010 (the "Approval Order"), this Court, *inter alia*, (i)

approved the Disclosure Statement as containing adequate information in accordance with

section 1125 of the Bankruptcy Code, (ii) authorized the transmittal of a solicitation package (the

"Solicitation Package") to all creditors entitled to vote under the Plan, (iii) fixed September 8,

2010 as the last date for receipt of Ballots[1] accepting or rejecting the Plan and for objections to

---

[1] All capitalized terms used but not otherwise defined herein shall have the meanings ascribed in the Plan or the
Approval Order.

confirmation of the Plan, and (iv) scheduled the hearing on confirmation of the Plan to occur on September 15, 2010 (the "Confirmation Hearing"); and

It appearing from the affidavits of service on file with this Court that the Solicitation Package has been served in accordance with the Approval Order; and the Ballots of acceptances and rejections of the Plan by the holders of Claims entitled to vote having been received and tallied; and upon the certification of Ballots by Cullen and Dykman LLP ("C&D"), the Balloting Agent; and the Confirmation Hearing having been conducted on September 15, 2010; and after hearing the arguments of counsel and of any entity objecting to the Plan and any evidentiary testimony required; and upon the record of the Disclosure Statement Hearing and of the Confirmation Hearing; and due deliberation having been had, and sufficient cause appearing to me therefor; and

This Court having determined and found, after notice and a hearing, that:

A.    Pursuant to 28 U.S.C. §§ 157 and 1334, this Court has jurisdiction over the Debtor's bankruptcy case. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. Confirmation of the Plan is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(L) and this Court has exclusive jurisdiction to determine whether the Plan complies with the applicable provisions of the Bankruptcy Code and should be confirmed, and this Court shall retain jurisdiction for all purposes under and in connection with the Plan, confirmation of the Plan and all disputes arising out of or relating to the confirmation and consummation of the Plan and under and in connection with all documents executed in furtherance of the Plan;

B.    All persons, entities or governmental agencies entitled or required to receive notice have received due, proper and adequate notice of the Disclosure Statement Hearing and the Confirmation Hearing;

C.     The Plan complies with the applicable provisions of chapter 11 of the Bankruptcy Code, including, without limitation, the proper classification of Claims as permitted by section 1122 of the Bankruptcy Code;

D.     The Debtor, as the proponent of the Plan, has complied with the applicable provisions of the Bankruptcy Code;

E.     Pursuant to section 1123(a) of the Bankruptcy Code, the Plan: (i) specifies those Classes of Claims and Interests that are not impaired under the Plan, (ii) specifies the treatment of each Class of Claims and Interests that is impaired by the Plan, (iii) provides the same treatment for each Claim or Interest of a particular Class, unless the holder of a particular Claim or Interest agrees to a less favorable treatment of such particular Claim or Interest, and (iv) provides adequate means for the implementation of the Plan;

F.     The Plan has been proposed in good faith and not by any means forbidden by law;

G.     Pursuant to section 1126(b) of the Bankruptcy Code, the solicitation of votes to accept or reject the Plan was in compliance with all applicable law, rules and regulations governing the adequacy of disclosure in connection with such solicitation, and such solicitation was conducted after disclosure of adequate information as defined in section 1125 of the Bankruptcy Code;

H.     (i) Any payment made or promised by the Debtor or by any person issuing securities or acquiring property under the Plan, for services or for costs and expenses in, or in connection with, the Debtor's Chapter 11 Case, or in connection with the Plan and incident to the Debtor's Chapter 11 Case, has been disclosed to this Court; and (ii) any payment made before confirmation of the Plan is reasonable, or if such payment is to be fixed upon or after confirmation of the Plan, such payment is subject to the approval of the Court as reasonable;

I.        With respect to each Class designated by the Plan, each holder of a Claim or Interest in such Class has accepted the Plan, or will receive or retain under the Plan, on account of such Claim or Interest, property of a value, as of the Effective Date of the Plan, that is not less than the amount such holder would receive or retain if the Debtor was liquidated under chapter 7 of the Bankruptcy Code on such date;

J.        The treatment under the Plan of Claims of the type specified in section 507 of the Bankruptcy Code complies with the provisions of section 1129(a)(9) of the Bankruptcy Code;

K.        At least one Class of Claims that is impaired under the Plan has accepted the Plan, determined without including any acceptance of the Plan by any insider holding a Claim in such Class;

L.        With respect to the Claims of the kind specified in Class 2 of the Plan (NPB Secured Claim) and Class 3 of the Plan (General Unsecured Claims), Ballots accepting the Plan have been timely received representing more than two-thirds (2/3) in dollar amount and more than one-half (1/2) in number of the holders of Claims in such Classes which voted on the Plan;

M.        With respect to the Priority Non-Tax Claims or Priority  Tax Claims specified in Class 1 of the Plan, if any, such Claims are unimpaired under the Plan and those Classes are deemed to have accepted the Plan pursuant to section 1126(f) of the Bankruptcy Code;

N.        With respect to the Interests specified in Class 4 of the Plan, such Class will not receive any distribution under the Plan and is deemed to have rejected the Plan pursuant to section 1126(g) of the Bankruptcy Code;

