UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------x
In re:                                                              Chapter 11

GLOBAL CONTAINER LINES LTD., et al.,          Case Nos.  09-78585 (AST)
                                                                               09-78584 (AST)
                                                                               09-78589 (AST)
                                                                               09-78586 (AST)
                                                                               09-78587 (AST)
                                                                               09-78588 (AST)
                                                                               09-78590 (AST)

                                      Debtors.
---------------------------------------------------------x

**ORDER GRANTING DEBTORS' THIRD OMNIBUS OBJECTION UNDER SECTION 502 OF THE BANKRUPTCY CODE AND RULE 3007 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE FOR AN ORDER EXPUNGING CLAIM NOS. 6 FILED AGAINST GLOBAL CONTAINER LINES LTD. CLAIM NO. 3 FILED AGAINST SHIPTRADE INC. AND CLAIM NO. 3 FILED AGAINST <u>REDSTONE SHIPPING CORP. AS BEING DUPLICATIVE</u>**

Global Container Lines, Ltd. ("Global"), GCL Shipping Corp. ("GCL"), Shiptrade, Inc. ("Shiptrade"), Gilmore Shipping Corp. ("Gilmore"), Global Prosperity, LLC ("Prosperity"), Global Progress, LLC ("Progress") and Redstone Shipping Corp. ("Redstone"), the debtors and debtors-in-possession herein (the "Debtors"), having brought a Third Omnibus Objection dated May 7, 2010, under 11 U.S.C. § 502 and Rule 3007 of the Federal Rules of Bankruptcy Procedure for an order expunging certain duplicative claims and claims filed against the wrong Debtors and/or allowing such claims against different Debtors (the "Objection"); and

The Debtors having properly served the Objection on all claimants affected by the Objection at the addresses set forth in their respective proofs of claim, the Office of the United States Trustee for the Eastern District of New York, and counsel for the Creditors' Committee and all persons or entities who filed a Notice of Appearance; and

A reply to the Objection having been filed on June 7, 2010 (the "Reply") by Arthur

Weiss. ("Weiss") asserting that his proofs of claim against Global No. 6, Shiptrade No. 3 and Redstone No. 3 were valid claims against each of those respective Debtors; and

A hearing having been held on June 9, 2010 and again on August 4, 2010 with respect to the relief sought in the Objection and the Reply, and the Court having heard the arguments of all parties present at the hearing; and

The Court having determined that good and proper notice of the relief sought in the Objection and the June 9, 2010 and August 4, 2010 hearings was made in accordance with the Bankruptcy Code and the Bankruptcy Rules and that cause exists to grant the relief sought in the Objection;

NOW, THEREFORE, in consideration of the foregoing, it is hereby ordered as follows:

1. The following claims, which was included in Exhibit "B" to the Objection, be, and hereby are, expunged on the grounds that they are filed against the wrong Debtor or otherwise duplicative:

| **CREDITOR** | **DISALLOWED CLAIM(S)** | **BASIS OF OBJECTION** |
|---|---|---|
| Arthur J. Weis | Global No. 6 Shiptrade No. 3 | Filed against wrong Debtor (¶s 6-10 of Objection) |

2. The following claim, which was also included in Exhibit "B" to the Objection be, and hereby is, allowed against Redstone as set forth below:

| **CREDITOR** | **ALLOWED CLAIM**[1] |
|---|---|
| Arthur J. Weis | Redstone No. 3 |

---

[1] As set forth in the Objection, the Debtors reserve the right to file additional objections including, without limitation, objections as to the validity, amount, classification and status of any claim in the Debtors' cases including, without limitation, the claims that are subject of, or affected by, the Objection, and deeming these claims as Allowed Claims herein does not constitute a waiver of the Debtors' rights to further object to such claims.

3. The Debtors have withdrawn their objection to Weiss' Claim No. 3 against Redstone to enable Weiss to continue to assert his alleged claim against the proceeds of the Debtors' insurance policy with U.K. Protection & Indemnity (P&I) Club for the M/V Global Patriot Group 4987 (the "Policy"). Nothing in this Order shall alter, amend, abrogate or effect, in any manner, Weiss' right to assert his alleged claim against the Policy subject to all of the Debtors' or their insurers' rights to challenge the validity of Weiss's alleged claim pursuant to the terms and provisions of the Policy.

**Dated: September 17, 2010**
**Central Islip, New York**

**Alan S. Trust**
**United States Bankruptcy Judge**