```
------------------------------------X
                                    : 09-78585
In re:                              :
                                    : 290 Federal Plaza
      GLOBAL CONTAINER LINES, LTD., : Central Islip, New York
                                    :
                  Debtor.           : September 15, 2010
------------------------------------X
```

TRANSCRIPT OF CONFIRMATION AND STATUS HEARING;
MOTIONS TO OBJECT/RECLASSIFY/REDUCE/EXPUNGE CLAIMS;
MOTION TO ALLOW CLAIMS
BEFORE THE HONORABLE ALAN S. TRUST
UNITED STATES BANKRUPTCY JUDGE

APPEARANCES:

| | |
|---|---|
| For the Debtor: | MATTHEW G. ROSEMAN, ESQ.<br>Cullen & Dykman, LLP<br>100 Quentin Roosevelt Blvd.<br>Garden City, NY 11530 |
| For the Creditors<br> Committee: | ADAM P. WOFSE, ESQ.<br>Lamonica, Herbst & Maniscalco LLP<br>3305 Jerusalem Avenue<br>Wantagh, NY 11793 |
| For the United States: | THOMAS A McFARLAND, ESQ.<br>U.S. Attorneys Office, EDNY<br>147 Pierrepont Plaza, 14th Floor<br>Brooklyn, NY 11201 |
| For the US Trustee: | STAN YANG, ESQ.<br>US DEPARTMENT OF JUSTICE<br>560 Federal Plaza<br>Central Islip, NY 11722 |
| For Keybank: | PAUL A. LEVINE, ESQ.<br>Lemery Greisler LLC<br>50 Beaver Street<br>Albany, NY 12207 |

[Appearances continue next page.]

Proceedings recorded by electronic sound recording,
transcript produced by transcription service

APPEARANCES CONTINUED:

For Bank of Pakistan:    ALFRED YUDES, ESQ.
Watson Farley & Williams LLP
1133 Avenue of the Americas
11th Floor
New York, NY 10036

For Seacastle:    J. Stephen Simms
Simms Showers, LLP
20 S. Charles Street, Suite 702
Baltimore, MD 21201

Court Transcriber:    MARY GRECO
TypeWrite Word Processing Service
211 N. Milton Road
Saratoga Springs, NY 12866

1          THE CLERK:  Case number 09-78585, <u>Global Container</u>
2 <u>Lines, Limited</u>.
3          THE COURT:  All right.  We'll take appearance first
4 in the courtroom.
5          MR. ROSEMAN:  Good morning, Your Honor.  Matthew
6 Roseman; Cullen and Dykman, counsel to the debtor in
7 possession.
8          MR. WOFSE:  Good morning, Your Honor.  Adam Wofse;
9 Lamonica, Herbst and Maniscalco representing the creditors
10 committee.
11          MR. McFARLAND:  Good morning, Your Honor.  Thomas
12 McFarland, Assistant United States Attorney for the United
13 States.
14          MR. YANG:  Good morning, Your Honor.  Stan Yang for
15 the United States Trustee.
16          THE COURT:  All right.  And then on the telephone?
17          MALE SPEAKER:  Good morning, Your Honor.  This is
18 [inaudible].
19          THE COURT:  Was that Mr. Yudes?
20          MR. LEVINE:  Paul Levine; Lemery Greisler, LLC
21 [inaudible].
22          MR. YUDES:  Your Honor, this is Alfred Yudes; Watson,
23 Farley and Williams for the National Bank of Pakistan.
24          THE COURT:  All right.  We need the --
25          MALE SPEAKER:  [Inaudible], Your Honor, for

McAllister and Seacastle.

THE COURT:  We need the first person who announced to restate their announcement.  We didn't get your name clearly.

MR. LEVINE:  Your Honor, I believe that was me.  Paul Levine; Lemery Greisler for Keybank National Association.

THE COURT:  All right.  Mr. Roseman?

