LaMonica Herbst & Maniscalco, LLP
3305 Jerusalem Avenue
Wantagh, NY 11793
516. 826.6500
Adam P. Wofse, Esq.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x

| | |
|---|---|
| In re: | Chapter 11 |
| GLOBAL CONTAINER LINES LTD., <u>et al.</u>, | Case Nos.   09-78585-AST |
| | 09-78584-AST |
| | 09-78589-AST |
| | 09-78586-AST |
| | 09-78587-AST |
| | 09-78588-AST |
| | 09-78590-AST |
| | (Jointly Administered) |
| Debtors. | |

-------------------------------------------------------------------x

**SECOND INTERIM AND FINAL APPLICATION FOR ALLOWANCE OF
COMPENSATION AND REIMBURSEMENT OF EXPENSES BY LAMONICA HERBST
& MANISCALCO, LLP, COUNSEL TO THE OFFICIAL COMMITTEE
OF UNSECURED CREDITORS**

TO THE HONORABLE ALAN S. TRUST,
UNITED STATES BANKRUPTCY JUDGE:

LaMonica Herbst & Maniscaclo, LLP ("LHM" or "Applicant"), as counsel to the Official Committee of Unsecured Creditors (the "Committee") of Global Container Lines Ltd., <u>et al</u>., (the "Debtors"), does hereby submit this application (the "Application") for allowance of interim and final compensation and reimbursement of expenses pursuant to 11 U.S.C. §§ 330 and 331. In support of this Application, the Applicant represents and alleges as follows:

**LHM's APPLICATION FOR THE CURRENT APPLICATION PERIOD**

1.      During the period of May 1, 2010 through September 17, 2010 (the "Application

Period"), LHM has expended 116.10 hours in rendering professional services to the Committee. The total normal time charges for legal services rendered to the Committee by LHM for this period are $42,710.00. The mixed hourly rate for the services performed is $367.87 per hour. LHM is also seeking reimbursement of expenses in the amount of $253.18 necessarily and reasonably incurred in the performance of its duties on behalf of the Committee.

## BACKGROUND

2. On November 11, 2009, the Debtors filed voluntary petitions for reorganization under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Eastern District of New York (the "Court").

3. The Debtors remain in possession of their property and continue in the operation and management of their businesses as debtors-in-possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

4. By Order dated on or about November 13, 2009, the Court authorized the joint administration of the Debtors' Chapter 11 cases pursuant to Rule 1015(b) of the Bankruptcy Rules.

5. On December 29, 2009, the United States Trustee appointed three (3) entities to the Committee, pursuant to Section 1102(a)(1) of the Bankruptcy Code, to represent the interests of the unsecured creditors of the Debtors' estates. Thereafter, the Committee selected LHM as counsel to represent the Committee in these Chapter 11 cases, and by Order of the Court dated January 25, 2010 (the "LHM Retention Order"), the retention of LHM as counsel to the Committee was approved. Annexed hereto as **Exhibit "A"** is a copy of the LHM Retention Order.

6. By Order dated September 17, 2010, the Court approved and confirmed the Debtor's Second Amended Chapter 11 Plan of Reorganization.

7. The Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

## INTRODUCTION

8. The Applicant is a firm of twelve (12) attorneys concentrating in the practice of, among other concentrations, bankruptcy and insolvency related matters. In this regard, the Applicant has extensive experience in representing Committees in bankruptcy proceedings before the Bankruptcy Courts in both the Eastern and Southern Districts of New York. As a result of Applicant's extensive experience, Applicant submits that the legal services it rendered in the instant cases, as set forth below, were efficient, economical, and beneficial to the Committee and the unsecured creditors.

9. Applicant maintains records of time spent by attorneys performing legal services on behalf of the Committee (the "Time Records"). The Time Records are made contemporaneously with the rendering of services and in the ordinary course of the Applicant's practice. The time records reflect the name of the attorney, the date on which the services were performed, the services rendered, the hourly billing rates and the time expended performing such services during the Application Period. The Applicant respectfully refers the Court to the Time Records for the details of all work performed on behalf of the Committee, which is annexed hereto as **Exhibit "B"**.

10. In addition, Applicant maintains records of all actual and necessary out-of-pocket expenses it incurs. Annexed as **Exhibit "C"** is a schedule reflecting the categories of expenses and amounts for which reimbursement is requested.

