UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re: | : | CHAPTER 11 |
| | : | |
| Global Container Lines LTD., et al. | : | Case Nos. 09-78585-AST |
| | : | 09-78584-AST |
| | : | 09-78589-AST |
| | : | 09-78586-AST |
| | : | 09-78587-AST |
| | : | 09-78588-AST |
| | : | 09-78590-AST |
| | : | |
| Debtors. | : | (Jointly Administered) |
| | : | |

**AFFIDAVIT OF CERTIFICATION OF COSTS AND EXPENSES
BY BEDERSON & COMPANY LLP AS ACCOUNTANTS
TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS
FOR THE PERIOD APRIL 7, 2010 THROUGH SEPTEMBER 17, 2010**

1.  I, SEAN RAQUET, am a Certified Public Accountant and a Partner of the firm of Bederson & Company LLP ("B&C") which maintains offices for the practice of accounting and consulting at 347 Mt. Pleasant Avenue, West Orange, New Jersey 07052. B&C has acted as Accountant for an rendered professional services on behalf of the Official Committee of Unsecured Creditors (the "Committee").

2.  This affidavit and certification is being submitted pursuant to the Bankruptcy Rule 2016(a) and in connection with B&C's First Interim Application for an allowance of compensation in the amount of $13,518.00 for professional services rendered by it on behalf of the Committee in these proceedings for the period April 7, 2010 through September 17, 2010 (the "Subject Period") and pursuant to the Revised Guidelines dated January 30, 1996 for Reviewing Applications for Compensation and Reimbursement of Expenses filed under 11 U.S.C. § 330, issued by the United States Trustee (the "Revised Guidelines").

The total normal time charges for accounting services rendered to the Committee by B&C for this period are $13,518.00. The mixed hourly rate for the services performed is $323.40 per hour. B&C is also seeking reimbursement of expenses in the amount of $286.00 necessarily and reasonably incurred in the performance of its duties on behalf of the Committee.

## BACKGROUND

2.      On November 11, 2010, the Debtors filed voluntary petitions for reorganization under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Eastern District of New York (the "Court").

3.      The Debtors' remain in possession of their property and continue in the operation and management of their businesses as debtors-in-possession pursuant to §§ 1107 and 1108 of the Bankruptcy Code.

4.      By Order dated on or about November 13, 2009, the court authorized the joint administration of the Debtors' Chapter 11 cases pursuant to Rule 1015(b) of the Bankruptcy Rules.

5.      On December 29, 2009, the United States Trustee appointed three (3) entities to the Committee, pursuant to §§ 1102(a)(1) of the Bankruptcy Code, to represent the interests of the unsecured creditors of the Debtors' estates. Thereafter, The Committee selected B&C as accountants to represent the Committee in these Chapter 11 cases, and by Order of the Court dated April 22, 2010 (the "B&C Retention Order"), the retention of B&C as accountants to the Committee was approved. Annexed hereto as **Exhibit "A"** is a copy of the B&C Retention Order.

6.      The Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2).

7.      Applicant respectfully submits that the accounting services it rendered in the instant cases, as set forth below, were efficient, economical, and beneficial to the Committee and the unsecured creditors.

8.  As required by the UST Guidelines, annexed hereto as **Exhibit "B"** is (i) a summary sheet that provides a synopsis of the services rendered by B&C, name and billing rate for B&C's professionals, total hours billed and total amount of billing for each person who rendered services to the Committee during the Fee Period and (ii) summary sheets for each category for which B&C is seeking compensation and (iii) the detailed time records maintained by B&C in connection with the services it has provided to the Committee.

9.  In addition, Applicant maintains records of all actual and necessary out-of-pocket expenses it incurs. Annexed as **Exhibit "C"** is a schedule reflecting the categories of expenses and amounts for which reimbursement is requested.

## GENERAL DESCRIPTION OF SERVICES RENDERED

10. During the period of B&C's representation of the Committee, the services rendered can be summarized as follows:

   a) Prepared B&C's retention application as Committee accountants.
   b) Conferred with the counsel to the Committee concerning the Debtors' financial statements and economic projections in connection with a proposed Plan.
   c) Reviewed and analyze the Debtors' monthly operating reports.
   d) Reviewed and analyze the Debtors' financial statements for the years December 31, 2006 through December 31, 2008 in connection with evaluating the Debtors' Plan of Reorganization.
   e) Prepared for and participated in a sit down meeting with the principals of the Debtors and counsel for the Debtors in an effort to discuss the cases on a going forward basis and why past performance is not the best indicator of future performance
   f) Reviewed and analyze the Debtors' records to determine if there are any potential preference actions.

## THE REQUESTED COMPENSATION SHOULD BE ALLOWED

11. Section 330 provides that a court may award a professional employed under section 328 of the Bankruptcy Code "reasonable compensation for actual necessary services rendered ... and reimbursement for actual, necessary expenses." 11 U.S.C. §330(a)(I). Section 330 also sets forth the criteria for the award of such compensation and reimbursement:

> In determining the amount of reasonable compensation to be awarded, the court should consider the nature, extent, and the value of such services, taking into account all relevant factors, including
>
> (A) the time spent on such services;
>
> (B) the rates charged for such services;
>
> (C) whether the services were necessary to the administration of, or beneficial at the time at which the services was rendered toward the completion of, a case under this title;
>
> (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; and
>
> (E) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title. 11 U.S.C. §§ 330(a)(3)

## NOTICE AND PRIOR APPLICATION

12. Notice of this Application has been provided to the United States Trustee, the Debtors, the Debtors' attorneys, counsel to National Bank of Pakistan, counsel to the Creditors' Committee and any other party required to be given notice of the Application pursuant to Bankruptcy Rule 2002. B&C submits that no other or further notice need be provided.

