Farber, Blicht, Eyerman & Herzog, LLP
Accountants to Debtor
1000 Woodbury Road, Suite 206
Woodbury, NY 11797
Phone: (516) 576-7040

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | Case Nos:   09-78584 (AST) |
| Global Container Lines, Ltd, et.al. | : | 09-78585 (AST) |
| | : | 09-78586 (AST) |
| | : | 09-78587 (AST) |
| | : | 09-78588 (AST) |
| | : | 09-78589 (AST) |
| Debtor. | : | 09-78590 (AST) |

----------------------------------------------------------X

## SECOND INTERIM AND FINAL APPLICATION FOR ALLOWANCE OF COMPENSATION FOR PROFESSIONAL SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES INCURRED BY FARBER, BLICHT, EYERMAN & HERZOG, LLP, ACCOUNTANTS TO THE DEBTOR, FOR THE PERIOD MAY 1, 2010 THROUGH AND INCLUDING SEPTEMBER 17, 2010

TO:   THE HONORABLE ALAN S. TRUST
        UNITED STATES BANKRUPTCY JUDGE:

This application of Farber, Blicht, Eyerman & Herzog, LLP ("FBEH" or the "Applicant") for second interim and final allowance of compensation for professional services rendered as financial advisors and accountants for the above-captioned debtor and debtor-in-possession (the "Debtor"), for its Final Application (the "Application") pursuant to sections 330(a) and 331 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for the allowance of compensation for professional services performed by FBEH for the period commencing May 1, 2010 through and including September 17, 2010 (the "Fee Period"), and for reimbursement of its actual and necessary expenses incurred during the Fee Period, respectfully represents:

### SUMMARY OF PROFESSIONAL COMPENSATION AND REIMBURSEMENT OF EXPENSE REQUESTED

1.      As required by Rule 2016-1 of the Local Rules for the United States Bankruptcy Court for the Eastern District of New York, the Application has been prepared in accordance with the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 adopted on January 30, 1996 (the "UST Guidelines").

2. As set forth herein, FBEH seeks final allowance of compensation for the professional services rendered and reimbursement of expenses incurred by FBEH, as financial advisors and accountant's to the Debtor, for the Fee Period in the aggregate amount of $49,570.32. FBEH also requests approval of all fees sought in the first interim application and final authorization of all fees awarded on an interim basis.

3. During the Fee Period, FBEH has expended a total of 247.75 hours in this matter for total requested compensation of $49,405.50 at its usual and customary hourly rates. The average blended hourly rate for FBEH professional services was $199.42. Steven Eyerman, Karen Grimm and Michael Meilak have provided the majority of the professional services to the Debtor for which FBEH is now seeking compensation pursuant to this Application.

4. There is no agreement or understanding between FBEH and any other person, other than members of the firm, for the sharing of compensation to be received for services rendered in these cases.

5. The fees charged by FBEH in these cases are billed in accordance with its existing billing rates and procedures in effect during the Fee Period. The rates FBEH charges for the services rendered by its professionals in this Chapter 11 case are less than or equal to the same rates FBEH charges for professional services rendered in comparable non-bankruptcy related matters. Such fees are reasonable based on the customary compensation charged by comparably skilled practitioners in comparable non-bankruptcy cases in a competitive national market.

6. As required by Local Rule 2016-1, annexed hereto as Exhibit "A" is a copy of the Order of Retention of FBEH *nunc pro tunc* to the Petition Date (defined below) dated December 31, 2009, approving the Debtor's application to retain FBEH (the "Retention Motion") as its accountants. Among other things, the Retention Motion provided for the waiver of certain pre-petition sums due and owing FBEH.

7.  As required by the UST Guidelines, annexed hereto as Exhibit "B" is (i) a summary sheet that provides a synopsis of the services rendered by FBEH, name and billing rate for FBEH's professionals, total hours billed and total amount of billing for each person who rendered services to the Debtor during the Fee Period and (ii) summary sheets for each category for which FBEH is seeking compensation and (iii) the detailed time records maintained by FBEH in connection with the services it has provided to the Debtor.

8.  A copy of the Application will be provided upon filing to the Debtor, Debtor's counsel, Creditor's Committee counsel, the United States Trustee and all parties which have requested service of pleadings and notices in the Debtor's case. Notice of this Application will be served on all the Debtor's creditors and parties in interest in accordance with Bankruptcy Rule 2002.

