SIMMS SHOWERS LLP
J. Stephen Simms
20 South Charles Street, Suite 702
Baltimore, Maryland  21201
Telephone:     410-783-5795
Facsimile:      410-510-1789
jssimms@simmsshowers.com

*Attorneys for Seacastle Container
Leasing ("Seacastle")*

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
---------------------------------------------------------------x

In re:

GLOBAL CONTAINER LINES LTD., et al.

                Debtors.

---------------------------------------------------------------x

Chapter 11
Case No. 09-78585 (AST)

(Jointly Administered with Case
Nos. 09-78584 through 09-78590)

## SEACASTLE'S SUBMISSION OF ADMINISTRATIVE CLAIM

Seacastle Container Leasing ("Seacastle") hereby submits, pursuant to 11 U.S.C. § 503(b), an administrative claim in the amount of at least $1,356,128.17 for the value of containers provided to and used by Global Container Lines Ltd. ("Debtor") and related expenses including recovery and replacement costs, subsequent to the date of filing of the above-captioned Chapter 11 case, as set out further as follows.

### Jurisdiction

1.     The Court has jurisdiction over this pleading pursuant to 28 U.S.C. § 1334 because this is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).  Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

### Background

2.  Seacastle is a container leasing company that leases intermodal containers, including to Debtor.

3.  Debtor leased Seacastle's containers pre-petition under two lease purchase agreements with CAI-Interpool, LLC dated March 25, 2005 (Contract 3507) and December 13, 2005 (Contract 3531) (Exhibit A). Both lease purchase agreements were subsequently assigned to Interpool Limited, and then to Seacastle.

4.  Debtor retained possession and control of Seacastle's containers post-petition, including after Debtor rejected the two lease agreements with Seacastle.

5.  Debtor used and benefitted from Seacastle's containers post-petition, including after Debtor rejected the two lease agreements with Seacastle.

6.  Despite Seacastle's repeated demand for the return of Seacastle's containers, Debtor has refused and/or failed to return Seacastle's containers. Seacastle, at its own expense, has been forced to scour global depots in an attempt to locate and recover its containers.

7.  From the petition date of November 10, 2009 through November 15, 2010, Seacastle has provided container leasing services to Debtor, including lease amounts, replacement and recovery costs, in at least the amounts set out on Exhibit B hereto.

8.  Further, for units which remain lost and/or unaccounted for by Debtor, Seacastle is entitled to the replacement value for each container as specified in each of the lease agreements. The total replacement value is in at least the amount set out on Exhibit B hereto.[1]

---

[1] Under the lease agreements, the loss, theft, destruction, or damage beyond repair of any container requires Debtor to pay Seacastle the Stipulated Loss Value of a container, which equals the present value of the remaining rental charges (measured from the date of loss through the end of the rental term, less a 5% per annum discount) on that container plus $1.00. Thus, the actual replacement value depends on the date of loss of each container and requires an in-depth examination of Debtor's records.

9. Seacastle's claim constitutes necessary and reasonable expenses incurred by the Debtor. As such, Seacastle's claim is entitled to administrative priority and should be allowed.

The total amount due Seacastle for its post-petition, administrative including lease rejection damages, is set out on Exhibit B hereto, total, at least $1,356,128.17.

### Reservation of Rights

10. <u>Right to Amend</u>. Seacastle expressly reserves the right to amend or supplement this claim to correct, clarify, explain, expand, supplement or add to any portion of the claims asserted herein, or otherwise, to both increase the dollar amounts of such claims and provide additional information and documentation as is necessary or appropriate to pursue these and such additional claims as are, or may be, held by Seacastle, including, without limitation, the right to amend this claim in the event an objection is made against this claim or a claim is asserted against Seacastle. Moreover, Seacastle specifically reserves the right to conduct discovery with respect to this matter in accordance with the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure.

11. <u>No Admission</u>. Nothing contained in this claim shall be deemed an admission by Seacastle. Seacastle expressly reserves the right to withdraw this claim as if it had never been filed.

12. <u>Additional Proofs of Claim</u>. Seacastle expressly reserves its right to file any separate or additional proofs of claim with respect to its claims, or any portion thereof, set forth herein or otherwise (which proofs of claim, if so filed, shall not be deemed to supersede this claim), or to file additional proofs of claim in respect of any other claim against. or liability of, the Debtor, or for any other reason.

13. <u>Additional Reservations</u>.  In addition, the filing of this claim is not intended, and shall not be deemed or construed as: (a) consent by Seacastle to the jurisdiction of the Bankruptcy Court or any other court for any purpose other than with respect to issues directly related to the claim asserted herein; (b) a waiver or release of any right of Seacastle to have all disputes with the Debtor resolved through any other forum, notwithstanding whether or not such matters are designated as "core proceedings" pursuant to 28 U.S.C. § 157(b)(2); (c) consent by Seacastle to a trial in the Bankruptcy Court or in any other court of any proceeding as to any and all matters so triable herein or in any case, controversy, or proceeding related hereto. pursuant to 28 U.S.C. § 157(3) or otherwise: (d) a waiver or release of the right of Seacastle, or any of the Noteholders, to have any and all final orders in any and all non-core matters or proceedings entered only after *de novo* review by the United States District Court; (e) a waiver of the right to move to withdraw the reference in respect of the subject matter of this claim, any objection thereto or other proceeding which may be commenced in the Debtor's bankruptcy case against or otherwise involving Seacastle; or (I) an election of remedies.

14. <u>Notices Regarding Claim</u>. All notices and correspondence with respect to this claim (and, if filed, any objections thereto) must be sent to the Seacastle's counsel at the following address:

> SIMMS SHOWERS LLP
> J. Stephen Simms
> 20 South Charles Street, Suite 702
> Baltimore, Maryland  21201
> Telephone:    410-783-5795
> Facsimile:     410-510-1789
> jssimms@simmsshowers.com

15. <u>Disclosure</u>.  To the best of the undersigned's knowledge, information and belief, no judgment has been rendered on the claim asserted herein, no payments have been made on the

claim asserted herein, no security interest is held for the claim other than as set forth herein, and Seacastle has not assigned any portion of this claim.

Dated: November 16, 2010.

> /s/ J. Stephen Simms
> J. Stephen Simms
> SIMMS SHOWERS LLP
> 20 South Charles Street, Suite 702
> Baltimore, Maryland 21201
> Telephone:     410-783-5795
> Facsimile:     410-510-1789
> jssimms@simmsshowers.com
>
> *Counsel for Seacastle Container Leasing*

## CERTIFICATE OF SERVICE

I hereby certify that on November 16, 2010 I caused the foregoing to be filed on the Court's CM/ECF system for service on all record counsel and the United States Trustee.

> /s/ J. Stephen Simms