Hearing Date and Time: January 12, 2011 at 9:30 a.m.

CULLEN AND DYKMAN LLP
100 Quentin Roosevelt Boulevard
Garden City, New York 11530
(516) 357-3700
Matthew G. Roseman, Esq. (MR 1387)
C. Nathan Dee, Esq.  (CD 9703)

Attorneys for Debtors and Debtors-in-Possession

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
In re:                                                      Chapter 11

GLOBAL CONTAINER LINES LTD., et al.,          Case Nos.   09-78585 (AST)
                                                                            09-78584 (AST)
                                                                            09-78589 (AST)
                                                                            09-78586 (AST)
                                                                            09-78587 (AST)
                                                                            09-78588 (AST)
                                                                            09-78590 (AST)

                            Debtors.
-------------------------------------------------------x

PLEASE TAKE NOTICE that on January 12, 2011 at 9:30 a.m., or as soon thereafter as

counsel can be heard, Global Container Lines Limited, debtor and debtor-in-possession in the

above-captioned bankruptcy cases (the "Debtor"), by and through its undersigned counsel will

move (the "Motion") before the Honorable Alan S. Trust, United States Bankruptcy Judge, in the

United States Bankruptcy Court for the Eastern District of New York, located at 290 Federal

Plaza, Courtroom 960, Central Islip, New York, 11722 for an Order pursuant to Section 502 of

the United States Bankruptcy Code and Rule 3007 of the Federal Rules of Bankruptcy

Procedure, reducing the amount of claim number 28 of Seacastle Container Leasing LLC for the

reasons set forth in the Motion.

PLEASE TAKE FURTHER NOTICE, objections to the Debtors' Motion, if any, shall be filed as follows: (A) (i) through the Bankruptcy Court's electronic filing system in accordance with General Order N-182, which may be accessed through the internet at the Bankruptcy Court's website: www.nyeb.uscourts.gov using Netscape Navigator software version 3.0 or higher; (ii) portable document format (PDF) using Adobe Exchange software for conversion; or (B) for parties unable to file electronically, such parties shall file the objection in PDF format on a diskette in an envelope with a case name, case number, type and title of document, document number to which the objection refers, and the file name on the outside of the envelope; or (C) for parties unable to file electronically or use PDF format, those parties shall submit the objection on diskette in either Word, Word Perfect of DLS text (ASCII) format. An objection filed by a party with no legal representation shall comply with section (B) or (C) as set forth in this paragraph.

PLEASE TAKE FURTHER NOTICE that a hard copy of an objection, if any, (a) shall be delivered directly to chambers of the Honorable Alan S. Trust located at 290 Federal Plaza, Courtroom 960, Central Islip, New York, 11722 on or before January 3, 2011 at 4:30 p.m. and (b) shall also be served upon (i) Debtor's counsel, Cullen and Dykman LLP, 100 Quentin Roosevelt Boulevard, Garden City, New York 11530, Attention: C. Nathan Dee, Esq.; (ii) the Office of the United States Trustee, 290 Federal Plaza, Central Islip, New York, 11722, Attention: Stan Yang, Esq.; and (iii) Counsel to the Creditor's Committee, LaMonica, Herbst &

Maniscalco, LLP, 3305 Jerusalem Avenue, Wantagh, New York 11793, Attn: Adam P. Wofse,       .

Esq., so as to be received no later than January 3, 2011 at 4:30 p.m.

Dated: Garden City, New York
      November 16, 2010

                        CULLEN AND DYKMAN LLP
                        Counsel for the Debtors

                    By      /s/ C. Nathan Dee_____
                             Matthew G. Roseman (MR 1387)
                             C. Nathan Dee (CD 9703)
                             100 Quentin Roosevelt Boulevard
                             Garden City, New York 11530
                             (516) 296-9106

CULLEN AND DYKMAN LLP
Attorneys for Debtors
100 Quentin Roosevelt Boulevard
Garden City, New York 11530
(516) 357-3700
Matthew G. Roseman, Esq. (MR 1387)
C. Nathan Dee, Esq.  (CD 9703)
Counsel for Debtor and Debtor-in-Possession


UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------x
In re:

GLOBAL CONTAINER LINES LTD., et al.,

Debtors.
--------------------------------------------------------x

Chapter 11

Case Nos.  09-78585 (AST)
09-78584 (AST)
09-78589 (AST)
09-78586 (AST)
09-78587 (AST)
09-78588 (AST)
09-78590 (AST)

**DEBTOR'S MOTION FOR AN ORDER REDUCING
CLAIM NO. 28 FILED BY SEACASTLE CONTAINER LEASING LLC
UNDER SECTION 502 OF THE
BANKRUPTCY CODE AND RULE 3007 OF THE
FEDERAL RULES OF BANKRUPTCY PROCEDURE**

TO THE HONORABLE ALAN S. TRUST, UNITED STATES BANKRUPTCY JUDGE:

Global Container Lines Limited, debtor and debtor-in-possession herein ("Global"

or the "Debtor"), by its attorneys Cullen and Dykman LLP, makes this motion under 11

U.S.C. § 502 and Rule 3007 of the Federal Rules of Bankruptcy Procedure, for an

Order substantially in the form attached hereto as Exhibit "A" (the "Proposed Order"),

reducing Claim No. 28 filed by Seacastle Container Leasing LLC ("Seacastle").

