Hearing Date and Time: January 12, 2011 at 9:30 a.m.

CULLEN AND DYKMAN LLP
100 Quentin Roosevelt Boulevard
Garden City, New York 11530
(516) 357-3700
Matthew G. Roseman, Esq. (MR 1387)
C. Nathan Dee, Esq. (CD 9703)

Attorneys for Debtors and Debtors-in-Possession

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------x
In re:                                                                    Chapter 11

GLOBAL CONTAINER LINES LTD., et al.,        Case Nos. 09-78585 (AST)
                                                                                       09-78584 (AST)
                                                                                       09-78589 (AST)
                                                                                       09-78586 (AST)
                                                                                       09-78587 (AST)
                                                                                       09-78588 (AST)
                                                                                       09-78590 (AST)

                            Debtors.
---------------------------------------------------------x

PLEASE TAKE NOTICE that on January 12, 2011 at 9:30 a.m., or as soon thereafter as counsel can be heard, Global Container Lines Limited, debtor and debtor-in-possession in the above-captioned bankruptcy cases (the "Debtor"), by and through its undersigned counsel will move (the "Motion") before the Honorable Alan S. Trust, United States Bankruptcy Judge, in the United States Bankruptcy Court for the Eastern District of New York, located at 290 Federal Plaza, Courtroom 960, Central Islip, New York, 11722 for an Order pursuant to Section 502 of the United States Bankruptcy Code and Rule 3007 of the Federal Rules of Bankruptcy Procedure, reducing the amount of claim number 20 of Textainer Equipment Management for the reasons set forth in the Motion.

PLEASE TAKE FURTHER NOTICE, objections to the Debtors' Motion, if any, shall be filed as follows: (A) (i) through the Bankruptcy Court's electronic filing system in accordance with General Order N-182, which may be accessed through the internet at the Bankruptcy Court's website: www.nyeb.uscourts.gov using Netscape Navigator software version 3.0 or higher; (ii) portable document format (PDF) using Adobe Exchange software for conversion; or (B) for parties unable to file electronically, such parties shall file the objection in PDF format on a diskette in an envelope with a case name, case number, type and title of document, document number to which the objection refers, and the file name on the outside of the envelope; or (C) for parties unable to file electronically or use PDF format, those parties shall submit the objection on diskette in either Word, Word Perfect of DLS text (ASCII) format. An objection filed by a party with no legal representation shall comply with section (B) or (C) as set forth in this paragraph.

PLEASE TAKE FURTHER NOTICE that a hard copy of an objection, if any, (a) shall be delivered directly to chambers of the Honorable Alan S. Trust located at 290 Federal Plaza, Courtroom 960, Central Islip, New York, 11722 on or before January 3, 2011 at 4:30 p.m. and (b) shall also be served upon (i) Debtor's counsel, Cullen and Dykman LLP, 100 Quentin Roosevelt Boulevard, Garden City, New York 11530, Attention: C. Nathan Dee, Esq.; (ii) the Office of the United States Trustee, 290 Federal Plaza, Central Islip, New York, 11722, Attention: Stan Yang, Esq.; and (iii) Counsel to the Creditor's Committee, LaMonica, Herbst &

Maniscalco, LLP, 3305 Jerusalem Avenue, Wantagh, New York 11793, Attn: Adam P. Wofse, Esq., so as to be received no later than January 3, 2011 at 4:30 p.m.

Dated: Garden City, New York
November 16, 2010

                              CULLEN AND DYKMAN LLP
                              Counsel for the Debtors

                    By    /s/ C. Nathan Dee
                            Matthew G. Roseman (MR 1387)
                            C. Nathan Dee (CD 9703)
                            100 Quentin Roosevelt Boulevard
                            Garden City, New York 11530
                            (516) 296-9106

CULLEN AND DYKMAN LLP
Attorneys for Debtors
100 Quentin Roosevelt Boulevard
Garden City, New York 11530
(516) 357-3700
Matthew G. Roseman, Esq. (MR 1387)
C. Nathan Dee, Esq. (CD 9703)
Counsel for Debtor and Debtor-in-Possession

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
In re:                                                          Chapter 11

GLOBAL CONTAINER LINES LTD., et al.,              Case Nos.  09-78585 (AST)
                                                                           09-78584 (AST)
                                                                           09-78589 (AST)
                                                                           09-78586 (AST)
                                                                           09-78587 (AST)
                                                                           09-78588 (AST)
                                                                           09-78590 (AST)

                            Debtors.
-----------------------------------------------------------x

**DEBTOR'S MOTION FOR AN ORDER REDUCING
CLAIM NO. 20 FILED BY TEXTAINER EQUIPMENT
MANAGEMENT (U.S.) LTD.
UNDER SECTION 502 OF THE
BANKRUPTCY CODE AND RULE 3007 OF THE
<u>FEDERAL RULES OF BANKRUPTCY PROCEDURE</u>**

TO THE HONORABLE ALAN S. TRUST, UNITED STATES BANKRUPTCY JUDGE:

Global Container Lines Limited, debtor and debtor-in-possession herein ("Global" or the "Debtor"), by its attorneys Cullen and Dykman LLP, makes this motion under 11 U.S.C. § 502 and Rule 3007 of the Federal Rules of Bankruptcy Procedure, for an Order substantially in the form attached hereto as Exhibit "A" (the "Proposed Order"), reducing Claim No. 20 filed by Textainer Equipment Management (U.S.) Ltd. ("Textainer").

