| B104 (Form 104) (08/07) | | |
|---|---|---|
| | **ADVERSARY PROCEEDING COVER SHEET**<br>(Instructions on Reverse) | **ADVERSARY PROCEEDING NO.** |

| **PLAINTIFF(S)**<br>Global Container Lines, Ltd. | **DEFENDANT(S)**<br>DynCorp International Inc. |
|---|---|
| **ATTORNEY(S)** (Firm Name, Address, Telephone No.)<br>C. Nathan Dee, Esq.<br>Elizabeth Usinger, Esq.<br>Cullen and Dykman, LLP<br>100 Quentin Roosevelt Boulevard<br>Suite 402<br>Garden City, New York 11530<br>516-357-3700 | **ATTORNEY(S)** (If Known) |
| **PARTY** (Check One Box Only)<br>☑ Debtor ☐ U.S. Trustee<br>☐ Creditor ☐ Trustee ☐ Other | **PARTY** (Check One Box Only)<br>☐ Debtor ☐ U.S. Trustee<br>☐ Creditor ☐ Trustee ☑ Other |

**CAUSE OF ACTION** (Write a brief statement of cause of action, including all U.S. statutes involved.)

Accounting and turnover of Estate property wrongfully retained by Defendant pursuant to 11 USC Section 542; conversion and breach of contract.

**NATURE OF SUIT**
(Number up to 5 boxes with the lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

| **FRBP 7001(1) – Recovery of Money/Property**<br>☑ 11 – Recovery of money/property - § 542 turnover of property<br>☐ 12 – Recovery of money/property - § 547 preference<br>☐ 13 – Recovery of money/property - § 548 fraudulent transfer<br>☑ 14 – Recovery of money/property – other<br><br>**FRBP 7001(2) – Validity, Priority or Extent of Lien**<br>☐ 21 – Validity, priority or extent of lien or other interest in property<br><br>**FRBP 7001(3) – Approval of Sale of Property**<br>☐ 31 – Approval of sale of property of estate and of a co-owner - § 363(h)<br><br>**FRBP 7001(4) – Objection/Revocation of Discharge**<br>☐ 41 – Objection/revocation of discharge - § 727(c), (d), (e)<br><br>**FRBP 7001(5) – Revocation of Confirmation**<br>☐ 51 – Revocation of confirmation<br><br>**FRBP 7001(6) – Dischargeability**<br>☐ 66 – Dischargeability - § 523(a)(1), (14), (14A) priority tax claims<br>☐ 62 – Dischargeability - § 523(a)(2), false pretenses, false representation, actual fraud<br>☐ 67 – Dischargeability - § 523(a)(4), fraud as fiduciary, embezzlement, larceny<br>**(continued next column)** | **FRBP 7001(6) – Dischargeability (continued)**<br>☐ 61 – Dischargeability - § 523(a)(5), domestic support<br>☐ 68 – Dischargeability - § 523(a)(6), willful and malicious injury<br>☐ 63 – Dischargeability - § 523(a)(8), student loan<br>☐ 64 – Dischargeability - § 523 (a)(15), divorce or separation obligation<br>(other than domestic support)<br>☐ 65 – Dischargeability – other<br><br>**FRBP 7001(7) – Injunctive Relief**<br>☐ 71 – Injunctive relief – imposition of stay<br>☐ 72 – Injunctive relief – other<br><br>**FRBP 7001(8) – Subordination of Claim or Interest**<br>☐ 81- Subordination of claim or interest<br><br>**FRBP 7001(9) – Declaratory Judgment**<br>☐ 91 – Declaratory judgment<br><br>**FRBP 7001(10) – Determination of Removed Action**<br>☐ 01 – Determination of removed claim or cause<br><br>**Other**<br>☐ SS-SIPA Case – 15 U.S.C. §§ 78aaa et seq.<br>☐ 02 – Other (e.g.,other actions that would have been brought in state court if unrelated to bankruptcy case) |
|---|---|
| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
| ☐ Check if a jury trial is demanded in complaint | Demand: $ |

Other Relief Sought:

| B104 (Form 104) (08/07), Page 2 | | |
|---|---|---|
| **BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES** | | |
| NAME OF DEBTOR<br>Global Container Lines, Ltd. | BANKRUPTCY CASE NO.<br>09-78585 (AST) | |
| DISTRICT IN WHICH CASE IS PENDING<br>Eastern District | DIVISION OFFICE<br>Central Islip | NAME OF JUDGE<br>Alan S. Trust |
| **RELATED ADVERSARY PROCEEDING (IF ANY)** | | |
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY PROCEEDING IS PENDING | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF) | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>C. Nathan Dee, Esq. | |
| DATE<br>January 11, 2011 | | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also complete and file Form 104, the Adversary Proceeding Cover Sheet. When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff, if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs and Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

Form B 250A (12/09)

# United States Bankruptcy Court
## Eastern District Of New York

In re Global Container Lines Ltd., et al )  Case No. 09-78585(AST)
      Debtor )
                                  ) Chapter 11

Global Container Lines, Ltd. )
      Plaintiff )

v. ) Adv. Proc. No. _____

DynCorp International Inc. )
      Defendant )

## SUMMONS IN AN ADVERSARY PROCEEDING

YOU ARE SUMMONED and required to file a motion or answer to the complaint which is attached to this summons with the clerk of the bankruptcy court within 30 days after the date of issuance of this summons, except that the United States and its offices and agencies shall file a motion or answer to the complaint within 35 days.