O.        On the Effective Date, One Hundred Percent (100%) of the issued and outstanding stock of the Reorganized Debtor shall be issued in the following percentages: Kazem Paksima-Forty Four Percent (44%); Ali Paksima- Forty Four Percent (44%); and Hormoz

Shayegan-Twelve Percent12%.  The issuance of the securities in the Reorganized Debtor shall be exempt from the registration requirements of the Securities Act of 1933, as amended, in accordance with section 1145 of the Bankruptcy Code;

P.      All of the applicable requirements of section 1129(a) and (b) of the Bankruptcy Code have been met with respect to the Plan;

Q.      Confirmation of the Plan is not likely to be followed by the need for further financial reorganization of the Debtor and the Court finds that the Plan is feasible pursuant to section 1129(a)(11) of the Bankruptcy Code;

R.      No governmental or regulatory commission has jurisdiction over rates charged by the Debtor;

S.      The procedures by which the Ballots were distributed and tabulated were fair, properly conducted and complied with the prior orders of this Court;

T.      All fees payable under 28 U.S.C. § 1930 have been paid or will be paid on or before the Effective Date, and thereafter will be paid in the ordinary course;

U.      The Debtor is not obligated to pay retiree benefits and therefore section 1129(a)(13) of the Bankruptcy Code is inapplicable; and

V.      The objections to Confirmation, if any, that were not withdrawn, are overruled.

W.      The terms and provisions of that certain stipulated and agreed to order dated September 8, 2010 by and between the Debtor and KeyBank National Association ("KeyBank") are incorporated by reference herein and such stipulated and agreed to order shall govern the treatment of Keybank's claim under the Plan for all purposes.

IT IS THEREFORE ORDERED THAT:

1.      The findings set forth hereinabove are hereby incorporated and shall be deemed to

be an Order of this Court. This Court's oral findings of fact and conclusions of law, if any, made at the Confirmation Hearing are further incorporated herein by reference.

2.       The Plan be, and hereby is, approved and confirmed pursuant to section 1129 of the Bankruptcy Code; and the Debtor be, and hereby is, authorized to take all steps necessary to effectuate consummation of the Plan and the payments and distributions therein set forth, all in conformity with the terms of the Plan.

3.       **Administrative Claim Bar Date**. **Proofs of claim or applications for payment of Administrative Claims (other than Fee Claims) arising subsequent to November 10, 2009 and before the Confirmation Date (the date of entry of this Order) must be filed with the Court and served as set forth in the Plan no later than sixty (60) days following Confirmation Date.  Any Person who fails to file such a proof of claim or application with the Court within that time shall be forever barred from asserting such Administrative Claim including without limitation, against the Debtor and the Estate, or commencing or continuing any action, employment of process, or act to collect, offset, or recover any such Administrative Claim.**

4.       **Fee Claims. All applications for payment of Fee Claims for services rendered through the Confirmation Date must be filed with the Court no later than sixty (60) days following the Confirmation Date. Any Person or entity that fails to file such an application on or before such date shall be forever barred from asserting such a Fee Claim against any of the Debtor and the Estate, and the holder thereof shall be permanently enjoined from commencing or continuing any action, employment of process or act to collect, offset or recover such a Fee Claim.**

5.       **Rejection Damage Claim. Any Claim for damages arising by reason of the**

**rejection through the Plan of any pre-petition executory contract or unexpired lease or unexpired sublease must be filed on or before sixty (60) days following the Confirmation Date (the date of entry of this Order), and upon the failure of any entity to file such claim on or before such date, such entity shall be forever barred from asserting a claim on account of the rejection of such unexpired lease, unexpired sublease or executory contract, but shall nevertheless be bound by the provisions of the Plan. Nothing herein will extend any prior Bar Date set by prior order of the Bankruptcy Court.**

6.      Any objections to confirmation of the Plan that have not been withdrawn are denied and overruled in their entirety.

7.      In the event of any inconsistency between: (a) the Plan, any order of this Court issued prior to the Confirmation Date, or any agreement, instrument or document intended to implement the Plan or be executed in furtherance of the Plan and (b) this Confirmation Order, the provisions of this Confirmation Order shall govern and shall supersede any such provision of the Plan, or any such agreement, instrument, document or order of this Court issued prior to the Confirmation Date.

8.      The terms and provision of the Plan are incorporated into this Confirmation Order by reference thereto as if each term and provision was set forth herein as the findings, determinations and ordered provisions of this Order, and the failure to specifically include any particular term or provision in this Confirmation Order shall not diminish or impair the force or effect of such term or provision of the Plan.

9.      This Court hereby retains jurisdiction for the purposes provided for in the Plan, for such other purposes as may be necessary to aid in the confirmation, consummation and implementation of the Plan, and for any purpose for which this Court previously retained

jurisdiction by any prior order of this Court.

10.    All fees owing to the Office of the Clerk of the Bankruptcy Court must be paid in full within ten (10) days hereof.

11.    All fees due and payable under 28 U.S.C. § 1930 shall be paid on or before the Effective Date of the Plan. Until the final decree is entered in this case, the Debtor shall continue to make its U.S. Trustee quarterly fee payments.



Dated: September 17, 2010
      Central Islip, New York

_____
**Alan S. Trust**
**United States Bankruptcy Judge**