MR. ROSEMAN:  Good morning, Your Honor.  This is the -- the first matter on the calendar is the confirmation of this confirmation hearing for the debtor's second amended Chapter 11 plan dated August 18, 2010.  A certification of ballots has been submitted to the Court and the plan has been overwhelmingly accepted by the creditor classes.  Two classes of creditors entitled to vote did vote.  Class two comprised of the secured creditor National Bank of Pakistan voted for the plan with a claim of $9,133,165.68.  Class three, the general unsecured creditor class, voted in favor of the plan unanimously.  12 creditors voted in favor of the plan with a total claims amount of $16,356,486.68.

I think there's been an overwhelming support of this plan and this process has been a true reorganization.  When this debtor filed they were a container lining company business primarily with a special project aspect of their business. With the downturn in the economy that container line business came to a halt.  Through the process of Chapter 11 we were able to liquidate significant assets including three vessels,

1  various containers and stevedoring equipment and shift our

2  focus to the special project aspect where we did work for the

3  United Nations.

4         We faced a significant bump in this road when the

5  United Nations suspended our ability to participate in tenders

6  but through the efforts of management of the company who's here

7  in Court today, Your Honor, Messrs. Kazem Paksima, Ali Paksima,

8  [unintelligible] and Steven Ireman [Ph.] the retained CPA and

9  counsel for the debtor.  We were able to negotiate and really

10 push the United Nations to reinstate the debtor.  Initially

11 they were reinstated as a low level one creditor.  They had

12 been up to a level three participant which allows them to bid

13 on projects up to $5 million.  They have been awarded tenders

14 in that recently and we are competing for other tenders.  It is

15 submitted the that plan complies with all applicable aspects of

16 1129 of the Bankruptcy Code.

17        We meet 1129(a)(1) where the plan must comply with

18 applicable provisions of the Bankruptcy Code.  This is a

19 consensual plan.  It's been solicited pursuant to the Court's

20 orders and response has been overwhelming in favor of the plan.

21        The debtor's plan complies with 1129(a)(2).  The plan

22 proponent has complied with all applicable provisions of the

23 code.  We have solicited votes and received those votes.

24        We've complied with 1129(a)(3) as the plan has been

25 proposed in good faith and is not forbidden by any means by

1  law.  This has been a consensual plan well negotiated with the

2  various constituents, with the creditors committee and

3  creditors committee counsel, with Keybank and with National

4  Bank of Pakistan.  It is providing what we estimate to be a 26%

5  return to creditors.  Upon review of the liquidation analysis,

6  which nobody has challenged, that far exceeds what would be

7  available in a liquidation.  In fact, in a liquidation it is

8  clear that there would be nothing available for unsecured

9  creditors.

10        We comply with 1129(a)(4) as all payments of

11  professional fees that are made from the estate assets must be

12  subject to review and approval of the Bankruptcy Court for

13  reasonableness.

14        Likewise, we comply with 1129(a)(5).  The plan

15  proponent has disclosed the identity and affiliation of all

16  officers and this has been an issue that was very important to

17  the National Bank of Pakistan that management stay in tact and

18  has been done through negotiations with the committee as this

19  is in effect a pot plan.  The officers will not be receiving

20  raises other than a cost of living increase during the course

21  of the payment to unsecured creditors.

22        In this case 1129(a)(6) is not applicable.  There's

23  no government regulatory commission involved in the

24  jurisdiction.

25        We have complied with 1129(a)(7) in that creditors of

1    class claims two and three have voted unanimously to accept the

2    consensual plan.  The holders of class four pre-petition equity

3    has deemed to reject the plan if they are receiving and

4    retaining nothing under the plan and it is submitted that they

5    are treated fairly and equitably as their equity interest has

6    no value as of the date of the plan and date of the petition

7    and they have not objected to this treatment.

8          With respect to 1129(a)(8), we have the voting

9    classes of creditors accepting the plan and to the extent the

10   insider class A4 has not, we believe the plan can be confirmed

11   pursuant to 1129(b).

12         We comply with 1129(a)(9) as the plan allows for all

13   priority claims to be paid on the effective date of the plan.

14   The debtor has filed its operating reports, has sufficient

15   cash, receivables and business prospects to meet all of the

16   obligations called for under the plan.

17         We have complied with 1129(a)(10) as at least one

18   impaired class of claims has approved the plan.  In this case

19   we have the two voting classes unanimously approving the plan.