## GENERAL DESCRIPTION OF SERVICES RENDERED

11. During the period of LHM's representation of the Committee, the services rendered

can be summarized as follows:

    (a)    Communicated with the United Nations (the "UN") concerning the (i) status of the case (ii) the Debtor's business operations (iii) formulation of the Plan and approval process in connection therewith and (iv) Debtor's vendor status with the UN and UN contract tenders to the Debtor.

    (b)    Conferred with the accountants to the Committee concerning (i) the Debtor's business operations (ii) a review and analysis of the Debtor's pre-petition transfers for potential avoidance and recovery for the benefit of the estate's creditors and (iii) the Debtor's plan projections.

    (c)    Reviewed mortgage and related recording documents concerning the National Bank of Pakistan's mortgage lien against the two (2) ships of the related Debtors being sold, for which the Debtor issued a guarantee, in order to assess the validity, perfection and potential avoidability thereof.

    (d)    Reviewed an insurance claim of related debtor Gilmore and assessed the prospects of litigation in pursuit thereof for the benefit of the estate's creditors.

    (e)    Reviewed the Sixth Amendatory financing agreement and Restated Loan Agreement prepared and negotiated by and between the Debtor and the National Bank of Pakistan, and provided comments to the Debtor in connection therewith.

    (f)    Conferred with Debtor's counsel concerning a foreign Court attachment of the Debtor's assets.

    (g)    Reviewed all filed operating reports of the Debtor.

    (h)    Reviewed the multiple omnibus motions objecting to claims filed by the Debtor, appeared at the hearing thereon, and reviewed the Orders entered granting the relief

requested in the motions.

   (i) Reviewed a stipulation between the Debtor and Key Bank concerning its claims in the case.

   (j) Prepared and filed LHM's first interim fee application and appeared at the hearing in support thereof.

   (k) Reviewed an objection to the application for compensation filed by Debtor's counsel and reviewed the Debtors' reply thereto.

   (l) Reviewed the Debtors' multiple motions to dismiss the cases of certain related debtors, and reviewed and conferred with the accountants to the Committee concerning the claims and assets, if any, of each estate subject to a motion to dismiss.

   (m) Reviewed the Debtor's plan of reorganization (the "Plan") and disclosure statement.

   (n) Conferred with the Committee and certain creditors concerning the Debtor's Plan and disclosure statement.

   (o) Negotiated extensively with Debtor's counsel and proposed revisions concerning the terms and provisions of the Debtor's Plan (the "Amended Plan") and Disclosure Statement (the "Amended Disclosure Statement"), which included a comprehensive review of the Debtor's projections and protracted negotiations concerning the Debtor's proposed payout to unsecured creditors.

   (p) Appeared at the hearings seeking Court approval of the adequacy of the Amended Disclosure Statement.

   (q) Reviewed the ballot proposed by the Debtor in connection with the solicitation

of acceptances of the Amended Plan, and conferred with a multitude of creditors concerning the Amended Plan and inquiries regarding voting in connection therewith.

(r)     Prepared a letter on behalf of the Committee in support of the Amended Plan for the benefit of all creditors.

(s)     Reviewed the limited objection of Key Bank in connection with the Amended Plan and the stipulation (i) resolving its claim dispute with the Debtor and (ii) withdrawal of such objection.

(t)     Reviewed the Debtor's certification of the ballots and participated at the hearing in support of confirmation of the Amended Plan.

(u)     Reviewed and assisted the Debtor with the negotiation of the Order confirming the Amended Plan.

(v)     Appeared at and participated in all status conferences and hearings before the Court in these cases.

(w)     Responded to all creditor inquiries regarding the status of the case.

12.     Throughout the Application Period, Applicant provided, on behalf of the Committee, critical legal services which were instrumental to the success of this case. Applicant communicated with Debtor's counsel on a frequent basis in order to provide the Committee's input and comments concerning the Debtor's operations as a going concern and the formulation of the Amended Plan, including the payment structure to the general unsecured creditors. With the active involvement of the Committee and Applicant as its legal representative, the Committee had an influential voice in this Chapter 11 case and played a vital role in the confirmation of the Amended Plan and the hopeful continued success of the Debtor post-confirmation.