13. The Applicant submits that the relevant legal authorities are set forth herein and that the requirement pursuant to Local Rule 90 13-1 (b) that the Applicant me a memorandum of law in support of this Application is satisfied.

14. No previous application for the relief sought herein has been made to this or any

other Court.

## CONCLUSION

15. Based upon the foregoing, Applicant believes that the services it has rendered in the instant cases were necessary, effective and beneficial to the Committee and the general unsecured creditors. As a result, Applicant respectfully requests that it be awarded in connection with this Application and Application Period accounting fees in the amount of $13,518.00, together with the reimbursement of disbursements in the amount of $286.00, for a total award of $13,804.00.

16. No agreement or understanding exists between the Applicant or any other person for sharing of any compensation for services rendered in connection with the Applicant's representation of the Committee in the instant cases. Furthermore, no division of compensation will be made by the Applicant and no action prohibited by §504 of the Bankruptcy Code has been or will be made by the Applicant.

17. No prior application has been submitted to this Court for the relief requested herein. **WHEREFORE,** Applicant respectfully seeks entry of an order, pursuant to Sections 330 and 331 of the Bankruptcy Code, and Rule 2016 of the Federal Rules of Bankruptcy Procedure, authorizing and approving the fees for services performed and expenses disbursed as requested herein.

Dated: October 27, 2010

West Orange, New Jersey

                                            Respectfully submitted,

                                            **BEDERSON & COMPANY LLP**
                                            Accountants for the Committee

By:    _/s/ Sean Raquet_
       Sean Raquet
       A Member of the Firm
       347 Mt. Pleasant Avenue
       West Orange, New Jersey 07052
       (973) 736-3333

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re: | : | CHAPTER 11 |
| | : | |
| Global Container Lines LTD., et al. | : | Case Nos. 09-78585-AST |
| | : | 09-78584-AST |
| | : | 09-78589-AST |
| | : | 09-78586-AST |
| | : | 09-78587-AST |
| | : | 09-78588-AST |
| | : | 09-78590-AST |
| | : | |
| Debtors. | : | (Jointly Administered) |
| | : | |

**AFFIDAVIT OF CERTIFICATION OF COSTS AND EXPENSES
BY BEDERSON & COMPANY LLP AS ACCOUNTANTS
TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS
FOR THE PERIOD APRIL 7, 2010 THROUGH SEPTEMBER 17, 2010**

1.  I, SEAN RAQUET, am a Certified Public Accountant and a Partner of the firm of Bederson & Company LLP ("B&C") which maintains offices for the practice of accounting and consulting at 347 Mt. Pleasant Avenue, West Orange, New Jersey 07052. B&C has acted as Accountant for an rendered professional services on behalf of the Official Committee of Unsecured Creditors (the "Committee").

2.  This affidavit and certification is being submitted pursuant to the Bankruptcy Rule 2016(a) and in connection with B&C's First Interim Application for an allowance of compensation in the amount of $13,518.00 for professional services rendered by it on behalf of the Committee in these proceedings for the period April 7, 2010 through September 17, 2010 (the "Subject Period") and pursuant to the Revised Guidelines dated January 30, 1996 for Reviewing Applications for Compensation and Reimbursement of Expenses filed under 11 U.S.C. § 330, issued by the United States Trustee (the "Revised Guidelines").

Applicant also seeks reimbursement of the actual and necessary out-of-pocket expenses incurred in connection with such services in the amount of $286.00. All services for which compensation is requested by B&C were professional services performed on behalf of the Committee and not on behalf of any other person.

3. No agreement has been made by B&C or on B&C's behalf, either directly or indirectly, and no understanding exists (other than among partners of the firm) in any form or guise with any person or entity for the division of fees or compensation herein requested by B&C.

4. The expenses incurred by B&C for which reimbursement is requested in this Application for compensation were reasonable, necessary and proper in furtherance of the duties and functions of B&C as Accountants for the Committee and not incurred on behalf of any other person. The expenses incurred include only ordinary and necessary costs and telephone charges and exclude any and all charges for sustenance so as to effectively avoid charging the estates for luxury accommodations or meals.

5. I am the Certifying Professional responsible for B&C's compliance with the Revised Guidelines. I have read this Application, and to the best of my knowledge, information, and belief, formed after reasonable inquiry, it complies with these Guidelines.

6. To the Best of my knowledge, information, and belief, formed after reasonable inquiry, the fees and disbursements sought fall within the Revised Guidelines.

7. I further certify that the fees and disbursements sought are billed at rates customary for matters of this nature and type.

8. In this Application, in providing a reimbursable service, B&C does not make a profit on that service, and in charging for a particular service, does not include in the amount for which reimbursement is sought, the amortization of the cost of any investment, equipment, or capital outlay. In seeking reimbursement for services purchased or contracted for from a third party, B&C requests reimbursement only for the amount billed to B&C by the third party vendor and paid by B&C to such vendor.

Sean Raquet, Partner
Bederson & Company LLP
347 Mt. Pleasant Avenue
West Orange, New Jersey 07052
(973) 736-3333

Sworn to before me on this
27 of October, 2010

A Notary Public of New Jersey
My commission Expires October 17, 2015

Nancy Ramos
Notary Public of New Jersey
My Commission Expires Oct. 17, 2015