## BACKGROUND

9.  On November 9, 2009, the Debtor filed is voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

10.  FBEH has provided accounting services to the Debtor during the time period from approximately July 2009 through the Petition filing date. The services provided by FBEH included preparation of the Debtor's interim financial statements, tax returns and other necessary professional financial services. As such, FBEH was familiar with the Debtor's financial structure and business operations which, in turn, allowed FBEH to provide invaluable assistance to the Debtor and Debtor's counsel after the Petition Date.

## JURISDICTION AND STATUTORY PREDICATES

11.  This Court has jurisdiction to consider this Application pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief requested herein are §§ 330 and 331 of the Bankruptcy Code and Bankruptcy Rule 2016.

## SUMMARY OF FINANCIAL SERVICES RENDERED

12. During the Fee Period FBEH provided services of an accountant and financial advisor to the Debtor. FBEH's professional services included advising and assisting the Debtor in its analysis and monitoring of the Debtor's historical, current and projected financial needs; analyzing and monitoring the Debtor's efforts to sell its assets; preparing monthly consolidated operating reports for submission to the Bankruptcy Court; evaluating the proposed terms of the Debtor's proposed plan helping to formulate numerous business models and cash flow projections and liquidation analysis. Much of FBEH's services provided to the Debtor consisted of reviewing the Debtor's books and records and projected financial data in order to analyze the feasibility of the Debtor's proposed post-petition financing and the Debtor's proposed plan. FBEH also prepared the Debtor's consolidated Federal corporate tax return and New York State tax returns for the year ended December 31, 2009.

A. **Category 1: Case Administration**

13. During the Fee Period, the Applicant reviewed, analyzed and prepared the Debtor's consolidated operating reports and related financial information and assisted the Debtor in its preparation of its schedules and statement of financial affairs. The Applicant had to obtain voyages information and data from many sources to compile the monthly reports. This also entailed working with overseas agents and offices in order to best estimate results monthly. Additionally, sales of vessels occurred overseas and much effort was required to properly account for these transactions.

14. In rendering services relating to this category, FBEH's professionals expended 172.25 hours for requested compensation of $23,085.25 at their customary and usual hourly rates. FBEH's blended hourly rate for services rendered in this category is $134.02.

**B.      Category 2: Business Analysis/Diligence**

(i)    <u>Analysis in Connection with the Cash Collateral Stipulation and Post-Petition Financing</u>

15.    During the Fee Period, the Applicant analyzed the Debtor's need for continued cash collateral use to consider whether and to what extent the use of cash is necessary for the Debtor's continued operation of the business during the post-petition period and for the period necessary for the Debtor to participate in future contracts and tenders for the United Nations. As part of this analysis, the Applicant analyzed the Debtor's past and current financial performance results as well as projected post-petition financing needs. This review specifically included the preparation and review of the Debtor's cash flow projections, analysis of operations both by keeping the ships it owned or selling them, and related financial information necessary to assist Debtor's counsel in the negotiation of the terms of the Cash Collateral Stipulation.

(ii)    <u>Diligence and Review of Debtor's Business</u>

16.    During the Fee Period, FBEH analyzed and monitored the Debtor's reduced operations and performance. The Applicant assisted the Debtor in preparing its financial projections and operating budgets. Numerous versions were prepared in an attempt to determine best course of action to take with its bank and creditors. The Applicant evaluated the Debtor's cash flow forecasts in order to analyze the Debtor's cash receipts and disbursements and payment of claims arising under Article 3A of the New York Lien Law.

17.    Furthermore, the Applicant met and held telephone conversations with the Debtor's counsel and the financial advisors to the Creditors Committee and Debtor's post-petition lender to discuss the Debtor's business operations and financial performance. These communications helped facilitate the flow of critical financial information required by the various parties to complete the successful negotiation of the terms of the Cash Collateral Stipulation and Debtor's post-petition financing needs.

(iii)    Proposed Disclosure Statement and Plan of Liquidation

18.    During the Fee Period, the Applicant worked closely with the Debtor's legal counsel, expended considerable efforts in guiding, monitoring, negotiating terms and reviewing the Debtor's proposed disclosure statement and plan. Specifically, FBEH focused considerable efforts on, but not limited to the plan structure.

19.    In rendering services relating to this category, FBEH's professionals expended 40.75 hours for requested compensation of $16,300 at their customary and usual hourly rates. FBEH's blended hourly rate for services rendered in this category is $400.

C.    **Category 3: Preparation of Corporation Tax Returns**

20.    During the Fee Period, the Applicant prepared the Debtor's Consolidated Federal Corporate tax return and New York State tax return for the fiscal year 2009, which were due September 15, 2010. Applicant also dedicated efforts to advising the Debtor regarding tax issues concerning the Debtor's tax structure, specifically for the tonnage tax, net operating losses and future tax structure.