## JURISDICTION AND VENUE

1.      This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). The statutory predicates for the relief sought herein are section 502 of title 11, United States Code (the "Bankruptcy Code") and Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## INTRODUCTION

2.      On November 10, 2009 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in this Court.

3.      On November 30, 2009, the Debtor filed its Schedules of Assets and Liabilities and on April 16, 2010 filed amended Schedules (collectively, the "Schedules").

4.      Pursuant to an Order dated February 5, 2010 (the "Bar Date Order"), the Court fixed March 12, 2010 (the "Bar Date") as the last date upon which entities holding claims against the Debtor arising prior to the Petition Date must file a proof of such claim.

5.      By Order dated September 17, 2010, the Debtor's Second Amended Chapter 11 Plan of Reorganization dated August 18, 2010 (the "Plan") was confirmed by the Court under section 1129 of the Bankruptcy Code (the "Confirmation Order").

6.      The Debtor has reviewed the filed proofs of claim and the claims set forth in its Schedules and for the reasons set forth below, has determined that the claim discussed herein is objectionable.

## RELIEF REQUESTED AND BASIS OF RELIEF

7.    Pursuant to section 502 of the Bankruptcy Code and Rule 3007 of the Bankruptcy Rules, a debtor may object to claims filed against its estate.

8.    Additionally, pursuant to section 8.1 of the Plan, as the Debtor has 120 days from the Effective Date of the Plan, subject to certain extensions, to file objections to claims.

9.    Seacastle filed Claim No. 28 in the Debtor's case in the amount of $1,882,717 (the "Seacastle Claim"). A copy of the Seacastle Claim is annexed hereto as Exhibit "B".

10.    Seacastle was an equipment lessor to the Debtor pursuant to certain lease purchase agreements by and between the Debtor and Seacastle. The agreements between the Debtor and Seacastle were rejected by Order of the Court dated February 25, 2010.

11.    The Seacastle Claim seeks money due and owing by the Debtor under two such lease purchase agreements, Contract 3507 and Contract 3531, both for amounts owed by the Debtor to Seacastle under the agreements prior to the Petition Date as well as for alleged rejection damages.[1]

12.    The Debtor believes that the Seacastle Claim should be reduced to the sum of $434,252.71. As set forth in the Affidavit of Hormoz Shayegan annexed hereto as Exhibit "C" (the "Shayegan Affidavit"), while the face of the Seacastle Claim states that the claim is in the amount of $1,882,717, the components of the claim as set forth

---

[1] The Seacastle Claim was filed as a secured claim but the claim was reclassified to an unsecured claim by order dated October 14, 2010.

on page 2 thereof amount only to $943,517 ($421,904 due and owing on Contract 3507 and $521,613 due and owing on Contract 3513).

13.    As also set forth in the Shayegan Affidavit, the Seacastle Claim seeks $360,648 in unpaid pre-petition amounts due under the parties' agreements.  However, the Debtor's books and records show that only $327,808 was due to Seacastle as of the Petition Date.  Moreover, Seacastle seeks "damages" of $582,869 presumably for the "remaining" rentals under the parties' agreements.  There is no provision in the parties' agreement for liquidated damages.  The only damages to which Seacastle is entitled are damages related to lost or destroyed containers under paragraph 6 of the parties' agreements.  As detailed in the Shayegan Affidavit, the charges for lost, stolen or destroyed containers under the agreement only aggregate $106,444.71.  Thus, the amount of the Seacastle Claim only totals $434,252.71.

14.    Accordingly, the Debtor requests that the Court enter the Proposed Order reducing Claim No. 28 of Seacastle to an unsecured claim in an amount of $434,252.71.

## RESERVATION OF RIGHTS

15.    The Debtor reserves the right to file additional objections, including without limitation, objections as to the validity, amount, classification and status of any claim in the Debtor's case, including, without limitation, the claims that are the subject of, or affected by, this Motion.

16.    No previous request has been made to this or any other Court for the relief sought herein.

WHEREFORE, the Debtor respectfully requests that the Court (i) enter the Proposed Order reducing the claim addressed in this Motion and (ii) grant the Debtor such other and further relief as is deemed just and proper.

Dated: Garden City, New York
           November 16, 2010

CULLEN AND DYKMAN LLP
Counsel for Debtor and Debtor in Possession

By        /s/ C. Nathan Dee
           Matthew G. Roseman (MR 1387)
           C. Nathan Dee (CD 9703)
           100 Quentin Roosevelt Boulevard
           Garden City, New York 11530
           (516) 296-9106