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). The statutory predicates for the relief sought herein are section 502 of title 11, United States Code (the "Bankruptcy Code") and Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## INTRODUCTION

2. On November 10, 2009 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in this Court.

3. On November 30, 2009, the Debtor filed its Schedules of Assets and Liabilities and on April 16, 2010 filed amended Schedules (collectively, the "Schedules").

4. Pursuant to an Order dated February 5, 2010 (the "Bar Date Order"), the Court fixed March 12, 2010 (the "Bar Date") as the last date upon which entities holding claims against the Debtor arising prior to the Petition Date must file a proof of such claim.

5. By Order dated September 17, 2010, the Debtor's Second Amended Chapter 11 Plan of Reorganization dated August 18, 2010 (the "Plan") was confirmed by the Court under section 1129 of the Bankruptcy Code (the "Confirmation Order").

6. The Debtor has reviewed the filed proofs of claim and the claims set forth in its Schedules and for the reasons set forth below, has determined that the claim discussed herein is objectionable.

## RELIEF REQUESTED AND BASIS OF RELIEF

7. Pursuant to section 502 of the Bankruptcy Code and Rule 3007 of the Bankruptcy Rules, a debtor may object to claims filed against its estate.

8. Additionally, pursuant to section 8.1 of the Plan, as the Debtor has 120 days from the Effective Date of the Plan, subject to certain extensions, to file objections to claims.

9. Textainer filed Claim No. 20 in the Debtor's case in the amount of $1,209,222.44 (the "Textainer Claim"). A copy of the Textainer Claim is annexed hereto as Exhibit "B".

10. Textainer was an equipment lessor to the Debtor pursuant to a certain lease agreement by and between the Debtor and Textainer dated April 22, 1992. The agreement between the Debtor and Textainer was rejected by Order of the Court dated January 12, 2010.

11. The Debtor believes that the Textainer Claim should be reduced to the sum of $625,341.80. As set forth in the Affidavit of Hormoz Shayegan annexed hereto as Exhibit "C" (the "Shayegan Affidavit"), the Textainer Claim seeks $312,573.15 in unpaid pre-petition amounts due under the parties' agreements. However, $138,971.35 of the amount sought by Textainer are for post-petition periods already paid by the Debtor and should not be included in the Textainer Claim.

12. Moreover, as further discussed in the Shayegan Affidavit, the Textainer Claim also seeks $31,522.23 and $5,027.06 for recovery costs and repairs, respectively. As the Court noted at a hearing in connection with the rejection of the Textainer agreements, among others, such costs are not recoverable since they are

costs of doing business, and the Court required the equipment lessors to recover the containers at their own cost, as is, where is.

13.     Finally, Textainer seeks $408,360 for unrecovered containers.[1] As set forth in the Shayegan Affidavit, all containers which were not lost or sold were made available to Textainer for recovery. Thus, the only reason the containers are "unrecovered" is because Textainer chose not to recover such containers, and accordingly, Textainer may not charge the Debtor's estate for its failure to recover the containers. The Debtor therefore believes that the $408,360 sought should not be allowed.

14.     Accordingly, the Debtor requests that the Court enter the Proposed Order reducing Claim No. 20 of Textainer to an unsecured claim in an amount of $625,341.80.

## RESERVATION OF RIGHTS

15.     The Debtor reserves the right to file additional objections, including without limitation, objections as to the validity, amount, classification and status of any claim in the Debtor's case, including, without limitation, the claims that are the subject of, or affected by, this Motion.

16.     No previous request has been made to this or any other Court for the relief sought herein.

---

[1] The Debtor does not dispute the portion of the Textainer Claim which also seeks $451,740 for lost or sold containers.

WHEREFORE, the Debtor respectfully requests that the Court (i) enter the Proposed Order reducing the claim addressed in this Motion and (ii) grant the Debtor such other and further relief as is deemed just and proper.

Dated: Garden City, New York
November 16, 2010

CULLEN AND DYKMAN LLP
Counsel for Debtor and Debtor in Possession

By  /s/ C. Nathan Dee
Matthew G. Roseman (MR 1387)
C. Nathan Dee (CD 9703)
100 Quentin Roosevelt Boulevard
Garden City, New York 11530
(516) 296-9106