    Address of the clerk: United States Bankruptcy Court
                            Eastern District of New York
                            290 Federal Plaza
                            Central Islip, NY 11722

At the same time, you must also serve a copy of the motion or answer upon the plaintiff's attorney.

    Name and Address of Plaintiff's Attorney:

    C. Nathan Dee, Esq., Cullen and Dykman, LLP, 100 Quentin Roosevelt Blvd.
    Suite 402, Garden City, New York 11530

If you make a motion, your time to answer is governed by Fed. R. Bankr. P. 7012.

**IF YOU FAIL TO RESPOND TO THIS SUMMONS, YOUR FAILURE WILL BE DEEMED TO BE YOUR CONSENT TO ENTRY OF A JUDGMENT BY THE BANKRUPTCY COURT AND JUDGMENT BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE RELIEF DEMANDED IN THE COMPLAINT.**

                                                        _____ (Clerk of the Bankruptcy Court)

Date: _____        By: _____ (Deputy Clerk)

# CERTIFICATE OF SERVICE

I, _____ (name), certify that service of this summons and a copy of the complaint was made _____ (date) by:

☐     Mail service: Regular, first class United States mail, postage fully pre-paid, addressed to:

☐     Personal Service: By leaving the process with the defendant or with an officer or agent of defendant at:

☐     Residence Service: By leaving the process with the following adult at:

☐     Certified Mail Service on an Insured Depository Institution: By sending the process by certified mail addressed to the following officer of the defendant at:

☐     Publication: The defendant was served as follows: [Describe briefly]

☐     State Law: The defendant was served pursuant to the laws of the State of _____, as follows: [Describe briefly]

If service was made by personal service, by residence service, or pursuant to state law, I further certify that I am, and at all times during the service of process was, not less than 18 years of age and not a party to the matter concerning which service of process was made.

Under penalty of perjury, I declare that the foregoing is true and correct.

Date _____      Signature _____

    Print Name :      _____

    Business Address:      _____

     _____

CULLEN AND DYKMAN LLP
100 Quentin Roosevelt Boulevard
Garden City, New York 11530
(516) 357-3700
C. Nathan Dee, Esq. (CD 9703)
Elizabeth Usinger, Esq. (EI 2896)
Counsel to Reorganized Debtor

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
In re:                                              Chapter 11

GLOBAL CONTAINER LINES LTD., et al.,                Case Nos. 09-78585 (AST)
                                                              09-78584 (AST)
                                                              09-78589 (AST)
                                                              09-78586 (AST)
                                                              09-78587 (AST)
                                                              09-78588 (AST)
                                                              09-78590 (AST)

                            Debtors.
-----------------------------------------------------------x
GLOBAL CONTAINER LINES LTD.,

                            Plaintiff,

       -against-                                    Adv. Pro. No.

DYNCORP INTERNATIONAL INC.,                         **COMPLAINT**

                            Defendant.
-----------------------------------------------------------x

## INTRODUCTION

Global Container Lines Limited, the reorganized debtor in the above-captioned bankruptcy proceeding ("Global"), brings this adversary proceeding pursuant to the Federal Rules of Bankruptcy Procedure ("FRBP") 7001 *et seq.* against defendant DynCorp International Inc. ("DynCorp"), seeking: (1) an accounting of all proceeds of Global's accounts receivable that DynCorp has collected and/or holds in its possession and immediate turnover of estate property wrongfully retained by DynCorp; (2) damages

1

for DynCorp's conversion of property belonging Global's estate; and (3) damages for breach of contract.

## PARTIES

1. The Plaintiff, Global, is a corporation organized under the laws of the State of Delaware and maintains a principal place of business in Garden City, New York.

2. The Defendant, DynCorp, is a corporation organized under the laws of the State of Delaware and maintains a principal place of business in Reston, Virginia.

## JURISDICTION AND VENUE

3. On November 9, 2009, Global filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code ("Bankruptcy Code") in the United States Bankruptcy Court for the Eastern District of New York.

4. Global remains in possession of its property and continues to operate as a debtor-in-possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

5. This Court has jurisdiction over the subject matter of this adversary proceeding pursuant to 28 U.S.C. § 157, this being a matter arising out of and related to a case commenced under Chapter 11 of the Bankruptcy Code. This matter is a core proceeding within the purview of, without limitation, 28 U.S.C. § 157(b).