20         We also believe we comply with 1129(a)(11) as to

21   feasibility.  This is a debtor that has truly restructured its

22   business.  We have an available line of credit with the

23   National Bank of Pakistan of approximately $7 million.  We have

24   one tender that has been awarded to us and we are competing and

25   hopeful to receiving several million dollars more in business

1   very shortly with the Bank of Pakistan's line of credit.  We

2   have the ability to service these contracts and perform under

3   those contracts.

4           We complied with 1129(a)(12) as the plan provides for

5   all fees due pursuant to 28 USC 1930 to be paid.  In fact, this

6   morning I presented to Mr. Yang various checks for trustee

7   fees.

8           1129(a)(13) does not apply as there are no retiree

9   benefits in this case.  Likewise, (a)(14) does not, 1129(a)(14)

10  does not apply as there are no domestic support obligations.

11  (a)(15) does not apply as there are no -- it's not an

12  individual case.  This is a corporate case.  (a)(16) does not

13  apply as we are not transferring property under the plan,

14  though if we were to transfer property under the plan we would

15  comply with all applicable law.

16          I would submit that cause exists to confirm this plan

17  of reorganization.  It's a good plan.  It resolves several

18  issues with some well represented constituencies.  I would ask

19  that the Court enter the consensual confirmation order that was

20  negotiated with the trustee's office and with creditors

21  committee as well as bank counsel on the phone that has been

22  submitted to the Court.

23          THE COURT:  In terms then of the confirmation record

24  I'm going to admit as Exhibit 1 to this record the plan ballot

25  certification which is ECF docket 219.  In terms of a proffer

1  in support of confirmation, Mr. Roseman, do you want one of the

2  business representatives of the debtor to make that proffer?

3          MR. ROSEMAN:  Your Honor, I could call Mr. Paksima or

4  I can make a proffer on the record that he would testify as I

5  have recited to the Court.

6          THE COURT:  The latter will be fine if no party in

7  interest objects.  All right.  Then Mr. Paksima, if you will

8  come up.  You said designated.  Which of the two?

9          MR. ROSEMAN:  Kazem Paksima.

10         THE COURT:  All right.  Come up to where Mr. Roseman

11  is and raise your right hand to be sworn by the court reporter.

12  (DEBTOR'S WITNESS, KAZEM PAKSIMA, WAS DULY SWORN.)

13         THE CLERK:  Please state your name.

14         THE WITNESS:  My name is Kazem Paksima, P-A-K-S-I-M-

15  A.  I'm the president of Global Container Lines, Limited.

16         THE COURT:  All right.  Mr. Paksima, good morning.

17  Have you heard the statements made by Mr. Roseman, the attorney

18  for the debtors here on the record this morning?

19         THE WITNESS:  Yes, Your Honor.

20         THE COURT:  And do you adopt those statements as your

21  own testimony in support of confirmation of this plan?

22         THE WITNESS:  Yes, Your Honor.

23         THE COURT:  Are those statements true and correct.

24         THE WITNESS:  Yes, Your Honor.

25         THE COURT:  Is there any party in interest who wishes

1  to cross examine Mr. Paksima on the proffer?

2          MR. McFARLAND:  No, Your Honor.

3          MR. YANG:  No.

4          MR. WOFSE:  No.

5          THE COURT:  Very well.  Thank you, Mr. Paksima.  You

6  may be seated.

7          All right.  Mr. Wofse, any comment from the creditors

8  committee on the confirmation?

9          MR. WOFSE:  Just for purposes of the record, Your

10 Honor, good morning, Adam Wofse; Lamonica, Herbst and

11 Maniscalco.

12         The committee fully supports the plan pursuant to

13 debtor's counsel's certification.  All votes were cast by the

14 general unsecured creditors in favor of the plan.  The

15 committee did work diligently with debtor's counsel to arrive

16 at this day.  We're very pleased to hear about the ongoing

17 progress with the U.N.  Upon confirmation they'll be further

18 elevated to pre-petition business transaction levels regarding

19 tenders.