## THE PRIOR COMPENSATION PERIOD

13. Applicant rendered beneficial legal services to the Committee for the prior period of January 5, 2010 through April 30, 2010. Applicant duly filed a first interim fee application dated May 7, 2010 (the "First Application") **[Docket No. 164]** seeking allowance of legal fees and reimbursement of expenses as more fully set forth below. The Court and all interested parties are respectfully referred to the First Application for the details thereof and such First Application is fully incorporated herein by reference.

14. In connection with Applicant's First Application, compensation and reimbursement of expenses were sought by Applicant and awarded to Applicant by Order of the Court dated June 25, 2010 as follows:

> Legal fees requested: $58,405.00
> Експenses requested:  $    510.38
> **Legal fees and expenses awarded by the Court: $47,729.00[1]**

15. Applicant seeks allowance, on a final basis, by this Court of the above-mentioned interim fees previously awarded, as well as the unpaid compensation from the First Application.

## BASIS FOR THE RELIEF REQUESTED

16. The Applicant respectfully submits that an examination of the specific services rendered on behalf of the Committee in light of the applicable statutory provisions and case law demonstrates that this Application should be granted.

**A.    Legal Services**

17. Pursuant to § 330 of the Bankruptcy Code, after notice and a hearing the Bankruptcy

---

[1] Compensation and reimbursement of expenses were capped by the Court based upon a Court authorized carve out for all professionals in the aggregate sum of $400,000.00. The shortfall of unpaid compensation for which an award is sought on a final basis is in the amount of **$11,186.38.**

7

Court may award a professional person employed under section 327 "(A) reasonable compensation for actual, necessary services rendered by the . . . attorney and by any paraprofessional person employed by any such [attorney]; and (B) reimbursement for actual, necessary expenses." 11 U.S.C. § 330(a)(1)(A) and (B). The statute further provides that

> [i]n determining the amount of reasonable compensation to be awarded, the court shall consider the nature, the extent and the value of such services, taking into account all relevant factors, including:
>
> a. the time spent on such services;
>
> b. the rates charged for such services;
>
> c. whether such services were necessary to the administration of, or beneficial at the time at which the service was rendered towards the completion of, a case under this title;
>
> d. whether the services were performed within a reasonable amount of time commensurate with the complexity, importance and nature of the problem, issue or task addressed; and
>
> e. whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 .S.C. § 330(a)(3).

18.  To determine whether an allowance of compensation and reimbursement of expenses is warranted under Sections 330 and 331 of the Bankruptcy Code, the Court must inquire into the following three general areas:

a. Are the services that are the subject of the application properly compensable as legal services?

b. If so, were they necessary and is the performance of necessary tasks adequately documented?

    c. If so, how will they be valued? Were the necessary tasks performed within a reasonable amount of time and what is the reasonable value of that time?

In re Navis Realty, Inc., 126 B.R. 137, 140 (Bankr. E.D.N.Y. 1991) (citing In re Wildman, 72 B.R. 700, 704-05 (Bankr. N.D. Ill. 1987) and In re Shades of Beauty, Inc., 56 B.R. 946 (Bankr. E.D.N.Y. 1986), aff'd, 95 B.R. 17 (E.D.N.Y. 1988)). See, also, In re Poseidon Pools of America, 216 B.R. 98, 100 (E.D.N.Y. 1997) (affirming lower court and holding Bankruptcy Judge properly examined time entries to determine "(1) whether the services were adequately documented and (2) whether they were actual and necessary.").

**B.**    **Properly Compensable Legal Services**

    19.    The services rendered by the Applicant, as outlined above, are legal services and are properly compensable as such. In making this determination, "the threshold question should be whether the services performed were those which one not licensed to practice law could properly perform for another for compensation." In re Shades of Beauty, 56 B.R. at 949 (citing In re Meade Land & Development Co., Inc., 527 F.2d 280, 284-85 (3d Cir. 1975)).

    20.    As described more fully above, the Applicant performed legal services relating to discrete legal tasks. The services for which the Applicant seeks compensation "are not those generally performed . . . without the assistance of an attorney." In re Minton Group, Inc., 33 B.R. 38, 40 (Bankr. S.D.N.Y. 1983).