21.    In rendering services relating to this category, FBEH's professionals expended 34.75 hours for requested compensation of $10,020.25 at their customary and usual hourly rates. FBEH's blended hourly rate for services rendered in this category is $288.35.

D.    **Other: Debtor/Debtor Counsel Meetings and Communications**

22.    Throughout the Fee Period, the Applicant prepared for and conducted periodic telephonic meetings with the Debtor's employees and Debtor's counsel to discuss recent developments and key issues in the Debtor's bankruptcy cases. Preparation for these meetings included analysis of relevant financial data and discussions with Debtor's counsel. At these meetings the Applicant and Debtor's employees and Debtor's counsel engaged in substantive discussions regarding a wide range of issues including operational issues as well as issues in connection with the public and private sales of the Debtor's assets and the Debtor's proposed plan and disclosure statement.

## STATEMENT OF THE APPLICANT

23. The foregoing professional services performed by FBEH were appropriate and necessary. They were in the best interests of the Debtor. Compensation for the foregoing services as requested is commensurate with the complexity, importance and nature of the problems, issues or tasks involved. The professional services were performed in an appropriately expeditious and efficient manner.

24. The professional services performed by FBEH on behalf of the Debtor during the Fee Period required an aggregate expenditure of 247.75 hours by various members of FBEH for total compensation sought in the amount of $49,405.50.

25. Such fees are reasonable based on the customary compensation charged by comparably skilled practitioners in comparable bankruptcy cases in a competitive national market.

## ACTUAL AND NECESSARY DISBURSEMENTS OF FBEH

26. FBEH is seeking reimbursement for expenses incurred by FBEH during the Fee Period aggregating $164.82, principally for delivery expenses.

## THE REQUESTED COMPENSATION SHOULD BE ALLOWED

27. Section 330 provides that a court may award a professional employed under section 328 of the Bankruptcy Code "reasonable compensation for actual necessary services rendered...and reimbursement for actual, necessary expenses." 11 U.S.C. §330(a)(1). Section 330 also sets forth the criteria for the award of such compensation and reimbursement:

> In determining the amount of reasonable compensation to be awarded, the court should consider the nature, extent, and the value of such services, taking into account all relevant factors, including –
>
> (A)   the time spent on such services;
>
> (B)   the rates charged for such services;

(C) whether the services were necessary to the administration of, or beneficial at the time at which the services was rendered toward the completion of, a case under this title;

(D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; and

(E) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. §330(a)(3).

28. In the instant case, FBEH respectfully submits that the services for which it seeks compensation in this Application were, at the time rendered, believed to be necessary for, beneficial to, and in the best interests of the Debtor. FBEH further submits that the compensation requested herein is reasonable in light of the nature, extent, and value of such services to the Debtor.

29. In sum, the services rendered by FBEH were necessary and beneficial to the Debtor, and were consistently performed in a timely manner commensurate with the complexity, importance, and nature of the issues involved, and approval of the compensation sought herein is warranted.

## NOTICE AND PRIOR APPLICATION

30. Notice of this Application has been provided to the United States Trustee, the Debtor, the attorneys for the Debtor, counsel to National Bank of Pakistan, counsel to the Creditor's Committee any other party required to be given notice of the Application pursuant to Bankruptcy Rule 2002. FBEH submits that no other or further notice need be provided.

31. The Applicant submits that the relevant legal authorities are set forth herein and that the requirement pursuant to Local Rule 9013-1(b) that the Applicant file a memorandum of law in support of this Application is satisfied.

32. No previous application for the relief sought herein has been made to this or any other court.

## CONCLUSION

WHEREFORE FBEH respectfully requests that this Court enter a final Order (i) allowing final compensation for professional services in the aggregate amount of $49,570.32 for the period from May 1, 2010 through and including September 17, 2010, (ii) approving all fees sought in the first interim application that were not approved previously, (iii) approving final compensation in the amount of $163,042.82, (iv) directing the Debtor to pay the Applicant fees and expenses sought within this Application within (5) business days of the entry of an Order approving the Application, and granting FBEH such other relief as is just and proper.

Dated:   Woodbury, New York
         October 21, 2010

Respectfully submitted,

_____
Steven H. Eyerman, CPA
Farber, Blicht, Eyerman & Herzog, LLP
1000 Woodbury Road
Suite 206
Woodbury, NY 11797
Phone: (516) 576-7040