6. Venue is proper in this District pursuant to 28 U.S.C. § 1409.

## FACTS

7. On May 7, 2009, Global and DynCorp entered into an agreement pursuant to which Global agreed to ship goods for DynCorp from Durban, South Africa to Mogadishu, Somalia (the "Shipping Agreement"). The agreed-upon freight rate was a

lump sum of $950,000, with a $20,000 per day pro rata detention charge. A copy of the Shipping Agreement is attached hereto as Exhibit A.

8. On June 12, 2009, Global's vessel, the MV Global Progress (the "Vessel"), completed discharge operations in Mogadishu.

9. On June 13, 2009, Global contacted DynCorp and notified it that the Vessel was being detained due to DynCorp's failure to obtain port clearance. Global reminded DynCorp that DynCorp would be responsible for all delays, costs, and consequences. A copy of this correspondence is attached hereto as Exhibit B.

10. Due to DynCorp's failure to obtain timely port clearance, the Vessel was detained for exactly 24 hours before permission to sail was granted.

11. Pursuant to the Shipping Agreement, DynCorp incurred a $20,000 detention charge as a result of the 24-hour detention.

12. On or about July 9, 2009, Global sent DynCorp a letter requesting payment of the $20,000 detention charge, and attached an invoice for the charge. A copy of the letter and invoice is attached hereto as Exhibit C.

13. On or about March 8, 2010, Global again contacted DynCorp and demanded payment of the $20,000 detention charge. A copy of this correspondence is attached hereto as Exhibit D.

14. On or about March 15, 2010, Global sent DynCorp another letter demanding immediate payment of the $20,000 detention charge. A copy of this correspondence is attached hereto as Exhibit E.

15. On or about April 20, 2010, Global, by its attorneys, sent DynCorp yet another letter demanding immediate payment of the $20,000 detention charge, via

certified mail, return receipt requested. A copy of the letter and certified mail receipt are attached hereto as Exhibit F.

16. To date, Global has not received payment from DynCorp for the $20,000 detention charge incurred due to DynCorp's failure to obtain timely port clearance for the Vessel.

17. DynCorp thus retains $20,000 of estate property and has failed and neglected to turn those proceeds over to Global.

18. Global has repeatedly asked DynCorp to turn over the estate property to no avail.

### COUNT I: ACCOUNTING AND TURNOVER

19. Global Container repeats and realleges paragraphs 1 through 18 as if fully set forth herein.

20. DynCorp is withholding a sum of $20,000, which constitutes a detention charge incurred pursuant to its Shipping Agreement with Global.

21. The detention charge constitutes property of the Estate pursuant to 11 U.S.C. § 541.

22. DynCorp is therefore wrongfully withholding estate property, and Global is entitled to an accounting and immediate turnover of the proceeds pursuant to 11 U.S.C. § 542.

### COUNT II: CONVERSION

23. Global repeats and realleges paragraphs 1 through 22 as if fully set forth herein.

24. Under the express language of the Shipping Agreement, Global has the right to immediate possession of the $20,000 detention charge.

25. DynCorp has no interest in the estate property of Global, and by its actions, DynCorp has converted the property of Global.

26. DynCorp's dominion and/or control over the $20,000 detention charge is inconsistent with Global's legal rights and is a conversion of the property of Global.

27. As a result of DynCorp's interference with Global's legal rights, Global Container has suffered damages in the amount of $20,000.

### COUNT III: BREACH OF CONTRACT

28. Global repeats and realleges paragraphs 1 through 27 as if fully set forth herein.

29. DynCorp's failure to pay the amount due and owing to Global upon Global's completion of performance and demand for payment constitutes a breach of the Shipping Agreement.

30. As a result of DynCorp's breach, Global has been damaged in an amount not less than $20,000, plus interest thereon.

WHEREFORE, Global Container Lines Ltd. requests that this Court:

1. Grant judgment in Global's favor and against DynCorp on Count I of this Complaint compelling DynCorp to immediately turnover the estate property and to provide an accounting of the funds received from notes and accounts receivable;

5

2. Grant judgment in Global's favor and against DynCorp on Count II of this Complaint, and awarding Global damages for the conversion of the Estate Property, plus interest thereon;

3. Grant judgment in Global's favor and against DynCorp on Count III of this Complaint, and awarding Global damages for breach of contract in an amount not less than $20,000, plus interest thereon.

4. Grant such other and further relief as the Court may deem just and proper.

Dated: Garden City, New York
January 11, 2011

CULLEN AND DYKMAN LLP

By: _____
C. Nathan Dee, Esq. (CD 9703)
Elizabeth Usinger, Esq. (EI 2896)
Attorneys for Plaintiff
100 Quentin Roosevelt Boulevard
Garden City, New York 11530
(516) 357-3700