20         The committee submits that the plan complies with

21 Section 1129 of the Bankruptcy Code.  We respectfully ask the

22 Court to enter the order confirming the plan.

23         THE COURT:  All right.  Then Mr. Yang?

24         MR. YANG:  Your Honor, the party has diligently

25 negotiated the terms of the plan and the payment terms as well.

Your Honor, we reviewed the proposed order of confirmation.
We're satisfied with the terms which is described pursuant to
their plan.  We have no objection and we're in support of the
confirmation.

THE COURT:  All right.  Any other party in interest
wish to be heard on confirmation?

MR. LEVINE:  Your Honor, Paul Levine for Keybank
National Association.

Your Honor, we had filed an objection to confirmation
and a motion for temporary allowance of claim.  Those matters
are now fully resolved with the presentation of the stipulation
between Keybank and the debtor which we understand pursuant to
the agreed final order will be incorporated in the confirmation
order and that will fully resolve all of the issues that
Keybank had with the plan and the Court confirmation.

THE COURT:  All right.  Mr. Wofse, is the committee
familiar with the resolution with Keybank and do you all have
any opposition to it?

MR. WOFSE:  No opposition.

THE COURT:  Mr. Yang?

MR. YANG:  Your Honor, I would not take a position
but I understand it's incorporated into the plan and we don't
have an objection to the confirmation order.

THE COURT:  All right.  All right.  Then mechanically
first turning to docket item 221 which is the proposed

1  stipulation between the debtor and Keybank National Association

2  resolving the Keybank plan objection issues and claim

3  liquidation issues, the Court will so order the stipulation

4  between the debtor and Keybank and will make that stipulation

5  then a part of the confirmation record.  There being no

6  objection to the plan, the debtor having demonstrated that the

7  creditors entitled to vote who have voted on the plan have

8  voted overwhelmingly to support confirmation of the plan the

9  Court does then find that confirmation is appropriate.  The

10  debtor has satisfied each of its statutory requirements to

11  obtain confirmation including satisfaction of all applicable

12  provisions of Title 11 and Chapter 11.  The Court does find

13  that the plan is in the best interest of the creditors, was

14  proposed in good faith and otherwise meets the applicable

15  statutory criteria.  So I will enter an order confirming the

16  Chapter 11 plan.

17          In terms of the specific language of the plan, I

18  recognize that you all have attempted to work out the specific

19  language in the plan.  There are three minor changes though

20  that I'm going to direct Mr. Roseman be made to the order and

21  then resubmit it.  They're all on the timing mechanics found on

22  Page 6 of the proposed order, in Paragraphs 3, 4, and 5 dealing

23  with the admin claim bar date, the fee claim deadline, and the

24  rejection damage claim.  Those should all be 60 days from the

25  confirmation date, the confirmation date already being defined

in the plan. So if you will make those revisions and then
submit the order. Again, 60 days will be the deadline at each
of Paragraphs 3, 4, and 5 on Page 6 for admin claims, fee
claims, and rejection damage claims.

So I know we have some other matters on the calendar
to take up on Global so we'll take those up now in their order
and then I'll address the debtor generally after.

MR. ROSEMAN: Thank you, Your Honor. The next matter
on the calendar is the status conference. As to Global
Container Lines, Limited we have just confirmed a plan of
reorganization. As to Global Prosperity and Global Progress,
LLC we have come to terms with the record keeping that the
trustee has requested and we will be uploading orders to
dismiss those cases. The remaining cases other than Gilmore,
the creditors committee professional, the accounting
professional is concluding its Chapter 5 analysis to see
whether we'll be dismissing those cases or filing plans of
liquidation and we expect to be filing a plan of liquidation in
the Gilmore case shortly.

The remaining matters on the calendar are claims
objections. The first claim objection is the fourth omnibus
objection and these address what we believe to be misfiled or
mischaracterized claims. We are withdrawing our objection to
claim number 30 of McAllister Towing. The remainder of the
claimants have been served with a motion and we've had no

1  opposition, we've had no inquiry.  I would ask that the order

2  attached to this motion be entered.

3           THE COURT:  Hang on one second.  Let me catch up to

4  you.  All right.