**C.**    **Necessary And Actual Services**

    21.    The legal services performed by the Applicant were also "actual" and "necessary" within the meaning of Section 330(a)(1) of the Bankruptcy Code. See 11 U.S.C. 330(a)(1) ("[T]he

court may award to a . . . professional person . . . (A) reasonable compensation for actual, necessary services rendered . . . ."); see, also, In re Wildman, 72 B.R. at 707-08 ("The primary objective of any fee petition is to reveal sufficient data to enable the Court to determine whether the services rendered were . . . actual and necessary."). As the detailed time records indicate, the Applicant "actually" performed the legal services for which it is now seeking compensation. See, In re Wildman, 72 B.R. at 707; In re Shades of Beauty, 56 B.R. at 950.

22.     It is incumbent upon the attorney seeking compensation to prove the necessity of his or her services by addressing such issues as (1) the cost of the legal services in relation to the size of the estate and maximum probable recovery; (2) the extent the estate will suffer if the services are not rendered; and (3) the extent the estate may benefit if the services are rendered and the likelihood of the disputed issues being resolved successfully. See, In re Wildman, 72 B.R. at 707; In re Shades of Beauty, 56 B.R. at 950.

23.     All of the services performed by the Applicant were necessary and beneficial to the Committee and the general unsecured creditors of the Debtors' estates. The Applicant performed services necessary for the Committee to participate, and advance and protect the interests of the unsecured creditors, in these cases.

24.     Based on the above, as well as the detailed Time Records, the Applicant respectfully submits that it has adequately explained "how" and "why" its legal services on behalf of the Committee were rendered, In re Shades of Beauty, 56 B.R. at 950, and that such services were actual and necessary. Fed. R. Bankr. P. 2016.

**D.**     **Value of Services/Extent of Compensation**

25.     The Applicant provided the Committee with effective and competent representation at a reasonable cost. In determining the value of legal services and the extent of compensation, this Court should consider whether the tasks were performed within a reasonable number of hours; whether the requested hourly rate was reasonable; and the cost of comparable services other than in a case under the Bankruptcy Code. See, In re Wiedau's, Inc., 78 B.R. 904, 909 (Bankr. S.D. Ill. 1987); In re Shades of Beauty, Inc., 56 B.R. at 951; In re Wildman, 72 B.R. at 700-01. Legal services for which a firm seeks compensation should be judged by a "standard of economy" which rewards attorneys for "efficiency." In re Shades of Beauty, Inc., 56 B.R. at 51-52. The Applicant submits that the requested compensation is based upon the customary compensation charged by comparably skilled practitioners in cases other than cases under Title 11.

## CONCLUSION

26.     Based upon the foregoing, Applicant believes that the services it has rendered in the instant cases were necessary, effective and beneficial to the Committee and the general unsecured creditors. As a result, Applicant respectfully requests that it be awarded, on a final basis: (a) in connection with this Application and Application Period, legal fees in the amount of $42,710.00, together with the reimbursement of disbursements in the amount of $253.18, for a total award of $42,963.18; (b) previously awarded interim fees and expenses in the total sum of $47,729.00; and (c) legal fees (representing the shortfall and/or holdback) in the sum of $11,186.38.

27.     No agreement or understanding exists between the Applicant or any other person for sharing of any compensation for services rendered in connection with the Applicant's representation of the Committee in the instant cases. Furthermore, no division of compensation will be made by the

Applicant and no action prohibited by §504 of the Bankruptcy Code has been or will be made by the Applicant.

28. No prior application has been submitted to this Court for the relief requested herein.

**WHEREFORE**, Applicant respectfully seeks entry of an order, pursuant to Sections 330 and 331 of the Bankruptcy Code, and Rule 2016 of the Federal Rules of Bankruptcy Procedure, (a) authorizing and approving on a final basis (i) the fees for services performed and expenses disbursed as requested herein for the current interim Application Period, (ii) all previously awarded compensation and expenses, (iii) any unpaid compensation and expenses from such prior period, and (b) granting such other and further relief as the Court deems just and proper.

Dated: Wantagh, New York
 November 10, 2010

        Respectfully submitted,

        **LaMonica Herbst & Maniscalco, LLP**
        Attorneys for the Committee

By:   /s/ Adam P. Wofse
      Adam P. Wofse, Esq.
      3305 Jerusalem Avenue
      Wantagh, New York 11793
      (516) 826-6500

M:\Documents\Company\Cases\Global Container Lines Ltd et al.,\Fee app\2nd interim fee app LHM.doc