5           On the fourth omnibus claims objections, this is the

6  fourth motion to object to claims.

7           MR. ROSEMAN:  Yes.

8           THE COURT:  All right.  So then the debtor wants to

9  withdraw the objection as to McAllister?

10          MR. ROSEMAN:  Correct, Your Honor.

11          THE COURT:  That is claim number 30?

12          MR. ROSEMAN:  Correct.

13          THE COURT:  There does not appear to be a response

14  from any of the other claim holders.

15          MR. ROSEMAN:  There have been none.  We've had no

16  contact with their office.  They've been duly served and have

17  notice of the claims objection.

18          THE COURT:  All right.  Is there any other party in

19  interest who wishes to be heard on the fourth claim objection?

20  All right.  Then the Court, finding that notice was appropriate

21  as to each of the claimants being the subject of the fourth

22  claim objection which is docket item 187.  We'll enter an order

23  granting each of the objections with the exception of claim 30

24  filed by McAllister which has been withdrawn.

25          Mr. Roseman, we'll need you to submit an order --

1          MR. ROSEMAN:  Yes, Your Honor.

2          THE COURT:  -- to that effect.  I don't see that one

3    was uploaded.

4          MR. ROSEMAN:  We will.  I don't believe the claims

5    objection orders have been uploaded.  They were annexed to the

6    motion themselves and we'll upload conformed orders this

7    afternoon.

8          THE COURT: All right.  Thank you.

9          MR. ROSEMAN:  The next objection to claims on the

10   calendar is the motion to reclassify the Seacastle claim.

11   Seacastle's attorney is on the phone, Mr. Simms.  He's

12   consented to the relief and we've asked that the order and the

13   form annexed to the motion be ordered or authorized and we will

14   upload an appropriate order.

15         THE COURT:  Mr. Simms?

16         MR. SIMMS:  Yes, sir, that's correct.

17         THE COURT:  All right.  That is the Seacastle claim

18   number 28.

19         MR. ROSEMAN:  Correct, Your Honor.

20         THE COURT:  So the parties have agreed that the claim

21   will be reclassified as a general unsecured claim?

22         MR. ROSEMAN:  Correct, Your Honor.

23         THE COURT:  All right.  Then if you would submit an

24   order to that effect.  Again, even though orders may come in

25   attached to the motions, we don't process them that way.  They

1  need to be electronically submitted.

2          MR. ROSEMAN:  I understand, Your Honor.  Sometimes in

3  Court hearings the form of order changes, so after the

4  hearings, I upload them.

5          THE COURT:  All right.  So we'll look then for an

6  order granting the reclassification of the Seacastle claim

7  number 28.  Mr. Simms, you're welcome to hang up if you would

8  like.

9          MR. SIMMS:  Yes, sir.  Thank you very much.

10          THE COURT:  All right.  Thank you.

11          MR. SIMMS:  Bye-bye.

12          MR. ROSEMAN:  The next item on the calendar is the

13  motion to reclassify and reduce the amount of the Keybank claim

14  number seven, and that has been resolved by our stipulation.

15          THE COURT:  All right.  Then number seven, the

16  Keybank claim objection, is marked as settled and the Court

17  will so order the stipulation.

18          MR. ROSEMAN:  Thank you, Your Honor.  The next matter

19  on the calendar is a motion to reduce in a relatively small

20  amount the Key Equipment claim.  We have no objection to that

21  relief and I'd ask that the form of order be approved and I'll

22  upload an appropriate order this afternoon.

23          MR. LEVINE:  Your Honor, Paul Levine.  That's

24  correct. Key Equipment Finance claim, we have no objection to

25  that.

1        THE COURT:  All right.  So then the objection on Key

2  Equipment, claim number eight, will be granted.  So we need an

3  order to that effect.

4        MR. ROSEMAN:  Thank you, Your Honor.  The remaining

5  motion on claims is an objection to the US Department of

6  Agriculture claim to reclassify and reduce claim number 27.

7  Management has reviewed the documents provided by the US

8  Attorney's Office and we agree with their analysis and we would

9  like -- we accept their analysis that the claim should be

10  reduced to $175,024.78 and reclassified as a general unsecured

11  claim.  We've advised the US attorney of that.

12        THE COURT:  Mr. McFarland?

13        MR. McFARLAND:  That is correct, Your Honor.  We have

14  agreed.

15        THE COURT:  All right.  So just give me the amount

16  again that the claim will be allowed for.

17        MR. ROSEMAN:  $175,024.78.

18        THE COURT:  All right.  The Court also accepts that

19  resolution.  So submit an order to that effect and we'll enter

20  that for you.

21        MR. ROSEMAN:  Thank you, Your Honor.  I believe that

22  concludes the calendar matters for Global Container Lines.

23        MR. McFARLAND:  Thank you.

24        THE COURT:  Thank you, Mr. McFarland.  Let me just

25  take one or two extra minutes then, all right, just to take a

1  moment to just express to the debtor what Mr. Roseman indicated

2  during part of his presentation is correct.  It's very rare

3  that companies that enter Chapter 11 actually emerge from

4  Chapter 11.  Even more rare that they emerge in anything

5  similar to the form in which they came into bankruptcy as.  So

6  your company is in a very small minority of business operations

7  that actually make it through the bankruptcy process.  As you

8  all have probably learned during the process, this is a time

9  consuming cumbersome oftentimes difficult but always expensive

10 process for any company to go through.  So the Court expresses

11 its appreciation both to the work that you all have done and

12 that the professionals in the case have done to get this case

13 to the point you can now emerge and resume your operations at

14 least at the confirmed entity level without having to worry

15 about what's happening over at the Bankruptcy Court every now

16 and then.  So congratulations are due to you all and I wanted

17 to express that to you.  Again, my appreciation to the

18 professionals for the work that's been done in taking the case

19 through the various complications it's had to get to this point

20 today.

21         All right.  Then Mr. Roseman, we'll look for the

22 various orders on the motions as resolved on the record today.

23 It would seem that on the cases which do remain not dismissed

24 we should probably set a further status conference just to keep

25 track of that.  We can do that either out here or back in

1  Brooklyn.  Either is fine with the Court.

2        MR. ROSEMAN:  I'd prefer out here.  I think most of

3  the professionals in the case are Long Island born with the

4  exception of Mr. Yudes.

5        THE COURT:  Well, Mr. Yudes, we'll go ahead and

6  schedule the next matter out here in Central Islip.  Again, if

7  you're still needing to appear by telephone for that, just

8  follow the same protocol and make that request.  That certainly

9  has not been a problem for the Court and I do not expect that

10  to be a problem going forward.  So let me get you all an

11  adjourn date.

12        MR. YUDES:  Thank you, Your Honor.

13        THE COURT:  Mr. Wofse, do you anticipate that if we

14  set that hearing about 30 or 40 days out that the committee

15  will have been able to have completed its work to determine

16  whether dismiss, convert, liquidate --

17        MR. WOFSE:  Your Honor, I apologize, that's hard to

18  say.  The accountants need to do their second leg.  I'm not

19  sure if the accountants anticipate if it's going to be a short

20  process or a longer process.  We could certainly set one if you

21  feel maybe an adjournment is appropriate.  We could do that or

22  come in and report the status where we are within the next four

23  weeks.  I certainly expect that the committee's accountants

24  will be in there as soon as next week.

25        THE COURT:  All right.  So then we'll look to late

1  October.  All right.  October 20th at 9:30.  That will be for

2  status in the remaining, what I'll call the remaining cases.

3          Mr. Roseman, if your office would file a letter and

4  give notice to the appearance parties in each of the remaining

5  debtor cases of the adjourned status conference.

6          MR. ROSEMAN:  I will do that, Your Honor.

7          THE COURT:  All right.  Anything else then for today

8  on Global?  All right.  Very well.  Thank you all.

9          ALL:  Thank you, Your Honor.

10                        *  *  *  *  *  *

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1    I certify that the foregoing is a court transcript from an

2  electronic sound recording of the proceedings in the above-

3  entitled matter.

4

5                              _____

6                                        Mary Greco

7  Dated:   September 24, 2010

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25